UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPERO HARITATOS,

                Plaintiff,          05 Civ. 930 (DNH/GJD)

       - against -

                                             **ANSWER AND**
HASBRO, INC.                             **COUNTERCLAIMS**
and TOYS "R" US-NY LLC,          **OF DEFENDANT**
                                             **HASBRO, INC.**
               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant Hasbro, Inc. ("Hasbro"), through its undersigned counsel, for its answer to the correspondingly numbered paragraphs of the Complaint of Plaintiff Spero Haritatos ("Plaintiff"), alleges as follows:

## I.  PARTIES

       1.       Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1.

       2.       Admits that Hasbro is a corporation organized and existing under the laws of the State of Rhode Island having a principal place of business at 1027 Newport Avenue,

Pawtucket, Rhode Island 02862, and denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2.

## II.  JURISDICTION AND VENUE

3. States that to the extent that the allegations of paragraph 3 state a legal conclusion, no response thereto is required, and otherwise denies the allegations of paragraph 3.

4. States that to the extent that the allegations of paragraph 4 of Plaintiff's Complaint state a legal conclusion, no response thereto is required, and otherwise denies the allegations of paragraph 4.

5. States that to the extent that the allegations of paragraph 5 state a legal conclusion, no response thereto is required, and otherwise denies the allegations of paragraph 5.

## III.  COUNT ONE

6. Denies the allegations in paragraph 6, except admits that:  Plaintiff and Hasbro are parties to a protective order in a proceeding before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office in which Plaintiff opposes the registration of Hasbro's famous CANDY LAND mark for use with beverages; Hasbro granted a license to Toys "R" Us to use the famous CANDY LAND trademark in connection with the Toys "R" Us Times Square, New York store's candy department; Toys "R" Us's license expired in 2003; and Hasbro has investigated licensing the famous CANDY LAND trademark and logo for a variety of products—including edible products—that are a natural extension of the famous trademark for the CANDY LAND board game.

7. Denies upon information and belief the allegations in paragraph 7 of Plaintiff's Complaint, except admits that Hasbro once granted a license to Toys "R" Us to use the

famous CANDY LAND trademark and logo in connection with the Toys "R" Us Times Square New York store's candy department.

  8. Denies upon information and belief the allegations in paragraph 8.

  9. Denies upon information and belief the allegations in paragraph 9.

  10. States that to the extent that the allegations of paragraph 10 state a legal conclusion, no response thereto is required, and otherwise denies the allegations of paragraph 10, except admits that Plaintiff registered the trademark "Candyland" with the United States Patent and Trademark Office in 1996.

  11. Denies the allegations of paragraph 11.

  12. Denies the allegations of paragraph 12.

  13. Denies the allegations of paragraph 13.

## IV:  COUNT TWO

  14. Hasbro incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth herein.

  15. Denies the allegations in paragraph 15.

## V:  COUNT THREE

  16. Hasbro incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth herein.

  17. Denies the allegations in paragraph 17.

## VI:  COUNT FOUR

  18. Hasbro incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth herein.

  19. Denies the allegations in paragraph 19.

### VII: COUNT FIVE

20. Hasbro incorporates by reference its answers to paragraphs 1 through 13 above as if fully set forth herein.

21. Denies the allegations in paragraph 21.

### VII: ALLEGATIONS AND DAMAGES

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

### FIRST AFFIRMATIVE DEFENSE

24. Plaintiff's Complaint fails to state a claim against Hasbro upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

27. Hasbro hereby gives notice that it intends to rely on such other affirmative defenses as may become available or apparent during the course of the litigation and reserves the right to amend its answer to assert any such defense.

### FIFTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM
### (Trademark Infringement)

28. Defendant Hasbro hereby counterclaims for trademark infringement against Plaintiff for promoting and selling goods using the Candyland mark.

## PARTIES

29. Hasbro is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island. Hasbro is a worldwide leader in the design, manufacture and marketing of toys, games, puzzles and related children's goods.

30. Upon information and belief, Plaintiff is an individual residing at 321 N. Doxtater Avenue, Rome, NY 13440, wherein he also operates a candy shop.

## JURISDICTION

31. This counterclaim arises under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c). Therefore, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), as well as 28 U.S.C. § 1331 (action arising under the laws of the United States), and § 1338(a) (action arising under an Act of Congress relating to copyrights and trademarks). This Court also has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

## FACTUAL ALLEGATIONS

32. Hasbro owns the federal trademark Registration No. 544,328 for the mark CANDY LAND for, *inter alia*, goods and services in International Class 28, namely board games played with moveable pieces. Registration No. 544,328 was registered on June 26, 1951 and renewed for a term of 10 years from June 26, 2001.

33. Hasbro has continuously used this CANDY LAND mark in commerce since 1949, and Hasbro's use of the CANDY LAND mark has become famous worldwide.

34. The CANDY LAND trademark has become a valuable corporate asset of Hasbro and Hasbro uses the CANDY LAND mark for a variety of products geared toward children that are a natural extension of the board game.

35. In addition to the original CANDY LAND trademark registered in 1951, Hasbro owns registration No. 1,325,796 in International Class 16 (books), registered on March 19, 1985; No. 2,580,172 in International Class 24 (beach towels), registered on June 11, 2002; No. 1,295,810 in International Class 9 (phonograph records), registered on September 18, 1984; No. 2,666,291 in International Class 9 (computer game programs), registered on December 24, 2002; and No. 2,784,765 in International Class 16 (playing cards), registered on November 18, 2003.

36. Hasbro has also licensed the CANDY LAND mark for a variety of products geared toward children that are a natural extension of the board game.

37. Upon information and belief, Plaintiff uses his CANDYLAND mark on goods that are a natural extension of Hasbro's famous CANDY LAND goods.

38. Upon information and belief, Plaintiff began using his CANDYLAND mark in the 1980s.

39. If Plaintiff is correct (and Hasbro contends that he is not) that there is likely to be confusion between the licensed use of Hasbro's famous mark in connection with a section of a retail store in New York, New York, and plaintiff's use of a similar mark in connection with the sale of candy, then it is Plaintiff who has infringed Hasbro's trademarks in the CANDY LAND game and associated products in violation of sections 43(a) and 32(1) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) because Hasbro has had priority of use of the

CANDY LAND mark since long before Plaintiff began to use his CANDYLAND mark and the use of that mark in connection with the sale of candy is a natural extension of Hasbro's prior use.

40. Plaintiff's unlawful acts have caused and continue to cause irreparable injury to the value and goodwill of the CANDY LAND trademarks, as well as to Hasbro's business, goodwill and reputation. In addition, Hasbro has been damaged in a monetary amount to be determined at trial, and Plaintiff has been unjustly enriched.

41. The unlawful acts alleged herein have been deliberate, willful, and in utter disregard of Hasbro's rights.

**SIXTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM**
**(N.Y. Gen. Bus. Law § 349)**

42. Hasbro hereby incorporates by reference paragraphs 28 through 41 as if fully set forth herein.

43. Plaintiff's use of his CANDYLAND constitutes a deceptive act or practice in violation of N.Y. Gen. Bus. Law § 349.

**SEVENTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM**
**(N.Y. Gen. Bus. Law § 350)**

44. Hasbro hereby incorporates by reference paragraphs 28 through 41 as if fully set forth herein.

45. Plaintiff's use of his CANDYLAND constitutes false advertising in violation of N.Y. Gen. Bus. Law § 350.

**EIGHTH AFFIRMATIVE DEFENSE AND FOURTH COUNTERCLAIM**
**(Common Law Unfair Competition)**

46. Hasbro hereby incorporates by reference paragraphs 28 through 41 as if fully set forth herein.

47. By reason of the foregoing, Plaintiff has engaged in unfair competition in violation of the common law of New York and numerous other states.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hasbro respectfully requests judgment as follows:

(A) dismissing Plaintiff's Complaint with prejudice;

(B) awarding Hasbro its costs of defending this action, including reasonable attorneys' fees, costs and disbursements;

(C) awarding Hasbro permanent injunctive relief enjoining Plaintiff from advertising, promoting, or selling any goods or services using his CANDYLAND mark or any other mark that is confusingly similar to Hasbro's CANDY LAND mark;

(D) awarding Hasbro permanent injunctive relief directing Plaintiff to destroy all packages, wrappers, bottles, containers, catalogues, advertisements and other promotional materials which bear the CANDYLAND name;

(E) awarding Hasbro its damages in an amount to be determined by the trier of fact; and

(F) granting such other, further, and different relief as this Court may deem just and necessary.

Dated: September 12, 2005

    /s/Kim J. Landsman_____
Kim J. Landsman
(Bar Roll No. 513364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513363)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

*Attorneys for Defendant Hasbro, Inc.*