IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 6:05-CV-00930 |
| HASBRO, INC., a Rhode Island corporation, ) | |
| and TOYS "R" US-NY LLC, ) | |
| a New York limited liability company ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF
DEFENDANT HASBRO, INC.**

Plaintiff, SPERO HARITATOS, by and through his undersigned attorneys, hereby replies to the Counterclaims of Defendant HASBRO, INC. ("Hasbro"). The paragraph numbers set forth below contain replies to the averments in the correspondingly numbered paragraphs in the Counterclaims of Defendant Hasbro, Inc.

28. Plaintiff admits that Hasbro is counterclaiming for trademark infringement against Plaintiff for promoting and selling goods using the Candyland mark, but denies that such counterclaim has merit, and otherwise denies any remaining averments in Paragraph 28 of the Counterclaims.

29. Plaintiff admits that Hasbro is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island, and admits that Hasbro is a huge company having international operations involved with the distribution of toys and games, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 29 of the Counterclaims, and therefore denies the same.

30. Plaintiff admits the averments in Paragraph 30 of the Counterclaims.

31. Plaintiff admits that Hasbro is asserting that its Counterclaims arise under the Lanham Act, admits that the Court has subject matter jurisdiction over the counterclaims arising under the Lanham Act, and admits that Hasbro is asking the Court to exercise supplemental jurisdiction over

the statutory and common law claims in its Counterclaims, but otherwise denies the remaining averments in Paragraph 31 of the Counterclaims.

32. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 of the Counterclaims, and therefore denies the same.

33. Plaintiff denies the averments in Paragraph 33 of the Counterclaims.

34. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 of the Counterclaims, and therefore denies the same.

35. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Counterclaims, and therefore denies the same.

36. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 of the Counterclaims, and therefore denies the same.

37. Plaintiff admits that he uses his CANDYLAND mark on goods and that Hasbro has used or licensed for use the CANDY LAND mark in connection with candy and other edible products that are within the natural extension of Plaintiff's use of his CANDYLAND mark, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 37 of the Counterclaims, and therefore denies the same.

38. Plaintiff denies the averments in Paragraph 38 of the Counterclaims.

39. To the extent that Plaintiff understands the averments in Paragraph 39 of the Counterclaims, Plaintiff admits that Hasbro's use and intended use of the CANDY LAND mark with edible products is an infringement on Plaintiff's rights in his CANDYLAND mark, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 39 of the Counterclaims, and therefore denies the same.

40. Plaintiff denies the averments in Paragraph 40 of the Counterclaims.

41. Plaintiff denies the averments in Paragraph 41 of the Counterclaims.

42. Plaintiff incorporates by reference his replies to the averments in Paragraphs 28 – 41 of the Counterclaims.

43. Plaintiff denies the averments in Paragraph 43 of the Counterclaims.

44. Plaintiff incorporates by reference his replies to the averments in Paragraphs 28 – 41 of the Counterclaims.

45. Plaintiff denies the averments in Paragraph 45 of the Counterclaims.

46. Plaintiff incorporates by reference his replies to the averments in Paragraphs 28 – 41 of the Counterclaims.

47. Plaintiff denies the averments in Paragraph 47 of the Counterclaims.

First Affirmative Defense

48. Hasbro's claim is barred by acquiescence.

Second Affirmative Defense

49. Hasbro's claim is barred by estoppel.

Third Affirmative Defense

50. Hasbro's claim is barred by laches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Spero Haritatos, respectfully requests that judgment be entered as follows with respect to Hasbro's Counterclaims:

1. Dismissing the Counterclaims with prejudice;

2. Awarding to Plaintiff his costs of defending against the Counterclaims, including his reasonable attorneys' fees and costs; and

3. for such other, further relief as this Court seems just.

RESPECTFULLY SUBMITTED this 30th day of September, 2005.

*/s/ Robert E. Purcell*

Robert E. Purcell, Esq.
Bar Roll No. 510,595
Indranil Mukerji, Esq.
Bar Roll No. 511,738
Denis J. Sullivan, Esq.
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:  (315) 425-9114

**Attorneys for Plaintiff**
SPERO HARITATOS