CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Spero Haritatos,

       Plaintiff

VS                                                  NO: 05 CV 930 (DNH)(GJD)

Hasbro, Inc. and Toy's "R"
Us-NY LLC
       Defendants.

---

**IT IS HEREBY ORDERED that**, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable **GUSTAVE J. DiBIANCO**, United States Magistrate Judge on **November 3**, **2005, telephonically** at the United States Courthouse, 2nd Floor Court Annex, at **Syracuse**, NEW YORK.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within fourteen (14) days after the date of the Rule 26(f) meeting or not later than ten (10) days prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert separate subparagraph as necessary if parties disagree):

1) **JOINDER OF PARTIES:** Any applicant to join any person as a party to this action shall be made on or before the __31st__ day of __January__, __2006__.

2) **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __31st__ day of __January__, __2006__.

3) **FACTUAL DISCOVERY:** All factual discovery in this action shall be completed on or before the __31st__ day of __May__, __2006__. (Discovery time table is to be based on the complexity of the action).

**EXPERT** DISCOVERY: All expert discovery in this action shall be completed on or before the __29th__ day of __September, 2006__, with expert reports on issues for which a party bears the burden of proof due by

1

June 30, 2006, rebuttal expert reports or expert reports on issues for which a party does not bear the burden of proof due by July 31, 2006, and reply expert reports due by August 31, 2006.

4) MOTIONS: All motions, including discovery motions, **but excepting motions in limine**, shall be made on or before the 31st day of October, 2006. (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25). Each party reserves the right to object to any motion as untimely, regardless of whether the motion is filed before the 31st day of October, 2006.

5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be ready to proceed to trial on or before the _____ day of _____, 200_. Plaintiff anticipates that the trial will take approximately 9 days to complete, and Defendants anticipate that the trial will take 5 days to complete. The parties request that the trial be held in Syracuse, N.Y.
(The proposed date for the commencement of trial must be within 18 months of the filing date.)

6) HAVE THE PARTIES FILED A JURY DEMAND: : __X__ (YES)_____ (NO).

7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?

All parties agree that the Court has subject matter jurisdiction.

All parties agree that the Court has personal jurisdiction over the parties.

All parties have been served.

8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?

**Plaintiff's Statement Of Bases:** Plaintiff has alleged a claim for infringement by the Defendants of Plaintiff's federally registered mark "CANDYLAND" for the goods "candy" as well as related false advertising and unfair competition claims. Plaintiff's predecessors-in-interest started using the trade name and trademark "CANDYLAND" since about 1920, and plaintiff's federal trademark registration has been granted "incontestable" status.

Defendant Hasbro approached Plaintiff for the purpose of acquiring his trademark rights, including his federal trademark registration. Defendant Hasbro's attempt to acquire those rights was unsuccessful, but nevertheless, Defendant Hasbro proceeded to try to commercialize the mark "CANDY LAND" in connection with various edible products, including a relationship with Defendant Toy "R" Us, which used the mark "CANDY LAND" in connection with various candy products.

**Defendant Hasbro's Statement of the Factual and Legal Bases for its Defenses and Counterclaims**

Hasbro owns the federal trademark Registration No. 544,328 for the mark CANDY LAND for, inter alia, goods and services in International Class 28, namely board games played with moveable pieces. Registration No. 544,328 was registered on June 26, 1951 and is now incontestable. Hasbro has continuously used this CANDY LAND mark in commerce since 1949, and Hasbro's use of the CANDY LAND mark has become famous worldwide. Hasbro's use of the CANDY LAND mark predates Haritatos's use of his Candyland mark, if any. Plaintiff did not even begin to call his business CANDYLAND, let alone use the name of the business as a trademark, until at least the 1980s.

The CANDY LAND trademark has become a valuable corporate asset of Hasbro and Hasbro uses the CANDY LAND mark for a variety of products geared toward children that are a natural extension of

2

the board game. Hasbro has also licensed the CANDY LAND mark for a variety of products geared toward children that are a natural extension of the board game. Plaintiff's alleged uses of his CANDYLAND mark is on goods that are a natural extension of Hasbro's famous CANDY LAND goods.

There is no likelihood that consumers will confused by the use of Hasbro's famous CANDY LAND mark in connection with candy or other edible products, which is a natural extension of the use of the CANDY LAND mark in connection with a game that is all about candy. But if Plaintiff is correct (and Hasbro contends that he is not) that there is likely to be confusion between the licensed use of Hasbro's famous mark in connection with a section of a retail store in New York, New York, and plaintiff's use of a similar mark in connection with the sale of candy, then it is Plaintiff who has infringed Hasbro's trademarks in the CANDY LAND game and associated products because Hasbro has had priority of use of the CANDY LAND mark since long before Plaintiff began to use his CANDYLAND mark, if at all, and the use of the CANDYLAND mark in connection with the sale of candy is a natural extension of Hasbro's prior use.

**Defendant Toys "R" Us-NY LLC ("TRU") for its Statement of the Factual and Legal Bases for its Defenses**

Toys "R" Us-NY LLC adopts the statements made by Hasbro in its own defense. Further, use of the term "Candyland" by TRU was done pursuant to a licensing agreement between TRU and Hasbro which had used "Candyland" since 1949 and had used that term as a registered Trademark since 1951. Moreover, the term "Candyland" as it relates to this plaintiff has become generic in that the plaintiff has not sought enforcement of its rights as against infringers of which it knew or in the reasonable exercise of business prudence should have known. Upon information and belief, the plaintiff cannot demonstrate damages in any competent manner.

9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?
**Plaintiff's Position Regarding Issues:** The nature and scope of Defendants' commercialization attempts, licensing efforts, and uses of the mark "CANDY LAND" are currently uncertain and in dispute. Also, financial information regarding such activities is currently uncertain and in dispute.

**Defendant Hasbro's Positions Regarding Factual and Legal Issues that are Genuinely in Dispute**
Plaintiff's rights, if any, in the CANDYLAND mark and when he acquired those rights are in dispute. In addition, whether there is any likelihood of confusion between Plaintiff's use of the CANDYLAND mark, if any, and Hasbro's use of its famous CANDY LAND mark is in dispute.

10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?
The parties do not anticipate any narrowing of issues by agreement at this time. The parties believe that some contested issues might be resolvable through discovery and dispositive motions.

11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

**Plaintiff's Requested Relief and Damages Sought:** Plaintiff seeks an injunction against further infringement, false advertising, and unfair competition by Defendants in connection with using the term "CANDY LAND" in connection with edible products, seeks damages, including a recovery of

Defendants' profits from their actionable conduct, seeks an increased award of damages for the knowing and willful nature of Defendants' actionable conduct, and seeks an award of his attorney's fees and costs. The amount of such damages and profits is currently unknown, but is expected to be revealed as discovery progresses.

**Defendant Hasbro's Requested Relief and Damages Sought:**
Hasbro seeks a judgment dismissing Plaintiff's Complaint with prejudice; awarding Hasbro its costs of defending this action, including reasonable attorneys' fees, costs and disbursements; awarding Hasbro permanent injunctive relief enjoining Plaintiff from advertising, promoting, or selling any goods or services using his alleged CANDYLAND mark or any other mark that is confusingly similar to Hasbro's CANDY LAND mark; awarding Hasbro permanent injunctive relief directing Plaintiff to destroy all packages, wrappers, bottles, containers, catalogues, advertisements and other promotional materials which bear the CANDYLAND name;awarding Hasbro its damages in an amount to be determined by the trier of fact; and granting such other, further, and different relief as this Court may deem just and necessary.

12) DISCOVERY PLAN

A) What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rues of Civil Procedure, as amended.

None

B) When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?

On or before October 27, 2005

C) Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are not less costly and time consuming alternative methods available to obtain the same information:

There does not appear at this time to be any need to conduct discovery in phases or any potential for alternatives to traditional discovery, other than the phasing of fact and expert discovery described in paragraph 3 above. The subjects to be addressed include all of the issues set forth in paragraphs 8 and 9 above. The parties will continue to explore methods of minimizing discovery costs and making discovery more efficient.

D) What forms of discovery does each party intend to pursue?

Interrogatories, requests for production and inspection, depositions, expert disclosures, requests to admit.

E) Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?

Discovery in this case will likely require the production of sensitive business and technical information, including possibly trade secrets, and the parties thus believe that a confidentiality order should be entered for the protection of all parties.

13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF

SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?

The parties believe that the length of trial may be reduced by the use of stipulations, summaries, and/or statements, but do not believe bifurcation is feasible or desirable.

14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?

No.

15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?

N/A

16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:

1- **-2-** -3- -4- -5- -6- -7- -8- -9- -10

(VERY UNLIKELY)                    (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____ (DATE)

HOW CAN SETTLEMENT EFFORTS BE ASSESSED?

The parties have agreed to consider the possibility of mediation.

(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference.)

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD:

_____   ARBITRATION

_____   MEDIATION

_____   EARLY NEUTRAL EVALUATION

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on __October 12, 2005__ telephonically. and was attended by:

| | | |
|---|---|---|
| Robert E. Purcell | for plaintiff | Spero Haritatos |
| Kim J. Landsman and Michael D. Sant'Ambrogio | for defendant | Hasbro, Inc. |
| John G. McGowan | for defendant | Toys "R" Us NY-LLC |

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.

Case Management Plan

1224613v1                                              6