UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS, an Individual,

        Plaintiff,

v.

HASBRO, INC., a Rhode Island corporation and
TOYS "R" US-NY LLC, a New York limited
Liability corporation,
        Defendants.

Case No. 05-CV-930 (DNH/GJD)

## PLAINTIFF'S POSITION AND ARGUMENTS RESPECTING PROPOSED PROTECTIVE ORDER

Plaintiff, Spero Haritatos, by and through his undersigned attorneys, hereby provides his position and arguments with respect to the proposed Protective Order Governing Confidentiality, a copy which is attached hereto as Exhibit "A" in a "redline" format setting forth the parties' disputed terms.

The parties' disagreement focuses on four main issues, and two subordinate issues.

### The Protective Order Should Contain A Clause Directing That Sanctions Will Be Imposed For Making Confidentiality Designations Not In Good Faith

Plaintiff desires a protective order containing express, specific language that confidential designations must be made in good faith or the Court shall impose sanctions (see paragraphs 4 and 17(e)). One must initially wonder why Defendants choose to contest such a requirement.

Plaintiff and Defendant Hasbro have already been engaged in a trademark opposition proceeding before the United States Patent and Trademark Office. As part of that proceeding, the Trademark Office imposed a protective order respecting confidential information, and it is Plaintiff's view that Defendant Hasbro made excessive confidentiality designations. Plaintiff is certain that this Court is aware of the tactics of many large companies, such as Defendant Hasbro

and Defendant Toys "R" Us, to over designate the confidentiality of materials as a litigation tactic. The attached, proposed protective order requires any party objecting to any confidentiality designation first to ask the designating party to remove or change the designation before any Court review (see paragraph 17), and thus, any inadvertently or innocently errant confidentiality designation should be resolved without Court intervention. If the non-designating party's time and the Court's time are wasted by removing or changing a confidential designation that was not made in good faith, then sanctions should be imposed. Furthermore, the deterrent effect of having a sanctions provision in the body of the protective order will minimize the instances of confidential designations being made other than in good faith.

Plaintiff believes that language in paragraph 4 and paragraph 17(e) should be a part of the protective order.

### The Protective Order Should Provide A Two-Tier Confidentiality Designation

Plaintiff proposes a two-tier confidentiality designation, one of which is "OUTSIDE COUNSEL ONLY" and pertains to any trade secret information, and the other of which is "CONFIDENTIAL" and pertains to sensitive information generally unknown and essentially unavailable to the public. According to Plaintiff's proposal, the material designated as "OUTSIDE COUSNEL ONLY" would not be disclosed to any parties and would not be disclosed to in-house legal counsel. Further, according to Plaintiff's proposal, material designated as "CONFIDENTIAL" may be disclosed to any in-house legal counsel and to one internal, non-lawyer representative for each party.[1]

Defendants propose that there be only a single-tier confidentiality designation and that in accordance with such designation, such information could be disclosed to all in-house attorneys, but to no internal, non-lawyer representatives of any party.

---

[1] With respect to Plaintiff, his representative would include himself as well as his wife, Sharon Haritatos.

Plaintiff believes that he (as well as his wife) should have access to material that is of a relative low confidential nature, however, such access would be prohibited under the Defendants' proposed modification. Also, Defendants' proposed modification would permit even Plaintiff's highly confidential information to be disclosed to any and all in-house attorneys without any safeguards whatsoever as to whether those attorneys are or will be engaged in the marketing and other business decisions of their sole clients/employers.

If the two-tier confidentiality designation as proposed by Plaintiff is incorporated, then much of the concerns about whether in-house attorneys or other in-house personnel have access to confidential information will be mitigated, since they will have access to information of only a relatively low confidential nature.

Plaintiff proposes that in addition to the two-tier confidentiality designation, Plaintiff (and his wife) have access to materials that are designated with at least the lower-tier confidentiality designation.

## Confidentiality Designations Should Be Made During A Deposition, On The Record

Plaintiff proposes that confidentiality designations be made on the record at and during depositions (see paragraphs 5 and 16). Defendants propose that all deposition testimony be treated as confidential forever if a deposition transcript is not prepared, otherwise, if a deposition transcript is prepared, all deposition testimony would be treated as confidential until twenty days after the deposition transcript is prepared and sent to counsel of record, within which twenty day period, counsel may designate specific pages and lines of the transcript as confidential.

Plaintiff believes the designations should be made on the record, since any information that is truly confidential should be readily apparent to the witness, the attorneys, or both.

Moreover, the proposed protective order already includes a remedial provision allowing belated confidentiality designations to be made (see paragraph 10).

It has been Plaintiff's counsel's experience that it is a huge encumbrance for the attorneys and any court to treat an entire deposition transcript as confidential until sometime after a transcript <u>might</u> be prepared. For example, an attorney would be prohibited from discussing the witness's residence address, education history, employment history, etc. with his client, as well as, for example, the witness's testimony about witness's own interactions with the attorney's client, until long after any transcript has been prepared. Such a situation is preposterous. Moreover, if an attorney desires to use a deposition transcript very quickly after it has been prepared, such as in connection with discovery motions, pre-judgement motions, and trial, such uses would require pleadings and documents to be filed unnecessarily under seal with the Court, thereby wastefully encumbering the attorneys and the Court.

### Even Consulting Experts Should Be Identified Before Disclosing Confidential Materials To Them

Plaintiff proposes that not only testifying experts, but also consulting experts, should first sign an undertaking, then the party retaining such consulting expert should identify the name, etc. of such consulting expert to the other counsel for potential objection, and then, only if an objection is not lodged within ten days, would the party be permitted to disclose confidential designated information to the consulting expert (see paragraph 14). Such procedure is needed to ensure that the consulting expert is truly independent, and is not, for example, an employee of or a business consultant to a party.

This issue has already been resolved by Magistrate Judge Peebles of this Court in the case of <u>Sears Petroleum & Transport Corp. v. Archer Daniels Midland Co.</u>, Civil Action No. 5:03-CV-1120 (DEP). Judge Peebles balanced the desire for parties to maintain the privacy of

4

their communications with consulting experts against the need for assurance that such consulting experts are truly independent and would not be apt to misuse confidential information. Magistrate Judge Peebles resolved the issue by requiring the protective order in that case to require disclosure of the consulting experts before confidential information was revealed to them. A copy of Judge Peebles's decision dated June 28, 2005 is attached hereto as Exhibit "B".

### The Term "Independent Expert" Should Include Employees And Consultants Of Any Party.

Plaintiff proposes that "Independent Expert" should not include persons who are employees of parties or who have been a consultant with a party within the last year (see paragraph 11). Defendants propose that "Independent Expert" be only persons who are not employees of competitors or consultants of competitors. The flaw in Defendants' definition is that the definition of "Independent Expert" would include their own employees and consultants, who would be permitted access to confidential designated information, a situation that the protective order is generally designed to prevent.

### At The Conclusion Of Litigation, The Parties' In-House Counsel Should Be Required To Purge Any Of Their Electronic Files That Contain Confidential Information

Plaintiff proposes that parties' in-house attorneys be required to purge and destroy their electronic files that contain any confidential information (see paragraph 20) at the conclusion of this litigation. Defendants propose that the in-house attorneys be permitted to retain any such electronic files.

Plaintiff's concern, especially with a single-tier confidential designation proposed by Defendants and Defendants' proposal that their in-house attorneys have access to such information, is that information is apt to be misused. There is no assurance that in-house counsel are not and will not be involved in marketing or other business decisions. Also, there is no

5

assurance that in-house counsels' electronic files are not accessible by others through an in-house network, etc. Plaintiff sees no need for the in-house to retain such electronic files, when Plaintiff's proposal would allow outside attorneys to retain their electronic files.

## Conclusion

Plaintiff prays that the Court enter a Protective Order Governing Confidentiality in accordance with Plaintiff's proposed terms.

Respectfully submitted,

Date: November 22, 2005

Robert E. Purcell, Esq. (Bar. Roll No. 510,595)
Indranil Mukerji, Esq. (Bar Roll No. 511,738)
Denis J. Sullivan, Esq. (Bar Roll No. 512,997)
WALL MARJAMA & BILINSKI LLP
101 South Salina St., Suite 400
Syracuse, NY 13202
Telephone:   (315) 425-9000
Facsimile:   (315) 425-9114

*Attorneys for Plaintiff, Spero Haritatos*