# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPERO HARITATOS, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 6:05-CV-930 |
| HASBRO, INC., a Rhode Island corporation ) | (DNH) (GJD |
| and TOYS "R" US-NY LLC, ) | |
| a New York limited liability company ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

IT IS HEREBY STIPULATED by the Parties through their respective counsel of record that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order be entered by the Court:

1. This Stipulation and Protective Order Governing Confidentiality ("Protective Order") shall apply to all information, materials or things subject to discovery in this action, ("Discovery Material") including, without limitation, documents, testimony, inspections and responses provided pursuant to the Federal Rules of Civil Procedure, which contain confidential or trade secret information. As used herein, the term "Party" shall mean: (a) Plaintiff, Spero Haritatos; (b) Defendants Hasbro, Inc. ("Hasbro") and Toys "R" Us-NY LLC ("TRU"); and (c) any other parties later named in this action.

2. Documents and information obtained by or made available to eitherany Party by means other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous provisions of state or foreign law shall not be subject to this Protective Order. Furthermore, nothing in this Protective Order shall prevent disclosure

1

beyond the terms of this Protective Order if the designating party consents in writing to such disclosure or if the Court allows such disclosure as provided for in Paragraphs 17 and 20.

3. The Discovery Material may be designated, in appropriate circumstances as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." Discovery Material designated as "CONFIDENTIAL" includes technical, marketing, business, and trade information generally unknown and essentially unavailable to the public. Discovery Material designated as "OUTSIDE COUNSEL ONLY" includes financial information, pending and abandoned unpublished patent applications, information regarding future products and business strategies and all other information that is a trade secret. The identification of Discovery Materials with either of these designations this designation is referred to herein as "Confidential Designation" or "Designated Pursuant To This Protective Order."

4. Any party (including any third party not named in this action) that is required to produce materials or information in discovery in this case may make Confidential Designations on Discovery Material only for which the designating party believes, in good faith, there is good cause for confidential treatment consistent with the designation level. Any designations made not in good faith shall subject the designating party to sanctions imposed by the Court.

5. The Confidential Designation of documents and other information need not be made prior to the inspection of such documents or other information by the receiving party, but shall be made at or prior to the furnishing of copies (except in the case of a deposition transcript, the designation shall be made during the deposition on the record at the time of the designated testimony, as described more fully in Paragraph 19, *infra)*

2

1227123v23
1227386v2

by affixing to every page a stamp bearing the words "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" in a location that makes the designation readily apparent. The Confidential Designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda or any other writings filed with the Court, that reveals any material with a Confidential Designation.

6. A Party shall have the right to request Confidential Designation for documents called for by subpoena to a third party, in cases where the documents were provided by the Party to the third party pursuant to an agreement that the information was being provided on a confidential or highly confidential basis, provided such request is made to the third party, and copied to the other Party, within fourteen (14) days of production of the documents to the requesting party or its counsel.

7. Unless otherwise ordered by the Court, all information, materials or things with a Confidential Designation shall be held by the receiving party solely for use in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding used solely for the purpose of this litigation and of pursuing or defending legal rights relating to this litigation (including in the pending and any other Trademark Trial and Appeal Board proceeding between two or more of the parties concerning the CANDYLAND or CANDY LAND marks), and not for any other purpose, including , without limitation, any other litigation in any jurisdiction, or any business, governmental or regulatory purpose or function but not limited to use in any business or commercial enterprise; except as may be subpoenaed by any court, administrative or legislative body. In the event that the receiving party makes copies of any of the information, materials or things identified by a Confidential

3

1227123v23
1227386v2

Designation for use in connection with this litigation, then the receiving party shall ensure that all such copies bear the same legend as the originals from which such copies were made.

8. If documents marked with a Confidential Designation are called for in a subpoena by someone who is not a party to this action, the receiving party to whom the subpoena is directed shall immediately give written notice thereof to each party that has designated the documents and shall provide each such designating party with an opportunity to object to the production of such documents in response to the subpoena.

9. Material filed with the Court that has been Designated ~~Pursuant To This~~ <u>Confidential pursuant to this</u> Protective Order for any purpose shall be filed in a sealed envelope or other opaque container, covered by a caption page marked with ~~one of~~ the following ~~statements, whichever is appropriate~~<u>statement</u>:

"FILED UNDER SEAL

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"

————~~or~~

~~"FILED UNDER SEAL~~

~~OUTSIDE COUNSEL ONLY -- SUBJECT TO PROTECTIVE ORDER"~~

For the convenience of the Parties and the Court, a party that files a paper containing any Confidential Designation as well as non-confidential material may file the entire paper under seal. If any party fails to file protected documents or information under seal, the producing party or the party claiming the confidentiality of the documents or information may request that the Court place the filed documents or information under seal.

1227123v~~2~~<u>3</u>
1227386v2

10. If a producing party inadvertently produces any material properly entitled to a Confidential Designation without marking it with the appropriate legend, the producing party may give written notice to the receiving party, including appropriately designated and stamped copies of the material, that the document or information is deemed Designated ~~Pursuant To The Protective Order~~Confidential pursuant to this protective order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Designation of the document or other information, the receiving party shall use its reasonable best efforts to collect all copies of the inadvertently- produced document or other information from persons not entitled to access to such document or information had it been properly designated~~,~~ and to treat the document or other information ~~shall~~ thereafter ~~be treated~~ as if it had been timely Designated ~~Pursuant To This~~Confidential pursuant to this Protective Order. If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith. ~~In no event shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation legend be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.~~

11. The term "Independent Expert" shall be defined as any person with whom a Party may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, provided such person is not an employee

1227123v~~2~~3
1227386v2

of such Party and has not been a consultant within the last year for such Party except as an expert retained for or in anticipation of litigation or preparation for trial in any case.

12. Except with the prior written consent of the producing party or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL" shall not be shown, delivered or disclosed to any person other than:

(a) ~~Outside~~ Counsel ~~of Record~~ for each Party, ~~provided that counsel has entered an appearance in this case. This includes clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation; (b) Three in-house attorneys for each Party.~~ including attorneys employed in the legal departments of the defendants. This includes <u>paralegals,</u> clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation;

~~(c) One internal, non-lawyer representative of each Party, designated by each Party immediately following the entry of this Protective Order;~~

(~~d~~ <u>(b)</u>) Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;

(e<u>c</u>) Any author, recipient ~~(actual,~~ or ~~alleged) or~~ <u>employee of the</u> producing party of such

"CONFIDENTIAL" material;

(~~f~~<u>d</u>) The Court and any persons employed by the Court whose duties require access to such material;

(g<u>e</u>) Any Independent Expert retained by counsel to assist in the

6

preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the Independent Expert and the disclosing party complies with Paragraph 14. This includes secretarial and clerical employees associated with such person; and

(h̶f) Court reporters and other persons involved in recording testimony in his action by any means.

~~13. Except with the prior written consent of the producing party or upon prior order of the Court obtained upon noticed motion, material designated as "OUTSIDE COUNSEL ONLY" shall not be shown, delivered or disclosed to any person other than:~~

~~(a) Outside Counsel of Record for each Party. This includes clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation;~~

~~(b) Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;~~

~~(c) Any author, recipient (actual or alleged) or producing party of such "OUTSIDE COUNSEL ONLY" material;~~

~~(d) The Court and any persons employed by the Court whose duties require access to such material;~~

~~(e) Any Independent Expert retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the Independent Expert and the disclosing party complies with Paragraph 14. This includes secretarial and clerical employees associated with such person; and~~

1227123v2̶3
1227386v2

(f)  Court reporters and other persons involved in recording testimony in this action by any means.

14. The procedure for theAny Party desiring to reveal material Designated Pursuant To ThisConfidential pursuant to this Protective Order to any of the persons referred to in Paragraphs 12(g) or 13(e) above shall be as follows:

(a) The Party seeking to reveal such material Designated Pursuant To This Protective Order shall, at least ten (10) days prior to disclosure of such material to such persons, provide the following information to the designating party:

i)      The name and residential address and phone number of the person to whom the Party desires to reveal material Designated Pursuant To This Protective Order; and

ii)     The name of the present employer and job title of the person. In addition, the Party seeking to reveal material Designated Pursuant To This Protective Order shallIndependent Expert shall first obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court in any proceedings relative to enforcement of the Protective Order. Counsel shall maintain a complete record of every original signed Undertaking obtained from any person pursuant to this Paragraph.

8

1227123v23
1227386v2

(b) Within ten (10) days of receipt of the information and Undertaking described in Paragraph 16(a), the designating party may object in writing to the disclosure of material Designated Pursuant To This Protective Order to the person to whom the Party seeks to disclose such material if the designating party believes that there is a reasonable likelihood that such person:

i)           May use the material Designated Pursuant To This Protective Order for Purposes other than the preparation or trial of this case; or

ii)           Possesses confidential information of the designating party. Failure to object in writing within ten (10) days to the proposed disclosure of material Designated Pursuant To This Protective Order shall be deemed a consent to such disclosure.

(c) If an objection to the disclosure of material Designated Pursuant ToThis Protective Order pursuant to Paragraph 16 is not resolved by the parties within ten (10) days of service of the written notice of objection described in Paragraph 16(b), the Party desiring to disclose information may file a motion with respect to such objection within twenty (20) days of service of the notice of objection. If such a motion is filed, the disclosure of material Designated Pursuant To This Protective Order to the person objected to shall be withheld pending the ruling of the Court on any such motion.

15. Neither the provisions of this Protective Order nor the filing of any information under seal shall prevent the use, in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. The Parties shall meet and confer concerning appropriate methods for

1227123v23
1227386v2

dealing with material Designated ~~Pursuant To This~~<u>Confidential pursuant to this</u> Protective Order at hearings and at trial.

~~16. Either Party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order must do so on the record at the time of the designated testimony.~~

<u>16. As to depositions upon oral examination, if any counsel so states at the deposition, that counsel shall order a transcript and the testimony of the witness shall be deemed designated CONFIDENTIAL until the expiration of twenty (20) calendar days after the receipt by counsel of the record of the transcript of the deposition. The deposition transcript may only be shown to the persons specified in paragraph 12 above during the twenty (20) calendar day period, and if counsel of record believes that the deposition transcript or portions thereof constitutes Confidential information, counsel shall designate in writing to other counsel of record within that twenty-day period the specific pages and lines constituting such Confidential Designations. If no such specific designations are made within the time period, the entire transcript shall be deemed not to contain Confidential information and shall no longer be governed by this Protective Order.</u>

17. Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material Designated Pursuant To This Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

(a) In the event that either Party objects to the designation of any

10

1227123v~~2~~<u>3</u>
1227386v2

document or other material, such Party may, in writing, request the designating party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.

(b) The designating party shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

(c) If ~~the designating party fails to respond to a request or refuses to remove or change the~~a confidentiality designation, ~~the Party requesting re-designation shall have twenty (20) days to file a motion seeking such re-designation. It shall be the burden of the designating party under such circumstances~~ is challenged, the designating party shall have the burden to establish that the information is correctly designated within the meaning of this Protective Order.

~~(d) In the event of such a motion, the material at issue may be submitted to the Court for in Camera inspection.~~

~~(e) In the event the Court finds that a designation was not made in good faith, the Court shall impose sanctions on the designating party.~~

18. This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

19. Any inadvertent production of documents or other material containing privileged information shall not be deemed to be a waiver of the attorney-client privilege,

11

work product doctrine or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any privileged document or other material that it may produce inadvertently during discovery if the Party determines that such document or material contains privileged information. ~~After receiving notice of such inadvertent production by the producing party, the receiving party shall make responsible and good faith efforts to locate and return to the producing party all copies of such inadvertently produced document or material. If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith.~~

20. No later than sixty (60) days after the final adjudication of this action, including any appeals, and upon written request by a designating party, all materials Designated Pursuant To This Protective Order shall be returned to the designating party or shall be destroyed, unless a motion seeking modification of this Protective Order is filed. In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction. Notwithstanding the foregoing, a party may retain one archival copy of each pleading, each deposition, hearing, and trial transcript and exhibit, each court ruling, decision, or order, and correspondence maintained by the Parties' outside counsel in their respective litigation files in the ordinary course of business; and nothing herein shall require the parties' attorneys to purge or destroy any electronic files.

21. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing information

12

1227123v2_3_
1227386v2

Designated Pursuant To This Protective Order to any person in the manner set forth in this Protective Order.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information.

DATED this _____ day of _____ 2005

By _____
    PATTERSON BELKNAP WEBB
      & TYLER, LLP
    Kim J. Landsman
    Bar Roll No. 513,364
    Michael D. Sant'Ambrogio
    Bar Roll No. 513,364
    1133 Avenue of the Americas
    New York, New York 10036
    Telephone No. 212-336-2436

    *Attorneys for Defendant*
      *Hasbro, Inc.*

By _____
    WALL MARJAMA & BILINSKI, LLP

    Robert E. Purcell
    Bar Roll No. 510,595
    101 South Salina Street, # 400
    Syracuse, New York
    Telephone No. 315-425-9000

    *Attorney for Plaintiff*
      *Spero Haritatos*

By _____
    BOND, SCHOENECK, & KING, PLLC
    John G. McGowan
    Bar Roll No. 501,388
    One Lincoln Center
    Syracuse, New York 10036
    Telephone No. 315-218-8000

    *Attorneys for Defendant*
      *Toys "R" US*

13

1227123v23
1227386v2

<u>**ORDER**</u>  **6:05-CV-930 (DNH) (GJD)**

       Good cause appearing therefore,


IT IS SO ORDERED.



DATED: _____          _____
                                      UNITED STATES MAGISTRATE JUDGE

14

1227123v23
1227386v2

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual )<br><br>Plaintiff, )<br><br>vs. )<br><br>HASBRO, INC., a Rhode Island corporation )<br>and TOYS "R" US-NY LLC, )<br>a New York limited liability company )<br><br>Defendants. ) | Civil Action No. 6:05-CV-930<br>(DNH) (GJD) |

## UNDERTAKING

I, _____, hereby certify that I have read the

Stipulation and Protective Order Governing Confidentiality (the "Order") entered in the

above-captioned case on _____ 200_,2005, and that I understand

the terms, conditions and restrictions it imposes on any person given access to

"CONFIDENTIAL" and/or "OUTSIDE COUNSEL ONLY" materials. I recognize that I am

bound by the terms of that Order, and I agree to comply with those terms.

I will not disclose "CONFIDENTIAL" and/or "OUTSIDE COUNSEL ONLY"

materials to anyone other than persons specifically authorized by the Order and agree

to return all such materials that come into my possession to counsel from whom I

received such materials. I hereby consent to be subject to the personal jurisdiction of

the United States District Court for the Northern District of New York with respect to any

proceedings relative to the enforcement of the Order, including any proceeding related

to contempt of Court.

15

1227123v23
1227386v2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of

_____ 200_,    at    _____.

_____
(Signature)

_____
Home Address

_____
Home Phone

_____
Employer/Business

_____
Job Title/Description

16

1227123v23
1227386v2