# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SEARS PETROLEUM & TRANSPORT
CORP., *et al.*

                Plaintiffs,

                                      Civ. Action No.
                                      5:03-CV-1120 (DEP)

vs.

ARCHER DANIELS MIDLAND COMPANY,
*et al.*,

                Defendants.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

DUANE, MORRIS LAW FIRM          WILLIAM R. HANSEN, ESQ.
380 Lexington Avenue
New York, NY 10168

WALL, MARJAMA LAW FIRM          INDRANIL MUKERJI, ESQ
101 South Salina Street
Suite 400
Syracuse, NY 13202

FOR ADM DEFENDANTS:

KIRKPATRICK & LOCKHART, LLP       TARA C. CLANCY, ESQ.
599 Lexington Ave.
New York, NY 10022-6030

HISCOCK & BARCLAY, LLP                    JOHN D. COOK, ESQ
Financial Plaza
221 South Warren Street
Syracuse, NY 13221-4878

FOR MLI DEFENDANTS:

HEDMAN, COSTIGAN LAW FIRM                 JOHN F. VOLPE, ESQ.
1185 Avenue of the Americas
20th Floor
New York, NY 10036-2646

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in connection with this matter is a discovery dispute centered around the contours of a proposed protective order to be entered, governing the exchange of confidential materials during discovery in the action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. While the parties have successfully negotiated a majority of the terms to be incorporated into such a protective order, they disagree over language governing the disclosure of confidential materials to outside experts. The parties now ask that I address and resolve their disagreement.[1]

---

[1] Submissions regarding the dispute have been received from the plaintiffs and from defendants Archer Daniels Midland Co., Deicer USA, LLC, Glacial Technologies and Minnesota Corn Processors LLC. While defendant MLI Associates,

The focus of the parties' dispute is defendants' insistence upon inclusion of a provision which would require any party wishing to disclose confidential information to an outside expert to first identify that expert to the party which was designated the material as confidential. Under defendants' proposal, the designating party would have ten business days from the date such notice was given to make a good faith objection to the disclosure, based upon reasonable grounds. In the event of such an objection the party wishing to disclose the confidential information could then file a motion for relief from the objection blocking discovery, thereby requiring the designating party to establish the validity of the objection. Plaintiff vigorously opposes this request, citing attorney work product concerns, and instead proposes a version of the relevant protection order language which would not require disclosure of such experts or consultants to the designating party, but would rather allow experts and consultants access to confidential information, conditioned only upon their signing an acknowledgment of confidentiality.

Having reviewed the letter briefs submitted by the parties addressing the issue, see Dkt. Nos. 54 and 55, and considering that the party seeking

---

LLC has not staked out a position on the matter, I am assuming that it has aligned itself with the other defendants on the issue.

3

the protective order bears the burden of establishing its necessity, see *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145-146 (2d Cir. 1987), I find that the entry of defendants' proposed Rule 26(c) protective order is warranted and supported by the relevant case law. While I recognize that Rule 26(b) of the Federal Rules of Civil Procedure ordinarily protects the identity of experts not expected to testify at trial, absent exceptional circumstances, that protection is trumped in this case by the competing consideration of protecting against misappropriation or misuse of confidential information by outside experts who may have a direct or potential conflict, based upon their part or present representation of other clients. See *Bank of New York v. Meridien Biao Bank Tanzania Limited*, 171 F.R.D. 135, 145 (S.D.N.Y. 1997). Defendants seek to avoid any possible misuse of its confidential information by requiring advance notice of any disclosure of such materials to outside experts. "Such advanced notice is warranted where there is reason to believe that the potential witnesses [or experts] may have a vested interest in appropriating or misusing the information." *Madanes v. Madanes*, 186 F.R.D. 279, 288 (S.D.N.Y. 1999)(citing *id.* at 144-145). I therefore find that defendants have carried their burden of demonstrating that a

requirement that experts being shown confidential materials produced under the terms of the Rule 26(c) protective order to be entered in the case be disclosed to the party who produced those materials is necessary to preserving the integrity of the information and guarding against its misuse, including disclosure to experts who may have a relationship with one or more of defendants' competitors. *Rywikin v. New York Blood Center*, No. 95 Civ. 10008 BSJ JCF, 1998 WL 556158, at *7 (S.D.N.Y. 1998).

In light of the foregoing, the protective order proposed by the defendants will be signed upon its presentment, in final form, to the court.

SO ORDERED.

David E. Peebles
U.S. Magistrate Judge

Dated:   June 28, 2005
         Syracuse, NY

5