UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPERO HARITATOS,

                      Plaintiff,           05 Civ. 930 (DNH/GJD)

         - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

      The Parties, through their respective counsel, having met and conferred regarding the terms of a protective order in the above-captioned case, having agreed that a protective order is appropriate to provide for treatment of certain confidential business information that is likely to be the subject of discovery, and havingtagreeed to certain terms of the protective order and disagreed as to others, and the Court having resolved the s disputed issues by orders dated December 5, 2005 and _____, the following protective order is hereby entered by the Court:

1

1. This Protective Order Governing Confidentiality ("Protective Order") shall apply to all information, materials or things subject to discovery in this action, ("Discovery Material") including, without limitation, documents, testimony, inspections and responses provided pursuant to the Federal Rules of Civil Procedure, which contain confidential or trade secret information. As used herein, the term "Party" shall mean: (a) Plaintiff, Spero Haritatos; (b) Defendants Hasbro, Inc. ("Hasbro") and Toys "R" Us-NY LLC ("TRU"); and (c) any other parties later named in this action.

2. Documents and information obtained by or made available to any Party by means other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous provisions of state or foreign law shall not be subject to this Protective Order. Furthermore, nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating party consents in writing to such disclosure or if the Court allows such disclosure as provided for in Paragraphs 17 and 20.

3. The Discovery Material may be designated, in appropriate circumstances as "CONFIDENTIAL." Discovery Material designated as "CONFIDENTIAL" includes technical, marketing, business, and trade information generally unknown and essentially unavailable to the public. The identification of Discovery Materials with this designation is referred to herein as "Confidential Designation."

4. Any party (including any non-party that becomes the subject of discovery) that is required to produce materials or information in discovery in this case may make Confidential Designations on Discovery Material only for which the designating party believes, in good faith, there is good cause for confidential treatment.

5. The Confidential Designation of documents and other information need not be made prior to the inspection of such documents or other information by the receiving party, but shall be made at or prior to the furnishing of copies by affixing to every page a stamp bearing the words "CONFIDENTIAL" in a location that makes the designation readily apparent. The Confidential Designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda or any other writings filed with the Court, that reveals any material with a Confidential Designation.

6. A Party shall have the right to request Confidential Designation for documents called for by subpoena to a third party, in cases where the documents were provided by the Party to the third party pursuant to an agreement that the information was being provided on a confidential basis, provided such request is made to the third party, and copied to the other Party, within fourteen (14) days of production of the documents to the requesting party or its counsel.

7. Unless otherwise ordered by the Court, all information, materials or things with a Confidential Designation shall be used solely for the purpose of this litigation and of pursuing or defending legal rights relating to this litigation (including in the pending and any other Trademark Trial and Appeal Board proceeding between two or more of the parties concerning the CANDYLAND or CANDY LAND marks), and not for any other purpose, including but not limited to use in any business or commercial enterprise; except as may be subpoenaed by any court, administrative or legislative body. In the event that the receiving party makes copies of any of the information, materials or things identified by a Confidential Designation for use in connection with this litigation, then the receiving party shall ensure that all such copies bear the same legend as the originals from which such copies were made.

8. If documents marked with a Confidential Designation are called for in a subpoena by someone who is not a party to this action, the receiving party to whom the subpoena is directed shall immediately give written notice thereof to each party that has designated the documents and shall provide each such designating party with an opportunity to object to the production of such documents in response to the subpoena.

9. Material filed with the Court that has been Designated Confidential pursuant to this Protective Order for any purpose shall be filed in a sealed envelope or other opaque container, covered by a caption page marked with the following statement:

"FILED UNDER SEAL

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"

For the convenience of the Parties and the Court, a party that files a paper containing any Confidential Designation as well as non-confidential material may file the entire paper under seal. If any party fails to file protected documents or information under seal, the producing party or the party claiming the confidentiality of the documents or information may request that the Court place the filed documents or information under seal.

10. If a producing party inadvertently produces any material properly entitled to a Confidential Designation without marking it with the appropriate legend, the producing party may give written notice to the receiving party, including appropriately designated and stamped copies of the material, that the document or information is deemed Designated Confidential pursuant to this protective order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Designation of the document or other information, the receiving party shall use its reasonable best efforts to collect all copies of the inadvertently- produced document or other information from persons not

entitled to access to such document or information had it been properly designated, and to treat the document or other information thereafter as if it had been timely Designated Confidential pursuant to this Protective Order.  If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith.  In no event shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation legend be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

      11.    The term "Independent Expert" shall be defined as any person with whom a Party may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, provided such person is not an employee of a Party or competitor of any Party and has not been a consultant within the last year for a Party or a competitor of any Party.

      12.    Except with the prior written consent of the producing party or upon prior order of the Court obtained upon noticed motion, material designated as "CONFIDENTIAL" shall not be shown, delivered or disclosed to any person other than:

    (a)  Counsel for each Party, including attorneys employed in the legal departments of the defendants.  This includes paralegals, clerical, secretarial and administrative employees of such counsel assigned to assist in the preparation of this litigation;

    (b) Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;

    (c) Any author, recipient, or employee of the producing party of such "CONFIDENTIAL" material;

    (d) The Court and any persons employed by the Court whose duties require access to such material;

    (e) Any Independent Expert retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action, provided the documents disclosed pertain to the expected testimony of the Independent Expert and the disclosing party complies with Paragraph 14. This includes secretarial and clerical employees associated with such person; and

    (f) Court reporters and other persons involved in recording testimony in his action by any means.

   14. Any Party desiring to reveal material Designated Confidential Pursuant to this Protective Order to Independent Expert shall first obtain a signed Undertaking, in the form attached hereto as Exhibit A, from such person.

   15. Neither the provisions of this Protective Order nor the filing of any information under seal shall prevent the use, in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  The Parties shall meet and confer concerning appropriate methods for dealing with material Designated Confidential Pursuant to this Protective Order at hearings and at trial.

16. Either Party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order must do so on the record at the time of the designated testimony.

17. Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material Designated Pursuant To This Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

(a) In the event that either Party objects to the designation of any document or other material, such Party may, in writing, request the designating party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.

(b) The designating party shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

(c) If a confidentiality designation is challenged, the designating party shall have the burden to establish that the information is correctly designated within the meaning of this Protective Order.

18. This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

19. Any inadvertent production of documents or other material containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any privileged document or other material that it may produce inadvertently during discovery if the Party determines that such document or material contains privileged information

20. No later than sixty (60) days after the final adjudication of this action, including any appeals, and upon written request by a designating party, all materials Designated Pursuant To This Protective Order shall be returned to the designating party or shall be destroyed, unless a motion seeking modification of this Protective Order is filed. In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction. Notwithstanding the foregoing, a party may retain one archival copy of each pleading, each deposition, hearing, and trial transcript and exhibit, each court ruling, decision, or order, and correspondence maintained by the Parties' outside counsel in their respective litigation files in the ordinary course of business; and nothing herein shall require the parties' outside attorneys to purge or destroy any electronic files.

21. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing information Designated Pursuant To This Protective Order to any person in the manner set forth in this Protective Order.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.  Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information.

SO ORDERED.


DATED: _____, 2006                    _____

Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
SPERO HARITATOS, :
:
                    Plaintiff, :   05 Civ. 930 (DNH/GJD)
:
       - against - :
:
HASBRO, INC. :
and TOYS "R" US-NY LLC, :
:
                    Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNDERTAKING**

        I, _____, hereby certify that I have read the Stipulation and Protective Order Governing Confidentiality (the "Order") entered in the above-captioned case on _____ 2006, and that I understand the terms, conditions and restrictions it imposes on any person given access to "CONFIDENTIAL" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

        I will not disclose "CONFIDENTIAL" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I hereby consent to be subject to the

personal jurisdiction of the United States District Court for the Northern District of New York with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this ____ day of _____ 200__, at _____.

                    _____
                    (Signature)

                    _____
                    Home Address

                    _____
                    Home Phone

                    _____
                    Employer/Business

                    _____
                    Job Title/Description