### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF NEW YORK

SPERO HARITATOS, an individual

       Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

       Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEFENDANT TOYS "R" US-NY LLC**

Plaintiff, SPERO HARITATOS, ("Plaintiff"), by and through his undersigned attorneys, hereby moves pursuant to Fed. R. Civ. P. 55(b)(2) and 26(g)(3) for judgment by default against Defendant Toys "R" Us-NY LLC (herein after "TRU").

TRU has very belatedly provided its initial disclosures required under Fed. R. Civ. P. 26(e)(1) and only after Plaintiff sought the assistance of Magistrate Judge DiBianco.  Moreover, TRU's initial disclosures are patently and materially insufficient.  TRU has also totally ignored and refused to

1

respond to Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Requests For Production of Documents to Defendants, each served October 17, 2005.

TRU has "tagged along" with Hasbro in connection with activities in this litigation by simply stating that it was "joining" in whatever position Defendant Hasbro has taken.

TRU has essentially failed to defend in this action, and severe sanctions in the nature of default judgment against TRU are both warranted and appropriate.

As more detailed grounds for the instant motion, Plaintiff states concisely as follows.

### TRU's Initial Disclosures

The parties conducted a Rule 26 conference on October 12, 2005, and therefore, the parties' respective initial disclosures were due by October 22, 2005. TRU did not provide timely disclosures, and Plaintiff's attorneys sent a letter by both e-mail and facsimile to TRU's attorney John McGowan, dated November 3, 2005, a copy of which is attached hereto as Exhibit "A", requesting that the disclosures be provided. By November 17, 2005, Plaintiffs still had not received TRU's Initial Disclosures, and Plaintiff's attorney called Mr. McGowan by telephone that day. Mr. McGowan indicated that he had been in trial for the proceeding three weeks. Plaintiff's attorney granted Mr. McGowan's request to provide the initial disclosures by "next week" and to Mr. McGowan's request for an extension of time in which to provide responses to Plaintiff's outstanding discovery (its interrogatories and document requests) by December 1, 2005.

By November 28, 2005, TRU still had failed to provide its initial disclosures. Accordingly, Plaintiff's attorney filed with the Court a letter to Magistrate Judge DiBianco dated November 28, 2005, a copy of which is attached hereto as Exhibit "B", requesting a telephonic discovery conference to address the matter. Magistrate Judge DiBianco entered an Order dated November 29, 2005

stating, "At the Court's direction, the Clerk will schedule either an in-person or telephone conference."  A copy of such Order is attached hereto as Exhibit "C".

Not having heard anything from the Court by December 9, 2005 about scheduling either an in-person or telephone conference, Plaintiff's attorney's secretary contacted Magistrate Judge DiBianco's judicial assistant, Diane Rimkis, who informed the secretary that the Order did not direct the clerk to set up a conference, but rather, the Order simply directed the clerk at some later date, upon a new directive from Magistrate DiBianco, to schedule the conference.  To date, Magistrate DiBianco has not scheduled any such conference.

Subsequent to Magistrate DiBianco's Order, TRU provided its initial disclosures on December 14, 2005, a copy of which initial disclosures (entitled "Mandatory Disclosure") is attached hereto as Exhibit "D".  TRU's initial disclosures are slipshod, and are patently, materially insufficient.  TRU's initial disclosures identify five individuals (who are current or former TRU employees) allegedly likely to provide discoverable information, however, the initial disclosures fail to provide any address or telephone number for any individual or to identify the subjects of the information known to any identified individual that TRU may use to support to its claims or defensives, as required by Rule 26(e)(1)(A).

Rule 26(g)(3) <u>mandates</u> that the Court impose upon either TRU or its attorneys, or both, an appropriate sanction for violating the requirements of the rule "without substantial justification".  That is, if, without substantial justification, the party's initial disclosures were either incomplete or incorrect at the time made, were inconsistent with the Rule, or were interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, then the Court <u>shall</u> impose sanctions.  Plaintiffs submits that TRU's initial disclosures violate all of

the foregoing requirements of Rule 26(g)(3), that each of the violations was without substantial justification, and that a sanction in the nature of default judgment against TRU is warranted.

### TRU's Total Failure To Respond To Plaintiff's Outstanding Discovery

As previously mentioned, Plaintiff served TRU on October 17, 2005 with Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Requests For Production to Defendants, copies of which are attached hereto as Exhibits "E" and "F" respectively. Over two months have passed since the responses were initially due, and approximately two months since the extended due date of December 1, 2005. (Plaintiff's attorney orally granted TRU's attorney an extension of time on November 17, 2005 to provide the responses "by December 1, 2005".)

Rule 55 permits the Court to enter judgment by default when a party against whom affirmative relief is sought has failed to plead <u>or otherwise defend as provided by these rules</u>. Thus, judgment by default may be entered for reasons in addition to failing to appear in the lawsuit. Indeed, Rule 55(b)(2) provides specific procedures where judgment by default may be sought against a party who has appeared. In essence, Defendant TRU has engaged in conduct that is the inverse of a plaintiff's failure to prosecute, i.e., TRU has engaged in a failure to defend in this lawsuit. Accordingly, Plaintiff believes that judgment by default is authorized and warranted against TRU.

### Conclusion

TRU's conduct with respect to its initial disclosures mandates the imposition of sanctions and warrants the imposition of default judgment under Rule 26(g)(3). TRU's overall litigation conduct, including its grossly belated, insufficient initial disclosures and its failure to provide any responses to Plaintiff's long-outstanding discovery, independently warrants the imposition of default judgment under Rule 55(b).

                                          Respectfully submitted,

Dated: January 26, 2006             **SPERO HARITATOS**
      Syracuse, New York         By his attorneys,

                                        */s/ Robert E. Purcell*
                                        _____
                                        Robert E. Purcell, Esq.
                                        Bar Roll No. 510,595
                                        Indranil Mukerji, Esq.
                                        Bar Roll No. 511,738
                                        Denis J. Sullivan
                                        Bar Roll No. 512,997
                                        WALL MARJAMA & BILINSKI, LLP
                                        101 South Salina Street #400
                                        Syracuse, New York 13202
                                        Telephone:  (315) 425-9000
                                        Facsimile:  (315) 425-9114