# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation, and TOYS "R" US-NY LLC, a New York limited liability company<br><br>Defendants. | Civil Action No. 6:05-CV-00930 |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Plaintiff, Spero T. Haritatos ("Haritatos"), hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendant, Hasbro, Inc. ("Hasbro"), and Defendant Toys "R" Us - NY LLC ("TRU") produce at Wall Marjama & Bilinski LLP, 101 South Salina Street, Suite 400, Syracuse, New York 13202, at 9:00 A.M. on November 19, 2005 or at any time earlier or other place, as may be ordered by the Court or as agreed to by the parties, each and every document and thing requested herein, and that Defendants permit Haritatos to inspect and/or copy said documents and things. All documents produced are to be categorized by request number, and the identity of the file and the identity of the person responsible for the file for each document produced is to be set forth.

## DEFINITIONS

A.   In these requests, the terms "document", and "documents" are used in their customary broad sense and include without being limited to, the original and any copy, regardless of origin or location, of the following items: notes, correspondence, internal company communications, telegrams, electronic mail, instant messaging, cables, telexes, ledger books, statements, memoranda, summaries of records of conversations, diaries, reports, charts, tags, stickers, labels, cartons, boxes,

art work, mockup labels, films, video tapes, photoboards, drawings, graphs, photographs, phonorecords, computer disks and tapes from which information can be obtained or translated through detection devices into reasonably usable form, microfilms, minutes or records of meetings, reports and/or summaries of interviews or investigations, opinions or reports of consultants or counsel, agreements, notebooks, letters, advertisements, promotional literature, trade letters, press releases, drafts of documents and revisions of drafts of documents, and other written or recorded materials.

B. If any privilege is claimed as to any document or oral or written communication, identify the document or communication, and state the privilege claimed and the basis therefor. See also Northern District of New York Local Rule 7.1(d)(7) for additional requirements.

C. The term "person" or "persons' includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments or other units thereof.

D. Wherever the identification of a person is requested, and such person is a natural person, such identification shall include the full name or designation of the person, the present or last known residence address of the person, the person's position or title and the address of his place of employment or business, and the person's last known residence and business telephone numbers.

E. Whenever the identification of a person is requested, and such person is other than a natural person, such identification shall include the full name, the present or last known address of the principal place of business, and the state of incorporation, if any, of the person.

F. Whenever the identification of a place of address is requested, such identification shall include the street address, city and state at which it is situated, or if such identification is not possible, otherwise to describe its location.

G. The term "communication" shall mean a meeting, conversation, conference, telephone conversation, letter, electronic mail, telegram, telefax, mailgram, billing statement, inventory sheet, and xerographic transmission.

H. Whenever the identification of a statement or communication is requested, such identification shall include the date thereof, the identification of the place or places where the statement or communication was made or received, the identification of all persons making or receiving the statement or communication, the substance of the statement or communication with

particularity, and the identification of all persons with whom the substance of the statement or communication has been discussed.

  I.  The term "Haritatos" or "Plaintiff" shall mean Spero T. Haritatos.

  J.  The term "Hasbro" shall mean Defendant Hasbro, Inc., and its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees and all other persons acting on, or purporting to act on, its behalf.

  K.  The term "TRU" shall mean Defendant Toys "R" Us - NY LLC and its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees and all other persons acting on, or purporting to act on its behalf.

  L.  The term "Defendants" shall mean Hasbro, TRU, and any other named Defendants in this lawsuit, either individually or collectively.

  M.  The term "Haritatos CANDYLAND Mark" shall mean Haritatos's trademark, CANDYLAND, which is at least partly the subject of U.S. Trademark Registration No. 1,949,876.

  N.  The term "Haritatos CANDYLAND Products" shall mean goods or services in connection with which Haritatos uses, or has used, Haritatos CANDYLAND Mark.

  O.  The term "Defendants' Edible CANDY LAND Products" shall mean goods that are edible by humans or services relating to such goods in connection with which either of Defendants uses, intends to use, has used, has licensed for use, or intends to license for use, the term "CANDY LAND" or any other similar term.

  P.  The phrase "State the Basis" shall mean that, for any claim, assertion, allegation or contention identified in the interrogatory, you should

  (a)  Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

  (b)  Identify each and every communication which forms any part of the source of the party's information regarding any alleged facts or legal conclusions referred to by the interrogatory;

  (c)  State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons

involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## REQUESTS

**Request No. 1:**

All documents and things referring or relating to Haritatos, including without limitation, all documents and things referring or relating to the Haritatos CANDYLAND Mark.

**Request No. 2:**

All documents and things referring or relating to any of the Defendants' actual or intended use of the term "CANDY LAND" or of any other similar term in connection with Defendants' Edible CANDY LAND Products.

**Request No. 3:**

All documents and things supporting, derogating from, or otherwise referring or relating to, any of the Defendants' contention, if any, that there is no substantial likelihood of confusion between Haritatos CANDYLAND Mark and the "CANDY LAND" mark used or intended to be used in connection with Defendants' Edible CANDY LAND Products.

**Request No. 4:**

All documents and things supporting, derogating from, or otherwise referring or relating to, (a) any Defendants' use of the term "CANDY LAND" is not likely to confuse, cause mistake, or deceive, purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that any of the Defendants are affiliated, connected, or associated, with Haritatos, (b) Haritatos's use of the term "CANDYLAND" is not likely to confuse, cause mistake, or deceive purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that Haritatos is affiliated, connected, or associated with any of the Defendants, (c) any of Defendants' Edible CANDY LAND

4

Products originate with, are sponsored by, or are approved by, Haritatos, or (d) any of Haritatos CANDYLAND Products originate with, are sponsored by, or are approved by any of the Defendants.

**Request No. 5:**

All documents and things referring or relating to any study, analysis, survey, investigation, or opinion referring or relating to the term "CANDY LAND", the term "CANDYLAND", or to any other similar term.

**Request No. 6:**

All documents referring or relating to each and every expert witness employed, hired, retained, or consulted by or for any of the Defendants in connection with either the term "CANDY LAND", the term "CANDYLAND", or any other similar term or in connection with this lawsuit.

**Request No. 7:**

All documents consulted or referred to by each and every expert witness employed, hired, retained, or consulted by or for any of the Defendants in connection with either the term "CANDY LAND", the term "CANDYLAND", or any other similar term or in connection with this lawsuit.

**Request No. 8:**

All documents referring or relating to revenue for any period of a month or longer associated with, or related in any way to the use of the term "CANDY LAND", or any other similar term.

**Request No. 9:**

All documents referring or relating to revenue for any period of a month or longer from the distribution or sale of to entities in the United States of Defendants' Edible CANDY LAND Products.

5

**Request No. 10:**

All documents referring or relating to revenue for any period of a month or longer from the distribution or sale to entities in the United States of each of the following products in connection with which the term "CANDY LAND" was used:

    (a)    board games with movable pieces;

    (b)    book;

    (c)    beach towels;

    (d)    phonograph records;

    (e)    computer game programs;

    (f)    playing cards; and

    (g)    any other products that any of the Defendants contend are "geared toward children that are a natural extension of the board game".

**Request No. 11:**

All documents referring or relating to any of the Defendants' first knowledge of the Haritatos CANDYLAND Mark or Haritatos's use of the term "CANDYLAND".

**Request No. 12:**

All documents referring or relating to actions taken by any of the Defendants, if any, upon learning of Haritatos CANDYLAND Mark or Haritatos's use of the term "CANDYLAND".

**Request No. 13:**

All documents and things supporting, derogating from, or otherwise referring or relating to any of the Defendants' first uses of the term "CANDYLAND" or any other similar term in connection with any products and/or services, including, but not limited to, any of the Defendants' Edible CANDY LAND Products.

**Request No. 14:**

All documents referring or relating to communications between any of the Defendants and any person other than a potential consumer to whom any of the Defendants have sold, leased, licensed, or otherwise provided, or intend to sell, lease, license, or otherwise provide, Defendants' Edible CANDY LAND Products.

**Request No. 15:**

All documents referring or relating to any of the Defendants' contention, if any, that Haritatos lacks standing to bring or maintain this lawsuit.

**Request No. 16:**

All documents referring or relating to any of the Defendants' contention, if any, that Haritatos is not the owner of all right, title, interest, and goodwill in, the Haritatos CANDYLAND Mark.

**Request No. 17:**

All documents and things referring or relating to use of the term "CANDY LAND" or any other similar term by any person or entity other than any of the Defendants and Haritatos.

**Request No. 18:**

All documents referring or relating to communications or to the nature of the relationship between Hasbro and TRU concerning the term "CANDY LAND" or any other similar term.

**Request No. 19:**

All documents referring or relating to any negotiations for or consummation of any assignment, license, or other transfer of rights in or to the term "CANDY LAND" or any other similar term.

**Request No. 20:**

All documents relating or referring to any of the Defendants' policies or procedures for the creation, distribution, storage, or and destruction of documents, e-mails, electronic documents, or other records.

**Request No. 21:**

All e-mails in any of the Defendants' possession, custody, or control referring or relating to the Haritatos CANDYLAND Mark, the Haritatos CANDYLAND Products, or the Defendants' Edible CANDY LAND Products.

**Request No. 22:**

All documents authored, created, or disseminated by, or apparently authored, created, or disseminated by Haritatos in any of the Defendants' possession, custody, or control.

**Request No. 23:**

All documents sufficient to show any of the Defendants' organization and corporate structure, including without limitation, organizational charts and documents describing the duties and responsibilities of any of the Defendants' employees at a supervisory, managerial, or professional level.

**Request No. 24:**

All documents referring or relating to any trademark applications or trademark registrations, whether pending, allowed, live, or dead, involving the term "CANDY LAND" or to any other similar term.

**Request No. 25:**

All documents identified or referenced in any of the Defendants' responses to interrogatories served in the lawsuit.

**Request No. 26:**

A representative sample of each product in connection with which any of the Defendants have used the term CANDY LAND or any other similar term, including, but not limited to, Defendants' Edible CANDY LAND Products.

**Request No. 27:**

(a) A representative sample of each different Internet website, tag, label, invoice form, purchase order form, container, brochure, catalog, sign, price list, point-of-purchase material, advertisement, promotional material, product information sheet, pamphlet, circular, press release, television or radio commercial, scripts of speech, and story board referring to the term "CANDY LAND" or any other similar term.

(b) Every document referring or relating to the number of each such type of documents or things printed or otherwise created or to the scope and nature of the distribution or use of such documents or things.

**Request No. 28:**

(a) A representative sample of each different label, container, carton, packaging, and wrapper referencing the term "CANDY LAND" or any other similar term.

(b) Every document referring or relating to the number of each such type of documents or things printed or otherwise created or to the scope and nature of the distribution or use of such documents or things.

**Request No. 29:**

Every document comprising a summary of the revenues or expenses for any period of a month or longer of any of the Defendants' business associated with products in connection with which the term "CANDY LAND" or any other similar term has been used or has been licensed for use, including, but not limited to, any of the Defendants' business associated with Defendants' Edible CANDY LAND Products.

9

**Request No. 30:**

Every document referring or relating to or showing the registration or use of the term "CANDY LAND" or any other similar term on the Internet or similar service either as part of a domain name or otherwise.

**Request No. 31:**

Every document comprising or referring or relating to a trade journal, magazine, newspaper or other media article referencing the term "CANDY LAND" or any other similar term.

**Request No. 32:**

Every document referring or relating to any of the Defendants' consideration of using the term "CANDY LAND" in connection with any edible products or its decision to adopt and intent to use the term "CANDY LAND".

**Request No. 33:**

Every document referring or relating to any name, term, or mark ever considered by any of the Defendants as an alternative to using the term "CANDY LAND".

**Request No. 34:**

Every document referring or relating to any recommendation or advice given to any of the Defendants not to adopt or use the term "CANDY LAND" or any other similar term or to obtain permission from another to use the term "CANDY LAND" or any other similar term.

**Request No. 35:**

Every document referring or relating to any profiles or characteristics of any of the Defendants' customers for any product in connection with which the term "CANDY LAND" has been used or is intended to be used.

**Request No. 36:**

Every document referring or relating to the nature of the channels of distribution of any product in connection with which the term "CANDY LAND" has been used or is intended to be used.

**Request No. 37:**

Every document comprising referring to any marketing plan for any product in connection with which the term "CANDY LAND" has been used or is intended to be used.

**Request No. 38:**

Every document referring or relating to any search relating to the registration or use by others of the term "CANDY LAND" or any other similar term or to determine whether the term "CANDY LAND" or any other similar term was available for use or registration.

**Request No. 39:**

Every document referring or relating to any state, national, or other applications to register the term "CANDY LAND" or any other similar term.

**Request No. 40:**

Every document referring or relating to any survey or other investigation respecting the recognition of, reaction to, impressions about, or perceptions of the term "CANDY LAND" or any other similar term or the use or intended use of such term in connection with any products and/or services.

**Request No. 41:**

Every document referring or relating to any instances of possible confusion respecting the term "CANDY LAND", respecting Haritatos, or respecting Haritatos's products (such as an inquiry whether any of the Defendants' business was sponsored, affiliated, associated or endorsed by or connected with Haritatos or any of the Defendants' receipt of any misdirected mail, telephone calls orders or complaints intended for Haritatos).

## Request No. 42:

Every document referring or relating to any objections by either Haritatos or others to any of the Defendants' use or intended use of the term "CANDY LAND" or any other similar term.

## Request No. 43:

Every document referring or relating to any charge of infringement, false advertising, or unfair competition involving the term "CANDY LAND" or any other similar term.

## Request No. 44:

Every document referring or relating to facts forming the basis of any of the Defendants' defenses and/or counterclaims in this lawsuit.

## Request No. 45:

Every document referring or relating to any investigation by, review by, or opinions of any investigators, consultants, or experts concerning the term "CANDY LAND" or any other similar term or concerning this lawsuit.

*/s/ Robert E. Purcell*
Robert E. Purcell, Esq.
Bar Roll No. 510,595
Indranil Mukerji
Bar Roll No. 511,738
Denis J. Sullivan
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

**Attorneys for Plaintiff**
SPERO HARITATOS

## CERTIFICATE OF MAILING

I hereby certify that on the 17th day of October, 2005, a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** was forwarded via First Class Mail, postage fully prepaid and addressed as follows:

Michael D. Sant'Ambrogio
Kim J. Landsman
PATTERSON, BELKNAP, WEBB & TYLER, LLP
1133 Avenue of the Americas
New York, NY 10036-6710

John G. McGowan, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, New York 13202

Robert E. Purcell