UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
SPERO HARITATOS, :
:
             Plaintiff, : 05 Civ. 930 (DNH/GJD)
:
   - against - :
:
HASBRO, INC. :
and TOYS "R" US-NY LLC, :
:
            Defendants. :
:
------------------------------------- x

**DEFENDANT HASBRO, INC'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Kim J. Landsman (Bar Roll No. 513,364)
Michael D. Sant'Ambrogio (Bar Roll No. 513,363)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980

Attorneys for Defendant Hasbro, Inc.

## Table of Contents

   Page

Table of Authorities .................................................................................................. ii

Summary ................................................................................................................. 2

Factual Background ................................................................................................ 3

Hasbro's Famous CANDYLAND Board Games ................................................... 3

Plaintiff's Candy Store ............................................................................................ 3

Nature of the Case .................................................................................................. 4

Prior Proceedings before the Trademark Trial and Appeal Board ......................... 4

Prior Proceedings in this Court ............................................................................... 5

The Amended Complaint ........................................................................................ 5

Argument................................................................................................................. 6

    A.    The Requested Relief Is Not Available To Plaintiff ................................... 7

    B.    The Issues Before the TTAB And This Court Are Distinct ...................... 9

    C.    Plaintiff Has Failed To State A Claim Upon Which
           The Requested Relief May Be Granted ................................................... 11

Conclusion.............................................................................................................. 12

Table of Authorities

Cases

Page(s)

American Cyanamid Co. v. Campagna Per Le Farmacie in Italia S.P.A.,
    678 F. Supp. 1049 (S.D.N.Y. 1987)..........................................................9, 10

Bill Johnson's Restaurants, Inc. v. N.L.R.B.,
    461 U.S. 731, 103 S.Ct. 2161 (1983).............................................................7

California Motor Transport Co. v. Trucking Unlimited,
    404 U.S. 508, 510, 92 S.Ct. 609, 612 (1972)................................................7

Dluhos v. Floating and Abandoned Vessel, Known as "New York",
    162 F.3d 63, 69 (2d Cir. 1998)......................................................................6

Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.,
    365 U.S. 127, 81 S.Ct. 523 (1961)................................................................7

Foman v. Davis,
    371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)................................................6

Jarrow Formulas, Inc. v. Int'l Nutrition Co.,
    175 F. Supp. 2d 296, 310 (D. Conn. 2001)...................................................7

Jones v. N.Y. State Div. of Military & Naval Affairs,
    166 F.3d 45, 55 (2d Cir. 1999)......................................................................6

Kittay v. Kornstein,
    230 F.3d 531, 537 (2d Cir. 2000)................................................................11

Levy v. Kosher Overseers Ass'n of America, Inc.,
    104 F.3d 38, (2d Cir. 1997)......................................................................9, 10

Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.,
    795 F. Supp. 639 (S.D.N.Y. 1992) ................................................................8

Milanese v. Rustoleum Corp.,
    244 F.3d 104, 110 (2d Cir. 2001)..................................................................6

Prof'l Real Estate Investors v. Columbia Pictures Indus.,
    508 U.S. 49, 60, 113 S.Ct. 1920, 1928 (1993)..............................................8

South Road Associates v. Int'l Bus. Mach. Corp.,
    216 F.3d 251, 253 (2d Cir. 2000)................................................................11

United Mine Workers v. Pennington,
    381 U.S. 657, 85 S.Ct. 1585 (1965)..................................................................................7

Whimsicality, Inc. v. Battat,
    27 F. Supp. 2d 456, 465 (S.D.N.Y. 1998) ........................................................................6

Treatises

Thomas McCarthy, McCarthy on Trademarks and Unfair Competition
    § 32:98 (4th Ed. 2005) ....................................................................................................10

Defendant Hasbro, Inc. ("Hasbro") respectfully submits this brief in opposition to the motion by Plaintiff Spero Haritatos ("Haritatos") For Leave To File First Amended Complaint And Jury Demand ("Motion").[1] A redline of the proposed First Amended Complaint ("Amended Complaint") showing Haritatos' changes is attached hereto as Exhibit A.

## SUMMARY

The only substantive change to the Amended Complaint is a request for an injunction prohibiting Hasbro from continuing to prosecute its application for federal registration of its CANDY LAND mark for beverages that is the subject of a prior, stayed proceeding before the Trademark Trial and Appeal Board ("TTAB"). The requested amendment is futile because:

(1) The additional requested relief cannot be granted because it would violate the Noerr-Pennington doctrine based on the First Amendment right to petition the government. Plaintiff may not enjoin defendants from petitioning the TTAB concerning its intellectual property rights.

(2) The issue before the TTAB is separate from that to be decided here and is within that agency's expertise and jurisdiction. The TTAB will decide whether Hasbro's CANDY LAND mark is registrable on an intent-to-use basis for beverages, while this litigation will decide whether defendants' use of Hasbro's CANDY LAND mark in connection with the candy department of TRU's Times Square store in New York City infringed Plaintiff's mark. The nature of the inquiries, the goods at issue, and the standards for determining consumer confusion are different in each case.

---

[1] The additional relief requested in the Amended Complaint is not directed against defendant Toys "R" Us.

2

(3) The additional requested relief is premised on a nonexistent and unpleaded claim. Indeed, the Amended Complaint does not set forth any factual allegations regarding the proceedings before the TTAB.

Because it is futile to amend the Complaint in this manner, Hasbro opposes the Motion.

## FACTUAL BACKGROUND

### Hasbro's Famous CANDY LAND Board Game

Over the past 53 years, Hasbro's CANDY LAND trademark has become well known to generations of children (and their parents) who have grown up playing the CANDY LAND board game. Indeed, the CANDY LAND board game is so well-known that the game was recently inducted into the National Toy Hall of Fame at Rochester's Strong Museum, where it joined the ranks of thirty-four games that have achieved "icon-status." According to the museum, CANDY LAND has probably been the first board game played by most American kids since its introduction in the last half of the 20th century.

### Plaintiff's Candy Store

Mr. Haritatos operates a candy store out of his home in Rome, New York. The retail side of the candy store, which Plaintiff's mother Nora Haritatos started in the 1970s, is called Nora's Candy Shop, and it appears, from discovery taken in the proceeding before the TTAB, that Plaintiff began to call the candy-making side of the business Candyland in the 1980s.

Given that Candyland is an obviously descriptive name for a candy store, it is not surprising that Mr. Haritatos is merely one of dozens who have used that name for a retail candy

store. This fact can be easily verified by an Internet search for the name or by a more formal trademark search.

**Nature of the Case**

Plaintiff alleges that the use of Hasbro's famous CANDY LAND trademark with its distinctive candy-cane design in connection with signage in the candy department of the Toys "R" Us ("TRU") store in Times Square, New York City, infringes his alleged Candyland mark for selling candy. Plaintiff alleges that this natural expansion of Hasbro's famous trademark will cause consumers to believe that the products sold in the candy department of a store in Times Square originate with, are associated with, or are endorsed by Haritatos' candy store in Rome.

**Prior Proceedings before the Trademark Trial and Appeal Board**

On April 14, 2003, Hasbro applied to register its famous CANDY LAND trademark with the United States Patent and Trademark Office ("USPTO") in connection with beverages. Hasbro owns prior registrations for that mark for a variety of goods. These registrations include: No. 544,328 in International Class 28 (board games), registered on June 26, 1951; No. 1,325,796 in International Class 16 (books), registered on March 19, 1985; No. 2,580,172 in International Class 24 (beach towels), registered on June 11, 2002; No. 1,295,810 in International Class 9 (phonograph records), registered on September 18, 1984; No. 2,666,291 in International Class 9 (computer game programs), registered on December 24, 2002; and No. 2,784,765 in International Class 16 (playing cards), registered on November 18, 2003.

Haritatos opposed Hasbro's application and a Trademark Trial and Appeal Board ("TTAB") opposition proceeding ensued (Opp. No. 91/159,145). Subsequently, Haritatos filed an application to register his alleged Candyland mark for ice cream (Serial No. 78/407,842), but

4

the TTAB suspended consideration of his application pending the outcome of Hasbro's application to register its CANDY LAND mark for beverages.

The TTAB opposition was nearing the end of discovery and a motion by Haritatos for summary judgment had already been denied when Haritatos filed his Complaint in this Court. A motion by Hasbro to compel discovery was pending when the TTAB suspended its proceedings pending the outcome of this litigation. The TTAB proceeding will resume at the conclusion of this litigation.

**Prior Proceedings in this Court**

Discovery in this case is in its early stages. After the parties exchanged their initial discovery requests, a dispute arose regarding the terms of a protective order. On December 5, 2005, Magistrate Judge DiBianco resolved the parties' dispute, but Plaintiff appealed that decision to District Judge Hurd, who affirmed the Magistrate Judge's order on January 27, 2006.

**The Amended Complaint**

Plaintiff seeks to amend his Complaint to add additional relief in paragraphs I and J of his Prayer for Relief.[2] Specifically, Plaintiff asks this Court to grant "an injunction enjoining and restraining Defendants ... from directly or indirectly opposing or otherwise interfering with Plaintiff's pursuit of a United States trademark registration of the term "CANDYLAND" or any other similar term for edible products, including, but not limited to Plaintif's pending U.S. Tradmark Application Serial No. 78/407,842[3] ...." Additionally, Plaintiff asks this Court to

---

[2] Plaintiff also seeks to amend Paragraph 13 to include both defendants. Motion at 1.

[3] This is Plaintiff's application to register his mark for ice cream, which is currently suspended.

5

grant "an injunction enjoining and restraining Defendants ... from directly or indirectly filing, pursuing, or prosecuting any application for a United States trademark registration of the term "CANDY LAND" or any other similar mark for edible products, including but not limited to, Hasbro's pending U.S. Trademark Application Serial No. 76/506,818[4] ...." In other words, Haritatos is asking this Court to prohibit Hasbro from arguing in support of its intellectual property rights before a federal agency.

## ARGUMENT

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Nevertheless, a "motion to amend should be denied if there is an 'apparent or declared reason--such as ... futility of amendment." Dluhos v. Floating and Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 , 83 S. Ct. 227, 230 (1962) (interpreting Rule 15(a)).

An amendment is futile when the new addition would not withstand a motion to dismiss, either for failure to state a cause of action, or on another ground. See Milanese v. Rust-oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); see also Whimsicality, Inc. v. Battat, 27 F. Supp. 2d 456, 465 (S.D.N.Y. 1998) (denying leave to amend where the claim to be added would fail to state a claim upon which relief may be granted). If the proposed amendment would be subject to "immediate dismissal" on some ground, the Court should not permit the amendment. See Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999).

---

[4] This is Hasbro's application to register its CANDY LAND mark for beverages, which Plaintiff opposes.

6

A.      **The Requested Relief Is Not Available To Plaintiff.**

Hasbro has a First Amendment right to petition the TTAB concerning Hasbro's intellectual property, to argue that Hasbro has a right to register its CANDY LAND mark in connection with certain categories of goods, and to argue that Plaintiff's proposed registrations would damage Hasbro.

The resort to administrative agencies and the judicial process is protected under the Noerr-Pennington doctrine. The Noerr-Pennington doctrine developed in a trilogy of Supreme Court cases that explored the tension between the Sherman Act and the First Amendment rights to petition and of association. In Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S. Ct. 523 (1961), and United Mine Workers v. Pennington, 381 U.S. 657, 85 S. Ct. 1585 (1965), the Court held that efforts to influence legislative or executive action were immune from federal antitrust liability. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S. Ct. 609, 612 (1972), extended that immunity from antitrust liability to the administrative and judicial processes. Recognizing that the right of petition is one of the freedoms protected by the Bill of Rights, the Court held that "[c]ertainly the right to petition extends to all departments of the Government." Id.

Federal courts routinely apply the Noerr-Pennington doctrine to protect the right to petition the government beyond the anti-trust context. See, e.g., Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 103 S. Ct. 2161(1983) (applying Noerr-Pennington to enjoinment of lawsuits by the NLRB); Jarrow Formulas, Inc. v. Int'l Nutrition Co., 175 F. Supp. 2d 296, 310 (D. Conn. 2001) (applying Noerr-Pennington to state and common law causes of

7

action); <u>Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.</u>, 795 F. Supp. 639 (S.D.N.Y. 1992) (applying Noerr-Pennington to trademark and copyright infringement claims).

Hasbro's right to appear before the TTAB and argue in support of its own intellectual property is clearly protected by Noerr-Pennington and the First Amendment upon which the doctrine is based. The TTAB is a quasi-judicial government body and Haritatos is not entitled to enjoin defendants from petitioning the TTAB for legal redress.

To defeat Noerr-Pennington immunity the challenger must first show that the lawsuit or action sought to be enjoined is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. <u>Prof'l Real Estate Investors v. Columbia Pictures Indus.</u>, 508 U.S. 49, 60, 113 S. Ct. 1920, 1928 (1993). "If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under Noerr[-Pennington], and [a] claim premised on the sham exception must fail." <u>Id.</u> (footnote omitted). If the challenged action is objectively meritless, then the court must examine the litigant's subjective motivation. <u>Id.</u> The court should focus on whether the baseless lawsuit "conceals an attempt to interfere *directly* with the business relationships of a competitor, through the use [of] the governmental *process*--as opposed to the *outcome* of that process--as an anticompetitive weapon." <u>Id.</u> at 60-61 (citations omitted) (emphasis in the original).

The Amended Complaint does not allege that Hasbro's application to register its famous CANDY LAND mark for beverages is baseless or that its application is intended to use the TTAB proceedings to interfere with Haritatos's business relationships. Indeed, the Amended Complaint does not make any factual allegations regarding the TTAB proceedings. Moreover, Plaintiff cannot argue that Hasbro's application to register its famous CANDY LAND mark for

8

beverages is baseless or meritless. Haritatos' motion for summary judgment in the TTAB proceeding was denied. At any rate, beverages, like candy, are a natural extension of Hasbro's famous children's board game, which has a distinctly sweet and edible theme.

Accordingly, the relief requested in the Amended Complaint is not available to Plaintiff, the Amended Complaint is futile, and the Motion should be denied.

**B.     The Issues Before The TTAB And This Court Are Distinct.**

The issue before the TTAB is separate from that to be decided here and is within the TTAB's specialized expertise and jurisdiction. The issue in the TTAB opposition proceeding is whether Hasbro may register its famous CANDY LAND mark for beverages. The issue before this Court is whether defendants infringed Plaintiff's alleged Candyland mark by using Hasbro's famous CANDY LAND mark and logo in connection with the candy department of TRU's Times Square, New York store. See, e.g., American Cyanamid Co. v. Campagna Per Le Farmacie in Italia S.P.A., 678 F. Supp. 1049, 1054 (S.D.N.Y. 1987) (noting that the TTAB determines the right to register a mark while a federal court determines the right to use a mark and whether it infringes another mark). Thus, both the nature of the inquiry—registration versus infringement—and the subject of the inquiry—beverages versus candy—are distinct.

Although Haritatos argues that there is a "likelihood of confusion" in both cases, the source of the alleged confusion is different in each. Indeed, no actual goods are even at issue in the TTAB opposition proceeding because Hasbro filed its application on an intent-to-use basis. More importantly, it is well-established that the standards governing "likelihood of confusion" in TTAB opposition proceedings and Lanham Act litigation are distinct. Levy v.

9

Kosher Overseers Ass'n of America, Inc., 104 F.3d 38, 41-42 (2d Cir. 1997) (holding that decision of the TTAB denying registration of mark based on likelihood of confusion does not have issue preclusion effect in trademark infringement action).

In a proceeding before the TTAB, whose jurisdiction is limited solely to the registration of a party's mark, the "issue of the likelihood of confusion is determined only as to the applied-for mark on the applied for goods, regardless of the context of actual usage. But in an infringement suit, the context of use of the marks is relevant and may be crucial." J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:98 (4th Ed. 2005); accord Levy, 104 F.3d at 41-42. A decision regarding likelihood of confusion in one context therefore does not necessarily have preclusive effect in the other, even if the dispute concerns identical goods. Levy, 104 F.3d at 41-42 (noting that an issue is barred from further litigation under collateral estoppel based on a prior proceeding only if, among other factors, the issues in both proceedings are identical). In the present matter, of course, the goods involved in each proceeding are different.

Finally, the TTAB has developed specialized expertise in deciding whether an applicant should be permitted to register a trademark. American Cyanamid Co. v. Campagna Per Le Farmacie in Italia S.P.A., 678 F. Supp. 1049, 1054 (S.D.N.Y. 1987) (recognizing the TTAB's specialized knowledge, based on its extensive experience in the area). The TTAB hears hundreds of oppositions each year asserting that trademarks should not be registered because they are generic, disparaging, or confusingly similar to existing marks. This Court should not usurp the TTAB's jurisdiction and decide whether marks are registrable for goods that are not at issue in this litigation.

### C. Plaintiff Has Failed To State A Claim Upon Which The Requested Relief May Be Granted.

In addition to the two grounds for denying the Motion shown above, the Amended Complaint fails to state a claim upon which the requested relief may be granted. Put simply, the TTAB proceedings are beyond the scope of this lawsuit.

As pointed out above, the Amended Complaint does not set forth any allegations regarding the TTAB proceedings that Plaintiff seeks to enjoin. The counts set forth in the Amended Complaint are all based on the use of Hasbro's famous CANDY LAND mark and logo by TRU in connection with the candy department of its retail store in Times Square, New York. The issue in the TTAB opposition is whether Hasbro should be allowed to register its famous CANDY LAND trademark for beverages. The Amended Complaint does not even mention beverages. The Amended Complaint has not alleged that Hasbro's actions before the TTAB infringe his rights, nor has he stated any other cause of action based on Hasbro's actions before the TTAB.

"To survive a motion for dismissal under Rule 12(b)(6), the complaint must allege facts that, if true, would create a judicially cognizable cause of action." Kittay v. Kornstein, 230 F.3d 531, 537 (2d Cir. 2000) (quoting South Road Associates v. Int'l Bus. Mach. Corp., 216 F.3d 251, 253 (2d Cir. 2000)). The Amended Complaint alleges no facts concerning the additional requested relief and therefore has failed to state a claim for which the additional relief may be granted.

Accordingly, the proposed amendment is futile and Hasbro opposes the Motion.

11

## CONCLUSION

For these reasons, we respectfully request that the Court deny Plaintiff's Motion For Leave to File First Amended Complaint and Jury Demand.

Dated: February 6, 2006

                                         /s/ Kim J. Landsman
Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **HASBRO'S BRIEF IN OPPOSITION TO PLAINTIFF'S PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** to be filed electronically, with copies sent electronically to the counsel set forth below on February 6, 2006:

>Robert E. Purcell, Esq.
>Attorney for Plaintiff Spero Haritatos
>Wall Marjama & Bilinski LLP
>101 South Salina Street, Suite 400
>Syracuse, New York  13202
>(315) 425-9000
>
>and
>
>John G. McGowan, Esq.
>Attorney for Defendant Toys "R" Us
>One Lincoln Center
>Syracuse, New York  13202-1355
>(315) 218-8121

>…../s/ Michael D. Sant'Ambrogio
>
>Michael D. Sant'Ambrogio