# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SPERO HARITATOS, an individual

    Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

    Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR SANCTIONS IN THE NATURE OF
JUDGMENT AGAINST DEFENDANT TOYS "R" US-NY LLC**

## TABLE OF CONTENTS

Introduction……………………………………………………………………...1

TRU's Grossly Belated, Insufficient Initial Disclosures…….…………………..1

TRU's Total Failure To Respond To Plaintiff's Outstanding Discovery…………...3

Conclusion……………………………………………………………………..4

## Introduction

Plaintiff, SPERO HARITATOS, ("Plaintiff"), by and through his undersigned attorneys, hereby moves pursuant to Fed. R. Civ. P. 26(g)(3) for judgment against Defendant Toys "R" Us-NY LLC (herein after "TRU"). The motion is supported by the concurrently filed Affidavit of Robert E. Purcell In Support Of Its Motion For Sanctions In The Nature Of Judgment Against Defendant Toys "R" Us-NY LLC (hereinafter "AFFIDAVIT").

TRU has very belatedly provided its initial disclosures required under Fed. R. Civ. P. 26(e)(1) and only after Plaintiff sought the assistance of Magistrate Judge DiBianco. Moreover, TRU's initial disclosures are patently and materially insufficient. TRU has also totally ignored and refused to respond to Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Requests For Production of Documents to Defendants, each served October 17, 2005.

Plaintiff has complied with Local Rule 7.1(d), however, Magistrate Judge DiBianco has apparently decided not to address Plaintiff's request for a court conference, which request was made over two months ago. Accordingly, Plaintiff is entitled to make and pursue the instant motion.

TRU has "tagged along" with Hasbro in connection with activities in this litigation by simply stating that it was "joining" in whatever position Defendant Hasbro has taken.

TRU has essentially failed to defend in this action, and severe sanctions in the nature of judgment against TRU are both warranted and appropriate.

As more detailed grounds for the instant motion, Plaintiff states concisely as follows.

## TRU's Grossly Belated, Insufficient Initial Disclosures

The parties conducted a Rule 26 conference on October 12, 2005, and therefore, the parties' respective initial disclosures were due by October 22, 2005. TRU did not provide timely disclosures,

and Plaintiff's attorneys sent a letter by both e-mail and facsimile to TRU's attorney, John McGowan, dated November 3, 2005 (Exhibit "A" to the AFFIDAVIT) requesting that the disclosures be provided.  By November 17, 2005, Plaintiff still had not received TRU's Initial Disclosures, and Plaintiff's attorney called Mr. McGowan by telephone that day.  Mr. McGowan indicated that he had been in trial for the proceeding three weeks.  Plaintiff's attorney granted Mr. McGowan's request to provide the initial disclosures by "next week" and to Mr. McGowan's request for an extension of time in which to provide responses to Plaintiff's outstanding discovery (its interrogatories and document requests) by December 1, 2005.

By November 28, 2005, TRU still had failed to provide its initial disclosures.  Accordingly, Plaintiff's attorney filed with the Court a letter to Magistrate Judge DiBianco dated November 28, 2005 (Exhibit "B" to the AFFIDAVIT) requesting a telephonic discovery conference to address the matter.  Magistrate Judge DiBianco entered an Order dated November 29, 2005 stating, "At the Court's direction, the Clerk will schedule either an in-person or telephone conference."  See Exhibit "C" to the AFFIDAVIT.

Not having heard anything from the Court by December 9, 2005 about scheduling either an in-person or telephone conference, Plaintiff's attorney's secretary contacted Magistrate Judge DiBianco's judicial assistant, Diane Rimkis, who informed the secretary that the Order did not direct the clerk to set up a conference, but rather, the Order simply directed the clerk at some later date, upon a new directive from Magistrate DiBianco, to schedule the conference.  To date, Magistrate DiBianco has not scheduled any such conference.

Subsequent to Magistrate DiBianco's Order, TRU provided its initial disclosures on December 14, 2005, a copy of which initial disclosures (entitled "Mandatory Disclosure") is attached

2

as Exhibit "D" to the AFFIDAVIT.  TRU's initial disclosures are slipshod, and are patently, materially insufficient.  TRU's initial disclosures identify five individuals (who are current or former TRU employees) allegedly likely to provide discoverable information, however, the initial disclosures fail to provide any address or telephone number for any individual or to identify the subjects of the information known to any identified individual that TRU may use to support to its claims or defensives, as required by Rule 26(e)(1)(A).

Rule 26(g)(3) mandates that the Court impose upon either TRU or its attorneys, or both, an appropriate sanction for violating the requirements of the rule "without substantial justification". That is, if, without substantial justification, the party's initial disclosures were either incomplete or incorrect at the time made, then the Court shall impose sanctions.  Plaintiffs submits that TRU's initial disclosures violate all of the foregoing requirements of Rule 26(g)(3), that each of the violations was without substantial justification, and that a sanction in the nature of judgment against TRU is warranted.

### TRU's Total Failure To Respond To Plaintiff's Outstanding Discovery

As previously mentioned, Plaintiff served TRU on October 17, 2005 with Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Requests For Production to Defendants, copies of which are attached as Exhibits "E" and "F" respectively to the AFFIDAVIT.  Almost three months have passed since the responses were initially due, and over two months since the extended due date of December 1, 2005.  (Plaintiff's attorney orally granted TRU's attorney an extension of time on November 17, 2005 to provide the responses "by December 1, 2005".)  Plaintiff has received no responses to date.

Defendant TRU's gross failure to respond to Plaintiff's outstanding discovery demonstrates its overall intent and design not to comply with its obligations to defend in this lawsuit, evidences its failure to have any justification in providing grossly belatedly, patently deficient initial disclosures, and militates in favor of imposing very severe sanctions under Rule 26(g)(3). In essence, Defendant TRU has engaged in conduct that is the inverse of a plaintiff's failure to prosecute, i.e., TRU has engaged in a failure to defend in this lawsuit. Accordingly, Plaintiff believes that judgment against TRU is authorized and warranted.

<u>Conclusion</u>

TRU's conduct with respect to its initial disclosures mandates the imposition of sanctions and warrants the imposition of severe sanctions under Rule 26(g)(3). TRU's overall litigation conduct, including its grossly belated, insufficient initial disclosures and its failure to provide any responses to Plaintiff's long-outstanding discovery, warrants the imposition of sanctions in the nature of judgment against Defendant TRU.

Respectfully submitted,

Dated: February 14, 2006
      Syracuse, New York

**SPERO HARITATOS**
By his attorneys,

*/s/ Robert E. Purcell*

Robert E. Purcell, Esq.
Bar Roll No. 510,595
Indranil Mukerji, Esq.
Bar Roll No. 511,738
Denis J. Sullivan
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SPERO HARITATOS, an individual

        Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

        Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2006, I electronically filed **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS IN THE NATURE OF JUDGMENT AGAINST DEFENDANT TOYS "R" US-NY LLC** with the Clerk of the United States District Court, Northern District of New York, using the CM/ECF system, which is believed to have sent notification of such filing to the following:

        Kim J. Landsman (kjlandsman@pbwt.com; cbelanger@pbwt.com); and
        John G. McGowan (jmcgowan@bsk.com; pkeenan@bsk.com)

Dated: February 14, 2006        */s/ Robert E. Purcell*

        _____
        Robert E. Purcell, Esq.
        Bar Roll No. 510,595
        Indranil Mukerji, Esq.
        Bar Roll No. 511,738
        Denis J. Sullivan
        Bar Roll No. 512,997
        WALL MARJAMA & BILINSKI, LLP
        101 South Salina Street #400
        Syracuse, New York 13202
        Telephone:  (315) 425-9000
        Facsimile:  (315) 425-9114