# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SPERO HARITATOS, an individual

    Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

    Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

### AFFIDAVIT OF ROBERT E. PURCELL
### IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS IN
### THE NATURE OF JUDGMENT AGAINST DEFENDANT TOYS "R" US-NY LLC

State of New York  )
                          ) ss.:
County of Onondaga  )

I, Robert E. Purcell, hereby state, swear, and affirm as follows:

1. I am an attorney of record for the Plaintiff, Spero Haritatos. I am familiar with the proceedings herein.

2. This Affidavit is submitted in support of Plaintiff's Motion For Sanctions In The Nature Of Judgment Against Defendant Toys "R" Us-NY LLC (hereinafter "TRU").

3. The parties conducted a Rule 26 conference on October 12, 2005, and therefore, the parties' respective initial disclosures were due by October 22, 2005.

4. TRU did not provide timely disclosures, and I sent a letter by both e-mail and facsimile to TRU's attorney John McGowan, dated November 3, 2005, a copy of which is

attached hereto as Exhibit "A", requesting that the disclosures be provided.

5.     By November 17, 2005, Plaintiff still had not received TRU's Initial Disclosures, and I called Mr. McGowan by telephone that day.

6.     Mr. McGowan indicated that he had been in trial for the proceeding three weeks.

7.     I granted Mr. McGowan's request to provide the initial disclosures by "next week" and to Mr. McGowan's request for an extension of time in which to provide responses to Plaintiff's outstanding discovery (its interrogatories and document requests) by December 1, 2005.

8.     By November 28, 2005, TRU still had failed to provide its initial disclosures. Accordingly, I filed with the Court a letter to Magistrate Judge DiBianco dated November 28, 2005, a copy of which is attached hereto as Exhibit "B", requesting a telephonic discovery conference to address the matter.

9.     Magistrate Judge DiBianco entered an Order dated November 29, 2005 stating, "At the Court's direction, the Clerk will schedule either an in-person or telephone conference."

10.    A copy of such Order is attached hereto as Exhibit "C".

11.    Not having heard anything from the Court by December 9, 2005 about scheduling either an in-person or telephone conference, my secretary contacted Magistrate Judge DiBianco's judicial assistant, Diane Rimkis, who informed my secretary that the Order did not direct the clerk to set up a conference, but rather, the Order simply directed the clerk at some later date, upon a new directive from Magistrate DiBianco, to schedule the

conference.

12. To date, Magistrate DiBianco has not scheduled any such conference.

13. Subsequent to Magistrate DiBianco's Order, TRU provided its initial disclosures on December 14, 2005, a copy of which initial disclosures (entitled "Mandatory Disclosure") is attached hereto as Exhibit "D".

14. TRU's initial disclosures are slipshod, and are patently, materially insufficient.

15. TRU's initial disclosures identify five individuals (who are current or former TRU employees) allegedly likely to provide discoverable information, however, the initial disclosures fail to provide any address or telephone number for any individual or to identify the subjects of the information known to any identified individual that TRU may use to support to its claims or defensives, as required by Rule 26(e)(1)(A).

16. As previously mentioned, Plaintiff served TRU on October 17, 2005 with Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Requests For Production to Defendants, copies of which are attached hereto as Exhibits "E" and "F" respectively.

17. Almost three months have passed since the responses were initially due, and over two months since the extended due date of December 1, 2005. (I orally granted TRU's attorney an extension of time on November 17, 2005 to provide the responses "by December 1, 2005".)

18. Plaintiff has received no responses to date.

19. Defendant TRU's gross failure to respond to Plaintiff's outstanding discovery

demonstrates its overall intent and design not to comply with its obligations to defend in this lawsuit, evidences its failure to have any justification in providing grossly belatedly, patently deficient initial disclosures, and militates in favor of imposing very severe sanctions under Rule 26(g)(3).

20.   In essence, Defendant TRU has engaged in conduct that is the inverse of a plaintiff's failure to prosecute, i.e., TRU has engaged in a failure to defend in this lawsuit. Accordingly, Plaintiff believes that judgment against TRU is authorized and warranted.

Further Affiant sayeth not.

_____
Robert E. Purcell

Subscribed and sworn to before
me this 14th day of February, 2006.

_____
Notary Public

BARBARA A. SALTSMAN
NOTARY PUBLIC IN THE STATE OF NEW YORK
QUALIFIED IN MADISON COUNTY
NO. 01SA6024446
MY COMMISSION EXPIRES MAY 10, 20 07