IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual <br><br> Plaintiff, <br><br> vs. <br><br> HASBRO, INC., a Rhode Island corporation, and TOYS "R" US-NY LLC, a New York limited liability company <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 6:05-CV-00930 ) ) ) ) ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, Spero T. Haritatos ("Haritatos"), requests that Defendant, Hasbro, Inc. ("Hasbro") and Defendant Toys "R" Us - NY LLC ("TRU") answer under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, or at any time earlier than permitted therein, as may be ordered by the Court or agreed to by the parties, the Interrogatories propounded herein.

## DEFINITIONS

A. In these interrogatories, the terms "document", and "documents" are used in their customary broad sense and include, without being limited to, the original and any copy, regardless of origin or location, of the following items: notes, correspondence, internal company communications, telegrams, cables, telexes, electronic mail, ledger books, statements, memoranda, summaries of records of conversations, diaries, reports, charts, tags, stickers, labels, cartons, boxes, art work, mockup labels, films, video tapes, photoboards, drawings, graphs, photographs, phono-records, computer disks and tapes from which information can be obtained or translated through detection devices into reasonably usable form, microfilms, minutes or records of meetings, reports and/or summaries of interviews or investigations, opinion or reports of consultant or counsel, agreements, notebooks, letters, advertisements, promotional literature, trade letters, press releases, drafts of

1

documents and revisions of drafts of documents, and other written or recorded materials.

B. In these interrogatories and definitions, where the term "Identify" is used or the identification of a document is required, such identification should include the following information, where applicable: a) the author's name and address, and job title; b) the date of its making; c) the general nature and subject matter of the documents; d) the name, address and job title of each recipient of a copy of these documents; e) the present location and custodian of the original and all copies thereof; f) whether Defendant is willing to produce such document; g) the Bates number or other identifying indicia of such document and h) for each document which Defendant contends is privileged or otherwise excludable from discovery, the basis for such claim of privilege or other grounds for exclusion.

C. The term "person" or "persons' includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments or other units thereof.

D. Wherever the identification of a person is requested, and such person is a natural person, such identification shall include the full name or designation of the person, the present or last known residence address of the person, the person's position or title and the address of his place of employment or business, and the person's last known residence and business telephone numbers.

E. Whenever the identification of a person is requested, and such person is other than a natural person, such identification shall include the full name, the present or last known address of the principal place of business, and the state of incorporation, if any, of the person.

F. Whenever the identification of a place of address is requested, such identification shall include the street address, city and state at which it is situated, or if such identification is not possible, otherwise to describe its location.

G. The term "communication" shall mean a meeting, conversation, conference, telephone conversation, letter, electronic mail, telegram, telefax, mailgram, billing statement, inventory sheet, and xerographic transmission.

H. Whenever the identification of a statement or communication is requested, such identification shall include the date thereof, the identification of the place or places where the statement or communication was made or received, the identification of all persons making or receiving the statement or communication, the substance of the statement or communication with

2

particularity, and the identification of all persons with whom the substance of the statement or communication has been discussed.

I. The term "Haritatos" or "Plaintiff" shall mean Spero T. Haritatos.

J. The term "Hasbro" shall mean Defendant Hasbro, Inc., and its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees and all other persons acting on, or purporting to act on, its behalf.

K. The term "TRU" shall mean Defendant Toys "R" Us - NY LLC and its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees and all other persons acting on, or purporting to act on its behalf.

L. The term "Defendants" shall mean Hasbro, TRU, and any other named Defendants in this lawsuit, either individually or collectively.

M. The term "Haritatos CANDYLAND Mark" shall mean Haritatos's trademark, CANDYLAND, which is at least partly the subject of U.S. Trademark Registration No. 1,949,876.

N. The term "Haritatos CANDYLAND Products" shall mean goods or services in connection with which Haritatos uses, or has used, Haritatos CANDYLAND Mark.

O. The term "Defendants' Edible CANDY LAND Products" shall mean goods that are edible by humans or services relating to such goods in connection with which either of Defendants uses, intends to use, has used, has licensed for use, or intends to license for use, the term "CANDY LAND" or any other similar term.

P. The phrase "State the Basis" shall mean that, for any claim, assertion, allegation or contention identified in the interrogatory, you should

(a) Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) Identify each and every communication which forms any part of the source of the party's information regarding any alleged facts or legal conclusions referred to by the interrogatory;

(c) State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal

3

conclusions referred to in the interrogatory; and

(d)     State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## INTERROGATORIES

### Interrogatory No. 1:

Describe in detail the circumstances regarding how and when each of the Defendants first became aware of the Haritatos CANDYLAND Mark, and describe in detail any actions planned or taken with respect to Defendants' use, or intended use, of the term "CANDY LAND" or any other similar term, in connection with Defendants' products, advertising, or marketing as a result thereof.

### Interrogatory No. 2:

Identify every person having knowledge of each formal or informal investigation, study, survey, and/or search, if any, conducted by or on behalf of any of the Defendants respecting the term "CANDY LAND" or any other similar term, and describe in detail the nature and substance of each such person's knowledge, including the results of such investigation, study, and/or search.

### Interrogatory No. 3:

Identify by product code, package code, or other specific indicia, each product and/or service that any of the Defendants have manufactured, advertised, marketed, offered for sale, licensed, distributed, or otherwise caused to be provided in the United States, or intend to manufacture, advertise, offer for sale, license, distribute, or otherwise cause to be provided in the United States, in connection with the term "CANDY LAND" or any other similar term.

### Interrogatory No. 4:

For each different product and/or service that any of the Defendants has manufactured, advertised, marketed, offered for sale, licensed, distributed, or otherwise caused to be provided in the United States, in connection with the term "CANDY LAND" or any other similar term, state the volume of sales in the United States, in dollars and in individual units, for each year to the present.

**Interrogatory No. 5:**

Identify every person on a supervisory, managerial, or professional level knowledgeable about any of the Defendants' intended or actual use, advertising, licensing, or promotion of products and/or services in connection with the term "CANDY LAND" or any other similar term since 1995, and describe in detail the nature and substance of each such person's knowledge.

**Interrogatory No. 6:**

Identify every person having knowledge of any of the Defendants' contention, if any, that Haritatos does not have rights in the Haritatos CANDYLAND Mark to assert against any of the Defendants or otherwise lacks standing to bring or maintain this lawsuit, and describe in detail the nature and substance of each such person's knowledge.

**Interrogatory No. 7:**

Identify every person having knowledge of any of the Defendants' contentions, if any, that there is no substantial likelihood of confusion between Haritatos's CANDYLAND Mark and any Defendants' use of the term CANDY LAND in connection with edible products, and describe in detail the nature and substance of each such person's knowledge.

**Interrogatory No. 8:**

State the Basis for any of the Defendants' contention, if any, that (a) any Defendants' use of the term "CANDY LAND" is not likely to confuse, cause mistake, or deceive, purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that any of the Defendants are affiliated, connected, or associated, with Haritatos, (b) Haritatos's use of the term "CANDYLAND" is not likely to confuse, cause mistake, or deceive purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that Haritatos is affiliated, connected, or associated with any of the Defendants, (c) any of Defendants' Edible CANDY LAND Products originate with, are sponsored by, or are approved by, Haritatos, or (d) any of Haritatos CANDYLAND Products originate with, are sponsored by, or are approved by any of the Defendants.

### Interrogatory No. 9:

Identify all persons, employed, hired, retained, or to be offered, or expected to be employed, hired, retained, or offered, by any of the Defendants as expert consultants or witnesses in connection with this lawsuit, the subjects about which each such expert has been retained or is intended to be retained, and the substance of any testimony or evidence any of the Defendants intend to offer through each such expert in any motion or brief submitted by any of the Defendants, or at any trial or hearing in this matter.

### Interrogatory No. 10:

Identify every person having knowledge about any instances of possible confusion respecting the term "CANDY LAND" or respecting any of the Defendants' products, or respecting Haritatos's products (such as an inquiry whether any of the Defendants' businesses were sponsored, affiliated, associated or endorsed by or connected with Haritatos, or any of the Defendants' receipt of any misdirected mail, telephone calls, orders or complaints intended for Haritatos), and for each such person, describe in detail such person's knowledge.

### Interrogatory No. 11:

Identify every person having knowledge of any objections (a) by either Haritatos or others to any of the Defendants' use of the term "CANDY LAND" or any other similar term, or (b) by any of the Defendants to a third party's use of the term "CANDY LAND" or any similar term, and for each such person, describe in detail such person's knowledge.

### Interrogatory No. 12:

For each of the Defendants' defenses and/or counterclaims in this lawsuit, describe in detail in at least 100 words the factual basis and nature of such defense.

### Interrogatory No. 13:

Identify every person having knowledge of any facts forming the basis of each of the Defendants' defenses and/or counterclaims in this lawsuit, and for each such person, describe in

detail such person's knowledge.

**Interrogatory No. 14:**

For each of Defendants' counterclaims, describe in detail in at least 100 words the nature of the damages or other monetary relief sought, and present a detailed calculation of the amount of such damages or other monetary relief.

**Interrogatory No. 15:**

Identify every person having knowledge of the nature or calculation of any of the Defendants' damages or other monetary relief sought, and for each such person, describe in detail such person's knowledge.

**Interrogatory No. 16:**

Identify every person having knowledge of any charge of infringement or unfair competition involving the term "CANDY LAND" or any other similar term, and for each such person, describe in detail such person's knowledge.

**Interrogatory No. 17:**

Identify every person having knowledge of any surveys concerning the recognition of, reaction to, impressions about, or perceptions of the term "CANDY LAND" or any other similar term or the use or the intended use of such term in connection with any products and/or services.

                              **SPERO T. HARITATOS**

                              By his attorneys,

                              */s/ Robert E. Purcell*

                              Robert E. Purcell, Esq.
                              Bar Roll No. 510,595
                              Indranil Mukerji
                              Bar Roll No. 511,738
                              Denis J. Sullivan
                              Bar Roll No. 512,997
                              WALL MARJAMA & BILINSKI, LLP
                              101 South Salina Street #400
                              Syracuse, New York 13202
                              Telephone: (315) 425-9000
                              Facsimile: (315) 425-9114

                              **Attorneys for Plaintiff**
                              SPERO HARITATOS

## CERTIFICATE OF MAILING

I hereby certify that on the 17th day of October, 2005, a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS.** was forwarded via First Class Mail, postage fully prepaid and addressed as follows:

Michael D. Sant'Ambrogio
Kim J. Landsman
PATTERSON, BELKNAP, WEBB & TYLER, LLP
1133 Avenue of the Americas
New York, NY 10036-6710


John G. McGowan, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, New York 13202

Robert E. Purcell