UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual<br><br>   Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation<br>and TOYS "R" US-NY LLC,<br>a New York limited liability company<br><br>   Defendants. | Civil Action No. 05-CV-930 (DNH)(GJD) |

TO: HONORABLE LAWRENCE K. BAERMAN
   CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

### REQUEST TO ENTER DEFAULT AGAINST DEFENDANT TOYS "R" US-NY LLC

  Plaintiff, Spero Haritatos, hereby requests that you, as Clerk of the United States District Court for the Northern District of New York, enter default pursuant to Fed. R. Civ. P. 55 against Defendant Toys "R" Us-NY LLC (hereinafter "TRU") for failure to "otherwise defend" as provided by the Federal Rules of Civil Procedure. The fact of such failure to "otherwise defend" is made clear by the Affidavit of Robert E. Purcell In Support Of Plaintiff's Request To Enter Default Against Defendant Toys "R" Us-Ny LLC attached hereto.

  It is noteworthy that TRU has answered the complaint in this action, but that its other activities, or rather lack of activities, have resulted in its failure to "otherwise defend". Note that the Second Circuit law is replete with instances where entry of default has occurred for a party's failure to "otherwise defend" beyond simply failing to answer the complaint or file other pleadings required under Fed R. Civ. P. 7. See, e.g., Brock v. Unique Racquetball & Health Clubs, 786 F.2d 61 (2d Cir. 1986). (Default under Rule 55 entered after defendant's counsel

failed to attend the resumption of a bench trial.) Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  (Entry of default under Rule 55 because defendant failed to appear for a deposition, dismissed counsel, gave vague and unresponsive answers to interrogatories, and failed to appear for trial.)  Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991).  (Rule 55 entry of default is proper where a recalcitrant party failed to comply with its order to obtain counsel).  Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 334 (2d Cir. 1986). (The court entered Rule 55 default eight months after a defendant failed to obtain new counsel.)  Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967).  (The appellate court reversed the district court's refusal to grant Rule 55 default judgment where the corporate defendant had not complied with an order to secure new counsel after withdrawal of original counsel.)  Ferraro v. Kuznetz, 131 F.R.D. 414, 416 (S.D.N.Y. 1990). (Court imposed an entry of default under Rule 55 for a defendant's failure to file a pretrial order, appear at pretrial conference, and to comply with discovery requests.)

Plaintiff believes that he has complied with Local Rule 55.1 in connection with the instant application for a certificate of entry of default by the clerk.

Although some Second Circuit cases hold that a judge, rather than the court clerk, may enter default, the Local Rules, specifically Local Rule 55.2(b), require that a motion seeking default judgment pursuant Fed. R. Civ. P. 55(b)(2) be accompanied by a clerk's certificate of entry of default.  Accordingly, while this local rule is of questionable prudence, and perhaps of questionable legality, in view of the current status of Second Circuit case law, Judge Hurd has already ruled in this matter that Plaintiff must obtain an entry of default from you, the Clerk, before Judge Hurd will entertain a motion for default judgment.  Accordingly, Plaintiff hereby

requests that you, as a Clerk of the court, enter default against Defendant TRU.

                                  Respectfully submitted,

Dated: February 14, 2006                **SPERO HARITATOS**
       Syracuse, New York          By his attorneys,

                                  */s/ Robert E. Purcell*
                                  _____
                                  Robert E. Purcell, Esq.
                                  Bar Roll No. 510,595
                                  Indranil Mukerji, Esq.
                                  Bar Roll No. 511,738
                                  Denis J. Sullivan
                                  Bar Roll No. 512,997
                                  WALL MARJAMA & BILINSKI, LLP
                                  101 South Salina Street #400
                                  Syracuse, New York 13202
                                  Telephone:  (315) 425-9000
                                  Facsimile:  (315) 425-9114

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SPERO HARITATOS, an individual

    Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

    Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

---

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2006, I electronically filed **PLAINTIFF'S REQUEST TO ENTER DEFAULT AGAINST DEFENDANT TOYS "R" US-NY LLC** with the Clerk of the United States District Court, Northern District of New York, using the CM/ECF system, which is believed to have sent notification of such filing to the following:

    Kim J. Landsman (kjlandsman@pbwt.com; cbelanger@pbwt.com); and
    John G. McGowan (jmcgowan@bsk.com; pkeenan@bsk.com)

Dated: February 14, 2006        */s/ Robert E. Purcell*

                                      Robert E. Purcell, Esq.
                                      Bar Roll No. 510,595
                                      Indranil Mukerji, Esq.
                                      Bar Roll No. 511,738
                                      Denis J. Sullivan
                                      Bar Roll No. 512,997
                                      WALL MARJAMA & BILINSKI, LLP
                                      101 South Salina Street #400
                                      Syracuse, New York 13202
                                      Telephone: (315) 425-9000
                                      Facsimile: (315) 425-9114