

**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

Robert E. Purcell
E-Mail: rpurcell@wallmarjama.com

February 10, 2006

2/22/06
**ORDER**
*The court will accept this "reply". No further submissions will be allowed on this motion.*

*GJDiBianco*
*USMJ*

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re:   Haritatos v. Hasbro, Inc. et al.
       Civil Action No. 05-CV-930 (DNH)(GJD)
       Our File No. 115_003

Dear Judge DiBianco:

Defendant Hasbro, Inc. has filed an opposition to Plaintiff's Motion For Leave To File First Amended Complaint. Local Rule 7.1(e) 4. does not specify whether reply briefs are permitted in connection with Plaintiff's Motion. There is also some uncertainty as to whether such a motion is "dispositive" or "non-dispositive". Since the instant Motion and opposition are directed to specifically requested injunctive relief, it seems that the instant Motion may be considered "dispositive". Under the Local Court Rules, reply briefs are permitted for "dispositive motions", but are not permitted except with the Court's prior permission for "non-dispositive motions".

Accordingly, in an exercise of caution, Plaintiff is hereby requesting permission to file the attached 3 page brief in reply to Hasbro's opposition.

Very truly yours,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/cl
cc.:   John G. McGowan, Esq. (by CM/ECF)
        Kim T. Landsman, Esq. (by CM/ECF)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SPERO HARITATOS, an individual

      Plaintiff,

vs.

HASBRO, INC., a Rhode Island corporation
and TOYS "R" US-NY LLC,
a New York limited liability company

      Defendants.

Civil Action No. 05-CV-930 (DNH)(GJD)

## PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT HASBRO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, SPERO HARITATOS, ("Plaintiff"), by and through his undersigned attorneys, hereby replies to Defendant Hasbro, Inc.'s opposition to Plaintiff's Motion For Leave To File First Amend Complaint.

Defendant, Hasbro Inc. ("Hasbro") attacks the portion of the proposed amendment that seeks to add a specific request for injunctive relief prohibiting both of the defendants from interfering with Plaintiff's pursuit of federal trademark registrations of the term "CANDYLAND", and enjoining any of the Defendant's pursuit of trademark registrations for "CANDYLAND", in connection with edible products. Hasbro contends that the proposed amendment would be futile because such relief allegedly is not permitted by law. However, Hasbro has either overlooked or has intentionally failed to address substantial case law that supports Plaintiff's entitlement to the request such relief. Accordingly, Plaintiff believes that Hasbro's opposition to the instant is itself frivolous, and Plaintiff

1

seeks an award of sanctions against Hasbro for its own frivolous, and perhaps intentionally deceptive, litigation conduct. Plaintiff seeks an award of its attorney's fees in connection with contending with Hasbro's opposition.

## Brief Historical Background

Plaintiff is the successor-in-interest to his family's candy manufacturing and distribution business that has used the term "CANDY LAND" as a trade name as a trademark in connection with its candy products and business since about 1919 -- decades before Hasbro or its alleged predecessors-in-interest first used the term "CANDY LAND" in connection with any products.

Plaintiff obtained a federal trademark registration for the mark "CANDYLAND" in connection with candy, which registration has obtained incontestable status. In about 2002, Hasbro approached Plaintiff about acquiring his trade name and trademark rights. The negotiations proceeded to the point where Hasbro was willing to pay compensation to Plaintiff in connection with various types of edible products. Hasbro's negotiations were unsuccessful, and yet Hasbro was concurrently and secretly attempting to license various third parties to use the term "CANDY LAND" in connection with a variety of edible products. Hasbro in fact licensed Defendant Toys "R" Us-NY LLC to use the term "CANDY LAND" in connection with candy and confectionary products. These licensing activities occurred both during and after the time when Hasbro was negotiating to purchase Plaintiff's trade name and trademark rights in "CANDYLAND".

In the original complaint, Plaintiff specifically alleges in paragraph 12 that the Defendants' activities "in connection with edible products" are "likely to cause confusion..." and are objectionable. The original complaint also seeks relief of enjoining Defendants from such objectionable activities.

2

Also in a behind-the-scenes tactic, Hasbro decided to file an application for a federal trademark registration of the term "CANDY LAND" for various beverage products which Plaintiff has opposed in proceedings before the United States Patent and Trademark Office.[1]

In the meanwhile, Plaintiff expanded his business to include ice cream products sold under the mark "CANDYLAND", and filed an application for federal registration of that mark in connection with such ice cream products.

### Legal Analysis

The Fifth Circuit Court of Appeals recently decided that the type of injunctive relief requested by Plaintiff's proposed amendment is perfectly proper in the context of trademark infringement and unfair competition cases such as this. Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559 (5th Cir. 2005). A copy of the Test Masters case is attached hereto for the Court's convenient reference. The Fifth Circuit also joined its "sister circuit" in rejecting an argument that such injunctive relief would violate a defendant's First Amendment rights. 428 F.3d 559, 578 n.9

Hasbro's opposition brief fails to cite any cases where the relief sought by the proposed amendment was held to be improper as a matter of law. Given the amount of legal research that Hasbro conducted regarding this issue, as reflected in its opposition brief, Hasbro unlikely overlooked the Test Masters case, but rather, intentionally decided not to address the case, hoping that Plaintiff and the Court would be unaware of the case. In any event, Hasbro's opposition is frivolous, and sanctions are warranted. Plaintiff believes that sanctions in the nature of an award of its attorney's fees in connection with contending with the opposition should be imposed.

Respectfully submitted,

---

[1] It is Plaintiff's position that the term "edible products" includes "beverages".

Dated: February 10, 2006
      Syracuse, New York

**SPERO HARITATOS**
By his attorneys,

*/s/ Robert E. Purcell*

---

Robert E. Purcell, Esq.
Bar Roll No. 510,595
Indranil Mukerji, Esq.
Bar Roll No. 511,738
Denis J. Sullivan
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation<br>and TOYS "R" US-NY LLC,<br>a New York limited liability company<br><br>Defendants. | Civil Action No. 05-CV-930 (DNH)(GJD) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2006, I electronically filed **PLAINTIFF'S BRIEF IN REPLY TO DEFENDANT HASBRO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court, Northern District of New York, using the CM/ECF system, which is believed to have sent notification of such filing to the following:

    Kim J. Landsman (kjlandsman@pbwt.com; cbelanger@pbwt.com); and
    John G. McGowan (jmcgowan@bsk.com; pkeenan@bsk.com)

Dated: February 10, 2006

/s/ Robert E. Purcell

Robert E. Purcell, Esq.
Bar Roll No. 510,595
Indranil Mukerji, Esq.
Bar Roll No. 511,738
Denis J. Sullivan
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114