# Wall Marjama
### An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

March 20, 2006

**BY E-MAIL**
**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

    Re:  Haritatos v. Hasbro
            Civil Action No. 05-CV-930
            Our File No. 115_003

Judge DiBianco:

    In accordance with paragraph (7)(a) of the Uniform Pretrial Scheduling Order, I contacted Diane Rimkis, your judicial assistant, about my desire to present several non-dispositive motions. Ms. Rimkis advised that I should write a letter to you requesting a telephone conference among counsel, so that the matters may be resolved during the telephonic conference or upon submission of motion papers.

    As an initial matter, I filed with the Court a letter addressed to you dated November 28, 2005 requesting a telephonic discovery conference to address the matter of Defendant Toys 'R Us's ("TRU") failure to provide its initial disclosures. Not having heard anything from the Court by December 9, 2005, my secretary contacted Ms. Rimkis. She informed my secretary that she was awaiting a directive from you to schedule a conference. To date, you have not scheduled a conference, and the matter is <u>not</u> moot.

    I also wish to file a motion to have you compel the Court Clerk, Mr. Baerman, to enter default against TRU. On January 26, 2006, I filed a motion for entry default judgment against TRU, asking Judge Hurd to enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and 26(g)(3) because TRU had very belatedly provided its initial disclosures (after my submission of the letter to you dated November 28, 2005), and the initial disclosures were patently and materially insufficient and because TRU had totally ignored and refused to provide responses to plaintiff's first set of interrogatories and first set of request for production of documents, which were served on October 17, 2005 (TRU has still not provided any responses). Judge Hurd denied the motion <u>sua sponte</u>, ruling that motions for entry of default judgment must be filed in accordance with Local Rule 7.1(a), which



requires a supporting affidavit and the need for an entry of default by the Clerk of the Court. Accordingly, on February 14, 2006, I filed a formal request to have Court Clerk Baerman enter default against TRU, citing to several Second Circuit cases where default judgment had been granted without the need for entry of default by a court clerk, even where a defendant had filed an answer. Court Clerk Baerman denied the request on February 16, 2006, stating that default could not be entered because TRU had "filed an answer or otherwise moved with respect to the complaint."

Local Rule 55.2(b) requires that a motion seeking default judgment be accompanied by a clerk's certificate of entry of default. I noted that this local rule is of questionable prudence, and perhaps of questionable legality, in view of the current status of Second Circuit case law. If the judges of this District Court require an entry of default by the court clerk before entertaining a motion for default judgment (which is clearly contrary to Second Circuit law), then implicitly the Local Rules must empower the clerk to enter default even where a defendant has answered or otherwise responded to the complaint. Accordingly, the Court Clerk Baerman's refusal to enter default, based upon his erroneous understanding that the Court Clerk can enter default only where a defendant has not answered or otherwise responded to complaint, is errant. Plaintiff is seeking non-dispositive relief from you that would compel Court Clerk Baerman to enter default against TRU.

Presumably TRU opposes my request for your order compelling the court clerk to enter default against TRU. Hasbro has objected to the request as being "ill-conceived and a waste of party resources", without further detail or elaboration.

On January 17, 2006, I filed a motion for leave to file a first amended complaint seeking to recite certain injunctive relief in the prayer for relief section of the complaint. Defendant Hasbro, Inc. ("Hasbro") filed opposition papers, arguing that the requested injunctive relief was not permitted by law. On February 22, 2006, you granted my request to file a reply, in which I set forth recent Fifth Circuit case law that directly contradicts Hasbro's unsupported position. I requested sanctions in the nature of my attorney's fees in connection with the motion. You have yet to rule upon the motion to amend or my request for sanctions.

I recently asked Defendants' counsel whether they would object to my further amendment of the complaint to specifically recite a request for damages in the nature of Plaintiff's attorney's fees and costs in connection with bringing an opposition proceeding against Hasbro in the United States Patent and Trademark Office. I brought to their attention a very recent First Circuit decision in which that court affirmed an award of such damages. Only Hasbro responded to my request, objecting that the proposed amendment was (1) untimely and (2) the First Circuit case is "distinguishable from the present matter on a variety of grounds". Although the Uniform Pretrial Scheduling Order requires that motion to amend be made "on or before January 31, 2006", the First Circuit decision was dated January 27, 2006, and I did not become aware of that decision until seeing it published in the USPQ advance sheets in early March, 2006. Amending the pleadings to



recite these specific damages would cause no prejudice to either of the defendants. TRU has not responded to plaintiff's interrogatories and document requests, no depositions have been scheduled or taken, and even Hasbro's production of documents has been postponed pending your anticipated entry of a protective order regarding confidential information. Accordingly, the case has not proceeded to the point where the requested amendment would pose any discovery, scheduling, or other problems. Hasbro did not articulate how the First Circuit case was allegedly distinguishable from the present matter, but perhaps Hasbro can surprise us all in an opposition brief that suddenly reveals its tightly guarded secret of the alleged distinctions.

I also asked Hasbro to supplement its initial disclosures, a copy of which is attached hereto. Rule 26(a)(1)(A) requires "identifying the subjects of the information" as to "each individual likely to have discoverable information…" As you will see, however, Hasbro has identified only each individual's job title or general job responsibility, which patently does not comply with the Rule. Furthermore, the Rule requires that the address and telephone number be provided for each person. Hasbro has responded that it has provided the information in response to plaintiff's interrogatories, and that it would be unduly burdensome to repeat the exercise in its initial disclosures. Such information has not been provided in response to interrogatories, and is required to be set forth in the initial disclosures. Hasbro's initial disclosures list several persons' addresses and telephone numbers only as Hasbro's outside counsel's office address and telephone number. Hasbro argues that since the identified persons can be contacted only through Hasbro's counsel, Hasbro is permitted to indicate such person's address and telephone number as being their outside counsel's firm. I reply that the rule implicitly requires either the residence or business address and telephone number of each person, and such addresses and telephone numbers apparently have not been provided. Moreover, if Hasbro wanted to indicate that any such person should be contacted through Hasbro's counsel, not directly, Hasbro can provide such a statement or notation in its initial disclosures.

Wherefore, I, on behalf of plaintiff, Spero Haritatos, hereby request a telephonic hearing to address the above-mentioned matters.

Respectfully Submitted,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml
cc: Michael D. Sant'Ambrogio, by e-mail
John McGowan, by e-mail

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2006, I electronically filed the foregoing letter request with attachments with the Clerk of the United States District Court, Northern District of New York, using the CM/ECF system, which is believed to have sent notification of such filing to the following:

Michael D. Sant'Ambrogio (mdsantambrogio@pbwt.com);
John McGowan (jmcgowan@bsk.com);
Kim J. Landsman (kjlandsman@pbwt.com);

Dated: March 20, 2006                              s/ Robert E. Purcell
                                                   _____
                                                   Robert E. Purcell, Esq.
                                                   Federal Bar Roll No. 510,595
                                                   Indranil Mukerji, Esq.
                                                   Federal Bar Roll No. 511,738
                                                   Denis J. Sullivan, Esq.
                                                   Federal Bar Roll No. 512,997
                                                   WALL MARJAMA & BILINSKI LLP
                                                   101 South Salina Street, Suite 400
                                                   Syracuse, New York 13202
                                                   Telephone:   (315) 425-9000
                                                   Facsimile:   (315) 425-9114