**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPERO HARITATOS,

                 Plaintiff,          :     05 Civ. 930 (DNH/GJD)

        - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT HASBRO, INC.'S INITIAL DISCLOSURES

      Defendant Hasbro, Inc. ("Hasbro"), by its undersigned attorneys, hereby submit to Plaintiff Spero Haritatos the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedures. These Initial Disclosures are based on information reasonably available to Hasbro as of the date hereof. Hasbro reserves the right to supplement these disclosures as circumstances warrant. In addition, Hasbro expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information referenced herein in this case or any other case or proceeding.

By making these disclosures, Hasbro does not represent that it is identifying every document, tangible thing, or witness possibly relevant to all issues that may eventually be raised in this lawsuit. Pursuant to Rule 26(a)(1) and other applicable Federal Rules of Civil Procedure, Hasbro is not disclosing documents or information protected by the attorney-client privilege or work-product immunity. Hasbro's disclosures represent a good faith effort to identify information it reasonably believes is required by Rule 26(a)(1).

Hasbro's disclosures are made without in any way waiving: (1) the right to object on the ground of competency, privilege, relevancy and materiality, hearsay, or other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in these actions or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

The disclosures set forth below are made subject to the above objections and qualifications.

1.    **Rule 26(a)(1)(A):** *The name and, if known, the address and telephone number of each individual likely to have discoverable information that Hasbro may use to support its claims, unless solely for impeachment.*

All of Hasbro's employees may be contacted only through Hasbro's counsel.

| Name | Company | Responsibility | Contact Information |
|------|---------|----------------|---------------------|
| Frank Bifulco | Hasbro | President, United States Games | Patterson Belknap Webb & Tyler LLP |
| Mark Blecher | Hasbro | Senior Vice President Marketing, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |

2

| Bryony Bouyer | Hasbro | Senior Vice President, Americas, Hasbro Properties Group | Patterson Belknap Webb & Tyler LLP |
|---|---|---|---|
| David Dubosky | Hasbro | Vice President, Legal | Patterson Belknap Webb & Tyler LLP |
| Bruce Kelly | Hasbro | Senior Attorney, Legal | Patterson Belknap Webb & Tyler LLP |
| Tom Kluisaritz | Hasbro | Vice President, Consumer Products, North America | Patterson Belknap Webb & Tyler LLP |
| Ron Lombardi | Toys "R" Us | Lawyer | |
| Mathew Loncar | Toys "R" Us | Lawyer | |
| Andrea Mealey | Hasbro | Attorney, Legal | Patterson Belknap Webb & Tyler LLP |
| Jane Ritson-Parsons | Hasbro | President, Hasbro Properties Group | Patterson Belknap Webb & Tyler LLP |
| Dale Siswick | Hasbro | Senior Vice President, Research and Development, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |
| Mark Stark | Hasbro | Vice President, Marketing, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |
| Mark Sullivan | Hasbro | Senior Vice President, Sales & Administration, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |
| Michael Tabakin | Toys "R" Us | Licensing, Sales Promotion, and Marketing | |
| Paul Vanasse | Hasbro | Director, Intellectual Properties, Legal | Patterson Belknap Webb & Tyler LLP |
| Helen Van Tassel | Hasbro | Marketing/PR Specialist, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |

| E. David Wilson | Hasbro | Executive Vice President, Global Business Development, Hasbro Games Group | Patterson Belknap Webb & Tyler LLP |
|---|---|---|---|

2.     **Rule 26(a)(1)(B):** *A description by category and location of all documents, date compilations, and tangible things in the possession, custody or control of Hasbro that it may use to support its claims or defenses, unless solely for impeachment .*

By providing the following description of documents pursuant to Rule

26(a)(1)(B), Hasbro does not waive its right to withhold production of any document in its

possession which is protected by the attorney-client privilege, the work-product immunity, or

any other claim of privilege or immunity, or Hasbro is prohibited from producing under a

legitimate confidentiality agreement, or where production of such a document would be

otherwise unlawful.

Hasbro possesses the following categories of documents that it may use in support

of its claims or defenses herein:

1. Documents relating to the advertising and promotion of Hasbro's CANDY LAND properties;

2. Documents concerning consumers' recognition of Hasbro's famous CANDY LAND trademark;

3. Documents relating to the market for games and goods that are a natural extension of Hasbro's famous CANDY LAND games;

4. Documents concerning the likelihood of consumer confusion resulting from Hasbro's use of its CANDY LAND mark and plaintiff's use of his Candyland mark, if any;

5. Information regarding sales of Hasbro's CANDY LAND properties;

6. Information regarding the channels of trade in which Hasbro's CANDY

4

LAND properties are marketed, distributed and sold;

7.     Financial information relating to CANDY LAND; and

8.     Documents concerning plaintiff's business and the goods sold by plaintiff.

3.     **Rule 26(a)(1)(C):** *A computation of any category of damages and the documents on which such computation is based, including the materials bearing on the nature and extent of injuries suffered.*

Hasbro has not yet calculated the exact amount of damages stemming from any infringement of its famous CANDY LAND mark by plaintiff, as any calculation likely will be based, in part, on information to be produced by plaintiff in this case. Pursuant to the Lanham Act, Hasbro's damages may include plaintiff's profits, Hasbro's lost sales, as well as lost opportunities, loss of goodwill, or damages based on advertising expenses or based on incremental cost analysis or other models, enhancements, punitive, exemplary, or additional damages, attorneys fees and costs.

4.     **Rule 26(a)(1)(D):** *Any insurance agreement under which an person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Hasbro is not aware of any such agreement at this time.

5

Dated:  New York, New York
        October 27, 2005

PATTERSON BELKNAP WEBB & TYLER LLP

Kim J. Landsman
(Bar Roll No. 513364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513363)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  212-336-2980
Facsimile:  212-336-2985

*Attorneys for Defendant Hasbro, Inc.*