

**BOND, SCHOENECK & KING, PLLC**
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

March 21, 2006

Hon. Gustave J. DiBianco
United States magistrate
United State Court House
P.O. Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re:   *Haritatos v Hasbro*
      *05 CV-930 (DNH/GJD)*

Dear Judge DiBianco:

We oppose plaintiff's request for reasons stated below.

First, I totally disagree with counsel's representation that the initial discovery matter is not moot. Initial discovery responses were submitted to counsel by my letter dated December 14, 2005. These were submitted after I received a call from your clerk. The Court may recall that I was on trial in Watertown on a case that spanned portions of three separate weeks, and that put me behind. At least one of our conference calls occurred while I was on a short recess from that trial I realize this is not an excuse, but it is offered by way of explanation.

Mr. Purcell objects that those disclosures are inadequate, and in a more typical case he might be right, but not in this case. What the Court is probably not aware of is that along with initial disclosures, we produced 243 pages of documents, most of which were drafts of a licensing agreement between Toys "R" Us ("TRU") and Hasbro. As I said above, in a typical case counsel might be right, but not in this one. That is because TRU has very little in its files with which to respond. Quite literally, TRU simply placed Hasbro's CANDY LAND mark and game elements in the candy department of a single store located in Times Square, New York. This was done under a license from Hasbro because of its very well-known and highly regarded mark for board game which has been well-known to families throughout America since the mid 1950s. Drafts of the licensing agreement were produced in our initial discovery. The ancillary products were sold for about one year between December 2001 and December 2002 and those sales ceased about thirty months prior to the commencement of this suit when Hasbro objected. The

Hon Gustave J. DiBianco
March 21, 2006
Page 2

TRU employees who dealt with Hasbro in obtaining its license have been identified. Drafts of the license agreement have been produced. When it learned of Mr. Haritatos objections – because a suit was instituted – TRU took steps to remove the signage and that was completed within a month. Hence, TRU has so little in the way of documentation. What it does have is being organized right now for production to the plaintiff.

Counsel has not informed the Court that I have been called him and e-mailed him on a number of occasions asking for the courtesy of an extension of time to respond. Interrogatory responses are complete I expect documents responses to be organized before the end of the week, as I informed counsel last week.

There has been no prejudice to the plaintiff. In fact, plaintiff has not been able to agree on the terms of a protective order with respect to confidential information – including financial data from TRU - and that has been a work in progress due to his objections for months.

That is not to say that I am not behind, and I apologize to the Court for this. But any implication that TRU has in someway held up this case when there is not even a protective order in place is inaccurate.

I have asked the plaintiff for a courtesy which I have routinely granted countless numbers of times. TRU has produced an initial discovery response which is not extensive for reasons stated above and it is in the process of producing discovery response, which will probably be criticized, but which, we believe, will give the plaintiff everything he is entitled to and will allow this case to go forward apace. But again I apologize to the Court for not having made my own motion once plaintiff's counsel demonstrated his intent to proceed in the manner he has.

Respectfully yours,

BOND, SCHOENECK & KING, PLLC

John G. McGowan
Bar Roll # 501388

JGM/smb
cc: Robert E. Purcell, Esq.
 Michael D. Sant'Ambrogio, Esq.

1166073.1