# Wall Marjama
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:   (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

April 3, 2006

**FILED ELECTRONICALLY USING CM/ECF**
The Honorable David N. Hurd
The Alexander Pirnie Federal Building
10 Broad Street
Utica, NY 13501

> **Re:   Haritatos v. Hasbro**
> **Civil Action No. 05-CV-930**
> **Our File No. 115_003**

Judge Hurd:

Plaintiff, Spero Haritatos, hereby seeks permission to withdraw his pending Motion for Sanctions in the Nature of Judgment against Defendant Toys-R-Us- NY LLC, filed February 14, 2006. Plaintiff's undersigned attorney contacted Mr. Craig Minor, Judge Hurd's courtroom deputy, on Friday, March 31, 2006 to acknowledge Plaintiff's intention to file the instant request, and Mr. Minor suggested that Plaintiff's request be set forth in a letter electronically filed with the Court.

Plaintiff believes that the subject matter of the pending motion has been just recently resolved by Magistrate Judge DiBianco, thereby rendering the motion moot.

After granting a long extension of time to Defendant Toys-R-Us- NY LLC (hereinafter "TRU") to provide its initial disclosures, Plaintiff filed with the court a letter to Magistrate Judge DiBianco dated November 28, 2005 requesting a telephonic discovery conference to compel TRU's initial disclosures. As of mid-February, 2006, Magistrate DiBianco had not scheduled any such conference, but in the meanwhile, TRU had provided initial disclosures, albeit with patently, materially insufficient information.

Also, after granting TRU a lengthy extension of time which to respond to Plaintiff's interrogatories and document requests served in October, 2005, by the end of March, 2006, TRU had still not provided any responses.

Magistrate DiBianco scheduled a hearing on these issues and other pending motions for March 28, 2006. At approximately 5:00 p.m. the night before the scheduled hearing, TRU served responses to the interrogatories and document requests upon Plaintiff.

During the telephonic hearing on March 28, 2006—exactly four months after Plaintiff

Judge Hurd
April 3, 2006
Page 2



initially requested a telephonic discovery conference, over five months since TRU's initial disclosures were due, and over five months after Plaintiff served his interrogatories and document requests upon TRU, Magistrate Judge found that absolutely no sanctions were warranted against TRU or TRU's attorneys and issued no admonition to TRU or TRU's attorneys, requiring only that TRU revise its initial disclosures.

Plaintiff apologizes to Judge Hurd for seeking relief directly from Judge Hurd in order to move Plaintiff's case along. Now that Magistrate DiBianco has addressed the issue, however, Plaintiff feels no need to have Judge Hurd intercede, and respectfully requests that permission be granted to withdraw his pending motion.

Respectfully Submitted,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml