**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

May 15, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

    Re:  **Haritatos v. Hasbro**
          **Civil Action No. 05-CV-930**
          **Our File No. 115_003**

Dear Magistrate Judge DiBianco:

    Plaintiff, Spero Haritatos, requests that you address yet another occasion where Defendant, Toy "R" Us- NY LLC (hereinafter "TRU") has refused to respond to Plaintiff's request to provide a proper initial disclosure or respond to an extensive list of problems with respect to TRU's interrogatory responses and production of documents.

    Plaintiff's attorney left a telephone message with Your Honor's courtroom deputy clerk, Kathy Gridley, on May 5, 2006 seeking her recommendation for the preferred procedure for presenting this matter to Your Honor. On May 8, 2006 Ms. Gridley informed Plaintiff's attorney's assistant that Plaintiff should file a Letter Request detailing the situation and asking for a conference with Your Honor. Accordingly, the instant Letter Request is being filed.

    As you are aware, Plaintiff previously asked for your assistance in connection with compelling TRU to provide an initial disclosure and responses to interrogatories and document requests, long after service of those documents was due and long after the expiration of extensions of time requested by TRU and granted by Plaintiff. After Plaintiff sought your intervention, TRU provided a so-called "Mandatory Disclosure", which is the Initial Disclosure required by Fed. R. Civ. P. 26(a), and TRU served responses to Plaintiff's interrogatories and request for production of documents the day before a hearing scheduled before Your Honor on March 28, 2006. A copy of TRU's letter to Plaintiff's counsel dated March 27, 2006 including TRU's responses to Plaintiff's interrogatories and document request are attached hereto as Exhibit A.

    At the hearing, you ordered TRU to amend its initial disclosures to remedy



deficiencies set forth by Plaintiff. Specifically, apart from the serious belatedness of TRU's original initial disclosures, Plaintiff complained that TRU's original initial disclosures identified five individuals allegedly likely to provide discoverable information, however, the initial disclosures failed to provide any address or telephone number for any individual or to identify the subjects of the information known to any identified individual that TRU may use to support its claims or defenses, as required by Rule 26(e)(1)(A).

After the March 28th hearing, TRU served its so-called "Amended Mandatory Disclosure" on April 5, 2006, a copy of which is attached hereto as Exhibit B.

By letter dated April 18, 2006, a copy of which is attached hereto as Exhibit C, Plaintiff's attorney wrote to TRU's attorney (1) complaining that TRU's amended initial disclosures still did not comply with either Rule 26 or your order during the March 28, 2006 hearing; (2) noting that documents were withheld pending the entry of a suitable protective order, but that the protective order had been entered as of March 29, 2006, therefore, the documents should be produced; (3) requesting a copy of a "Privilege Log" that TRU had allegedly prepared; (4) complaining that the interrogatory responses had not been answered "under oath" as required by Rule 33(b)(1), (5) complaining about the deficiencies with respect to certain specified discovery responses, and (6) complaining about deficiencies in certain documents that were produced. Rather than reiterate the statements in the April 18, 2006, Plaintiff requests that Your Honor review the copy of that letter attached hereto as Exhibit C.

The April 18th letter requested a meaningful response by April 28, 2006. To date, TRU has provided absolutely no response to the April 18, 2006 letter.

TRU's inordinate delays in providing its initial disclosures and responses to Plaintiff's interrogatories and documents requests, its patently insufficient initial disclosures, its failure to comply with Your Honor's March 28, 2006 order to provide properly amended initial disclosures, its phony pretense of producing documents once a suitable protective order has been entered and to provide a Privilege Log, its failure to satisfy the elementary requirement that interrogatories be answered under oath, and its wholesale refusal to respond to the April 18, 2006 letter warrant the imposition of sanctions as well as an order directing that the deficiencies recited in Plaintiff's April 18, 2006 be remedied immediately, within five days of such order.

Respectfully Submitted,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml
cc: Michael D. Sant'Ambrogio, by first class mail
John McGowan, by first class mail