# EXHIBIT A



# BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

March 27, 2006

**Via Hand Delivery**

Robert E. Purcell, Esq.
Wall Marjama
101 South Salina Street
Suite 400
Syracuse, NY 13202

Re:   *Spero Haritatos, an Individual v. Hasbro, Inc. a Rhode Island Corporation and Toys "R"*
      *Us-NY LLC, a New York limited liability corporation (05-CV-930)*

Dear Mr. Purcell:

Enclosed please find Toys "R" Us response to your Interrogatories and response to your Notice to Produce. These are being electronically filed today.

Please note that we decline to produce financial information and the record retention policy that you have demanded until there is a suitable protective order. Those documents are identified as follows:

Revenue Information:                     TRU000439 – TRU000444

Corporate Records Management Program:    TRU000357 – TRU000438

We are preparing a Privilege Log and having that separately marked for your reference and the Court's reference if you deem necessary. Each of the privileged items will be emails between client and attorney other than a self-analysis memorandum.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

John G. McGowan

JGM/pak

cc:    Kim J. Landsman, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual )<br><br>Plaintiff, )<br><br>vs. )<br><br>HASBRO, INC., a Rhode Island corporation, )<br>and TOYS "R" US-NY LLC, )<br>a New York limited liability company )<br><br>Defendants. ) | Civil Action No. 6:05-CV-00930 |

## TOYS "R" US-NY LLC RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

### INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Toys "R" Us –NY, LLC ("TRU"), by its attorneys of record, Bond, Schoeneck & King, PLLC, hereby responds to Plaintiff's First Set of Interrogatories To Defendants:

### GENERAL OBJECTIONS

1.  TRU objects to Plaintiff's Interrogatories to the extent they seek to impose obligations in addition to or different from those embodied in the Federal Rules of Civil Procedure and the Northern District of New York Local Rues.

2.  TRU objects to each interrogatory to the extent it seeks information protected from discovery by the attorney-client, work product, or other applicable privileges. Any response given is not to be deemed a waiver of any privilege. TRU will produce a privilege log for each document withheld under a claim of privilege.

3. TRU objects to each interrogatory that purports to ask it to answer on behalf of defendant co-defendant Hasbro, Inc.

4. TRU objects to each interrogatory seeking confidential or proprietary information, including but not limited to financial and sales information, or trade secrets of any kind without a protective order agreed to by the parties or ordered by the court.

5. Any response to any interrogatory by TRU does not constitute an admission that the interrogatory is not otherwise objectionable and all objections are specifically reserved and preserved.

6. The responses contained in the answer are to the best of TRU's current knowledge and belief. TRU reserves the right to supplement these responses if and as additional information becomes available.

All responses herein are made on an express reservation of the General Objections set forth above and any specific objections set forth below.

## INTERROGATORIES

### Interrogatory No. 1:

Describe in detail the circumstances regarding how and when each of the Defendants first became aware of the Haritatos CANDYLAND Mark, and describe in detail any actions planned or taken with respect to Defendants' use, or intended use, of the term "CANDY LAND" or any other similar term, in connection with Defendants' products, advertising, or marketing as a result thereof.

**Response:** TRU became aware of Haritatos, the CANDYLAND mark, Haritatos' alleged use of the mark "CANDYLAND" and the existence of that mark, other than Hasbro's well-known mark, when Hasbro verbally advised that it had been sued. That advice was received on or

2           1155551.1 3/27/2006

about July 28, 2005. TRU immediately undertook steps to cease the use of the term CANDY LAND. It removed signage from its only store using the term CANDY LAND during the week of August 22, 2005.

**Interrogatory No. 2:**

Identify every person having knowledge of each formal or informal investigation, study, survey, and/or search, if any, conducted by or on behalf of any of the Defendants respecting the term "CANDY LAND" or any other similar term, and describe in detail the nature and substance of each such person's knowledge, including the results of such investigation, study, and/or search.

**Response:** TRU has never performed or had performed for it any formal or informal investigation, study, survey, and/or search, respecting the term CANDY LAND and therefore knows of no person having knowledge of such.

**Interrogatory No. 3:**

Identify by product code, package code, or other specific indicia, each product and/or service that any of the Defendants have manufactured, advertised, marketed, offered for sale, licensed, distributed, or otherwise caused to be provided in the United States, or intend to manufacture, advertise, offer for sale, license, distribute, or otherwise cause to be provided in the United States, in connection with the term "CANDY LAND" or any other similar term.

**Response:** TRU principally sold confections in bulk (i.e. from bulk bins or containers). For approximately a one year period beginning in December 2001 and ending in December 2002, TRU sold items described on Exhibit "A" attached to these responses. Exhibit "A" is designated Highly confidential pursuant to the Court's order. These items were identified by a code known

3

as SKN appearing on Exhibit "A". TRU discontinued the sale of these items upon the objection of Hasbro. All sales were to retail customers, only, at TRU's Times Square store, only.

**Interrogatory No. 4:**

For each different product and/or service that any of the Defendants has manufactured, advertised, marketed, offered for sale, licensed, distributed, or otherwise caused to be provided in the United States, in connection with the term "CANDY LAND" or any other similar term, state the volume of sales in the United States, in dollars and in individual units, for each year to the present.

**Response:**     TRU never accounted for its sale of confections by product (e.g. jelly bean sales totaled "x' number of dollars). In accordance with the plaintiff's demand stated in its Notice to Produce, a summary by month of revenue from TRU's Times Square Store candy department for the period during which TRU was presented that department as CANDY LAND will be provided once a suitable protective order has been stipulated or ordered by the court.

**Interrogatory No. 5:**

Identify every person on a supervisory, managerial, or professional level knowledgeable about any of the Defendants' intended or actual use, advertising, licensing, or promotion of products and/or services in connection with the term "CANDY LAND" or any other similar term since 1995, and describe in detail the nature and substance of each such person's knowledge.

**Response:**     Ronald Lombardi, Esq.; Michael Tabakin, Greg Staley, Warren Kornblum, Joel Anderson, Elliot Wahle, Christopher Kay, Kathleen Szymansky, each of whom was formerly employed by Toys "R" Us Kathleen Symanski is believed to be the person at TRU with greatest knowledge of the intended and actual use of the term Candy Land in conjunction with its use at TRU's Times Square store, that being the only store at which such use was made. Ronald

4

Lombardi is believed to be the most knowledgeable person at TRU with respect to negotiations with Hasbro leading to use of the term "Candy Land".

### Interrogatory No. 6:

Identify every person having knowledge of any of the Defendants' contention, if any, that Haritatos does not have rights in the Haritatos CANDY LAND Mark to assert against any of the Defendants or otherwise lacks standing to bring or maintain this lawsuit, and describe in detail the nature and substance of each such person's knowledge.

**Response:** TRU's contention that Haritatos has failed to defend the mark is not based on personal knowledge of any fact witness or any one individual at TRU, but is based on internet records showing the extensive use others have made of the terms "CANDYLAND" and "CANDY LAND" and the fact that Haritatos has not prosecuted claims against such users.

### Interrogatory No. 7:

Identify every person having knowledge of any of the Defendants' contentions, if any, that there is no substantial likelihood of confusion between Haritatos' CANDYLAND Mark and any Defendants' use of the term CANDY LAND in connection with edible products, and describe in detail the nature and substance of each such person's knowledge.

**Response:** TRU's contention that there is no substantial likelihood of confusion is based on the fact that Haritatos is a local confectioner operating in Rome, New York while TRU's use of the term CANDY LAND was limited to one store, only, located in New York City approximately 250 miles from Haritatos store. This is a contention which is not focused on the personal knowledge of any one person and it is a contention which is not based on any fact witness. Moreover, the one product which Haritatos sells which may be different or distinct is his Turkey Joints. TRU sells no product even remotely similar.

5                                                                    1155551.1 3/27/2006

**Interrogatory No. 8**:

State the basis for any of the Defendants' contention, if any, that (a) any Defendants' use of the term "CANDY LAND" is not likely to confuse, cause mistake, or deceive, purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that any of the Defendants are affiliated, connected, or associated, with Haritatos, (b) Haritatos' use of the tem "CANDYLAND" is not likely to confuse, cause mistake, or deceive purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that Haritatos is affiliated, connected, or associated with any of the Defendants, (c) any of Defendants' Edible CANDY LAND Products originate with, are sponsored by, or are approved by, Haritatos, or (d) any of Haritatos CANDYLAND Products originate with, are sponsored by, or are approved by any of the Defendants.

**Response:**     TRU's contention that there is no substantial likelihood of confusion is based on the fact that Haritatos is a local confectioner having a store in Rome, New York, while TRU's use of the term CANDY LAND was limited to one store, only, located in New York City approximately 250 miles from Haritatos store. Further, upon learning of Haritatos claim with respect to the term CANDY LAND, TRU took steps to discontinue its use by removing its signage from the its Times Square store eliminating any future confusion. Further still, Haritatos claims notoriety as the result of a product he claims as being the world famous Turkey Joints. TRU sells no product evenly remotely similar in recipe, appearance or in title.

**Interrogatory No. 9**:

Identify all persons, employed, hired, retained, or to be offered, or expected to be employed, hired, retained, or offered, by any of the Defendants as expert consultants or witnesses in connection with this lawsuit, the subjects about which each such expert has been retained or is

6                                              1155551.1 3/27/2006

intended to be retained, and the substance of any testimony or evidence any of the Defendants intend to offer through each such expert in any motion or brief submitted by any of the Defendants, or at any trial or hearing in this matter.

**Response:** TRU has hired no expert witness at this time but reserves the right to supplement this response if and when such an expert is retained,

### Interrogatory No. 10:

Identify every person having knowledge about any instances of possible confusion respecting the term "CANDY LAND" or respecting any of the Defendants' products, or respecting Haritatos' s products (such as an inquiry whether any of the Defendants' businesses were sponsored, affiliated, associated or endorsed by or connected with Haritatos, or any of the Defendants' receipt of any misdirected mail, telephone calls, orders or complaints intended for Haritatos), and for each such person, describe in detail such person's knowledge.

**Response:** To the best of TRU's knowledge, no such event ever occurred and therefore TRU knows of no such person.

### Interrogatory No. 11:

Identify every person having knowledge of any objections (a) by either Haritatos or others to any of the Defendants' use of the term "CANDY LAND" or any other similar term, or (b) by any of the Defendants to a third party's use of the term "CANDY LAND" or any similar term, and for each such person, describe in detail such person's knowledge.

**Response:** TRU knows of no instance when Haritatos objected to another's use of the term CANDY LAND, although TRU believes that Haritatos may have objected to an application for enlargement of the scope of Hasbro's use of its mark CANDY LAND. TRU has never made any

7

objection to anyone's use of the term CANDY LAND. TRU believes that individuals at Hasbro would have such knowledge.

### Interrogatory No. 12:

For each of the Defendants' defenses and/or counterclaims in this lawsuit, describe in detail in at least 100 words the factual basis and nature of such defense.

**Response:**    TRU recognizes no right in Haritatos to dictate the number of words needed to reply to this inquiry and objects to Haritatos attempt to impose a word requirement.

A search of the internet shows numerous companies using the term CANDYLAND, CANDY LAND or some substantially similar term in connection with the sale of confections. Upon information and belief Haritatos has never prosecuted claims or otherwise objected to such uses prior to this suit. Haritatos is a small, local confectioner located in Rome New York. TRU's one and only use of the term CANDY LAND occurred in New York City and that use was discontinued upon learning of Haritatos' objections. We incorporate any arguments which Hasbro asserts.

### Interrogatory No. 13:

Identify every person having knowledge of any facts forming the basis of each of the Defendants' defenses and/or counterclaims in this lawsuit, and for each such person, describe in detail such person's knowledge.

**Response:**    TRU makes no counterclaim against Haritatos. TRU's defense that Haritatos claim is barred by waiver, estoppel and laches is not dependant on any individual's knowledge but is based on internet records and files showing the extensive use of the terms CANDY LAND and CANDY LAND by others. TRU will demand documents and information from Haritatos to supplement and support its contentions in this regard.

8                                        1155551.1 3/27/2006

**Interrogatory No. 14**:

For each of Defendants' counterclaims, describe in detail in at least 100 words the nature of the damages or other monetary relief sought, and present a detailed calculation of the amount of such damages or other monetary relief.

**Response:**     TRU has asserted no counterclaims.

**Interrogatory No. 15**:

Identify every person having knowledge of the nature or calculation of any of the Defendants' damages or other monetary relief sought, and for each such person, describe in detail such person's knowledge.

**Response:**     Not applicable. See response to Interrogatory 14.

**Interrogatory No. 16**:

Identify every person having knowledge of any charge of infringement or unfair competition involving the term "CANDY LAND" or any other similar term, and for each such person, describe in detail such person's knowledge.

**Response:**     TRU does not understand this Interrogatory. If Haritatos is asking for the identification of any such person in TRU's employ or control, no such person exists other than individuals at Hasbro.

**Interrogatory No. 17**:

Identify every person having knowledge of any surveys concerning the recognition of, reaction to, impressions about, or perceptions of the term "CANDY LAND" or any other similar term or the use or the intended use of such term in connection with any products and/or services.

**Response:**     TRU knows of no such person.

9                                              1155551.1 3/27/2006

Dated:     March 27, 2006

BOND, SCHOENECK & KING, PLLC

By: _____

John G. McGowan, Esq.
(Bar Roll #501388)
*Attorneys for the Defendant,  TOYS "R" US*
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8100
Facsimile:  (315) 218-8100

TO:     Robert B. Purcell, Esq.
WALL MARJAMA & BILINSKI, LLP
*Attorneys for Plaintiff, Spero Haritatos*
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

Kim J. Landsman, Esq.
(Bar Roll No. 513364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513363)
*Attorneys for Defendant Hasbro, Inc.*
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Civil Action No. 6:05-CV-00930 |
| HASBRO, INC., a Rhode Island corporation, | ) |
| and TOYS "R" US-NY LLC, | ) |
| a New York limited liability company | ) |
| | ) |
|        Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2006, I served the foregoing upon Wall Majama & Bilinski, LLP, counsel for plaintiff, via hand delivery, to the following:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202

and upon counsel for defendant Hasbro, via first class mail, to the following address:

Kim J. Landsman, Esq.
*Attorneys for Defendant Hasbro, Inc.*
1133 Avenue of the Americas
New York, New York 10036-6710

John G. McGowan, Esq.
Bar Roll No. 501388

1155549.1 3/27/2006

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 6:05-CV-00930 |
| HASBRO, INC., a Rhode Island corporation, ) | |
| and TOYS "R" US-NY LLC, ) | |
| a New York limited liability company ) | |
| ) | |
| Defendants. ) | |

### TOYS "R" US-NY LLC RESPONSE TO
### PLAINTIFF'S FIRST SET OF REQUESTS
### FOR PRODUCTION TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

Toys "R" Us – NY, LLC ("TRU") by its attorneys of record, Bond, Schoeneck & King, PLLC,

hereby responds to Plaintiff Spero Haritatos's ("Plaintiffs") First Set of Requests for Production:

### GENERAL OBJECTIONS

1.      TRU objects to Plaintiff's Requests for Production to the extent they seek

the production of any document beyond or in addition to documents required to be produced by

the Federal Rules of Civil Procedure and the Northern District of New York Local Rules.

2.      TRU objects to each request to the extent it seeks information protected

from discovery by the attorney-client, work product, self-analysis or other applicable privileges.

Any response to these demands is not intended to be and should not be interpreted to be a waiver

of any privilege. TRU will produce a privilege log for each responsive document that is

withheld on the grounds of the aforementioned privileges. TRU will not place on the privilege

log any communications between TRU and TRU's counsel because disclosing the subject matter of such communications would inherently invade the attorney-client and work-product privileges. Any inadvertent disclosures of such information shall not be deemed a waiver of any privilege or protection with respect to such information.

3.      TRU objects to each request to the extent it seeks confidential or proprietary business or financial information or trade secrets of any kind without a suitable protective order agreed to by the parties or ordered by the court.

4.      TRU objects to each request that purports to ask it to respond on behalf of defendant Hasbro, Inc. and will not produce any document on behalf of that defendant.

5.      An agreement to produce documents in response to any request should not be construed as a representation that such documents exist, only that a good faith search for responsive documents will be undertaken.

6.      TRU 's production of any documents or things in response to any request does not constitute a waiver of any objection which TRU may have to the admissibility, authenticity, competency, or relevance of the materials produced. For any and all materials produced in response to each request, TRU reserves all objections or other questions regarding the competency, relevance, materiality, privilege or admissibility of such documents as evidence in this suit or any other proceeding, action, or trial.

7.      TRU objects to the requests to the extent that they are duplicative of other requests within the same set.

8.      TRU objects to Plaintiff's Requests to the extent that they fail to set a reasonable and relevant time period covering the documents for which the Requests seek production.

9.     The responses herein are based on TRU's current knowledge and belief, and TRU reserves the right to supplement, amend, modify or correct these responses should additional information become available.

10.     Each of the Objections and Response set forth herein is based on TRU's understanding of the requests. Many of Plaintiff's requests are vague, ambiguous, and even incoherent. Such requests necessarily require interpretation by TRU in providing answers thereto. Such interpretation by TRU may, in some or all cases, be different from that which Plaintiff intended. To the extent that Plaintiff asserts an interpretation of any request that is inconsistent with TRU's understanding, TRU reserves the right to supplement its objections and responses.

11.     TRU objects to the definitions to the extent that they purport to require TRU to answer on behalf of its predecessors. TRU can only answer as to the knowledge of its employees.

## REQUESTS

### Request No. 1:

All documents and things referring or relating to Haritatos, including without limitation, all documents and things referring or relating to the Haritatos CANDYLAND Mark.

**Response:**     TRU objects to this request as being vague and overly broad in that it seeks "all documents" and it seeks documents which would include privileged communications and self-analysis documents which are privileged . TRU asserts the privilege with respect to attorney-client communications and as to self analysis documents.

3                                        1155549 1 3/27/2006

Other than pleadings and demands served in this suit, TRU has no non-privileged documents meeting the description contained in this Request which pre-dated the date of this suit.

### Request No. 2:

All documents and things referring or relating to any of the Defendants' actual or intended use of the term "CANDY LAND" or of any other similar term in connection with Defendants' Edible CANDY LAND Products.

**Response**: TRU objects top this demand as being vague, overly broad and unduly burdensome, not limited to a reasonable time frame and to the extent that the demand may seek attorney-client communications it seeks material which is privileged. Please see documents Bates stamped # TRU 000001 through TRU 0000243 previously provided.

### Request No. 3:

All documents and things supporting, derogating from, or otherwise referring or relating to, any of the Defendants' contention, if any, that there is no substantial likelihood of confusion between Haritatos CANDYLAND Mark and the "CANDY LAND" mark used or intended to be used in connection with Defendants' Edible CANDY LAND Products.

**Response:** TRU has no documents meeting the description contained in this Request.

### Request No. 4:

All documents and things supporting, derogating from, or otherwise referring or relating to, (a) any Defendants' use of the term "CANDY LAND" is not likely to confuse, cause mistake, or deceive, purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that any of the Defendants are affiliated, connected, or associated, with Haritatos, (b)

4                                                                    1155549 1 3/27/2006

Haritatos' use of the term "CANDYLAND" is not likely to confuse, cause mistake, or deceive purchasers or consumers of Defendants' Edible CANDY LAND Products into believing that Haritatos is affiliated, connected, or associated with any of the Defendants, (c) any of Defendants' Edible CANDY LAND Products originate with, are sponsored by, or are approved by, Haritatos, or (d) any of Haritatos CANDYLAND Products originate with, are sponsored by, or are approved by any of the Defendants.

**Response:**    TRU has no documents meeting the description contained in this Request.

### Request No. 5:

All documents and things referring or relating to any study, analysis, survey, investigation, or opinion referring or relating to the term "CANDY LAND", the term "CANDYLAND", or to any other similar term.

**Response:**    TRU has no documents meeting the description contained in this Request.

### Request No. 6:

All documents referring or relating to each and every expert witness employed, hired, retained, or consulted by or for any of the Defendants in connection with either the term "CANDY LAND", the term "CANDYLAND", or any other similar term or in connection with this lawsuit.

**Response:**    TRU has no documents meeting the description contained in this Request.

### Request No. 7:

All documents consulted or referred to by each and every expert witness employed, hired, retained, or consulted by or for any of the Defendants in connection with either the term

5

"CANDY LAND", the term "CANDYLAND", or any other similar term or in connection with this lawsuit.

**Response:**    TRU has no documents meeting the description contained in this Request.

### Request No. 8:

See response to Production Notice 29.

### Request No. 9:

All documents referring or relating to revenue for any period of a month or longer from the distribution or sale of to entities in the United States of Defendants' Edible CANDY LAND Products.

**Response:**  See response to #8

### Request No. 10:

All documents referring or relating to revenue for any period of a month or longer from the distribution or sale to entities in the United States of each of the following products in connection with which the term "CANDY LAND" was used:

  (a)    board games with movable pieces;

  (b)    book;

  (c)    beach towels;

  (d)    phonograph records;

  (e)    computer game programs;

  (f)    playing cards; and

6                              1155549.1 3/27/2006

(g)     any other products that any of the Defendants contend are "geared toward children that are a natural extension of the board game".

**Response**:     TRU has no documents meeting the description contained in this Request

### Request No. 11:

All documents referring or relating to any of the Defendants' first knowledge of the Haritatos CANDYLAND mark or Haritatos' use of the term "CANDYLAND".

**Response**:     TRU objects to this request as being incomprehensible, vague and overly broad in that it seeks "all documents".

TRU's first knowledge of Haritatos claimed usage of the term "CANDYLAND" came when it learned of the commencement of this suit.  There are no documents meeting the description requested.

### Request No. 12:

All documents referring or relating to actions taken by any of the Defendants, if any, upon learning of Haritatos CANDYLAND Mark or Haritatos' use of the term "CANDYLAND".

**Response**:     See Documents Bates Stamped #TRU 000245 through 253; 255 through 267; 269; 272-273; 277 through 284

### Request No. 13:

All documents and things supporting, derogating from, or otherwise referring or relating to any of the Defendants' first uses of the term "CANDYLAND" or any other similar term in

7                                                    1155549.1 3/27/2006

connection with any products and/or services, including, but not limited to, any of the

Defendants' Edible CANDY LAND Products.

**Response**:    See document Bates Stamped # TRU 000001 through TRU 000243.

### Request No. 14:

All documents referring or relating to communications between any of the Defendants

and any person other than a potential consumer to whom any of the Defendants have sold,

leased, licensed, or otherwise provided, or intend to sell, lease, license, or otherwise provide,

Defendants' Edible CANDY LAND Products.

**Response**:    TRU has no documents meeting the description contained in this Request.

### Request No. 15:

All documents referring or relating to any of the Defendants' contention, if any, that

Haritatos lacks standing to bring or maintain this lawsuit.

**Response**:    TRU has no documents meeting the description contained in this Request.

### Request No. 16:

All documents referring or relating to any of the Defendants' contention, if any, that

Haritatos is not the owner of all right, title, interest, and goodwill in, the Haritatos

CANDYLAND Mark.

**Response**:    An internet search using the term "Candy Land" or "Candyland" is available to

the public , generally, and therefore to the plaintiff and shows that these terms have been used for

the presenting of edible products to the market place by numerous providers of confections and

demonstrate that the plaintiff has therefore failed to defend his mark. Indeed, Plaintiff's pleading show that he has failed to defend his mark in that he did not commence this suit for nearly four years after TRU's use of the highly recognized Hasbro mark.

**Request No. 17:**

All documents and things referring or relating to use of the term "CANDY LAND" or any other similar term by any person or entity other than any of the Defendants and Haritatos.

**Response:**     See Response to Request #16.

**Request No. 18:**

All documents referring or relating to communications or to the nature of the relationship between Hasbro and TRU concerning the term "CANDY LAND" or any other similar term.

**Response:**     See documents Bates Stamped TRU 000001 through TRU 000243.

**Request No. 19:**

All documents referring or relating to any negotiations for or consummation of any assignment, license, or other transfer of rights in or to the term "CANDY LAND" or any other similar term.

**Response:**     See documents Bates Stamped TRU 000001 through TRU 000243.

**Request No. 20**:

All documents relating or referring to any of the Defendants' policies or procedures for the creation, distribution, storage, or and destruction of documents, e-mails, electronic documents, or other records.

**Response**:     TRU will provide a copy of its Corporate Records Management Program Guide, Bates Stamped # 000357 through 438, when there is a suitable protective order agreed to by the parties or ordered by the Court.

**Request No. 21**:

All e-mails in any of the Defendants' possession, custody, or control referring or relating to the Haritatos CANDYLAND Mark, the Haritatos CANDYLAND Products, or the Defendants' Edible CANDY LAND Products.

**Response**:     See response to Production Notice #12.

**Request No. 22**:

All documents authored, created, or disseminated by, or apparently authored, created, or disseminated by Haritatos in any of the Defendants' possession, custody, or control.

**Response**:     TRU has no documents meeting the description contained in this Request.

**Request No. 23**:

All documents sufficient to show any of the Defendants' organization and corporate structure, including without limitation, organizational charts and documents describing the duties

10                                    1155549.1 3/27/2006

and responsibilities of any of the Defendants' employees at a supervisory, managerial, or professional level.

**Response**:     TRU objects to this request on the specific grounds that it presents no time frame

**Request No. 24**:

All documents referring or relating to any trademark applications or trademark registrations, whether pending, allowed, live, or dead, involving the term "CANDY LAND" or to any other similar term.

**Response**:     TRU has no documents meeting the description contained in this Request.

**Request No. 25**:

All documents identified or referenced in any of the Defendants' responses to interrogatories served in the lawsuit.

**Response**:     TRU objects to this request as being vague and overly broad in that it seeks "all documents" and it seeks documents which would include privileged communications and self-analysis documents  which are privileged .  TRU asserts the privilege with respect to attorney-client communications and as to self analysis documents.

**Request No. 26**:

A representative sample of each product in connection with which any of the Defendants have used the term CANDY LAND or any other similar term, including, but not limited to, Defendants' Edible CANDY LAND Products.

**Response**:  See documents bates stamped # TRU 000270 and 000271.

**Request No. 27**:

(a)     A representative sample of each different Internet website, tag, label, invoice form, purchase order form, container, brochure, catalog, sign, price list, point-of-purchase material, advertisement, promotional material, product information sheet, pamphlet, circular, press release, television or radio commercial, scripts of speech, and story board referring to the term "CANDY LAND" or any other similar term.

(b)     Every document referring or relating to the number of each such type of documents or things printed or otherwise created or to the scope and nature of the distribution or use of such documents or things.

**Response**:     See documents Bates Stamped # 000294 through 00356.

**Request No. 28**:

(a)     A representative sample of each different label, container, carton, packaging, and wrapper referencing the term "CANDY LAND" or any other similar term.

(b)     Every document referring or relating to the number of each such type of documents or things printed or otherwise created or to the scope and nature of the distribution or use of such documents or things.

**Response**:     See response to Production Notice # 26.  See also, documents Bates Stamped # TRU 000257, 259, 268 and 274.

**Request No. 29**:

Every document comprising a summary of the revenues or expenses for any period of a month or longer of any of the Defendants' business associated with products in connection with

which the term "CANDY LAND" or any other similar term has been used or has been licensed for use, including, but not limited to, any of the Defendants' business associated with Defendants' Edible CANDY LAND Products.

**Response**: TRU will provide a copy of the requested revenue summary, Bates Stamped # 000441 through 444, when there is a suitable protective order agreed to by the parties or ordered by the Court.

**Request No. 30**:

Every document referring or relating to or showing the registration or use of the term "CANDY LAND" or any other similar term on the Internet or similar service either as part of a domain name or otherwise.

**Response**:   TRU has no documents meeting the description contained in this Request.

**Request No. 31**:

Every document comprising or referring or relating to a trade journal, magazine, newspaper or other media article referencing the term "CANDY LAND" or any other similar term.

**Response**:   See documents TRU 000297 through 000356.

**Request No. 32**:

Every document referring or relating to any of the Defendants' consideration of using the term "CANDY LAND" in connection with any edible products or its decision to adopt and intent to use the term "CANDY LAND".

**Response**:     See documents Bates Stamped TRU 000001 through 000243, previously

provided.


**Request No. 33**:

Every document referring or relating to any name, term, or mark ever considered by any

of the Defendants as an alternative to using the term "CANDY LAND".

**Response**:     TRU has no documents meeting the description contained in this Request.


**Request No. 34**:

Every document referring or relating to any recommendation or advice given to any of

the Defendants not to adopt or use the term "CANDY LAND" or any other similar term or to

obtain permission from another to use the term "CANDY LAND" or any other similar term.

**Response**:     TRU has no documents meeting the description contained in this Request.


**Request No. 35**:

Every document referring or relating to any profiles or characteristics of any of the

Defendants' customers for any product in connection with which the term "CANDY LAND" has

been used or is intended to be used.

**Response:**     TRU has no documents meeting the description contained in this Request.


**Request No. 36**:

Every document referring or relating to the nature of the channels of distribution of any

product in connection with which the term "CANDY LAND" has been used or is intended to be

used.

**Response:**  See documents Bates Stamped TRU 000001 through TRU 000243.

**Request No. 37:**

Every document comprising referring to any marketing plan for any product in

connection with which the term "CANDY LAND" has been used or is intended to be used.

**Response:**     TRU has no documents meeting the description contained in this Request.

**Request No. 38:**

Every document referring or relating to any search relating to the registration or use by

others of the term "CANDY LAND" or any other similar term or to determine whether the term

"CANDY LAND" or any other similar term was available for use or registration.

**Response:**     TRU has no documents meeting the description contained in this Request.

**Request No. 39:**

Every document referring or relating to any state, national, or other applications to

register the term "CANDY LAND" or any other similar term.

**Response:**     TRU has no documents meeting the description contained in this Request.

**Request No. 40:**

Every document referring or relating to any surveyor other investigation respecting the

recognition of, reaction to, impressions about, or perceptions of the term "CANDY LAND" or

any other similar term or the use or intended use of such term in connection with any products and/or services.

**Response**:    TRU has no documents meeting the description contained in this Request.

### Request No. 41:

Every document referring or relating to any instances of possible confusion respecting the term "CANDY LAND", respecting Haritatos, or respecting Haritatos' products (such as an inquiry whether any of the Defendants' business was sponsored, affiliated, associated or endorsed by or connected with Haritatos or any of the Defendants' receipt of any misdirected mail, telephone calls orders or complaints intended for Haritatos).

**Response**:    TRU has no documents meeting the description contained in this Request.

### Request No. 42:

Every document referring or relating to any objections by either Haritatos or others to any of the Defendants' use or intended use of the term "CANDY LAND" or any other similar term.

**Response**:    The only document in TRU's possession meeting the description requested is the plaintiff's complaint.

### Request No. 43:

Every document referring or relating to any charge of infringement, false advertising, or unfair competition involving the term "CANDY LAND" or any other similar term.

**Response**:    TRU has no documents meeting the description contained in this Request.

**Request No. 44**:

Every document referring or relating to facts forming the basis of any of the Defendants'
defenses and/or counterclaims in this lawsuit.

**Response**:     TRU objects to this request as being overly broad, vague, and ambiguous.  TRU
has asserted no counterclaims.


**Request No. 45**:

Every document referring or relating to any investigation by, review by, or opinions of
any investigators, consultants, or experts concerning the term "CANDY LAND" or any other
similar term or concerning this lawsuit.

**Response**:     TRU has no documents meeting the description contained in this Request.


Dated:  March 27, 2006

BOND, SCHOENECK & KING, PLLC

By: _____

John G. McGowan, Esq.
(Bar Roll #501388)
*Attorneys for the Defendant,  TOYS "R" US*
One Lincoln Center
Syracuse, New York 13202
Telephone:  (315) 218-8100
Facsimile:  (315) 218-8100


TO:     Robert B. Purcell, Esq.
WALL MARJAMA & BILINSKI, LLP
*Attorneys for Plaintiff, Spero Haritatos*
101 South Salina Street #400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

17

Kim J. Landsman, Esq.
(Bar Roll No. 513364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513363)
*Attorneys for Defendant Hasbro, Inc.*
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

1155549.1 3/27/2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual )<br><br>Plaintiff, )<br><br>vs. )<br><br>HASBRO, INC., a Rhode Island corporation, )<br>and TOYS "R" US-NY LLC, )<br>a New York limited liability company )<br><br>Defendants. ) | Civil Action No. 6:05-CV-00930 |

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2006, I served the foregoing upon Wall Majama & Bilinski, LLP, counsel for plaintiff, via hand delivery, to the following:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202

and upon counsel for defendant Hasbro, via first class mail, to the following address:

Kim J. Landsman, Esq.
*Attorneys for Defendant Hasbro, Inc.*
1133 Avenue of the Americas
New York, New York 10036-6710

John G. McGowan, Esq.
Bar Roll No. 501388