UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SPERO HARITATOS,

                              Plaintiff,

      vs.                                                    6:05-CV-930
                                                                   (J. Hurd)

HASBRO, INC., et al.,

                              Defendants.
_____

## ORDER

Presently before the court is plaintiff's motion to amend the complaint. (Dkt. No. 26). Defendant Hasbro[1] opposes the amendments to the extent that plaintiff seeks to add requests for injunctive relief that would require defendant Hasbro to refrain from opposing plaintiff's request for trademark registration of its "CANDYLAND" mark and would prohibit defendant Hasbro from seeking to register its trademark "CANDY LAND" for use with beverages. Proposed Amended Complaint ¶¶ I & J. (Dkt. No. 31). Plaintiff has filed a reply. (Dkt. No. 33). For the following reasons, this court agrees with plaintiff and will allow the amendments.

## DISCUSSION

**1.**    <u>**Motion to Amend**</u>

Generally, the court has discretion whether or not to grant leave to amend [a pleading]. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, in exercising this discretion, the court must act pursuant to Fed. R. Civ. P. 15(a), granting leave to

---

[1] There are two defendants in this action, however, defendant Toys-R-Us is merely the store in which Hasbro is using the "CANDY LAND" trademark in connection with sales of candy. Defendant Toys-R-Us has not filed any papers in conjunction with this motion to amend.

amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a); *Id*. at 182.  In deciding whether to exercise its discretion, the court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City School District*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman*, 371 U.S. at 182).  The court must also examine whether there will be prejudice to the opposing party. *Kovian v. Fulton County National Bank*, 86-CV-154, 1992 U.S. Dist. LEXIS 7023 (N.D.N.Y. May 13, 1992).  Finally, where it appears that granting leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of discretion to deny leave to amend. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)(citations omitted).

In this case, plaintiff seeks to add requests for injunctive relief.  He does not request to add new causes of action or new defendants.  Defendant Hasbro opposes the amendment because Hasbro argues that even if plaintiff is successful in this litigation, plaintiff could not obtain the relief he seeks in the proposed amendments.  Thus, defendant argues that the court should deny the proposed amendments as futile.

An amendment is futile if a proposed claim could not withstand a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)(citation omitted).  Under Rule 12(b)(6), the court may dismiss a claim only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Plaintiff in this case wishes to add two new requests for relief. The original complaint contained a request for injunctive relief, preventing defendants[2] from using the term "CANDY LAND" or any other similar mark in any manner under various circumstances. Complaint ¶¶ A-E. Plaintiff wishes to add two paragraphs. The first new paragraph requests an injunction that would prevent defendants from "directly or indirectly" opposing plaintiff's pursuit of trademark registration of the term "CANDYLAND" or any other similar term for *edible* products, including the pursuit of the registration that plaintiff is currently pursuing. Proposed Amended Complaint (PAC) ¶ I. The second new paragraph requests an injunction preventing defendants from pursuing the trademark registration of the term "CANDY LAND" or any other similar mark for edible products, including preventing defendant Hasbro from pursuing the trademark registration that is currently pending. PAC ¶ J.

Defendant Hasbro opposes these additions and argues that granting this relief to plaintiff would violate the *Noerr-Pennington* doctrine. In *Eastern Railroad Presidents' Conference v. Noerr Motor Freight*, 365 U.S. 127 (1961), the Supreme Court held that the Sherman Anti-Trust Act prohibits "combinations" in restraint of trade, but does *not* prevent two or more individuals or organizations from associating together in an attempt to persuade the legislature to take a particular action with respect to a law that would produce a restraint or monopoly. The anti-trust law does not prohibit group solicitation of governmental action. *Id.* The Court stated that a construction of the Sherman Act that would disqualify people from taking a public

---

[2] The complaint does refer to *defendants*, not merely defendant Hasbro.

3

position on matters in which they are financially interested would not only deprive the Government of a source of information, but would deprive people of their right to petition the Government in circumstances in which that right may be of great importance. 365 U.S. at 139.  This is true even when the purpose of the solicitation of governmental action is anti-competitive. *Id.* at 139-40.

In *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), the Supreme Court made it clear that joint efforts to influence public officials did not violate the anti-trust laws, regardless of intent or purpose.  In *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 511 (1972), the Supreme Court held that these "anti-trust immunity" principles extend to situations where groups use the courts to advocate their causes and points of view regarding resolution of their business and economic interests with competitors.  The Court also made it explicit that this immunity extended to the right to petition all departments of the Government. *Id.* at 510.

Defendants in this case argue that it would be futile to allow the amendments requested by plaintiff because it would prevent defendant Hasbro from future petitioning to register its trademark, and would prevent defendant from opposing the registration of plaintiff's mark, thus impairing defendant Hasbro's access to a government agency, violating what has come to be known as the *Noerr-Pennington* doctrine.  This court does not agree with defendants.

The *Noerr-Pennington* line of cases create an ***anti-trust immunity*** for individuals or companies that combine to challenge a law, whether before a court or a

4

government agency, even if the result of that challenge has anti-competitive motivation or results. Defendants ask this court to interpret these cases to prohibit the court from issuing an injunction that would allegedly prevent defendant Hasbro from either opposing plaintiff's registration of its trademark for certain purposes or from attempting to register its own trademark. Defendant states that courts have applied the *Noerr-Pennington* doctrine to cases other than anti-trust. Defendant also argues that the issue in a trademark *registration* case is not the same as in a trademark *infringement* case, and a decision in one case in not necessarily preclusive of the other case.

This court finds that the cases cited by defendants are distinguishable particularly at ***this stage*** of the litigation. The *Noerr-Pennington* doctrine and the courts' extensions of its application all deal with access to courts and agencies where this access might normally be barred by the anti-trust laws. The doctrine protects access to these tribunals even when the result of the action is the elimination of competition. The doctrine does not, however, apply to a situation in which a court enforces a judgment by preventing the losing party from taking actions that would be contrary to that judgment. In *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 578 (5th Cir. 2005), the court specifically stated that "it was within the district court's discretionary power to issue an injunction prohibiting Singh from pursuing registration of the 'Test Masters' marks in the PTO [Patent and Trademark Office], mandating that Singh withdraw his current application pending before the PTO, and enjoining him from refiling such application."

The Fifth Circuit in *Test Masters* also agreed that the District Court was authorized issue an injunction preventing Singh from opposing the registration of certain marks with the PTO. *Id.* In doing so, however, the Fifth Circuit also made it clear that even though the District Court had this authority, any injunction issued must be "narrowly drawn and precise." *Id.* The fact that plaintiff in this case has requested a certain type of injunction does ***not*** mean that the court must issue that injunction if plaintiff succeeds in this action. Additionally, the type of injunction issued would depend on the ultimate findings regarding infringement. Plaintiff would have to prevail before ***any injunction*** is issued. Then, as stated above, the court would have the ***discretion*** to formulate the appropriate injunction.

Defendant argues that in *Test Masters*, the parties were direct competitors for the same type of service, thus, an injunction was appropriate, whereas in this case, plaintiff and Hasbro do not compete with each other at all. Defendants also argue that the issues in the PTO are different than the issue in this case. The issue here is whether allowing Hasbro to use the term "CANDY LAND" for a candy department in the Toys-R-Us Times Square Store infringes upon plaintiff's registered trademark. Defendant Hasbro states that the issues currently in the PTO involve plaintiff's application to register its trademark for ***ice cream***, and defendant Hasbro's attempt to register its trademark for ***beverages***. Plaintiff, instead, views the issues as similar because the products involved are all "edible" products, and the proposed amendment asks for injunctions relating to the registration of the trademark for use with "edible" products. Hasbro's current registrations do not involve edible products. (Dkt. No. 31,

6

Defendant Hasbro's Memorandum of Law at 4).

It must also be remembered that this is a motion to amend, and although the defendants' claim is futility, this court cannot find that plaintiff could under *no* set of facts obtain the injunction that it seeks. In order to make such a finding, this court would have to determine that a finding in plaintiff's favor on infringement of its trademark by defendant's use of the trademark for ***candy*** could never justify an injunction upon Hasbro's attempt to register the trademark for ***beverages***. The court would have to find that the registration of plaintiff's trademark for candy could never cover all "edible" products.[3] Given the holding in *Test Masters* that injunctions upon PTO proceedings ***are available*** to the prevailing party in a federal court trademark infringement action, this court is not in a position to decide these issues at this point in the litigation. This court does not find that it is appropriate to turn the motion to amend into a discussion of the ultimate merits of this action and makes ***no*** findings regarding the merits.

Thus, the court will allow plaintiff to amend its complaint as it requests to add the two prayers for relief. Whether the injunctions are ultimately found to be appropriate or available, first depends upon plaintiff prevailing in the underlying action, and second, depends on whether the injunctions would be appropriate as requested or whether they would have to be more narrowly tailored to fit the degree of

---

[3] The court does understand that opposition to trademark registration does not mean that the opposing party has the right to "exclusive" use of the mark. *See Major League Baseball Props. v. Opening Day Prods.*, 385 F. Supp. 2d 256, 270 (S.D.N.Y. 2005)(citing 15 U.S.C. § 1063)(any person who believes that he would be damaged by the registration of the mark may file an opposition in the Patent Office and cite the grounds for the opposition).

success achieved by plaintiff in the federal court action. The court will *then* determine if an injunction is necessary to enforce its judgment on infringement.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to amend the complaint (Dkt. No. 26) is **GRANTED**, and plaintiff may file and serve the proposed amended complaint.

Dated: May 24, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge