# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------ x
SPERO HARITATOS,

            Plaintiff,

      - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

            Defendants.
------------------------------------ x

05 Civ. 930 (DNH/GJD)

## DEFENDANT HASBRO, INC.'S
## RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP, hereby responds to Plaintiff's First Set of Interrogatories To Defendants:

### GENERAL OBJECTIONS

1      Hasbro objects to Plaintiff's Interrogatories to the extent they seek to impose obligations in addition to or different from those embodied in the Federal Rules of Civil Procedure and the Northern District of New York Local Rules.

**Objections and Response:**

Hasbro objects to this interrogatory as unduly burdensome, overbroad, vague and ambiguous. Hasbro further objects to this interrogatory as seeking confidential or proprietary information without entry of a suitable protective order.

Subject to and without waiving the foregoing and General Objections, and subject to a suitable protective order, Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing documents from which the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as it would be for Hasbro.

**Interrogatory No. 5:**

Identify every person on a supervisory, managerial, or professional level knowledgeable about any of the Defendants' intended or actual use, advertising, licensing, or promotion of products and/or services in connection with the term "CANDY LAND" or any other similar term since 1995, and describe in detail the nature and substance of each such person's knowledge.

**Objections and Response:**

Hasbro objects to this interrogatory as overbroad. Hasbro further objects as unduly burdensome the identification of "every" person with knowledge of the facts relating to Hasbro's use in the United States of the term CANDY LAND, a mark that has been used on numerous and varied products. Subject to and without waiving the foregoing and the General Objections, Hasbro identifies the following employees as having the most knowledge of Hasbro's use, advertising, licensing, or promotion of CANDY LAND products:

Mark Blecher, Senior Vice President, Hasbro Games Group (2004-present). Mr. Blecher is responsible for and knowledgeable concerning all aspects of marketing of Hasbro games, including the CANDY LAND brand products.

Bryony Bouyer, Senior Vice President, Hasbro Properties Group (2004-present). Ms. Bouyer is responsible for and knowledgeable concerning all aspects of the licensing of

6

Hasbro properties, including the CANDY LAND brand products. Ms. Bouyer has been an employee of Hasbro since 2000.

Tom Klusaritz, Vice President, Hasbro Properties Group (1999-present). Mr. Klusaritz is responsible for and knowledgeable concerning all aspects of licensing of Hasbro properties, including the CANDY LAND brand products. Mr. Klusaritz reports to Ms. Bouyer.

Lee McLaughlin, former Director, Licensing, Hasbro Properties Group. Mr. McLaughlin was responsible for and knowledgeable concerning licensing of Hasbro properties, including the CANDY LAND brand products. Mr. McLaughlin was an employee of Hasbro between 1996 and 2005.

Mark Morris, Director, Public Relations, Hasbro Games (1998-2005). Mr. Morris was responsible for coordinating and knowledgeable concerning all public relations activities related to Hasbro's games, including the CANDY LAND game. His duties included coordinating press releases, responding to media inquiries, and interacting with consumers with respect to any questions or concerns they may have about any of Hasbro's games. In addition, Mr. Morris was responsible for special events designed to attract publicity for CANDY LAND, such as the recent 55th anniversary of the game. Mr. Morris had responsibilities for the CANDY LAND game as an employee of Hasbro since 1986.

Jane Ritson-Parsons, President, Hasbro Properties Group (2001-present). Ms. Ritson-Parsons is responsible for and knowledgeable concerning all aspects of marketing and licensing worldwide of the Hasbro properties, including the CANDY LAND brand products. Ms. Ritson-Parsons has been an employee of Hasbro since 1992.

Pat Schmidt, Vice President, Consumer Products, North America, Hasbro Properties Group (1989-2004). Ms. Schmidt was responsible for and is knowledgeable

7

concerning the domestic licensing of all Hasbro properties (except for publishing), including the CANDY LAND mark. Since 2004, Tom Klusaritz, has assumed some of these responsibilities.

Mark Stark, Vice President, Marketing, Hasbro Games (1999-present). Mr. Stark is responsible for and knowledgeable concerning the marketing of the Milton Bradley brand portfolio, which includes preschool games, children's games and puzzles. As such, he oversees the CANDY LAND brand, which is part of the preschool games category, including any marketing, advertising, promotion and packaging activities, as well as the strategy and direction of any new product development within the CANDY LAND brand. Mr. Stark has had responsibilities for CANDY LAND as an employee of Hasbro since 1993.

Mark Sullivan, Senior Vice President, Sales & Administration, Hasbro Games Group. Mr. Sullivan is responsible for and knowledgeable concerning all aspects of sales related to the Hasbro game products, including the CANDY LAND game. Mr. Sullivan is also responsible for and knowledgeable concerning Hasbro's key sales accounts, including Toys "R" Us.

Helen Van Tassel, Marketing/Public Relations Specialist, Hasbro Games (1998-present). Ms Van Tassel was the assistant to the Director of Public Relations. Ms. Van Tassel's duties include coordinating press releases, responding to media inquiries, and interacting with consumers with respect to any questions or concerns they may have about any of Hasbro's games.

**Interrogatory No. 6:**

Identify every person having knowledge of any of the Defendants' contention, if any, that Haritatos does not have rights in the Haritatos CANDYLAND Mark to assert against any of the Defendants or otherwise lacks standing to bring or maintain this lawsuit, and describe in detail the nature and substance of each such person's knowledge.

8