**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

Robert E. Purcell
E-Mail: rpurcell@wallmarjama.com

U.S. MAGISTRATE JUDGE - N.D. OF N.Y.
RECEIVED
JUN 5 2006
AT____ O'CLOCK____
Hon. Gustave J. DiBianco



6/6/06

**ORDER** — This letter-
(Dkt #55) motion is granted.
The court hereby schedules
a telephone conference ~~this~~
on these and other issues for
Friday June 9th at 11:00 AM.
All attorneys are directed to
participate or have a
member of their firm participate.

GJDiBianco USMJ

June 2, 2006

FILED ELECTRONICALLY USING CM/ECF
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

Re:  Haritatos v. Hasbro
     Civil Action No. 05-CV-930
     Our File No. 115_003

Dear Magistrate Judge DiBianco:

    Plaintiff, Spero Haritatos, unfortunately needs to request your assistance in resolving two more discovery disputes with Defendant Hasbro, Inc. Your Courtroom Deputy Clerk, Kathy Gridley, suggested that Plaintiff's undersigned counsel raise these issues by submitting a letter electronically to you.

    The resolution of one of the disputes is relatively urgent, since it involves a deposition scheduled for June 21, 2006. Plaintiff has scheduled a series of depositions in Providence, Rhode Island generally directed to Hasbro's current and former employees for June 20, 21, and 22, 2006. Plaintiff seeks to take the deposition of Pat Schmidt, however, Hasbro has been stubbornly uncooperative about providing information that would reveal Ms. Schmidt's whereabouts so that Plaintiff may serve a deposition subpoena.

    Ms. Schmidt is a person that Hasbro acknowledges has extensive relevant information concerning the issues in the lawsuit. Hasbro's responses to Plaintiff's interrogatories in the related Trademark Office action repeatedly list Ms. Schmidt as having the most knowledge of a host of relevant matters. Each of several responses identifies Ms. Schmidt as "Pat Schmidt, Vice President, Consumer Products, North America, Hasbro Properties Group". The interrogatory responses are dated April 12, 2004, and presumably Ms. Schmidt was an employee of Hasbro at that time.

    In connection with the instant lawsuit, Hasbro's initial disclosures provided October 27, 2005 and Hasbro's amended initial disclosures provided April 7, 2006 do not even identify Pat Schmidt as being an "individual likely to have discoverable information that Hasbro may use to support its claims".

Magistrate Judge DiBianco
June 2, 2006
Page 2



      Although Hasbro expressly identified Pat Schmidt as one of Hasbro's employees "having the most knowledge" of the subject matter of the interrogatories in the Trademark Office proceeding, Hasbro's responses to interrogatories in the instant lawsuit expressly mention Pat Schmidt only once, in response to Interrogatory No. 5, a copy of which is attached hereto as Exhibit A. Hasbro's responses to interrogatories was dated November 18, 2005, but did not provide any addresses or telephone numbers associated with Ms. Schmidt, even though the interrogatory definitions demanded the following:

> D. Wherever the identification of a person is requested, and such person is a natural person, such identification shall include the full name or designation of the person, the present or last known residence address of the person, the person's position or title and the address of his place of employment or business, and the person's last known residence and/or business telephone numbers.

See attached Exhibit B.

      On May 24, 2006 Plaintiff's attorney sent an e-mail to Hasbro's attorney requesting the current address and telephone number of three former Hasbro employees, including Pat Schmidt. Hasbro's attorney responded by providing an address for Pat Schmidt, but no telephone number whatsoever. Plaintiff's attorney performed a mapquest search for the address given for Pat Schmidt, but found that no such address exists according to mapquest. Plaintiff's attorney also performed a search under "whitepages.com", but has been unsuccessful in finding any Pat Schmidt in the Rhode Island area who was employed by Hasbro.

      Plaintiff's attorney sent another e-mail to Hasbro's attorney dated June 1, 2006 requesting Hasbro to re-investigate the last known address for Pat Schmidt and to provide Pat Schmidt's last known telephone number. Hasbro's attorney responded by e-mail June 1, 2006 stating that the address given was the last known address that Hasbro has for Ms. Schmidt and refusing to provide any last known telephone number or other information, alleging that, "We are under no obligation to provide you with any additional information in this regard."

      It appears that Hasbro is intentionally trying to hide a witness that Hasbro acknowledges has the most knowledge of much factual information relevant to this lawsuit. Plaintiff seeks Your Honor's assistance in compelling Hasbro to re-investigate whatever addresses and telephone numbers or other contact information Hasbro has for Ms. Schmidt, including, but not limited to her residence address and telephone number, any cell phone number, and any name, address, telephone number of her current employer.

      Plaintiff also seeks your assistance in resolving a second discovery matter. Hasbro served subpoenas duces tecum on Sharon Haritatos and Olga Haritatos compelling their attendance at depositions on May 17 and 18, 2006. Hasbro did not provide any check in

Magistrate Judge DiBianco
June 2, 2006
Page 3



payment of the witness fee and the mileage fee, as is required by Rule 45 in connection with the service of the subpoenas. Hasbro's attorney was informed of this deficiency and brought checks to the depositions, however, the checks were for only the witness fee of $40.00, and did not include any mileage fee. Moreover, Hasbro did not take the deposition of Sharon Haritatos on the date set forth in her subpoena, and requested that she come back for a deposition the next day, which she did. At the depositions, on at least two separate occasions, Hasbro's attorney promised to promptly pay an additional witness fee for an additional day for Sharon Haritatos and to pay the mileage fees for Sharon Haritatos. A copy of pages 322 and 323 at the end of the transcript of the deposition of Spero Haritatos taken May 17, 2006 are attached hereto as Exhibit C clearly define this situation and understanding. During deposition the next day, Plaintiff's attorney orally told Hasbro's attorney of the mileages (two days, one for 90 miles round trip and the other for 40 miles round trip) and for Olga Haritatos (one day at 40 miles round trip), and Hasbro's attorney wrote notes of this information.

By e-mail dated May 24, 2006, Plaintiff's attorney asked Hasbro's attorney to "Please let me know when I should expect to receive the checks that you promised to send to me for the additional day witness fee for Sharon Haritatos and the mileage fees for Sharon Haritatos (two days, one for 90 miles round trip and the other for 40 miles round trip) and Olga Haritatos (one day at 40 miles round trip)." By responsive e-mail dated May 25, 2006 Hasbro's attorney simply stated that "I should have the additional witness fees you requested shortly." To date, over two weeks after the depositions have concluded, Plaintiff's attorney has still not received any of the promised checks, nor has Plaintiff's attorney received any indication of when he may expect to receive such checks.

Plaintiff seeks Your Honor's assistance in ordering Hasbro to pay the witness fee and mileage fees to Plaintiff's attorney within 24 hours after the order. Plaintiff regrets that this issue has risen to your attention.

Respectfully Submitted,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml
cc: Michael D. Sant'Ambrogio, by first class mail
    John McGowan, by first class mail