# EXHIBIT  2

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas     New York, NY 10036-6710     212.336.2000     fax 212.336.2222     www.pbwt.com

April 17, 2006

**By E-Mail and Mail Confirmation**

Michael D. Sant'Ambrogio
(212) 336-2436
Direct Fax (212) 336-7948
mdsantambrogio@pbwt.com

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY  13202

> Re:   **Haritatos v. Hasbro**

Dear Bob:

I am writing concerning deficiencies in Haritatos's Responses to Hasbro's First Set of Requests to Plaintiff For Production of Documents and Things.

First, Haritatos's production of documents in the Trademark Trial and Appeal Board ("TTAB") proceeding does not obviate the need for him to produce documents in this proceeding if they are responsive to Hasbro's discovery requests. As you are aware, an order for protecting confidentiality of information covering discovery in the TTAB proceedings limits the use of confidential material to the TTAB proceeding. Neither Hasbro nor Haritatos may use any of the confidential material produced in the TTAB proceeding in this case without the other's express permission. Moreover, Toys "R" Us was not a party to the TTAB proceeding and has not received any of the documents produced therein. Accordingly, please immediately produce all responsive documents produced in the TTAB proceedings or provide us with written permission to use them and provide copies to our co-defendant (*i.e.*, documents numbered STH 000001-STH 000096), as well as the transcript and exhibits to Spero T. Haritatos's February 16, 2005 deposition, in the present litigation.

Second, Haritatos asserts the same boiler-plate objections to each of Hasbro's requests for production. In most cases, the reason for the objections is not at all apparent. In many cases, the objections are absurd. Solely by way of example, Hasbro's first request for production seeks "Two samples of any actual or intended products and services by Plaintiff in the United States that bear Plaintiff's CANDYLAND mark." The request is simple and straightforward. Yet, Haritatos responds that the request is "vague, ambiguous, and unintelligible. . . . overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.... seeks information not in the possession, custody, or control of Plaintiff" and so forth. This is but one example, based on your very first objection. Moreover, Haritatos asserts the very same objections to every request for production, suggesting that you have not taken the time to read the requests. Accordingly, please withdraw Haritatos's objections on these bases or provide an explanation of why each such request is vague, ambiguous, unintelligible, overbroad, oppressive, unduly

Robert E. Purcell
April 17, 2006
Page 2

burdensome, beyond the scope of discovery, not relevant to the subject matter of this litigation, or is not reasonably calculated to lead to the discovery of admissible evidence.  We would prefer not to have to bring a motion to compel to deal with such boilerplate objections.

Third, in several cases Haritatos asserts that he has already produced responsive documents in the TTAB proceeding when, in fact, Haritatos refused to produce the requested documents in the TTAB.  (As you will recall, Hasbro's motion to compel, which specifically addressed some of these requests, was pending when the TTAB proceeding was suspended.)  Specifically, you represented to counsel for Hasbro that you would neither search for nor collect documents that identify (1) the channels of trade through which Haritatos's products bearing the CANDYLAND mark have been or will be sold or provided; (2) the geographic area in which the products bearing Haritatos's CANDYLAND mark are sold; and (3) the demographics of actual or intended clients and consumers for products bearing Haritatos's CANDYLAND mark, or documents relating to the prosecution of Plaintiff's application for Plaintiff's CANDYLAND mark.  It is therefore difficult to understand how you could genuinely believe that Haritatos "has already produced such documents in connection with the [TTAB] proceeding."  *See* Haritatos's Responses to Requests Nos. 10, 11, 12, and 28.  Accordingly, please correct your responses and produce all responsive documents to Hasbro's Requests Nos. 10, 11, 12, and 28.  In addition, please produce copies of any customer lists in Haritatos' possession, custody, or control in response to Request No. 14.

Fourth, there are instances in which Haritatos asserts that he has already produced responsive documents in the TTAB proceeding when, in fact, Haritatos did not produce the requested documents, despite promising to do so.  Accordingly, please correct your responses and produce all responsive documents to Requests Nos. 15 and 38.

Fifth, Haritatos objects to producing documents concerning "communications between Haritatos and any other person regarding any mark that incorporates the words "CANDYLAND," "CANDY LAND," or any similar name or mark" as overly broad and as harassment."  But Plaintiff's efforts to protect its CANDYLAND mark are directly relevant to the strength of Plaintiff's CANDYLAND mark and whether he has acquiesced in its dilution.  Accordingly, please produce all documents responsive to Request No. 25.

Sixth, Plaintiff objects to Request No. 26 "to the extent that … Hasbro has already produced such documents to Plaintiff."  Plaintiff makes a similar objection to Request No. 27.  Please confirm that Haritatos does not possess any documents responsive to these requests other than those which you have already produced in the TTAB proceeding or have been produced to Haritatos by Hasbro.

Seventh, you contend that you have already produced documents concerning Nora Haritatos' "Original Thin Shell Candy Turkey Joints" trademark registration, including any specimens submitted therewith, obtained in 1976.  That is not correct.  Therefore, please immediately produce all documents responsive to Request No. 39.

1269834v1

Robert E. Purcell
April 17, 2006
Page 3

      Similarly, please withdraw your objections to Request No. 40, which requests documents concerning the use of the "Original Thin Shell Candy Turkey Joints" trademark, which was registered by Haritatos's business in 1976 when he claims to have been using the "Original Candyland Candy Turkey Joints" trademark, and produce all documents responsive to this request.  These documents are directly relevant to Haritatos' dubious claim that he was using his CANDYLAND mark during this time period.

      Eighth, Plaintiff did not provide any response to Requests Nos. 41, 43, 44 and 47. Accordingly, please provide a response to these requests immediately.  In addition, please be more careful in responding to Hasbro's discovery requests in the future.

      Now that the protective order is in place, there is no excuse for further delays in Haritatos's document production.  Hasbro is ready to produce its own documents in this case, but we will not do so while Haritatos continues to flout his discovery obligations.  Accordingly, we propose that each party produce its responsive documents in this case no later than April 28, 2006.

      Thank you for your cooperation.

Sincerely yours,

Michael D. Sant'Ambrogio

cc:  John G. McGowan, Esq. (by e-mail)

1269834v1