# EXHIBIT 3



**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

May 2, 2006

**BY FIRST CLASS MAIL AND E-MAIL mdsantambrogio@pbwt.com**
Michael D. Sant'Ambrogio, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

    Re:   Haritatos v. Hasbro
           Our File No. 115_003

Dear Michael:

    Thank you for being patient in awaiting a response to your letter dated April 17, 2006.

    With regard to the documents that Mr. Haritatos produced in connection with the TTAB proceeding, Hasbro may use them in connection with the instant federal trademark infringement lawsuit. To the extent that such documents have been designated confidential in connection with the TTAB proceeding, Mr. Haritatos would require that Hasbro treat them as confidential pursuant to the protective order in the federal court lawsuit. Mr. Haritatos also has no objection to Hasbro providing copies of those documents to co-defendant Toys 'R Us, however, we need written assurance from Toys 'R Us that it will treat any materials designated as confidential in accordance with the requirements of the protective order in the federal court lawsuit.

    With regard to the proposed "use" of the transcript and exhibits to Mr. Haritatos's February 16, 2005 deposition in the TTAB proceeding, I have no objection to the "use" of such deposition transcript and exhibits for purposes of possible impeachment of Mr. Haritatos in connection with the federal court lawsuit. To the extent that either of the co-defendants intends to "use" the deposition transcript and exhibits affirmatively in the lawsuit, such as, but not limited to, support in connection with any motion for summary judgment, I would like to address with you and Toys 'R Us the issue of whether the time of Mr. Haritatos's February 16, 2005 deposition will be applied to the requirement of Rule 30(d)(2) that "a deposition is limited to one day of seven hours."

    Your letter asked me to reconsider my objection to Hasbro's first request for production of documents. I have reconsidered Mr. Haritatos's response, and believe the response is well-founded. I do note, however, that the last two paragraphs of the response should be amended to read as follows:



Wall Marjama

Plaintiff does not have any samples of any actual or intended services, since services, by their nature, are intangible. Plaintiff objects to providing any samples of intended products since such products inherently do not yet bear Plaintiff's CANDYLAND mark. Plaintiff objects to providing any samples of his actual products bearing his CANDYLAND mark because many of the products are apt to melt.

Plaintiff previously produced to Hasbro photographs of his retail store and of jars containing "Turkey Joints" candy, which photographs depict various products offered by Plaintiff with the CANDYLAND mark. Plaintiff also refers Hasbro to Plaintiff's website for further depictions regarding his products.

You also asked me to reconsider some responses to the effect that responsive documents have already been produced in connection with the TTAB proceeding. You have maintained that since I objected to producing some of the documents requested in Hasbro's request for documents in TTAB proceeding, that I have not produced all of the requested documents. Regardless of the nature of the document requests, the objections, and the documents produced by Mr. Haritatos in connection with the TTAB proceeding, with regard to the request in the instant federal court lawsuit, Mr. Haritatos has set forth his objections, and to the extent that he does not object to the request, he has already produced the documents to Hasbro, and therefore, believes that he need not re-produce those documents. You also specifically request that Haritatos produce any customer lists in his possession, custody, or control, however you do not explain how those customer lists might be relevant to the instant federal court lawsuit. If you provide such an explanation, I would naturally reconsider Mr. Haritatos's position regarding your request.

Next, you claim that Mr. Haritatos did not produce certain documents requested by Hasbro in the TTAB proceeding despite promising to do so, however, I am at a loss to recall, verify, or contest your claim. Will you please point me to Mr. Haritatos's supposed promise as well as indicate which of the document requests in the current federal court litigation would encompass the supposedly promised documents.

You next contend that the document request no. 25 is not overly broad and harassment because the documents are "directly relevant to the strength of Plaintiff's CANDYLAND mark and whether he has acquiesced in its dilution." However, the document request is so broad as to encompass perhaps the huge majority of plaintiff's business correspondence over several decades. Accordingly, I continue to believe that the document request is overly broad and a harassment.

You also inquire as to whether Mr. Haritatos has produced all the documents responsive to request no. 26. He has been in possession of a copy of selected pages of defendant Toys "R Us website in which the CANDY LAND name and mark is displayed. Such print-outs are considered work product. Moreover, we believe that Defendant Hasbro is well aware of such website, since Defendant Hasbro licensed the use of such name and mark to defendant Toys "R Us. Also, since serving responses to Hasbro's document requests in the instant federal court lawsuit, Defendant Toys 'R Us has produced documents to Mr. Haritatos pursuant to discovery requests. To the extent that Hasbro is



seeking copies of those documents, Mr. Haritatos is taking the position that Hasbro should obtain those documents through its own discovery requests served upon Defendant Toys 'R Us.

You next claim that Mr. Haritatos has not produced all documents concerning a certain trademark registration obtained in 1976. Please advise me as to what documents you believe have not been produced, and I will reconsider first, whether such documents exist, second, whether they have already been produced, and third, whether there is any reasonable basis for objecting to their production.

You also asked me to reconsider the objections to Hasbro's document request no. 40. You claim that the production of all documents concerning the use of a term that does not include the mark "CANDYLAND" is relevant to the instant proceedings. I fail to see the nexus between the requested documents and your hypothesis or any other relevance to the request.

You also note that the responses to requests no. 41, 43, 44 and 47 are incomplete. Indeed they are incomplete. Mr. Haritatos will provide amended responses. In light of this error and oversight, we will heed your admonition to "please be more careful in responding to Hasbro's discovery requests in the future."

Very truly yours,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml