# EXHIBIT 4

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 9, 2006

**By E-Mail and Mail Confirmation**

Michael D. Sant'Ambrogio
(212) 336-2436
Direct Fax (212) 336-7948
mdsantambrogio@pbwt.com

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

      Re: **Haritatos v. Hasbro**

Dear Bob:

      I am writing in response to your May 2, 2006 letter. Depositions are scheduled for May 17 and 18, 2006, less than ten days away, yet Haritatos continues to give Hasbro the run-around regarding his document production. If this does not end immediately, we will have to seek the Court's assistance.

      Requests Nos. 10, 11, 12, 14, and 28

      Please either confirm that you have produced all documents responsive to Hasbro's Requests Nos. 10, 11, 12, 28, and, in addition, immediately produce Haritatos's customer lists in response to Request No. 14, or state that you are withholding responsive documents and any purported basis for doing so, so that we can seek to compel production. These documents are relevant to the channels of trade and geographic areas in which Haritatos' products are sold, as well as the nature of his customers and any alleged recognition of his asserted mark.

      Requests Nos. 15 and 38

      It is not necessary for us to remind you of the promises that you have broken. It is necessary for you to produce all documents responsive to Requests Nos. 15 and 38. Please do so immediately or state that you are withholding responsive documents and any purported basis for doing so.

      Request Nos. 25 and 27

      Hasbro is willing to limit Request No. 25 to communications regarding any non-party's use of a mark that incorporates the words "CANDYLAND", "CANDY LAND," or any similar name or mark. Accordingly, please produce all documents responsive to Request No. 25 with this limitation or state that you are withholding responsive documents, along with the purported basis for doing so. Please do the same for Request No. 27.

Robert E. Purcell
May 9, 2006
Page 2

### Request No. 26

We fail to see how the pages Haritatos (or you on his behalf) printed out from the Toys "R Us website constitute work product. In addition, the fact that Toys "R Us has produced other documents in this case (though not produced any website pages) does not obviate the need for Haritatos to produce responsive documents. Accordingly, please produce all documents responsive to Request No. 26 or state that you are withholding responsive documents, along with the purported basis for doing so.

### Request No. 39

Your letter feigns ignorance regarding whether Haritatos has produced documents concerning the "Original Thin Shell Candy Turkey Joint." It is not Hasbro's responsibility to remind you of what documents you have and have not produced. Accordingly, please confirm that you have produced all documents in Haritatos' possession, custody, or control (this includes non-privileged documents held by Haritatos' attorneys) responsive to Request No. 39 or state that you are withholding responsive documents, along with the purported basis for doing so.

### Haritatos Deposition in the TTAB Proceeding

There is simply no excuse for your attempt to restrict either the use of the deposition in the TTAB proceeding or the time we are permitted to take Haritatos's deposition in this one. The TTAB protective order gave you 30 days from service of the transcript to make confidential designations, if you so desired. You did not make any such designations, and the transcript is therefore not covered by that protective order. If you disagree and believe that the Court should determine whether the prior deposition can be used in this action for any purpose, we will approach the Court for such an order. At any rate, although it might not take a full day to depose Haritatos, we are entitled to it if necessary.

Time is of the essence due to the approaching depositions and close of discovery. Your game of hide and seek is a wasteful distraction and is contrary to the Court's admonition that attorneys "cooperate and act in good faith regarding any discovery dispute and to avoid trivial disputes which simply create unnecessary work." Transcript of Teleconference, Mar. 28, 2006, at 23:24-24:1. Accordingly, please respond by close of business tomorrow by producing responsive documents or stating that you are withholding responsive documents, along with the purported basis for doing so. We will then determine whether it is necessary to move to compel discovery and adjourn the depositions.

Sincerely yours,

Michael D. Sant'Ambrogio

1277759v1

Robert E. Purcell
May 9, 2006
Page 3

cc: John G. McGowan, Esq. (by e-mail)

1277759v1