# EXHIBIT 7

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 31, 2006

**By E-Mail and Mail Confirmation**

Michael D. Sant'Ambrogio
(212) 336-2436
Direct Fax (212) 336-7948
mdsantambrogio@pbwt.com

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

      Re: <u>Haritatos v. Hasbro</u>

Dear Bob:

      I am enclosing (1) Hasbro's First Set of Interrogatories to Plaintiff and (2) Hasbro's Second Set of Requests to Plaintiff For Production of Documents and Things. We believe that Hasbro's First Set of Requests for Production of Documents and Things requested virtually all of these documents. Nevertheless, to eliminate any doubt as to the documents that we require and our intent to move to compel production if you continue to refuse to produce these documents, we are serving these more specific requests.

      Thank you for your cooperation.

Sincerely yours,

Michael D. Sant'Ambrogio

cc: John G. McGowan, Esq. (by e-mail)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------- x

SPERO HARITATOS,

            Plaintiff,

- against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

           Defendants.

------------------------------------- x

05 Civ. 930 (DNH/GJD)

### DEFENDANT HASBRO, INC.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Defendant Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP, hereby requests that, within thirty days of the date of service hereof, Spero T. Haritatos ("Plaintiff") answer the following interrogatories in writing under oath.

1283293v1

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff" shall refer to Spero T. Haritatos and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Spero T. Haritatos's behalf or under his control, or any one of the foregoing.

2. The term "Complaint" shall mean the Plaintiff's Complaint in this action.

3. The term "Plaintiff's CANDYLAND mark" is defined as any and all uses or intended uses by him in connection with goods or services of the words CANDYLAND, whether together or as two words.

4. The term "Hasbro's CANDY LAND marks" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the words CANDY LAND, whether together or as two words.

5. The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

8. The term "communication" shall mean both oral, written and electronic communications, as well as any note, memorandum or other record thereof.

9. The term "identify" shall mean:

2

1283293v1

 (a) when referring to a person, to give the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

 (b) with respect to documents, to give, to the extent known, the type of document, general subject matter, date of the document and author(s), addressee(s) and recipient(s).

10. In responding to these interrogatories, Plaintiff may, in lieu of identifying any document, attach a copy of the document as an exhibit to its answers to these interrogatories or produce the document for inspection and copying as if requested pursuant to Rule 34 of the Federal Rules of Civil Procedure. To the extent that a document does not constitute the complete and full answer to any interrogatory, a narrative answer supplementing the document designation shall be supplied.

11. The following rules of construction apply:

 (a) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

 (b) The use of the singular form of any word includes the plural and vice versa.

3

1283293v1

12. As to each document (or portion thereof) that Plaintiff declines to produce on the ground of privilege, Plaintiff shall provide the following information:

    (a) the type of document, e.g., letter or memorandum;

    (b) the general subject matter of the document;

    (c) the date of the document;

    (d) the author(s) of the document;

    (e) the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s) and recipient(s) to each other;

    (f) the identity of each person having possession, custody or control of such document, or a copy thereof; and

    (g) the nature of the privilege claimed.

13. As to each oral communication Plaintiff declines to divulge on the ground of privilege, Plaintiff shall provide the following information:

    (a) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

    (b) the date and place of the communication;

    (c) the general subject matter of the communication; and

    (d) the nature of the privilege claimed.

1283293v1

14. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

## INTERROGATORIES

1. Identify separately each product produced, distributed, marketed or sold or intended to be produced, distributed, marketed or sold in connection with Plaintiff's CANDYLAND mark and for each such product:

   (a) identify the date and circumstances of actual or intended first use and, if different, the date and circumstance of first use in commerce in the United States of Plaintiff's CANDYLAND mark in connection with the product;

   (b) state Plaintiff's total annual sales by gross revenue, net revenue, and unit volume for each calendar year since 1972 that such goods were produced or provided, or projections of total annual sales of such goods for each year the goods or services are intended to be offered;

   (c) state Plaintiff's annual sales by gross revenue, net revenue, and unit volume derived from any such goods that were shipped to addresses outside of New York State for each calendar year since 1972;

   (d) state Plaintiff's annual sales by gross revenue, net revenue, and unit volume derived from any such goods other than those stated in (c) above that plaintiff believes were sold outside of New York State for each calendar year since 1972;

(e) state Plaintiff's annual sales by gross revenue, net revenue, and unit volume for each calendar year since 1972 derived from goods sold at "wholesale";

(f) identify all media by either name of network or television station, radio station, magazine, publication, newsletter, website(s) or newspaper in which advertising or marketing for each product has occurred since 1972 or is planned to occur;

(g) state separately for each calendar year since 1972 the actual or intended expenditures or value of advertising, promotion, marketing, client or consumer relations, and public relations for each of these products and services;

2. State the first year that Plaintiff used Plaintiff's CANDYLAND mark separate and apart from the words "ORIGINAL CANDYLAND CANDY TURKEY JOINTS" in connection with the sale of any goods or services and identify all documents evidencing his first such use of the mark.

3. State Plaintiff's annual sales by gross revenue, net revenue and unit volume for each calendar year since 1972 for Plaintiff's Turkey Joints candy.

4. Identify each person who has inquired about, commented upon, or contacted Plaintiff regarding the source or sponsorship of any product or service bearing Hasbro's CANDY LAND mark.

Dated:  New York, New York
       May 31, 2006

                                              PATTERSON BELKNAP WEBB & TYLER LLP

                                              _____
                                              Kim J. Landsman
                                              (Bar Roll No. 513,364)
                                              Michael D. Sant'Ambrogio
                                              (Bar Roll No. 513,363)
                                              1133 Avenue of the Americas
                                              New York, New York 10036-6710
                                              Telephone:  212-336-2980
                                              Facsimile:  212-336-2985

                                              *Attorneys for Defendant Hasbro, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **HASBRO'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** to be served by email and First Class Mail this 31st day of May, 2006 on:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
(315) 425-9000

and

John G. McGowan Esq.
Attorney for Defendant Toys "R" Us
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8121

_____
Michael D. Sant'Ambrogio

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------x

SPERO HARITATOS,

                Plaintiff,         05 Civ. 930 (DNH/GJD)

      - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

                Defendants.

------------------------------------x

### DEFENDANT HASBRO, INC.'S
### SECOND SET OF REQUESTS TO PLAINTIFF
### FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Defendant Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP, hereby requests that, within 30 days of the date of service hereof, Plaintiff Spero T. Haritatos ("Plaintiff") produce at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, the following documents and things in Plaintiff's or his affiliates', agents', or representatives' possession, custody or control for inspection and copying.

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff" shall refer to Spero T. Haritatos and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Spero T. Haritatos's behalf or under his control, or any one of the foregoing.

2. The term "Complaint" shall mean the Plaintiff's Complaint in this action.

3. The term "Plaintiff's CANDYLAND mark" is defined as any and all uses or intended uses by him in connection with goods or services of the words CANDYLAND, whether together or as two words.

4. The term "Hasbro's CANDY LAND marks" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the words CANDYLAND, whether together or as two words.

5. The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

6. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

8. The term "communication" shall mean oral, written and electronic communications, as well as any note, memorandum or other record thereof.

9. The following rules of construction apply:

2

  (1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

  (2) The use of the singular form of any word includes the plural and vice versa.

10. As to each document (or portion thereof) that Plaintiff declines to produce on the ground of privilege, Plaintiff shall provide the following information:

  (1) the type of document, e.g., letter or memorandum;

  (2) the general subject matter of the document;

  (3) the date of the document;

  (4) the author(s) of the document;

  (5) the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s), and recipient(s) to each other;

  (6) the identity of each person having possession, custody or control of such document, or a copy thereof; and

  (7) the nature of the privilege claimed.

11. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

3

## DOCUMENTS AND THINGS REQUESTED

1. All documents concerning the www.turkeyjoints.com website, including but not limited to all reports or other data generated in connection with the website.

2. All documents evidencing the shipping address of any customer to whom you have shipped candy during the past five years, the specific product(s) that you shipped to the customer, and the amount of each product that you shipped to the customer.

3. All documents evidencing any sales of your candy products in New York City.

4. Schedule C (Form 1040) Profit or Loss From Business for Spero T. Haritatos for each year from 1999 to 2004.

5. All documents concerning tax identification number 16-1187432.

6. All documents evidencing Plaintiff's first use of Plaintiff's CANDYLAND mark separate and apart from the words "ORIGINAL CANDYLAND CANDY TURKEY JOINTS."

7. All documents concerning any legal fees and costs paid by you or on your behalf in connection with this civil action.

8. All documents concerning any estimates of legal fees and costs associated with this civil action.

9. All documents concerning any legal fees and costs paid by you or on your behalf in connection with any proceeding before the Trademark Trial and Appeal Board involving Hasbro.

10. All documents concerning any other damages claimed in this action.

4

Dated: New York, New York
       May 31, 2006

PATTERSON BELKNAP WEBB & TYLER LLP

*/s/ Kim J. Landsman*

Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **HASBRO'S SECOND SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS** to be served by email and First Class Mail this 31st day of May, 2006 on:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
(315) 425-9000

and

John G. McGowan Esq.
Attorney for Defendant Toys "R" Us
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8121

_____
Michael D. Sant'Ambrogio

1283290