# Wall Marjama
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

July 26, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

      Re:   Haritatos v. Hasbro
             Civil Action No. 05-CV-930
             Our File No. 115_003

Dear Magistrate Judge DiBianco:

      In accordance with the Court's order entered July 20, 2006, Plaintiff, Spero Haritatos, offers additional argument as to why the expert report deadlines and discovery completion date should be extended, as requested in Plaintiff's counsel's letter to you dated June 26, 2006.

      Plaintiff initially notes that the requested extensions are the first requested extensions of the applicable deadlines.  Defendants have not contested Plaintiff's statements to the effect that a huge amount of factual discovery has been on-going since early June and after the current deadline for Plaintiff to provide an expert report, July 1, 2006, such as the production of documents from Defendants and the taking of depositions of Defendants' personnel.  Although Plaintiff tried to take depositions of Defendants' personnel earlier, depositions of Toys 'R Us personnel were not taken until mid-July and depositions of Hasbro personnel will not be taken until mid-August, 2006.  The depositions of Toys 'R Us personnel has revealed that significant documents have yet to be produced, and undoubtedly depositions of Hasbro personnel will reveal that Hasbro should produce additional documents.

      Defendants also do not dispute that all parties initially proposed to the Court that factual discovery should be completed, and only thereafter should expert reports be provided and expert discovery proceed.  In the Civil Case Management Plan proposed and submitted on October 21, 2005, the parties proposed a factual discovery cut-off date of May 31, 2006 with expert reports due thereafter, and an expert discovery cut-off date of September 29, 2006.  The Court did not adopt any bifurcation of discovery and did not adopt the proposed dates for submitting expert reports.  Nevertheless, the proposed Civil Case Management Plan indicates that the parties themselves believe that the factual discovery should be essentially complete before experts render reports, since otherwise, the expert reports might be based upon partial or incomplete information, which would



require supplementation of the reports, and which would require supplemental expert depositions.

During the telephone conference held July 19, 2006, it was explained that Plaintiff had retained an expert in the field of U.S. trademark law and procedure. Defendants' objections were only that the Court would not permit any testimony of an expert in that field and that factual documents and testimony were unnecessary for such an expert to render an opinion. Your Honor quickly recognized that whether the Court should accept testimony from an expert in such a field is an issue for the trial judge to determine, and that Your Honor should not usurp that function. As to Defendants' second objection, Your Honor did not understand how the facts of the case could have any bearing on such an expert's testimony, perhaps believing that an expert in the field of "law" and procedure is distinct from "facts". However, for example, an expert in the field of accounting procedures might testify about procedures generally and in the abstract, but much more likely will testify about whether a party's actions did or did not comply with proper procedure or how the financial data in a case should be treated using proper procedures. Likewise, here, the expert will testify about how factual evidence should be viewed or interpreted when set against the background of trademark law and procedure. Indeed, it is fairly standard practice for parties to offer expert testimony on how trademark law and procedures "bear upon resolution of the factual issues at bar".[1] Standard treatises also note that "counsel might use a trademark expert for almost any facet of a trademark trial."[2]

Plaintiff anticipates that his expert will evaluate, *in the context of the facts of this case*, issues such as the scope and status of Plaintiff's federal trademark registration, whether Plaintiff can properly tack on uses of his predecessors-in-interest in the trademark, whether Defendants have shown any abandonment of trademark rights, the proper factors in evaluating likelihood of confusion/infringement and the evidence pertaining to such factors, whether the public will associate the trademarks-at-issue based upon the usage of such marks, and Defendant Hasbro's efforts to acquire Plaintiff's rights in his registered trademark and whether Defendant Hasbro's activities in licensing its allegedly infringing trademark to Toys 'R Us and others were willful and in bad faith. The foregoing types of possible expert testimony reveal that the expert's testimony will be intertwined with the unique facts of this case, and will not be just an opinion on trademark law and procedure in general or in the abstract.

---

[1] Sam's Wines & Liquors Inc. v. Wal-Mart Stores Inc., 32 USPQ2d 1906, 1912 (N.D. Ill. 1994). A copy of this decision is attached as Exhibit A.
[2] L. Horowitz and E. Horowitz, Intellectual Property Counseling and Litigation §83.03 (2001). See also S. Kane, Trademark Law §15:7 (1999). Copies of the relevant portions of these treatises are attached hereto as Exhibits B and C, respectively.



Plaintiff also notes that neither of the Defendants has claimed any prejudice by the requested extensions.

Respectfully submitted,
**WALL MARJAMA & BILINSKI LLP**

Robert E. Purcell

REP/jml
Encl.
cc: Kim J. Landsman, by e-mail
    John McGowan, by e-mail