# EXHIBIT B

# INTELLECTUAL PROPERTY COUNSELING AND LITIGATION

VOLUME 5

GENERAL EDITORS

Lester Horwitz
Ethan Horwitz



LexisNexis™
Matthew Bender®

# 83    Trial Techniques in Trademark Cases*

> **SCOPE NOTE**
>
> "Trial Techniques in Trademark Cases" considers the trial—including eve-of-trial preparation—of a trademark case.
>
> § 83.01 establishes the boundaries of the chapter, identifying the different types of marks afforded protection by law and the various causes of action that might appear in a trademark complaint. This introductory section also explains why a trademark case that goes to trial likely will do so in federal court and mentions that while a trademark trial is in the main similar to any other trial, there are aspects particular to trademark cases to consider.
>
> § 83.02 suggests how counsel might prepare mentally before the trademark trial, by articulating a theory of the case, by knowing what to ask for in damages, and by researching the trial audience. This section also advises how to prepare certain tangible items for trial, including counsel's trial notebook and the party's exhibits to be offered.
>
> § 83.03 explores the role of experts at a trademark trial, specifically the trademark expert and the survey expert, including what each has to offer counsel and counsel's case.
>
> § 83.04 highlights those particular aspects of the trademark trial that set it apart from other trials, including: the growing involvement of the jury; counsel's need to recreate the marketplace in the courtroom; and the invaluable opportunity to bolster one's case by proving secondary meaning (even when not strictly necessary).
>
> § 83.05 is generally a summary of the material that precedes it, with reminders to counsel of the most important points of the material covered in the chapter.

## SYNOPSIS

§ 83.01   Overview and Introduction
      [1]   Federal Court as More Likely Forum
      [2]   Trademark Trials Distinguished

---

\* This chapter was prepared by Matthew David Brozik, Esq. Mr. Brozik is a commercial litigator associated with the firm of Ackerman, Levine, Cullen & Brickman, LLP of Great Neck, New York. He is a member of the New York and New Jersey State Bars and the Intellectual Property Law Section of the New York State Bar Association.

## § 83.03 Care and Handling of Experts

> Trial counsel can not, and probably should not, march alone into battle. If counsel is to employ a trademark expert, counsel might as well seek that expert's help in preparation for trial. Almost without doubt, counsel will call a survey expert to the stand. Maybe two.

Trademark trial counsel is the vanguard of the client's courtroom war machine, but he or she is not an army of one. Trial counsel often has on hand for support and added perspective at least two distinct experts: the trademark expert and the survey expert, though the latter is more common still than the former. The work of the survey expert, whether done specifically in anticipation of litigation or as an earlier marketing effort, informs necessary testimony and evidence in most trademark cases. The trademark expert's contribution, however, is growing lately in value.

### [1]—Your Trademark Expert

Back in the day, the so-called "trademark expert" was seldom one of the *dramatis personae* of the trademark trial. Then, trademark trials were almost always bench trials, and the judge was not usually inclined to listen to a lawyer testify as an expert in trademark law. The law was rather something for counsel to brief and argue. Now, though, with more and more cases coming before juries, the trademark expert has become a fixture of trademark trials.

**[a]—Who Should Be Your Trademark Expert.** By definition, your trademark expert must be one who is "expert" in trademark law or procedures (or at least that much at issue in the case). And he or she should be one whose credentials "sell" him or her as an expert to the judge or jury. These are distinctly different criteria; one does not always come with the other. For example, an expert might know everything there is to know, but if the jurors are not impressed with that person's credentials, they may accord his or her testimony no weight. On the other hand, a pedigree never helped anyone on cross-examination.

Some who might be considered as trademark experts are: former Commissioners, former officials in the Trademark Examining Division of the Patent and Trademark Office, professors of law who teach trademark courses, authors of treatises or articles on trademark law, retired corporate trademark counsel, and trademark law practitioners.

**[b]—Your Trademark Expert Can Help Counsel and Case.**

*[i]—Trial Preparation.* A trademark expert can help first with the pretrial preparation of your case. Unlike the busy partner unable to give sufficient attention to the case to be particularly helpful, the expert will be available to offer another, often invaluable perspective of the strategies counsel is considering.

§ 83.03[2]  **TRIAL TECHNIQUES**  83–14

*[ii]—Expert Testimony.* There are several aspects of your case about which your trademark expert might offer testimony at trial:

- Searching procedures: How easy is it to do a search? How costly? How does one search? What databases? What would a search reveal?
- Procedures in the Patent and Trademark Office: What are the requirements of an application? the examination process? oppositions and cancellations?
- Third party uses and registrations.
- Categorization of marks, and to explain (desirably with examples) the spectrum of distinctiveness: In the opinion of this expert, where on the spectrum of distinctiveness does this mark fall?

In short, counsel might use a trademark expert for almost any facet of a trademark trial. As with other experts, though, attorneys often overreach with trademark experts. Counsel should take care, therefore, not to elicit from the trademark expert conclusions outside that expert's bailiwick or unsupported by the facts of the case.

### [2]—Your Survey Expert

The rare trademark case will contain no issue on which the results of a survey would bear. For example, if the sole issue of a case were priority of use between two claimants to a mark, a survey would shed no light. In other cases, a survey is unnecessary because sufficient other evidence exists—for example, in the likelihood of confusion case when there are many actual confusion witnesses and good evidence of the defendant's wrongful intent in adopting and using the mark of the plaintiff.

But in fact in almost every trademark case a survey is of use. In a significant number, it is necessary. The lawyer for the trademark owner seeking to show likelihood of confusion is rolling the proverbial dice without a survey if the quantity and quality of the other evidence is anything less than outstanding. The lawyer seeking to show secondary meaning will find a survey the surest and safest way of establishing that key element. The lawyer seeking to show that a mark is generic, or not generic, can best show that by survey. Surveys are useful regarding other issues as well in trademark cases, and they are hugely important to the trial of these cases.

The decision whether a survey is to be taken in any case will have been made long before trial, and the results disclosed to the other party. By trial time, the survey expert will likely have been deposed, and will have been prepared for those sessions. However, counsel must allocate sufficient time at the trial or just before it once again to carefully prepare the survey expert—the case might just be riding on the persuasiveness of the survey expert's testimony to the judge or jury.