# EXHIBIT C

Case 6:05-cv-00930-DNH-GJD    Document 63-4    Filed 07/26/06    Page 2 of 8

# Trademark Law

## A Practitioner's Guide

## Third Edition

## Siegrun D. Kane

Incorporating Release No. 2
(November 1999)
G9-8202



**Practising Law Institute**
**New York City**
G1-1029

"This publication is designed to provide accurate and authoritative information in regard to the subject matter covered. It is sold with the understanding that the publisher is not engaged in rendering legal, accounting or other professional service. If legal advice or other expert assistance is required, the services of a competent professional person should be sought."
— from Declaration of Principles jointly adopted by Committee of American Bar Association and Committee of Publishers and Associations

Copyright © 1987, 1989, 1991, 1997, 1998, 1999 by Practising Law Institute. All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by any means, electronic, mechanical, photocopying, recording, or otherwise, without prior written permission of Practising Law Institute.

Library of Congress Catalog Card Number: 99-189284
ISBN: 0-87224-106-8

*Proving the Fundamentals at Trial* § 15:7.1

## § 15:7 The Role of Expert Testimony

### § 15:7.1 Admissibility of Expert Testimony

Especially where your case is complex, expert testimony may be a useful vehicle for explaining your position to the judge or jury. While the traditional rule was that expert testimony on legal issues was not permissible, this has been modified by Federal Rule of Evidence 704.

Rule 704 provides that opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Rule 702 provides for opinion expert testimony where it will assist the trier of fact:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Opinion testimony will be excluded if it is unhelpful and therefore superfluous and a waste of time or prejudicial.[73]

Trademark expert testimony will frequently involve defining such concepts as secondary meaning and functionality and applying these definitions to the facts of the case. The facts may be "those perceived by or made known to the expert at or before the hearing."[74]

If you can afford it, it is helpful to have the expert sit through the trial. That way he will be apprised of the same information that has been provided to the court. Letting the expert see your adversary and the court in action will also aid the expert's presentation.

In evaluating the use of expert testimony, consider the admissibility standards established by the Supreme Court in the *Daubert* case.[75]

---

73. FED. R. EVID. 403. *See* Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc., 32 U.S.P.Q.2d 1906, 1911-12 (N.D. Ill. 1994) (expert trademark attorney allowed to give limited testimony before jury on issue of trademark application procedure, but not on ultimate issue or legal standards).
74. FED. R. EVID. 703.
75. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

§ 15:7.1 Trademark Law

*Daubert* identifies four criteria for evaluating the reliability of expert testimony under Rule 702:

> (1) whether the theory or technique on which it is based has been tested; (2) whether the expert's methodology has been subject to peer review and publication; (3) the methodology's known or potential rate of error; and (4) its general acceptance by the relevant scientific community.

Initially a dispute arose as to whether these criteria apply only to scientific testimony (based on the application of scientific principles) or to expert testimony in general (based on the expert's skill or experience-based observations). Courts limited *Daubert* to scientific testimony in the Fourth, Ninth, Tenth, and Eleventh Circuits.[76] *Daubert* was applied to all expert testimony in the Fifth, Seventh, and Eighth Circuits.[77]

The Supreme Court resolved the conflict between the circuits in the *Kumho Tire* case.[78] The *Kumho* Court reasoned that there was no basis for distinguishing between expert testimony based on scientific principles and other expert testimony:

> In *Daubert*, this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." 509 U.S., at 589. The initial question before us is whether this basic gatekeeping obligation applies only to "scientific" testimony or to all expert testimony. We, like the parties, believe that it applies to all expert testimony.[79]

The *Kumho* decision pointed out that *Daubert* (1) described the Rule 702 inquiry as a "flexible one"; (2) made clear that the factors it mentions do not constitute a "definitive checklist or test"; and (3) noted that the gatekeeping inquiry must be "tied to the facts" of a particular case.[80]

---

76. McKendall v. Crown Control Corp., 122 F.3d 803 (9th Cir. 1997); Freeman v. Case Corp., 118 F.3d 1011 (4th Cir. 1997), *cert. denied*, 118 S.Ct. 729 (U.S. 1998); Compton v. Subaru of America, Inc., 82 F.3d 1513 (10th Cir.), *cert. denied*, 117 S.Ct. 611; Carmichael v. Samyang Tire, Inc., 131 F.3d 1433 (11th Cir. 1997).
77. Watkins v. Telsmith, Inc., 121 F.3d 984 (5th Cir. 1997); Tyus v. Urban Search Management, 102 F.3d 256 (7th Cir. 1996); Petzmeier v. Hennessy Industries, Inc., 97 F.3d 293 (8th Cir. 1996), *cert. denied*, 117 S.Ct. 1552, 137 L.Ed.2d 701 (1997).
78. Kumho Tire Co., Ltd. v. Carmichael, 119 S. Ct. 1167 (1999).
79. *Id*. at 1174.
80. *Id*. at 1175 (citing *Daubert*, 509 U.S. at 594, 593, 591).

*Proving the Fundamentals at Trial* § 15:7.2

The *Kumbo* court further cautioned that the *Daubert* factors may not always be pertinent:

> We agree with the Solicitor General that "[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."
>
> That is to say, a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony.[81]

*Kumbo* also makes it clear that even testimony based on experience will be scrutinized under the *Daubert* criteria. As the *Kumbo* opinion notes, "some of *Daubert*'s questions can help to evaluate the reliability even of experience-based testimony." It will be useful at times to ask even a witness whose expertise is based purely on experience "whether his preparation is of a kind that others in the field would recognize as acceptable."[82]

It is uncertain at this point as to how application of the *Daubert* rule will affect experts testifying in trademark cases. But it is certain that *Daubert* and *Kumbo* will be the guide.[83]

### § 15:7.2 The Hiring and Care of Expert Witnesses

If you think your case will benefit from expert testimony, it is a good idea to get your expert early on. For one thing, skilled trademark experts are in demand, and it is comforting to know you have yours in place. For another, the presence of a highly regarded expert may foster settlement. Early guidance by the expert, e.g., as to general theories, can also help in case preparation.

Keep in mind, however, that your communications with a testifying expert may not be privileged.[84]

---

81. *Id.* at 1175, 1176.
82. *Id.* at 1176.
83. Blue Dane Simmental Corp. v. American Simmental Assoc., 178 F.3d 1035 (8th Cir. 1999) (*Daubert/Kumbo* applied to exclude expert testimony about market fluctuation in false advertising case based on before-and-after economic analysis typical in field, but not typically used to make statements about causation without considering other variables).
84. Epstein, *Deposing Expert Witnesses*, in PLI, Use of Experts in Commercial Litigation: Discovery and Trial Techniques 139, 173 (J. Epstein & S. Schatz eds. 1988). See FED. R. CIV. P. 26(b)(4)(B) (rules pertaining to discovery of testifying and non-testifying experts).

§ 15:8                          Trademark Law

How do you find an expert? Authors of trademark texts and professors are generally a good bet. Their experience and writings should qualify them as experts and provide impressive credentials. Well-regarded practitioners in the field are also used as experts.

If you plan to use an expert who has written extensively about trademarks, be sure to check his treatment of subjects germane to your case. You can expect that this material will be used as a basis for your adversary's cross-examination.

You should also check the cases where the expert has previously testified. This information will have to be furnished as part of the expert's report, and you should be alert to any positions taken by the expert that might seem inconsistent with his position in your case.[85]

And by all means get in touch with the attorneys involved in an expert's past cases. Attorneys for both sides are a useful source of information as to the expert's performance under fire.

### § 15:8  Expert Discovery

#### § 15:8.1  Identification of Experts

Federal Rule 26(a)(2) provides that the testifying expert must be identified at least ninety days before the trial date or the date the case is to be ready for trial. If expert testimony is to be used to rebut evidence on the same subject matter, the rebuttal expert's report must be disclosed within thirty days after disclosure by the other party.[86]

Expert consultants who will not be called as witnesses need not be disclosed.[87] Failure to list a witness will ordinarily lead to exclusion of that witness at trial.[88]

#### § 15:8.2  The Expert's Report

Testifying experts are required to submit a report setting forth a complete statement of all their opinions and the basis and rea-

---

85. Infinity Broadcasting v. Greater Boston Radio II, 32 U.S.P.Q.2d 1925, 1930 (D. Mass. 1994) (court finds expert's testimony unpersuasive when difficult to reconcile with opinion expert previously expressed in published articles).
86. FED. R. CIV. P. 26(a)(2)(c).
87. FED. R. CIV. P. 26(b)(4)(B).
88. FED. R. CIV. P. 37(c)(1).

sons therefor.[89] The Rule calls for an exchange of expert reports no later than ninety days before trial.[90] However, different schedules can be established by the court and/or agreement of the parties.[91] The expert report must contain, in addition to his opinions, the data or other information he considered in forming the opinions; any exhibits to be used to summarize or support his opinions; a list of cases where he testified in the past four years; a list of his publications for the past ten years; and his compensation.[92]

### § 15:8.3 Expert Depositions

Prior to the 1993 amendment, expert depositions could not take place without leave of court. Now these depositions are expressly permitted.[93] The trick is to do enough at these depositions so you understand the expert's opinions and will be ready for trial, but not so much that you fully prepare the expert for his cross-examination. Good luck!

---

89. FED. R. CIV. P. 26(a)(2).
90. FED. R. CIV. P. 26(a)(2)(c).
91. FED. R. CIV. P. 29 provides that the parties may stipulate to changes in pretrial discovery timing and procedures. However, court approval is required for such stipulations if they would affect the discovery close date or trial/hearing dates.
92. FED. R. CIV. P. 26(a)(2)(b).
93. FED. R. CIV. P. 26(b)(4).