**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

July 26, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

> Re: **Haritatos v. Hasbro**
> **Civil Action No. 05-CV-930**
> **Our File No. 115_003**

Dear Magistrate Judge DiBianco:

In accordance with the Court's order dated July 20, 2006, Plaintiff hereby submits a two page response to Mr. Landsman's six page letter dated June 26, 2006 (the "Letter").

As an initial matter, the Letter maintains that the parties agreed the cut-off date for factual discovery was May 31, 2006. That is the alleged reason for Hasbro's position that Plaintiff's disclosure of Mr. Versace is belated (see page 2 of the Letter). If so, then Local Rule 16.2 precludes the Court's consideration of any matters raised in the Letter, since they are effectively motions to compel discovery, which are required to be filed within ten days after discovery cut-off. Plaintiff asks the Court to compel Hasbro to demonstrate the existence and nature of the alleged agreement and to determine whether such an agreement exists, whether the parties effectively overruled the Court's Scheduling Order setting the cut-off date for all discovery on September 29, 2006, whether the factual discovery cut-off date was May 31, 2006, and whether the Letter violates Local Rule 16.2.

The remaining paragraphs of this letter will address each of the numbered categories of documents set forth on pages five and six of the Letter.

(1) Hasbro is asking Plaintiff to go back through years and years of records of purchase orders, credit card receipts, and similar documents that would identify each and every one of Plaintiff's customers. Such a broad request is a harassment and unduly burdensome for Plaintiff, especially when Hasbro has not shown how alternative types of discovery would reasonably provide any reasonably needed information. It is also noteworthy that neither Hasbro nor Toys 'R Us has provided similar documents identifying their customers of product bearing Hasbro's CANDY LAND trademark.

Except for customer purchases at Plaintiff's Rome, New York store, virtually all sales for which Plaintiff still has records are reflected in UPS manifests, copies of which Plaintiff has stored in his warehouse going back perhaps to about 1996. As far as credit card



receipts, these records go back to perhaps 1996 and would reflect only sales made by credit card and not by other means. Plaintiff is obligated to maintain information on those receipts confidential pursuant to agreements with credit card companies. Plaintiff also has maintained some computer records, usually with paper back-up of some sales perhaps back until 1996. To search for and produce all of the requested documents would consume a couple of weeks of labor by Plaintiff and his wife. Moreover, Plaintiff has concerns that customer names, customer credit card information, and the like are extremely confidential, and that the Protective Order should be modified to prevent disclosure of such information to Hasbro's attorneys and other outsiders and to prevent Defendants or their attorneys from contacting any customers. The procedure of producing any documents by masking such information will add further time and complexity to any production. Plaintiff estimates that the production of the UPS manifests alone (masking customer names, credit card information, and the like) would require several days of work. To the extent the Court is inclined to order any production of such records, Plaintiff believes that it would be fair for the Court to order a similar production of specific, individual customer sales records from Defendants.

(2) Plaintiff produced the requested documents by letter dated July 7, 2006.

(3) Plaintiff produced the requested documents by letters dated July 7 and July 13, 2006.

(4) Plaintiff believes that it has no such documents except those that have already been produced in connection with the litigation. Plaintiff also notes that Hasbro is essentially asking for documents protected by work product.

(5) The instant lawsuit pertains to the trademark "CANDYLAND" whereas Defendant Hasbro's request relates to what appears to be a different trademark. Hasbro contends that the use of the other mark indicates that the "CANDYLAND" mark was not used in the mid-1970s, however, Hasbro's contention is pure speculation.

(6) To the extent that Hasbro is requesting documents consisting of Plaintiff's damages in the nature of legal expenses in connection with the TTAB proceeding, several months ago Plaintiff presented a motion to amend its complaint to specifically request such item of damages, which motion has not yet been ruled upon by the Court. Until such ruling, Hasbro's request is premature, especially in view of relatively complicated issues of how to preserve attorney-client privileged information that might be revealed in connection with such legal expenses paid by Plaintiff. To the extent that Hasbro is requesting documents pertaining to other types of damages (a recovery of Defendants' profits, reasonable royalty, and punitive and exemplary damages), Plaintiff believes that Hasbro has already been provided with such documents.

Hasbro also requests an order of the Court compelling Plaintiff to respond to Hasbro's first set of interrogatories and Hasbro's second set of requests of production by a date certain. Again, Hasbro's position is that the parties agreed upon a factual discovery cut-off date of May 31, 2006. If so, then Hasbro's service of the discovery would violate paragraph 6) of the Uniform Pretrial Scheduling Order, which requires that such discovery



should be served before the deadline to allow responses to be served before the cut-off.

        Respectfully submitted,
        WALL MARJAMA & BILINSKI LLP

        Robert E. Purcell

REP/jml
cc: Kim J. Landsman, by e-mail
    John McGowan, by e-mail