**Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

August 8, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, NY 13261

    Re:  **Haritatos v. Hasbro**
           **Civil Action No. 05-CV-930**
           **Our File No. 115_003**

Dear Magistrate Judge DiBianco:

    Plaintiff, Spero Haritatos, by and through its undersigned attorney, hereby moves to compel Defendant Hasbro, Inc. to produce documents pertaining to another trademark infringement lawsuit in which Hasbro asserted infringement of the exact same trademark that is at issue in the instant lawsuit. Hasbro has refused to produce any documents in connection with that other lawsuit, with the exception of a published, very short opinion granting a preliminary injunction. During a telephone conference with your Courtroom Deputy Clerk, Kathy Gridley, on August 4, 2006, she recommended that Plaintiff make the instant motion through the electronic submission of a letter request.

    Plaintiff has asked that Hasbro produce documents relevant to its awareness of third party uses of the term "CANDY LAND" and its enforcement of its alleged rights in that term. See Hasbro's responses to document requests nos. 17, 30, and 43 in Defendant Hasbro, Inc's Response to Plaintiff's First Set of Requests for Production of Documents and Things, a copy of which is attached hereto as Exhibit A. The requested documents are relevant because they are likely to depict the types of activities that Hasbro believes give rise to a likelihood of a confusion between Hasbro's use of the "CANDY LAND" and other parties' uses of such term or a similar term. Also, the documents are relevant to Hasbro's counterclaim against Plaintiff in which Hasbro alleges that Plaintiff has infringed Hasbro's rights in the term "CANDY LAND".

    Hasbro is refusing to produce the same category of documents that it has previously demanded and obtained from Plaintiff. Hasbro submitted a letter brief to Your Honor dated June 26, 2006 demanding that Plaintiff produce all documents pertaining to any non-party's use of a mark that incorporates the word "Candyland" or any similar name or mark, arguing



that the documents would "shed light on the extent of any efforts by plaintiff to protect his mark as well as the extent of third-party uses of the "Candyland" mark in connection with edible products". Hasbro specifically requested any "cease and desist letters" that Plaintiff sent to such non-parties. Since Hasbro considers such documents to be relevant to Plaintiff's claim against Hasbro, for like reasons, documents pertaining to Hasbro's own knowledge of a non-party's use of such term, including any "cease and desist" letters sent by Hasbro and any documents pertaining to enforcement actions by Hasbro, must be relevant to this lawsuit, by Hasbro's own implicit admission.

Hasbro filed suit in order to enforce its rights in the term "CANDY LAND" against a company using the domain name "candyland.com" on a sexually explicit Internet site. A copy of a reported decision granting Hasbro a preliminary injunction in that case is attached hereto as Exhibit "B". The pleadings and other materials associated with that lawsuit are relevant, because they are apt to reveal Hasbro's own position with regard to whether a likelihood of confusion exists between Hasbro's use of the term "CANDY LAND" and the Internet company exhibiting sexually explicit material, while at the same time Hasbro inconsistently denies that there is any likelihood of confusion between its use of the term "CANDY LAND" in connection with candy and other edible products and Plaintiff's use of his federally registered mark in connection with candy and ice cream products. Moreover, since Hasbro is asserting a counterclaim against Plaintiff for infringement of Hasbro's rights in the term "CANDY LAND", the materials in the other lawsuit are apt to reveal potential defenses that might be available to Plaintiff in the instant lawsuit.

By e-mail dated June 15, 2006, Plaintiff's undersigned attorney reiterated his request for copies of pleadings (i.e., all documents filed with or by the court and any discovery requests and responses served by the parties), copies of any settlement agreements, and a privilege log regarding the aforementioned lawsuit. A copy of the June 15, 2006 e-mail is attached here as Exhibit "C". By e-mail dated June 21, 2006, Plaintiff's undersigned attorney asked Hasbro's attorney for a response to the June 15, 2006 e-mail. A copy of the June 21, 2006 e-mail is attached hereto as Exhibit "D". By letter dated June 26, 2006, Hasbro's attorney responded only that "The lawsuit in Seattle concerning the "candyland.com" domain name is not relevant."

By e-mail dated July 27, 2006, a copy of which is attached hereto as Exhibit "E", Plaintiff's undersigned attorney asked Hasbro's attorney to let him know whether "there is any room for further discussion regarding [the] request for …documents pertaining to the candyland.com lawsuit and for a privilege log pertaining to that lawsuit." Hasbro has not responded further.



Wall Marjama

    Plaintiff requests an order directing Hasbro to provide to Plaintiff's undersigned attorney, within ten days of the order, copies of all correspondence, pleadings, and other documents pertaining to the aforementioned lawsuit and for a privilege log of any withheld documents.

                                            Respectfully submitted,
                                            WALL MARJAMA & BILINSKI LLP

                                            Robert E. Purcell

REP/jml
Attachments
cc:  Kim J. Landsman (by CM/ECF)
      John McGowan (by CM/ECF)