# EXHIBIT D

## Robert Purcell

**From:** Robert Purcell
**Sent:** Wednesday, June 21, 2006 4:18 PM
**To:** 'Landsman, Kim J. (x2980)'
**Cc:** jmcgowan@bsk.com
**Subject:** Hasbro

Kim:

My father is still alive, though his nurse on Monday predicted that he would pas away yesterday or today. In any event, I am now in my office and will try to advance the Hasbro lawsuit.

I have reviewed your letter dated June 20, 2006 concerning the dates and times for three depositions of Hasbro personnel. The dates are fine; the times are not. I would like to begin the depositions at 10:00a.m. on Monday (to accommodate John McGowan's return from vacation the previous day) and 9:00a.m. on Tuesday and on Wednesday. Although I think the depositions should not require a full 7 hours each day, you never know, and I do not want to contend with any time squeeze. Therefore, please let me know if you will not accommodate my request that the depositions commence at the foregoing times.

Second, I have not received any response from you concerning my e-mail dated June 15, 2006 regarding Hasbro's production of certain documents concerning its lawsuit involving the "candyland.com" domain name. What is Hasbro's position?

Third, I have not received any response from you or John McGowan regarding another one of my e-mails dated June 15, 2006 concerning the proposed rescheduling of the deadlines for submitting expert reports. What are your respective positions?

Fourth, thank you for providing me with unredacted copies of Hasbro documents HG001775-HG001830, as I requested in my e-mail to you dated June 11, 2006. Please let me know Hasbro's position about providing unredacted copies of other Hasbro documents, as requested in yet another of my e-mails to you dated June 15, 2006.

Fifth, Hasbro served a first set of interrogatories and a second set of document requests by mail on May 31, 2006. During our telephone conversation June 14, 2006 regarding Hasbro's attempt to preclude the proffer of Mr. Versace's testimony, you took the position that the parties had informally agreed to a factual discovery cut-off date of May 31, 2006 and therefore Plaintiff's identification of Mr. Versace as a witness was belated. When I mentioned Local Rule 16.2, which provides, "Discovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable except by order of the court for good cause shown." and that Hasbro's discovery served May 31, 2006 would require responses well after that date, you commented that the discovery requests were simply more detailed requests encompassed within Hasbro's earlier discovery, and therefore were implicitly permitted. You also commented that Hasbro's participation in scheduling depositions of Defendants was simply a courtesy to Plaintiff, and no indication or concession that Hasbro was not adhering to the alleged May 31 factual discovery cut-off date. I do not see how Hasbro's discovery requests served May 31, especially a first set of interrogatories, could possibly be encompassed within earlier requests. Moreover, I have re-read Local Rule 16.2 and find no exception for discovery requests that are considered to be simply more detailed versions of prior requests. Given Hasbro's position regarding the allegedly agreed upon factual discovery cut-off date, I believe that Local Rule 16.2 precludes Hasbro from enforcing its discovery requests served May 31 without order of the court for good cause. Therefore, unless and until Hasbro obtains any such order, Hasbro's discovery requests are belated according to its own contention regarding the factual discovery cut-off date, and Plaintiff need not and will not provide responses.

Sixth, during our telephone conversation on June 14, you asked me to respond to the portion of your letter to me dated June 8, 2006 pertaining to Plaintiff's allegedly insufficient production of documents. I have reviewed Local Rules 7.1 (d) 8. and 16.2, which require that any motions to compel discovery be filed no later than 10 days after the discovery cut-off date. Given Hasbro's position regarding the factual discovery cut-off date, Hasbro's complaints about Plaintiff's document production are now late and moot.

Robert E. Purcell
Wall Marjama & Bilinski, LLP
101 South Salina Street - Suite 400

6/21/2006