UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, AN INDIVIDUAL<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HASBRO, INC., A RHODE ISLAND CORPORATION AND TOYS 'R US-NY LLC, A NEW YORK LIMITED LIABILITY COMPANY<br><br>　　　　　　　　　　Defendants. | Civil Action No. 05-CV-930 (DNH/GJB) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTIONS TO MAGISTRATE DIBIANCO'S ORDER ENTERED AUGUST 11, 2006**

　　　Plaintiff, Spero Haritatos, by and through his undersigned attorney hereby submits this Memorandum of Law In Support of His Objections to Magistrate DiBianco's Order Entered August 11, 2006.

　　　Plaintiff is the owner of an incontestable federal trademark registration for "CANDYLAND" for candy and alleges that Defendants have infringed those trademark rights and have otherwise engaged in unfair competition and other improper actions.

　　　Defendant, Hasbro, Inc. ("Hasbro"), filed a Letter Brief dated June 26, 2006 setting forth in five of its six pages various alleged deficiencies in Plaintiff's discovery responses and production of documents (Docket Entry 60).  During a telephonic conference held July 19, 2006 Magistrate DiBianco permitted Plaintiff's counsel to file a response to the June 26, 2006 letter, albeit imposing a two page limitation.  Plaintiff filed a response to the Letter Brief dated July 26, 2006 (Docket Entry 64), and Hasbro filed a reply letter dated July 28, 2006, (Docket Entry 65).

　　　The entirety of Magistrate DiBianco's analysis with regard to the alleged discovery

1

deficiencies and document production deficiencies was as follows:

> A review of the discovery requested by defendant Hasbro shows that the information that Hasbro was seeking in its discovery requests is relevant to the issues in this action, and thus, should be produced. Hasbro has requested information, including customer lists; the application for the "Turkey Joints" registration; and information regarding damages. This court finds that this information is relevant and discoverable, given the protective order that has been entered in this case.

Magistrate DiBianco's Order was based only upon the submission of the letter briefs; he did not solicit or entertain any oral argument.

Hasbro has requested a plethora of different types of records extending over years and years, including purchase orders, credit card receipts, and similar documents that would identify each and every one of Plaintiff's customers. Magistrate DiBianco vaguely and incorrectly identified the requested documents as "customer lists". Plaintiff has no simple list of customers. As indicated in Plaintiff's letter brief dated July 26, 2006, Hasbro's request was unduly broad and would have required a couple of weeks of labor by Plaintiff and his wife. Plaintiff is also concerned that he is contractually obligated with credit card companies to maintain certain credit card information as confidential, and he requested that the existing Protective Order in this case be appropriately modified to prevent disclosure of such information to Hasbro's attorneys and other outsiders and to prevent Defendants or their attorneys from contacting any customers.

Hasbro has not shown how the requested documents are of significant relevance to the lawsuit or how alternative types of discovery could reasonably provide any reasonably needed information.

Magistrate DiBianco made no underlying findings regarding relevance, whether alternative types of discovery should be sought, whether the degree of relevance of the requested documents was far outweighed by the amount of work and effort involved searching for and producing the records, or whether the existing Protective Order should be modified.

2

Noteworthy also is the fact that Hasbro has not challenged Plaintiff's statement to the effect that Hasbro has failed to produce any similar records for its customers (even though within the scope of Plaintiff's document requests), thereby implicitly acknowledging that such documents need not be produced.

Magistrate DiBianco has absolutely no basis for concluding that information regarding an application to register a so-called "original thin-shelled candy turkey joints" mark is relevant to the instant proceeding.  That application was directed to a totally different trademark than the one at issue in the instant lawsuit.

Magistrate DiBianco also orders the production of documents relating to "information regarding damages".  Hasbro's June 26, 2006 letter specifically requests copies of documents relating to Plaintiff's damages in the nature of his legal fees incurred in pursuing an opposition proceeding against Hasbro in the United States Patent and Trademark Office.  Plaintiff's claim for this type of damage is clearly supported by the decision of <u>Attrezzi LLC v. Maytag Corp.</u>, 77 U.S.P.Q. 2d 1641 (1st Cir. 2006).  Obviously, those legal fees and costs are set forth in monthly billing statements to Plaintiff, and arguably "information regarding damages" could extend to Plaintiff's attorney's work product and privileged information.  In view of the relatively complicated issues of how to preserve attorney-client privilege and work product information that might be revealed in connection with such legal expenses, Plaintiff asked Magistrate DiBianco to consider how any such production should proceed so that the Plaintiff may reveal the magnitude of his legal expenses, while at the same time preserving his attorney-client privilege and work product information.  Hasbro did not suggest any reasonable method of which types of documents should be produced while still preserving the attorney-client privilege and work product.  Magistrate DiBianco's Order dated August 11, 2006 overlooks this concern

that Plaintiff raised in connection with producing documents pertaining to such legal expenses.

Plaintiff otherwise incorporates by reference his arguments set forth in his letter brief dated July 26, 2006.


Date: August 21, 2006                         *s/ Robert E. Purcell*
                                              Robert E. Purcell (Bar Roll No. 510,595)
                                              WALL MARJAMA & BILINSKI LLP
                                              101 South Salina St., Suite 400
                                              Syracuse, NY 13202
                                              Telephone:   (315) 425-9000
                                              Facsimile:   (315) 425-9114
                                              *Attorney for Plaintiff, Spero Haritatos*