# Wall Marjama
### An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

September 5, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
100 South Clinton Street
Syracuse, NY 13261

      Re:    **Haritatos v. Hasbro**
              **Civil Action No. 05-CV-930**
              **Our File No. 115_003**

Dear Magistrate Judge DiBianco:

    Plaintiff, Spero Haritatos, hereby renews his request to amend his complaint, as previously requested in Plaintiff's letter brief filed March 20, 2006 and as previously requested orally during a hearing before you held March 28, 2006. Your courtroom deputy, Kathy Gridley, on September 5, 2006 directed Plaintiff's undersigned counsel to submit this matter by letter brief. This Court's Order dated May 24, 2006 granted one aspect of Plaintiff's motion to amend, for a specific type of injunctive relief, but did not seem to address a second aspect of Plaintiff's motion for a specific type of damages.

    In early March, 2006, Plaintiff's counsel learned of a First Circuit decision, <u>Attrezzi LLC v. Maytag Corp.</u> (Decided January 27, 2006) in which that court affirmed an award of damages for the plaintiff's attorneys charges in connection with bringing a trademark opposition proceeding against the defendant in the United States Patent and Trademark Office. (a copy of the <u>Attrezzi</u> decision is attached hereto as Exhibit A) In an e-mail to opposing counsel dated March 12, 2006, Plaintiff's counsel asked them to let him know by March 16, 2006 if they had any objection to his amending the complaint to specifically request such damage. Hasbro's counsel informed Plaintiff's counsel by letter dated March 17, 2006 that Hasbro objected to the proposal to amend the complaint to seek specifically such damages as relief.

    Pursuant to the advice of Diane Rimkis, your judicial assistant, Plaintiff's undersigned counsel filed a letter brief on March 20, 2006 addressing several matters, including a request to amend the complaint in an additional respect, beyond the pre-existing written motion for leave to file the first amended complaint filed with the court on January 17, 2006 seeking a specific type of injunctive relief. The March 20, 2006 letter explained:

> On January 17, 2006, I filed a motion for leave to file a first amended complaint seeking to recite certain injunctive relief in the prayer for relief section of the complaint.



Defendant Hasbro, Inc. ("Hasbro") filed opposition papers, arguing that the requested injunctive relief was not permitted by law. On February 22, 2006, you granted my request to file a reply, in which I set forth recent Fifth Circuit case law that directly contradicts Hasbro's unsupported position.... You have yet to rule upon the motion to amend....

I recently asked Defendants' counsel whether they would object to my further amendment of the complaint to specifically recite a request for damages in the nature of Plaintiff's attorney's fees and costs in connection with bringing an opposition proceeding against Hasbro in the United States Patent and Trademark Office. I brought to their attention a very recent First Circuit decision in which that court affirmed an award of such damages. Only Hasbro responded to my request, objecting that the proposed amendment was (1) untimely and (2) the First Circuit case is "distinguishable from the present matter on a variety of grounds". Although the Uniform Pretrial Scheduling Order requires that motions to amend be made "on or before January 31, 2006", the First Circuit decision was dated January 27, 2006, and I did not become aware of that decision until seeing it published in the USPQ advance sheets in early March, 2006. Amending the pleadings to recite these specific damages would cause no prejudice to either of the defendants. TRU has not responded to plaintiff's interrogatories and document requests, no depositions have been scheduled or taken, and even Hasbro's production documents has been postponed pending your anticipated entry of a protective order regarding confidential information. Accordingly, the case has not proceeded to the point where the requested amendment would pose any discovery, scheduling, or other problems. Hasbro did not articulate how the First Circuit was allegedly distinguishable from the present matter, but perhaps Hasbro can surprise us all with its tightly guarded secrets of the alleged distinctions.

At the end of the March 20, 2006 letter, Plaintiff's counsel requested:

Wherefore, I, on behalf of plaintiff, Spero Haritatos, hereby request a telephonic hearing to address the above-mentioned matters.

During a telephonic conference with Your Honor on March 28, 2006, several matters were addressed, including Plaintiff's written, pending motion to amend the complaint to include certain specific injunctive relief. During that telephonic conference, Plaintiff's attorney also orally raised, and both sides argued, Plaintiff's additional request to amend the complaint "to ask for damages specifically in the nature of my client's attorney's fees in opposing Hasbro's application in the trademark office." At the conclusion of the hearing, Your Honor stated "I will reserve decision on the motion to amend ...." (See page 26 of the transcript). Copies of the relevant portions of the transcript of the telephonic conference held March 28, 2006 are attached hereto as Exhibit B.

Your Honor did not direct Plaintiff's counsel to file any further written motion to amend the complaint to seek such specific type of damages, and Plaintiff thought that the request was under submission to the Court.

Your Honor issued a lengthy Order dated May 24, 2006 granting Plaintiff's motion to amend insofar as the request for specific injunctive relief, but did not address Plaintiff's motion to amend insofar as the request for specific damages.



In Plaintiff's letter brief filed with the Court July 26, 2006, Plaintiff objected to producing certain documents relevant to Plaintiff's attorney's fees in connection with the trademark opposition proceedings at that juncture stating "several months ago Plaintiff presented a motion to amend its complaint to specifically request such item of damages, which motion has not yet been ruled upon by the Court. Until such ruling, Hasbro's request is premature, especially in view of relatively complicated issues of how to preserve attorney-client privileged information that might be revealed in connection with such legal expenses paid by Plaintiff." (Docket No. 64).

Your Honor issued an Order entered August 11, 2006, and in footnote 3 on page 8 of that Order, Your Honor stated that the Court had granted Plaintiff's motion to amend. However, it appears that what the Court was referencing was the Court's Order entered May 24, 2006 in which the Court granted Plaintiff's motion to amend the complaint respecting specifically requested injunctive relief ("In this case, plaintiff seeks to add requests for injunctive relief.") (See page 2 of the Order dated May 24, 2006).

Plaintiff has been anticipating a second decision and order addressing the other aspect of Plaintiff's motion to amend: to permit Plaintiff to expressly request damages specifically in the nature of Plaintiff's attorney's fees incurred in opposing Hasbro's application in Trademark Office.

In view of the now extended discovery cut-off date of November 30, 2006 in the instant case, Plaintiff believes that neither of the Defendants will suffer any undue prejudice in view of the circumstances.

Plaintiff has attached a proposed Second Amended Complaint And Jury Demand so that the Defendants and the Court may appreciate more clearly the nature of the proposed amendment.

Wherefore, Plaintiff prays for an order granting his motion to amend the complaint as set forth in the attached, proposed Second Amended Complaint And Jury Demand.

Respectfully submitted,<br>
WALL MARJAMA & BILINSKI LLP<br><br>
Robert E. Purcell

REP/jml
Attachments
cc: Kim J. Landsman (by CM/ECF)
    John McGowan (by CM/ECF)