# EXHIBIT B

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
SPERO HARITATOS,

                                Plaintiff,

vs.                             2005-CV-930

HASBRO, INC., TOYS "R" US-NY, LLC,

                                Defendant.
---------------------------------------x
```

Transcript of a Telephone Conference held on March 28, 2006, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE GUSTAVE J. DiBIANCO, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff:<br>(Via telephone) | WALL, MARJAMA LAW FIRM<br>Attorneys at Law<br>101 South Salina Street<br>Suite 400<br>Syracuse, New York  13202<br>   BY:  ROBERT E. PURCELL, ESQ. |
| For Defendant:<br>(Hasbro)<br>(Via telephone) | PATTERSON, BELKNAP LAW FIRM<br>Attorneys at Law<br>1133 Avenue of the Americas<br>New York, New York  10036-6710<br>   BY:  KIM J. LANDSMAN, ESQ.<br>        MICHAEL D. SANT'AMBROGIO, ESQ. |
| For Defendant:<br>(Toys "R" Us)<br>(Via telephone) | BOND, SCHOENECK & KING, PLLC<br>Attorneys at Law<br>One Lincoln Center<br>Syracuse, New York  13202-1355<br>   BY:  JOHN G. McGOWAN, ESQ. |

                                                                        15

1    and your response, Mr. Landsman, or opposition, rather.  This
2    is the motion to further amend the complaint.
3              MR. PURCELL:  All right.  Your Honor, there
4    are two pending requests to the complaint.  One has been a
5    formal motion filed a couple of months ago in which I sought
6    specifically to add a request for injunctive relief directed
7    to Hasbro's attempts to do certain things in the United
8    States Patent and Trademark Office, I cited a case directly
9    on point supporting that position, a Fifth Circuit case and
10   my adversary opposed the motion.  And in my reply, I raised
11   the Fifth Circuit case.  My adversary doesn't provide any
12   supporting case law for opposing that motion, tries to
13   criticize the Fifth Circuit case in my opinion without
14   validity or import.  And I question why in the opposition
15   brief the Patterson, Belknap firm did not bring the Fifth
16   Circuit case to this court's attention.  Did they just simply
17   overlook it?  I mean, their main case they cite is
18   Noerr-Pennington for God's sakes, not even a trademark case,
19   might have --
20             THE COURT:  It's a Supreme Court case, isn't
21   it?
22             MR. PURCELL:  Yeah, Noerr-Pennington has
23   nothing to do with trademarks.  And the Fifth Circuit case
24   specifically found that the requested type of relief was
25   warranted in that case, and it was never brought to this

Case 6:05-cv-00930-DNH-GJD   Document 75-3   Filed 09/05/06   Page 4 of 9

16

1   court's attention. It was brought to the Court's attention
2   in my reply brief, and I fail to see how Patterson, Belknap
3   could have overlooked that case. Either their research was
4   faulty or they intentionally withheld it from the Court
5   hoping the Court would not be aware of it.
6           Now they cite the Fifth Circuit case in this
7   sort of surreply paper they filed I think yesterday or the
8   day before, but they provide absolutely no other case law
9   which contradicts that Fifth Circuit case. We believe the
10  amendment's imminently warranted in the first request to the
11  complaint.
12          The second request in the complaint involves a
13  request that hasn't even been filed with the Court at this
14  time. We requested for the amended complaint to ask for
15  damages specifically in the nature of my client's attorneys'
16  fees in opposing Hasbro's application in the trademark
17  office. I cited to my adversary a recent Fifth Circuit --
18  I'm sorry, recent First Circuit decision issued a couple days
19  before the deadline of January 31st, 2006 for bringing
20  motions to the complaint, I was not aware of that case until
21  reading some advance sheets I think in early March at which
22  point I promptly contacted opposing counsel to see if they
23  would object to my amending the complaint, specifically where
24  I recite a request for such damages. They opposed it, they
25  have basically stated that certain distinctions in that case

1   from the instant case, but they provided absolutely no case
2   law in support which contradicts that specific type of relief
3   in a trademark infringement action.
4       THE COURT: All right. Mr. Landsman.
5       MR. LANDSMAN: First of all, your Honor, I
6   think we need to focus on what this case is about, the
7   allegation of the complaint, and I do that because what
8   Mr. Purcell is focusing on are remedies, not the nature of
9   the case. He's not trying to change the nature of the case,
10  he's just trying to expand remedies from this case to try to
11  get remedies that he may or may not be ever able to get in
12  the trademark trial and appeal board office itself.
13      This case is about whether there's likelihood
14  of confusion between a candy store called Candy Land in Rome,
15  New York, and a candy display in a Toys "R" Us store in Times
16  Square. It's not about whether Hasbro can or cannot register
17  its famous Candy Land board game mark for beverages and it's
18  not about the issues that were going on in the TTAB
19  proceeding. So that's one -- that's the principal reason why
20  the amendments would be futile because they're trying to get
21  remedies for what we have done in the TTAB that have got
22  nothing to do with the issues in this case.
23      But Mr. Purcell's argument shows, and it goes
24  to what he was saying about the initial disclosures as well,
25  is that he's trying to litigate everything other than the

1          What we're talking about is Hasbro's attempt
2   to register its famous mark for beverages and this case is
3   about Haritatos claiming that what Toys "R" Us did in Times
4   Square infringes on whatever rights he may have acquired from
5   a store in Rome, New York.
6          This court is not the proper place to assess
7   sanctions if there were any sanctions that would be
8   permissible here for the positions we have taken in the TTAB,
9   and the TTAB has already essentially ruled that our position
10  has merit because it denied his motion for summary judgment.
11         So that is why Noerr-Pennington, although
12  granted, it's certainly not a trademark case, but
13  Noerr-Pennington was not restricted to one particular area of
14  the law. Noerr-Pennington stands for the proposition that a
15  court should not, except in a completely objectively
16  frivolous lawsuit, situation, enjoin another party from
17  petitioning the government. It's a very basic First
18  Amendment right, and it goes all across the board to any kind
19  of petitioning of the government, including very specifically
20  applying to register a mark with the TTAB. So the Test
21  Masters case doesn't apply to that.
22         The other First Circuit case that he is citing
23  also doesn't involve the same kind of parallel registration
24  case. It -- and the judges in the First Circuit were very
25  careful to say that we are not deciding possible objections

1   not presented and Noerr-Pennington was not presented there.
2           I don't know why, but you know, quite often
3   counsel do not present all the defenses that they could, they
4   don't always think of everything and they may have had their
5   own particular reasons in that case for not bringing it up,
6   but none of these cases that Mr. Purcell is citing really do
7   or can overrule a Supreme Court precedent that says that
8   you're entitled to petition the government, and applying to
9   register a mark is petitioning the government.
10          THE COURT:  Okay.
11          MR. PURCELL:  May I be heard briefly in reply.
12          THE COURT:  Very, very briefly, I don't want
13  you to repeat the arguments you've already made, because I've
14  heard them very clearly.
15          MR. PURCELL:  All right.  The Test Masters
16  Fifth Circuit case very clearly holds that it is proper for a
17  federal district court to issue an injunction against the
18  defendant from proceeding with applications in the trademark
19  office.  Rock solid law.  They've got no case law to
20  contradict that.  They don't tell your Honor when they first
21  knew about this Test Masters case and failed to bring it to
22  the Court's attention.  Secondly, the First Circuit case
23  holds that it is proper to request damages in the nature of
24  having to expend attorneys' fees fighting something, opposing
25  something in the trademark office which is exactly what we've

```
 1   done here.
 2                   Mr. Landsman started off his comments that
 3   we're really talking about the remedies as to what I may or
 4   may not be able to get.  That's true, I may be able to get
 5   it, may not be able to get it, that's for the Court to decide
 6   on the merits later on down the road, but right now they're
 7   saying it's futile, I have absolutely no chance under any
 8   type of circumstances to get that type of relief.  I don't
 9   believe it is futile at least at this juncture, and I trust
10   at the end of trial, it will also be shown not to be futile.
11                   THE COURT:  Okay.  Is there anything further
12   then that any attorney wants to raise?  Identify yourself
13   before you start speaking.  Mr. Purcell, anything further
14   that you want to raise for this afternoon?
15                   MR. PURCELL:  Not on the amendment, your
16   Honor.
17                   THE COURT:  On anything in your letter of
18   March 20th.
19                   MR. PURCELL:  If I can, if I could read the
20   tea leaves from what I'm hearing, I think you're going to
21   deny my motion to compel the clerk to enter an entry of
22   default judgment against Toys "R" Us, but if that's so, then
23   I would request that you order Toys "R" Us to likewise
24   supplement and amend its initial disclosures which are even
25   worse than Hasbro's.
```

26

1  to my knowledge, has never ever been used to enforce some
2  discovery sanction or utilized as a discovery sanction.
3       I don't believe that there has been a default
4  in the sense contemplated in Rule 55.  And I think further
5  that your effort to move for a default under Rule 55 and Rule
6  26(g)(3) which does not mention default as a sanction created
7  confusion and delay, about which you're now complaining, and
8  your insistence in pursuing the matter in this way is, this
9  tremendous effort and waste of time in pursuing this Rule 55
10 is beginning to approach what I would consider vexatious
11 litigation.  So you should be guided accordingly.
12      And I think this case is off to a very bad
13 start in terms of the language used in your letters,
14 Mr. Purcell, and the accusations which have freely been made.
15 Whether Mr. Landsman purposely avoided citing that case, or
16 tactically did not want to cite that case does not compel a
17 conclusion that there was some intentional effort to misguide
18 the Court.  If there had been a history of that, that would
19 be a different matter, but there has been no history of that
20 and I think your efforts in that regard are misguided.
21      I will reserve decision on the motion to
22 amend, and I am directing that the attorneys cooperate with
23 one another, remain and act civilly to one another, and not
24 bring trivial matters to the attention of this very busy
25 court.  Thank you all for participating.