# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPERO HARITATOS, an individual<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation<br>and TOYS "R" US-NY LLC,<br>a New York limited liability company<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 6:05-CV-00930<br>)<br>)<br>)<br>)<br>) |

### SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, SPERO HARITATOS, ("Plaintiff"), by and through his undersigned attorneys, hereby states his First Amended Complaint against Defendants as follows. All of the allegations and other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### I. Parties

1.　Plaintiff Spero Haritatos, ("Plaintiff") is an individual residing at 321 N. Doxtater Avenue, Rome, NY 13440

2.　Defendant Hasbro, Inc., ("Hasbro") is a corporation organized and existing under the laws of the State of Rhode Island having a principal place of business at 1027 Newport Avenue, Pawtucket, Rhode Island 02862. Defendant Toys "R" Us - NY LLC ("Toys 'R' Us") is a New York limited liability company having principal places of business at both 461 From Road, Paramus, New Jersey 07652 and 1514 Broadway, New York, New York.

1

## II. Jurisdiction and Venue

3. This Court has jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

4. This Court has jurisdiction of the state claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

5. Venue is proper under 28 U.S.C. § 1391.

## III. Count One: Infringement of Federally Registered Trademark

6. Hasbro has actively tried to license and has actually licensed others to use the trademark "CANDY LAND" for a wide variety of edible products in New York State and elsewhere. Plaintiff is restricted by a protective order from detailing the nature of the licensing activities and products in this pleading. Some actual licensees have used and advertised the mark "CANDY LAND" in New York State and elsewhere in connection with at least some of said edible products.

7. Toys 'R' Us has been using and advertising the trademark "CANDY LAND" for a variety of candy and confectionary products in New York State and elsewhere.

8. Plaintiff and his predecessors in interest, since long prior to Defendants' licensing activities, uses, and advertising of "CANDY LAND" has been continuously using, and is now using the trade name and mark "CANDYLAND" in connection with his business of manufacturing, selling, and distributing in New York State, the United States, and elsewhere various types of candies, including the famous TURKEY JOINTS candy. Plaintiff has recently started using said name and mark in connection with ice cream. Said use has been valid and continuous since prior to Defendants' licensing activities, use, and advertising of "CANDY LAND" for edible products and has not been abandoned.

9. Plaintiff and his predecessors in interest, since long prior to Defendants' licensing activities, use, and advertising of "CANDY LAND" have owned and operated a candy business that has been continuously known as and is now known as CANDYLAND. Said name is symbolic of extensive good will and consumer and trade recognition built up by Plaintiff and his predecessors in

interest through substantial amounts of time and effort in advertising and promotion.

10. Plaintiff owns all right, title, and interest in and to U.S. Trademark Registration No. 1,949,876 for the mark "CANDYLAND" in connection with the goods "candy", a copy of which registration is attached hereto as Exhibit A.

11. In view of the similarity of Plaintiff's name and mark and Defendants' mark and the related nature of the businesses and goods of the respective parties, Plaintiff alleges that Defendants' mark so resembles Plaintiff's name and mark previously used in the United States, and not abandoned, as to be likely to cause confusion, to cause mistake, or to deceive.

12. Defendants' licensing activities, use, and advertising of the CANDY LAND mark in connection with edible products have been in interstate commerce, have been conducted without the authority or permission of Plaintiff, are likely to cause confusion, to cause mistake, and to deceive, and infringe Plaintiff's federally registered trademark rights and Plaintiff's other rights in the name and mark "CANDYLAND".

13. On April 14, 2003, Hasbro filed an application to register the mark "CANDY LAND" for a variety of beverages. Plaintiff opposed Hasbro's application for registration, incurring substantial legal fees and expenses. The opposition proceeding has been stayed and suspended pending the outcome of the instant federal court lawsuit.

14. Hasbro's and Toys 'R' Us's actions complained of herein have been committed willfully and intentionally, knowing of Plaintiff's rights in and registration of "CANDYLAND", and otherwise in bad faith.

### IV. Count Two: Violation of 15 U.S.C. § 1125(a)

15. Plaintiff realleges, as if fully set forth, the averments in paragraphs 1-14 of this Complaint.

16. Defendants' acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used in connection with goods or services a false designation of origin and a false or misleading description and representation which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' goods, services, and commercial activities with

Plaintiff.

### V. Count Three:  Violation of N.Y. Gen. Bus. L. § 349

17.     Plaintiff realleges, as if fully set forth, the averments in paragraphs 1-14 of this Complaint.

18.     Defendants' actions respecting the term "CANDY LAND" constitute a deceptive act in violation of N.Y. G. Bus. L. § 349.

### VI. Count Four:  Violation of N.Y. Gen. Bus. L. § 350

19.     Plaintiff realleges, as if fully set forth, the averments in paragraphs 1-14 of this Complaint.

20.     Defendants' actions respecting the term "CANDY LAND" constitute false advertising in violation of N.Y. Gen. Bus. L. § 350.

### VII. Count Five:  Unfair Competition

21.     Plaintiff realleges, as if fully set forth, the averments in paragraphs 1-14 of this Complaint.

22.     Defendants' actions with respect to the term "CANDY LAND" constitute unfair competition.

### VIII: Allegations and Damages

23.     By reason of Defendants' acts alleged herein, Plaintiff has and will suffer damage to his business, reputation, and good will.

24.     Defendants threaten to continue to do the acts alleged herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts.  Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against Defendants:

  A. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly using the term "CANDY LAND" or any other similar mark, word, or name in any manner which is likely to cause confusion, mistake or to deceive.

  B. That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the term "CANDY LAND" and relating to edible products, and all plates, molds, matrices and other means of making the same, shall be delivered up to Plaintiff for destruction.

  C. That this Court grant an injunction enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly using the term "CANDY LAND" or any other similar mark, word or name in any manner which is likely to cause deception.

  D. That this Court grant an injunction enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly using the term "CANDY LAND" or any other similar mark, word or name in any manner which constitutes false advertising.

  E. That this Court grant an injunction enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly using the term "CANDY LAND" or any other similar mark, word or name in any manner which constitute unfair competition.

  F. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of their goods and for all damages sustained by Plaintiff by reason of said acts complained of herein, including, but not limited to Plaintiff's legal fees and expenses recited in paragraph 13 of this complaint.

  G. That this Court award Plaintiff treble the amount of actual damages suffered by Plaintiff.

  H. That this Court award punitive and exemplary damages against Defendants and in favor of Plaintiff by reason of said acts complained of herein.

  I. That this Court grant an injunction enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly opposing or otherwise

interfering with Plaintiff's pursuit of a United States trademark registration of the term "CANDYLAND" or any other similar term for edible products, including, but not limited to, Plaintiff's pending U.S. Trademark Application Serial No. 78/407,842, until this aspect of the Court's order is reversed, withdrawn, or modified.

  J. That this Court grant an injunction enjoining and restraining Defendants and their directors, officers, agents, servants and employees from directly or indirectly filing, pursuing, or prosecuting any application for a United States trademark registration of the term "CANDY LAND" or any other similar mark for edible products, including, but not limited to, Hasbro's pending U.S. Trademark Application Serial No. 76/506,818, until this aspect of the Court's order is reversed, withdrawn or modified.

  K. That costs of this action be awarded Plaintiff.

  L. That this is an exceptional case and that Plaintiff be awarded his reasonable attorney fees.

  M. That this Court grant such other and further relief as it shall deem just.

### DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this _____ day of _____, 2006.

               _____
               Robert E. Purcell, Esq.
               Bar Roll No. 510,595
               Denis J. Sullivan
               Bar Roll No. 512,997
               WALL MARJAMA & BILINSKI, LLP
               101 South Salina Street #400
               Syracuse, New York 13202
               Telephone: (315) 425-9000
               Facsimile: (315) 425-9114

               **Attorneys for Plaintiff**
               SPERO HARITATOS