**A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SPERO HARITATOS,

                                         Plaintiff,

            vs.                                                    6:05-CV-930
                                                                   (J. Hurd)
HASBRO, INC., et al.,

                                         Defendants.

_____

### ORDER

Presently before the court are a variety of issues upon which the parties again

do not agree.  There are now *four*[1] letter motions presently pending in this action.

(Dkt. Nos. 53, 58, 59, 67).  The first letter-motion is dated May 15, 2006 and is

specifically addressed to alleged actions by defendant Toys-R-Us (TRU).  (Dkt. No.

53).  Plaintiff's second letter-motion is dated June 21, 2006, and requests the court to

refer this action to mediation and asks for a "declaratory" ruling that plaintiff's

disclosure of witness, Rocco L. Versace, Esq. was not untimely.  (Dkt. No. 58).

Plaintiff's third letter-motion is dated June 26, 2006 and requests that the court extend

the dates for expert disclosure and for the close of discovery.  (Dkt. No. 59).  Plaintiff's

fourth letter-motion is dated August 8, 2006 and requests that the court order

defendant Hasbro to produce documents relating to a lawsuit by Hasbro against

"candyland.com," together with a privilege log if any of the documents are withheld

---

[1] Plaintiff filed another letter motion, dated June 2, 2006. (Dkt. No. 55).  I held a telephone conference on June 9, 2006, during which I made rulings regarding plaintiff's June 2 letter-motion.

based on an assertion of privilege.[2] (Dkt. No. 67).

On June 26, 2006, defendant Hasbro responded to plaintiff's June 21, 2006 letter-motion requesting a referral to mediation. (Dkt. No. 60). Hasbro responded to plaintiff's request for mediation and plaintiff's request for a declaratory ruling. Hasbro also raised issues regarding plaintiff's alleged refusal to respond to discovery requests by defendant Hasbro. (Dkt. No. 60). On July 14, 2006, defendant Hasbro responded to plaintiff's request to extend the discovery deadlines. (Dkt. No. 62).

On July 19, 2006, I held another telephone conference in this case in an attempt to resolve the above discovery issues. As a result of that telephone conference, I ruled that if the plaintiff wanted mediation, counsel should submit a letter outlining "with some specificity" the settlement terms that plaintiff was seeking. Based upon that letter, if defendants believed that there was room for negotiation, the court would order the mediation. I deferred the decision regarding Mr. Versace's testimony to the District Judge. I reserved on the issue of the extension of the discovery deadlines. I allowed plaintiff's counsel to file a "two page" response to defendant Hasbro's June 26, 2006 letter (Dkt. 60), and I allowed defendant Hasbro to file a two page reply. I also allowed Hasbro to file a three page letter-brief regarding any other discovery issues.

On July 26, 2006, plaintiff filed a letter-brief offering additional argument regarding extension of the discovery deadlines. (Dkt. No. 63). On July 26, 2006,

---

[2] This court is not considering the merits of this request in this decision, but will schedule a telephone conference regarding this issue in the future. No response to this motion by defendants is necessary at this time.

plaintiff also filed a letter-brief in response to defendant Hasbro's claim that plaintiff failed to produce requested discovery. (Dkt. No. 64). On July 28, 2006, Hasbro filed its reply to plaintiff's July 26, 2006 letter to the court opposing Habro's motion to compel. (Dkt. No. 65). On July 28, 2006, defendant Hasbro filed its "response" to plaintiff's July 26, 2006 letter regarding the extension of discovery deadlines. (Dkt. No. 66). I will consider each pending motion in order.

1.    **Letter-Motion Dated May 15, 2006**

In this letter-motion, plaintiff's counsel complains that TRU did not properly amend its mandatory disclosures pursuant to Rule 26 or pursuant to my order during the March 28, 2006 telephone conference. Plaintiff asks the court to compel TRU to further amend these disclosures.

A review of the transcript of the March 28, 2006 telephone conference shows that I ordered TRU to supplement its initial disclosures with the "subject matter" of the named witnesses' testimony. (Dkt. No. 52 at p.22). I specifically stated "just supplement that." *Id.* Plaintiff has submitted TRU's amended mandatory disclosures. (Dkt. No. 53, Ex. B). TRU has included the last-known addresses of individuals who no longer work for TRU and has included the subject matter of their proposed testimony. For the individuals who continue to be employed by TRU, the only address listed is defense counsel's address. Only two individuals have been listed with the law firm's address.

The reason that TRU has listed the law firm's address for these two individuals is that they are still TRU employees, and are considered represented parties in this

3

case. Thus, plaintiff's counsel would have to contact these individuals through their counsel. In any event, since these individuals currently work for TRU, plaintiff is aware of their business addresses. Thus, defendant TRU has complied with my court order of March 28, 2006, and plaintiff's request to compel TRU to further supplement its mandatory disclosures is *denied*.

The May 15, 2006 letter-motion also contains additional problems that plaintiff was having with TRU's discovery responses. Plaintiff's letter-motion refers to an April 18, 2006 letter that plaintiff's counsel sent to TRU's counsel. The April 18 letter has been included as Exhibit C to plaintiff's letter motion. Many of the problems that plaintiff's counsel outlined in his April 18, 2006 letter to TRU counsel appear to have been that TRU had promised to produce materials, but had not yet done so. The court assumes that the materials that TRU promised to produce have now been provided to plaintiff. If they have not, TRU should do so *immediately*.

Finally, the April 18 letter to TRU counsel contains a section regarding issues that plaintiff's counsel had with materials that TRU had already produced. Many of these issues are minor problems, and it appears the only reason that plaintiff's counsel made the May 15 letter-motion was that TRU had not responded to plaintiff's April 18 letter. It is not this court's function to intervene every time that counsel have a minor problem such as the fact that a photograph that was provided by one side was "too dark," or that one document references other documents that may not have been produced. These problems are errors that *can and must* be corrected *without court intervention*. Thus, plaintiff's May 15, 2006 letter-motion is denied, except to the

4

extent that TRU promised to provide materials that have not yet been provided.

## 2.   **Letter-Motion Dated June 20, 2006 (Dkt. No. 58)**

This letter motion requests that the court refer this case to mediation, and also requests a declaratory ruling that Mr. Versace was not "belatedly" identified.  The court discussed both of these issues at the July 19, 2006 telephone conference.  The court ruled that if plaintiff wished the case to be referred to mediation, plaintiff's counsel should communicate with defense counsel, and if defense counsel believed that there was room to negotiate, the court would refer the case to mediation.

In Hasbro's June 26, 2006 letter-brief to the court, Hasbro states that it opposes the referral to mediation because "the gap is far too wide for a mediator to bridge." (Dkt. No. 60).  It is clear from defendant's statements that there is no "room to negotiate," and therefore, I will deny the request to refer this case to mediation.

At the July 19, 2006 telephone conference, I also ruled that I would defer the issue of whether Mr. Versace may testify to the trial judge in this case.  Defendant Hasbro argues that this witness, who is apparently going to testify about a contract signed in 1974, was disclosed long after plaintiff's initial disclosures and after depositions of some of plaintiff's witnesses had taken place.  Although the court did not impose a deadline for "factual" discovery, the parties apparently had agreed to May 31, 2006 as a deadline for factual discovery.  Plaintiff's counsel has failed to abide, ***not by a court direction***, but by an agreement that he made with defense counsel.  Since this issue will involve witnesses at trial, the parties may raise this issue with the trial judge.

3.   **Letter Motion Dated June 26, 2006 (Dkt. No. 59)**

In this letter-motion, plaintiff requests that the expert disclosure deadline as well as the discovery cut-off deadline be extended. Plaintiff requests that the discovery deadline be extended until December 29, 2006, and that expert disclosure be extended until October 20, 2006 for plaintiff, November 8, 2006 for defendants, and November 30, 2006 for any rebuttal experts. Defendants oppose this extension of time, stating that it is unclear what type of expert plaintiff wishes to obtain and why plaintiff could not obtain and disclose this expert within the existing time limitations. (Dkt. No. 62).

Plaintiff's counsel responds by explaining that the witness will be an expert in trademark law and will only be testifying regarding "how factual evidence should be viewed or interpreted when set against the background of trademark law and procedure." (Dkt. No. 63). Defendant Hasbro objected at the telephone conference that legal experts are not permitted as witnesses.

At this point, it is unclear what plaintiff's proposed expert's testimony would be because there is no expert proposed, and this court would not be able to rule in any event, without knowing more about the expert or the proposed testimony. As I stated at the telephone conference, the decision whether to allow a witness's testimony belongs to the trial judge unless the judge refers it to me for decision. The *only* issue before me at this time is whether to extend the deadlines for discovery. I will *grant* that request, however, *not* to the extent that plaintiff requests. The court will order that the deadline for close of all discovery be extended until November 30, 2006; the

6

deadline for plaintiff to disclose his experts will be extended until August 30, 2006; defendants will have until September 30, 2006; and any rebuttal experts must be disclosed by October 30, 2006.

4.     **Hasbro's Requests**

In its letter-brief, dated June 26, 2006, Hasbro raised some issues of its own regarding plaintiff's alleged failure to produce requested discovery. Hasbro claims that plaintiff has not responded to discovery requests that were served on October 27, 2005. Counsel for Hasbro also states that plaintiff has not responded to any requests for discovery that were served on May 31, 2006. Defense counsel states that plaintiff has taken the position that because defendant contends that the factual discovery cut-off was agreed to be May 31, 2006, no motion to compel is timely after that date and no discovery requests served after that date need be answered without a court order. Plaintiff's position was outlined in a June 21, 2006 e-mail from plaintiff's counsel to defense counsel. (Dkt. No. 60, Ex. 6). Thus, plaintiff refused to respond to either the older requests or to the newer requests.

Plaintiff's position in this case in unreasonable, and this problem will be solved by this court's order extending discovery deadlines. To the extent that plaintiff's objection to production of this information is that it has been requested too late, then plaintiff should produce the requested information *immediately* since the deadlines will now be extended. This court will no longer be involved in *minor* disputes in which it appears that the parties are simply attempting to avoid or delay disclosure of information or simply arguing that one party is not going to produce information

because the other party has not produced it.[3]

A review of the discovery requested by defendant Hasbro shows that the information that Hasbro was seeking in its discovery requests is relevant to the issues in this action, and thus, should be produced.  Hasbro has requested information, including customer lists; the application for the "Turkey Joints" registration; and information regarding damages.  This court finds that this information is relevant and discoverable, given the protective order that has been entered in this case.  *All outstanding discovery relating to the letter-motions discussed above, and to the extent that it has not already been produced, must be produced by both parties within thirty (30) days of the date of this order.*

This court also notes that although it is the court's function to resolve discovery disputes, it is also the parties' responsibility to act in good faith regarding their requests for court intervention.  Many of the requests for court intervention in this case have been unnecessary and have asked the court to resolve minor or petty disagreements between the parties, filling the docket of this case with unnecessary motions.  The parties are therefore reminded that prior to filing premature motions to compel and prior to involving the court in such petty disputes as when someone is going to receive a check for mileage, the parties are to *truly* attempt in *good faith* to resolve their differences.  This court will not hesitate to sanction parties that are found

---

[3] In plaintiff's letter-brief, dated July 26, 2006, plaintiff states that the court has not decided plaintiff's motion to amend. (Dkt. No. 64).  The court points out that on May 24, 2006, the court *granted plaintiff's motion to amend,* and ordered plaintiff to file and serve the amended complaint. (Dkt. No. 54).  The docket sheet indicates that plaintiff has failed to file the amended complaint.  The court has not failed to rule on the motion.

to be abusing the discovery process.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's letter motion dated May 15, 2006, (Dkt. No. 53) is **DENIED**, except as noted in this decision, and it is

**ORDERED**, that plaintiff's letter-motion dated June 21, 2006 (Dkt. No. 58) is **DENIED** regarding the referral to mediation, and the issue of Mr. Versace's testimony is **DENIED WITHOUT PREJUDICE** to an application to District Judge Hurd, and it is

**ORDERED**, that plaintiff's letter-motion dated June 26, 2006 (Dkt. No. 59) is **GRANTED**, and the close of all discovery is extended to **NOVEMBER 30, 2006**, with plaintiff's expert disclosure deadline extended to **August 30, 2006**, defendants' expert disclosure deadline is extended until **September 30, 2006**, and the rebuttal expert deadline for both parties is extended until **October 30, 2006**, and it is further

**ORDERED**, that all outstanding discovery from any party discussed above, and to the extent that it has not already been produced, must be produced within thirty (30) days of the date of this order.

Dated: August 11, 2006

_E / Di Bianco_
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

9

# B.1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
SPERO HARITATOS,                               :
                                               :
                            Plaintiff,         :        05 Civ. 930 (DNH/GJD)
                                               :
            - against -                        :
                                               :
HASBRO, INC.                                   :
and TOYS "R" US-NY LLC,                         :
                                               :
                            Defendants.        :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANT HASBRO, INC.'S
## FIRST SET OF REQUESTS TO PLAINTIFF
## <u>FOR PRODUCTION OF DOCUMENTS AND THINGS</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Defendant Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP, hereby requests that, within 30 days of the date of service hereof, Plaintiff Spero T. Haritatos ("Plaintiff") produce at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, the following documents and things in Plaintiff's or his affiliates', agents', or representatives' possession, custody or control for inspection and copying.

1225900v2

## DEFINITIONS AND INSTRUCTIONS

A.      "Plaintiff" shall refer to Spero T. Haritatos and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Spero T. Haritatos's behalf or under his control, or any one of the foregoing.

B.      The term "Complaint" shall mean the Plaintiff's Complaint in this action.

C.      The term "Plaintiff's CANDYLAND mark" is defined as any and all uses or intended uses by him in connection with goods or services of the words CANDYLAND, whether together or as two words.

D.      The term "Hasbro's CANDY LAND marks" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the words CANDYLAND, whether together or as two words.

E.      The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

F.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

H.      The term "communication" shall mean oral, written and electronic communications, as well as any note, memorandum or other record thereof.

I.      The following rules of construction apply:

2

1225900v2

(1)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

(2)    The use of the singular form of any word includes the plural and vice versa.

J.    As to each document (or portion thereof) that Plaintiff declines to produce on the ground of privilege, Plaintiff shall provide the following information:

(1)    the type of document, e.g., letter or memorandum;

(2)    the general subject matter of the document;

(3)    the date of the document;

(4)    the author(s) of the document;

(5)    the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s), and recipient(s) to each other;

(6)    the identity of each person having possession, custody or control of such document, or a copy thereof; and

(7)    the nature of the privilege claimed.

1225900v2

K.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

## DOCUMENTS AND THINGS REQUESTED

1.   Two samples of any actual or intended products and services by Plaintiff in the United States that bear Plaintiff's CANDYLAND mark.

2.   All documents concerning the conception, selection or decision by Plaintiff to use or register Plaintiff's CANDYLAND mark, including, but not limited to, documents concerning any other names contemplated or considered, any trademark search(es) conducted, and any comments or opinions concerning whether the marks were available or registrable, and whether anyone else had used or might have rights to Plaintiff's CANDYLAND mark or other marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

3.   All documents concerning the circumstances under which the Plaintiff first learned or became aware of Hasbro's use or intended use of Hasbro's CANDY LAND marks.

4.   All documents and things concerning Plaintiff's awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States.

5.   All documents and things concerning the actual or intended date of first use of Plaintiff's CANDYLAND mark on each product or service for which they have been used or intended to be used and, if different, the first use on each product or service in the commerce of the United States of Plaintiff's CANDYLAND mark.

1225900v2

4

6.     All documents concerning any business, marketing or media plans or the like prepared by or for Plaintiff referring or relating to any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

7.     All documents and things concerning Plaintiff's actual or intended sale, provision, distribution, marketing, advertising or promotion of every actual or intended product and service using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but not limited to, business papers, contracts, business cards, stationery, brochures, subscriptions, website materials, shipping documents, purchase orders, business, marketing or media plans for which Plaintiff's CANDYLAND mark is the principal subject.

8.     Documents sufficient to show the nature and extent of advertising and marketing of Plaintiff's CANDYLAND mark on each product or service for which they have been used.

9.     Copies of any advertisements, website, promotional or marketing materials relating to any products or services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

10.     Documents sufficient to show the cost, placement and nature of Plaintiff's advertising, marketing, consumer or customer relations and public relations concerning Plaintiff's use or intended use of Plaintiff's CANDYLAND mark.

11.     Documents sufficient to identify the channels of trade through which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark have been or will be sold or provided.

12.     Documents sufficient to identify the geographic area in which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's

1225900v2

CANDYLAND mark have been or will be sold or provided.

13.    Documents sufficient to identify the demographics of actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

14.    All documents and things identifying any actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but limited to customer lists.

15.    Documents sufficient to show by quarter the sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product(s) and service(s) bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

16.    All documents concerning any actual or intended licensing or assignment arrangement between Plaintiff and any person concerning the use of Plaintiff's CANDYLAND mark in the United States or elsewhere, including, but not limited to, any proposals, inquiries and/or requests to or from any third party concerning a license or assignment of Plaintiff's CANDYLAND mark.

17.    All documents concerning any mention by the media in the United States of Plaintiff's CANDYLAND mark, Hasbro's CANDY LAND marks, or any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark or Hasbro's CANDY LAND marks.

18.    All documents concerning consumers' or customers' awareness of or perceptions concerning Plaintiff's CANDYLAND mark in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, and communications from consumers or customers.

6

19.    All documents concerning consumers' or customers' awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, or communications from actual or potential consumers or customers.

20.    All consumer and industry research, including but not limited to focus groups, polls, and consumer perception or confusion surveys, and all documents relating thereto, regarding any marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

21.    All documents concerning any actual or potential confusion or likelihood of confusion between Plaintiff or his CANDYLAND marks and Hasbro or its CANDY LAND marks, including but not limited to, all documents concerning letters or other communications from Plaintiff's agents, attorneys, affiliates, consultants, or other advisors, or actual or potential consumers or customers, evidencing actual or potential confusion or likelihood of confusion or referring to Hasbro's CANDY LAND marks.

22.    All documents concerning Hasbro or its CANDY LAND marks or products.

23.    All documents concerning the public's or consumer's understanding of the words "candy land" or "candyland."

24.    All documents concerning communications between Plaintiff and Hasbro regarding "CANDYLAND," "CANDY LAND," or similar name or mark.

25.    All documents concerning communications between Plaintiff and any other person regarding any mark that incorporates the words "CANDYLAND," "CANDY LAND," or any similar name or mark.

7

26.     All documents concerning the use of the CANDY LAND name or mark by defendant Toys "R" Us-NYC LLC.

27.     All documents concerning the use of "CANDYLAND," "CANDY LAND," or any similar name or mark in connection with goods or services, including but not limited to candy and other edible goods, by any person other than Plaintiff and the Defendants.

28.     All documents relating to the prosecution of Plaintiff's applications for Plaintiff's CANDYLAND mark, including any applications in the United States or elsewhere for the CANDYLAND mark.

29.     Copies of the registrations for Plaintiff's CANDYLAND mark.

30.     All documents concerning the sale of the "Candyland" restaurant in Rome, New York, and any disposition of its assets, including but not limited to any rights to the Candyland name or mark.

31.     All documents concerning the ownership, rights in, and/or assignment of rights in the name or mark "Candyland" to or from any entity other than Plaintiff.

32.     All documents concerning the legal structure and organization of any entity doing business as "Candyland" or claiming rights in that name or mark, including without limitation any documents concerning incorporation or organization as a partnership, limited liability corporation, or any other type of business entity.

33.     All documents concerning the relationship, including any chain of title or assignments of names, trademarks, or other assets, between Plaintiff and the entity that owned a restaurant and did business as "Candyland" in Rome, New York.

34.     All documents concerning the establishment and organization of an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

8

35.    All documents concerning the relationship between an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York and an entity doing business as or known as Candyland in Rome, New York.

36.    All documents concerning the actual or intended use of any name or mark that includes the word "Candyland" by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

37.    All documents concerning the actual or intended sale of Turkey Joints by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

38.    Documents sufficient to show the annual sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product using CANDYLAND as all or part of a mark that has been sold by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

39.    All documents concerning Nora Haritatos's "Original Thin Shell Candy Turkey Joints" trademark registration, including any specimens submitted therewith, obtained in 1976.

40.    All documents concerning the use of the "Original Thin Shell Candy Turkey Joints" trademark in connection with the sale of Turkey Joints candy or any other goods.

41.    All documents concerning the application for a design patent for the design of Plaintiff's Turkey Joints candy.

42.    All documents concerning any action to protect Plaintiff's CANDYLAND mark, including but not limited to documents concerning plaintiff's awareness of any alleged or potential infringement, any correspondence or communication with an alleged or potential

9

infringer, and all papers filed in court or before the United States Patent and Trademark Office concerning Plaintiff's CANDYLAND mark.

43.    All documents concerning any claims of trademark or trade dress infringement made by or against Plaintiff.

44.    All documents concerning any administrative proceeding or litigation involving or dispute concerning the CANDYLAND mark, or any trade dress related to the marks, including documents showing any claims or rights asserted with respect to said trademarks, and any documents produced in connection with any such proceeding, litigation or dispute.

45.    All documents produced by Plaintiff in Opposition No. 91/159,145, entitled <u>Spero T. Haritatos v. Hasbro,</u> before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

46.    All documents upon which Plaintiff relies for his assertions in this action.

47.    Documents sufficient to show Plaintiff's policies for the retention or the destruction of records, documents or files.

Dated:  New York, New York
        October 27, 2005

PATTERSON BELKNAP WEBB & TYLER LLP

Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  212-336-2980
Facsimile:  212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

10

1225900v2

# B.2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SPERO T. PLAINTIFF,

                            Plaintiff,

v.

HASBRO, INC.,
and TOYS "R" US-NY LLC,

                            Defendants.

Civil Action No.: 6:05-CV-00930

## PLAINTIFF'S RESPONSE TO DEFENDANT HASBRO, INC'S FIRST SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff, Spero T. Plaintiff ("Spero T. Plaintiff"), pursuant to Fed. R. Civ. P. 34, hereby provides its objections and responses to Defendant Hasbro, Inc.'s First Set Of Requests To Plaintiff For Production Of Documents and Things dated October 27, 2005 ("the Document Requests") served by Defendant, Hasbro, Inc. ("Hasbro").

Plaintiff, based upon its current knowledge, understanding, and belief of the facts and information available to it as of the date on which this response is made, responds, and objects as set forth below to the Document Requests. This response reflects only the current state of Plaintiff's knowledge, understanding, and belief respecting the matters about which inquiry was made. Plaintiff has not completed its investigation of the facts relating to this action, and anticipates that, as this action proceeds, further facts may be discovered by him. Without in any way obligating itself to do so, Plaintiff reserves the right to modify or supplement its response with such pertinent information as he may subsequently discover. This response is given without prejudice to using or relying on at trial subsequently discovered information or information omitted from this response as a result of error, oversight, or inadvertence. Plaintiff further

reserves the right to produce additional facts, documents, and evidence at trial, and to object on appropriate grounds to the introduction of any evidenced included in this response.

Plaintiff's responses to the request are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a.      The right to raise all questions of authenticity, relevancy, materiality, privilege, and/or admissibility as evidence for any purpose of the responses to the request, in any subsequent proceeding in, or at the trial of, this or any other action;

b.      The right to object to the use of these responses in any subsequent proceeding and/or the trial of, this or any other action on any ground;

c.      The right to object on any ground at any time to other requests or other discovery involving the response or the subject matter thereof;

d.      The right to use or rely on at trial or otherwise subsequently discovered information or information omitted from this response as a result of error oversight or inadvertence;

e.      The right to produce additional facts and evidence at trial or otherwise, and to object on appropriate grounds to the introduction of any evidence included in this response; and

f.      The right to make amended or supplemental responses if Plaintiff uncovers additional information pertinent to the Document Requests, as Plaintiff's investigation of the facts and the evidence pertinent to the action has not been completed.

Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations.  Plaintiff specifically disavows any special meaning or connotation that might be accorded such terms, unless explicitly stated otherwise.

## GENERAL OBJECTIONS

Specific objections to each of the Document Requests are made on an individual basis below. In addition, Plaintiff makes the following general objections which apply equally to each of the Document Requests, whether or not explicitly referenced.

1.    Plaintiff objects to each of the Document Requests propounded by Defendant to the extent that Defendant seeks information, documents, and things protected by the attorney-client privilege and/or the work-product immunity from discovery and/or other privilege or protection under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable case law.   Any specific objections below on grounds of attorney-client privilege and/or work-product immunity from discovery in no way limit the generality of this objection. Nothing contained in this response is intended to be, or should be, considered as a waiver of any attorney-client privilege, work-product immunity from discovery, the self-critical analysis privilege, the co-defense privilege, the right of privacy, trade secret or confidential information, or any other applicable privilege or immunity, and to the extent that any request may be construed as calling for disclosure of documents protected by such privilege or immunity, a continuing objection to each and every such request is hereby imposed.

2.    Plaintiff objects to the Document Requests to the extent that they call upon Plaintiff to respond to requests that are not relevant to the subject matter of this proceeding, are not relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to the Document Requests to the extent that they seek documents and things outside the relevant time frame for this action.

3

4.     Plaintiff objects to the Document Requests to the extent that they are overbroad, oppressive, and unduly burdensome.

5.     Plaintiff objects to the Document Requests to the extent that they are vague, ambiguous, and unintelligible.

6.     Plaintiff objects to the Document Requests to the extent that they seek information and/or documents and/or things readily available to Defendant from public sources. The burden for discovering such public information is substantially the same for Defendant as for Plaintiff.

7.     Plaintiff objects to the Document Requests to the extent that they seek information and/or documents and/or things not in the possession, custody, or control of Plaintiff.

8.     Plaintiff objects to the Document Requests to the extent that the Document Requests require Plaintiff to make legal determinations and legal conclusions in order to respond to the Document Requests.


## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

Two samples of any actual or intended products and services by Plaintiff in the United States that bear Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 1:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 1 to the extent Request No. 1 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 1 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil

4

Procedure.  Plaintiff further objects to Request No. 1 to the extent that Request No. 1 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 1 to the extent Request No. 1 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff does not have any samples of any actual or intended services since, services by their nature are intangible.  Plaintiff objects to providing any samples of actual intended products specially because many of the product apt to melt.

Plaintiff previously produced to Hasbro photographs of his retail store, which photographs depict various products offered by Plaintiff with the CANDYLAND mark.  Plaintiff also refers Hasbro to Plaintiff's website for further depictions regarding his products.

**Request No. 2:**

All documents concerning the conception, selection or decision by Plaintiff to use or register Plaintiff's CANDYLAND mark, including, but not limited to, documents concerning any other names contemplated or considered, any trademark search(es) conducted, or any comments or opinions concerning whether the marks were available or registrable, and whether anyone else had used or might have rights to Plaintiff's CANDYLAND mark or other marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

**Plaintiff's Response To Request No. 2:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 2 to the extent Request No. 2 is vague, ambiguous, and unintelligible.  Plaintiff also objects to Request No. 2 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 2 to the extent that Request No. 2 calls for

information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 2 to the extent Request No. 2 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that he has already produced the requested documents within his possession, custody, or control to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 3:

All documents concerning the circumstances under which the Plaintiff first learned or became aware of Hasbro's use or intended use of Hasbro's CANDY LAND marks.

## Plaintiff's Response To Request No. 3:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 3 to the extent Request No. 3 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 3 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 3 to the extent that Request No. 3 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 3 to the extent Request No. 3 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

6

Plaintiff believes that no such documents exist. Plaintiff also refers Defendant Hasbro to Plaintiff's deposition testimony in connection with the Trademark Opposition proceeding.

**Request No. 4:**

All documents and things concerning Plaintiff's awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States.

**Plaintiff's Response To Request No. 4:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 4 to the extent Request No. 4 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 4 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 4 to the extent that Request No. 4 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 4 to the extent Request No. 4 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that the document request is vague and unintelligible, and therefore objects.

**Request No. 5:**

All documents and things concerning the actual or intended date of first use of Plaintiff's CANDYLAND mark on each product or service for which they have been used or intended to be used and, if different, the first use on each product or service in the commerce of the United States of Plaintiff's CANDYLAND mark.

7

**Plaintiff's Response To Request No. 5:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 5 to the extent Request No. 5 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 5 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 5 to the extent that Request No. 5 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 5 to the extent Request No. 5 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that any and all such documents have already been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 6:**

All documents concerning any business, marketing or media plans or the like prepared by or for Plaintiff referring or relating to any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 6:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 6 to the extent Request No. 6 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 6 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 6 to the extent that Request No. 6 calls for

information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 6 to the extent Request No. 6 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that any such documents exist, Plaintiff has already produced documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 7:

All documents and things concerning Plaintiff's actual or intended sale, provision, distribution, marketing, advertising or promotion of every actual or intended product and service using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but not limited to, business papers, contracts, business cards, stationary, brochures, subscriptions, website materials, shipping documents, purchase orders, business, marketing or media plans for which Plaintiff's CANDYLAND mark is the principal subject.

## Plaintiff's Response To Request No. 7:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 7 to the extent Request No. 7 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 7 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 7 to the extent that Request No. 7 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 7 to the extent Request No. 7 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as vague and indefinite and as overly broad and unduly burden and harassment.

## Request No. 8:

Documents sufficient to show the nature and extent of advertising and marketing of Plaintiff's CANDYLAND mark on each product or service for which they have been used.

## Plaintiff's Response To Request No. 8:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 8 to the extent Request No. 8 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 8 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 8 to the extent that Request No. 8 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 8 to the extent Request No. 8 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding.

## Request No. 9:

Copies of any advertisements, website, promotional or marketing materials relating to any products or services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

## Plaintiff's Response To Request No. 9:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 9 to the extent Request No. 9 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 9 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 9 to the extent that Request No. 9 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 9 to the extent Request No. 9 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding.

## Request No. 10:

Documents sufficient to show cost, placement and nature of Plaintiff's advertising, marketing, consumer or customer relations and public relations concerning Plaintiff's use or intended use of Plaintiff's CANDYLAND mark.

## Plaintiff's Response To Request No. 10:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 10 to the extent Request No. 10 is vague, ambiguous, and unintelligible.

Plaintiff also objects to Request No. 10 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 10 to the extent that Request No. 10 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 10 to the extent Request No. 10 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding. See also the transcript of Plaintiff's deposition in connection with the Trademark Opposition proceeding.

## Request No. 11:

Documents sufficient to identify the channels of trade through which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark have been or will be sold or provided.

## Plaintiff's Response To Request No. 11:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 11 to the extent Request No. 11 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 11 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 11 to the extent that Request No. 11 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff objects to Request No. 11 to the extent Request No. 11 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding.  See also the transcript of Plaintiff's deposition in connection with the Trademark Opposition proceeding.

## Request No. 12:

Documents sufficient to identify the geographic are in which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark have been or will be sold or provided.

## Plaintiff's Response To Request No. 12:

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 12 to the extent Request No. 12 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 12 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure, the Rules Of Practice In Trademark Cases set forth in Title 37 of the Code Of Federal Regulations, and the Trademark Trial And Appeal Board Manual Of Procedure.  Plaintiff further objects to Request No. 12 to the extent that Request No. 12 calls for information that is not relevant to the subject matter of this opposition proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 12 to the extent Request No. 12 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding. See also the transcript of Plaintiff's deposition in connection with the Trademark Opposition proceeding.

**Request No. 13:**

Documents sufficient to identify the demographics of actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 13:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 13 to the extent Request No. 13 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 13 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 13 to the extent that Request No. 13 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 13 to the extent Request No. 13 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding. See also the transcript of Plaintiff's deposition in connection with the Trademark Opposition proceeding.

14

**Request No. 14:**

All documents and things identifying any actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but limited to customer lists.

**Plaintiff's Response To Request No. 14:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 14 to the extent Request No. 14 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 14 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 14 to the extent that Request No. 14 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 14 to the extent Request No. 14 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being vague, indefinite, and overly broad and as an undue burden.

**Request No. 15:**

Documents sufficient to show by quarter the sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product(s) and service(s) bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 15:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 15 to the extent Request No. 15 is vague, ambiguous, and unintelligible.

Plaintiff also objects to Request No. 15 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 15 to the extent that Request No. 15 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 15 to the extent Request No. 15 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to producing such sales records for every year, since sales date back to proximately 1919. Plaintiff has already produced such documents in connection with the Trademark Opposition proceeding.

## Request No. 16:

All documents concerning any actual or intended licensing or assignment arrangement between Plaintiff and any person concerning the use of Plaintiff's CANDYLAND mark in the United States or elsewhere, including, but not limited to, any proposals, inquiries and/or requests to or from any third party concerning a license or assignment of Plaintiff's CANDYLAND mark.

## Plaintiff's Response To Request No. 16:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 16 to the extent Request No. 16 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 16 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 16 to the extent that Request No. 16 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff objects to Request No. 16 to the extent Request No. 16 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being overly broad to the extent that it concerns the use of Plaintiff's mark outside the United States being reasonably calculated.  Plaintiff already produced the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceedings. Defendant Hasbro also already has copies of the requested documents since Defendant Hasbro is negotiating a licensing and assignment arrangement.

**Request No. 17:**

All documents concerning any mention by the media in the United States of Plaintiff's CANDYLAND mark, Hasbro's CANDY LAND marks, or any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark or Hasbro's CANDY LAND marks.

**Plaintiff's Response To Request No. 17:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 17 to the extent Request No. 17 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 17 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 17 to the extent that Request No. 17 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 17 to the extent Request No. 17 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that such documents exist, Plaintiff believes that he has already produced such documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 18:**

All documents concerning consumers' or customers' awareness of or perceptions concerning Plaintiff's CANDYLAND mark in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, and communications from consumers or customers.

**Plaintiff's Response To Request No. 18:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 18 to the extent Request No. 18 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 18 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 18 to the extent that Request No. 18 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 18 to the extent Request No. 18 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff believes that he has already produced such documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 19:**

All documents concerning consumers' or customers' awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, or communications from actual or potential consumers or customers.

**Plaintiff's Response To Request No. 19:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 19 to the extent Request No. 19 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 19 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 19 to the extent that Request No. 19 calls for information that is not relevant to the subject matter of this opposition proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 19 to the extent Request No. 19 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff believes that he has already produced such documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 20:**

All consumer and industry research, including but not limited to focus groups, polls, and consumer perception or confusion surveys, and all documents relating thereto, regarding any marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

19

**Plaintiff's Response To Request No. 20:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 20 to the extent Request No. 20 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 20 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 20 to the extent that Request No. 20 calls for information that is not relevant to the subject matter of this opposition proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 20 to the extent Request No. 20 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff believes that no such documents exist.

**Request No. 21:**

All documents concerning any actual or potential confusion or likelihood of confusion between Plaintiff or his CANDYLAND marks and Hasbro or its CANDYLAND marks, including but not limited to, all documents concerning letters or other communications from Plaintiff's agents, attorneys, affiliates, consultants, or other advisors, or actual or potential consumers or customers, evidencing actual or potential confusion or likelihood of confusion or referring to Hasbro's CANDY LAND marks.

**Plaintiff's Response To Request No. 21:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 21 to the extent Request No. 21 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 21 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil

Procedure.  Plaintiff further objects to Request No. 21 to the extent that Request No. 21 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 21 to the extent Request No. 21 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that no such documents exist.  Plaintiff refers to his transcript of his deposition in connection with the Trademark Opposition proceeding.

**Request No. 22:**

All documents concerning Hasbro or its CANDY LAND marks or products.

**Plaintiff's Response To Request No. 22:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 22 to the extent Request No. 22 is vague, ambiguous, and unintelligible.  Plaintiff also objects to Request No. 22 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 22 to the extent that Request No. 22 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 22 to the extent Request No. 22 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request to the extent such documents have already been produced to Plaintiff by Defendant Hasbro. To the extent that other documents exist, Plaintiff believes that he has already produced such documents to Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 23:

All documents concerning the public's or consumer's understanding of the words "candy land" or "candyland."

## Plaintiff's Response To Request No. 23:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 23 to the extent Request No. 23 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 23 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 23 to the extent that Request No. 23 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 23 to the extent Request No. 23 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the interrogatory as being vague and indefinite and unintelligible.

## Request No. 24:

All documents concerning communications between Plaintiff and Hasbro regarding "CANDYLAND," "CANDY LAND," or similar name or mark.

22

**Plaintiff's Response To Request No. 24:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 24 to the extent Request No. 24 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 24 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 24 to the extent that Request No. 24 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 24 to the extent Request No. 24 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request to the extent Defendant Hasbro already has copies of the requested documents. To the extent that documents exist, Plaintiff believes that he has already produced such documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 25:**

All documents concerning communications between Plaintiff and any other person regarding any mark that incorporates the words "CANDYLAND," "CANDY LAND," or any similar name or mark.

**Plaintiff's Response To Request No. 25:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 25 to the extent Request No. 25 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 25 as overbroad, oppressive, and unduly burdensome and

23

seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 25 to the extent that Request No. 25 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 25 to the extent Request No. 25 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being overly broad and as harassment.

**Request No. 26:**

All documents concerning the use of the CANDY LAND name or mark by defendant Toys "R" Us-NYC LLC.

**Plaintiff's Response To Request No. 26:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 26 to the extent Request No. 26 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 26 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 26 to the extent that Request No. 26 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 26 to the extent Request No. 26 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request to the extent that Defendant Hasbro has already produced such documents to Plaintiff.

**Request No. 27:**

All documents concerning the use of "CANDYLAND," "CANDY LAND," or any similar name or mark in connection with goods or services, including but not limited to candy and other edible goods, by any person other than Plaintiff and the Defendants.

**Plaintiff's Response To Request No. 27:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 27 to the extent Request No. 27 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 27 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 27 to the extent that Request No. 27 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 27 to the extent Request No. 27 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request to the extent that such documents have already been produced by Defendant Hasbro to Plaintiff. Plaintiff also objects to the request to the extent that Plaintiff has already produced the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

25

## Request No. 28:

All documents relating to the prosecution of Plaintiff's applications for Plaintiff's CANDYLAND mark, including any applications in the United States or elsewhere for the CANDYLAND mark.

## Plaintiff's Response To Request No. 28:

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 28 to the extent Request No. 28 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 28 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 28 to the extent that Request No. 28 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 28 to the extent Request No. 28 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as overly broad to the extent that the requested documents pertaining to any applications outside the United States as being not reasonably calculated to lead to discoverable evidence.  Plaintiff believes that he has already produced the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

26

**Request No. 29:**

Copies of the registrations for Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 29:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 29 to the extent Request No. 29 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 29 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 29 to the extent that Request No. 29 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 29 to the extent Request No. 29 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being in the scope of, and therefore as being duplicative of Request No. 28.

**Request No. 30:**

All documents concerning the sale of the "Candyland" restaurant in Rome, New York, and any disposition of its assets, including but not limited to any rights to the Candyland name or mark.

**Plaintiff's Response To Request No. 30:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 30 to the extent Request No. 30 is vague, ambiguous, and unintelligible.

27

Plaintiff also objects to Request No. 30 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 30 to the extent that Request No. 30 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 30 to the extent Request No. 30 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

### Request No. 31:

All documents concerning the ownership, rights in, and/or assignment of rights in the name or mark "Canyland" to or from any entity other than Plaintiff.

### Plaintiff's Response To Request No. 31:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 31 to the extent Request No. 31 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 31 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 31 to the extent that Request No. 31 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of

admissible evidence.   Plaintiff objects to Request No. 31 to the extent Request No. 31 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 32:

All documents concerning the legal structure and organization of any entity doing business as "Candyland" or claiming rights in that name or mark, including without limitation any documents concerning incorporation or organization as a partnership, limited liability corporation, or any other type of business entity.

## Plaintiff's Response To Request No. 32:

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 32 to the extent Request No. 32 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 32 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 32 to the extent that Request No. 32 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 32 to the extent Request No. 32 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 33:**

All documents concerning the relationship, including any chain of title or assignments of names, trademarks, or other assets, between Plaintiff and the entity that owned a restaurant and did business as "Candyland" in Rome, New York.

**Plaintiff's Response To Request No. 33:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 33 to the extent Request No. 33 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 33 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 33 to the extent that Request No. 33 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 33 to the extent Request No. 33 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 34:**

All documents concerning the establishment and organization of an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

**Plaintiff's Response To Request No. 34:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 34 to the extent Request No. 34 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 34 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 34 to the extent that Request No. 34 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 34 to the extent Request No. 34 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 35:**

All documents concerning the relationship between an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York and an entity doing business as or known as Candyland in Rome, New York.

**Plaintiff's Response To Request No. 35:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 35 to the extent Request No. 35 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 35 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil

Procedure. Plaintiff further objects to Request No. 35 to the extent that Request No. 35 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 35 to the extent Request No. 35 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

**Request No. 36:**

All documents concerning the actual or intended use of any name or mark that includes the word "Candyland" by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

**Plaintiff's Response To Request No. 36:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 36 to the extent Request No. 36 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 36 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 36 to the extent that Request No. 36 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 36 to the extent Request No. 36 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff believes that all such documents have been produced to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 37:

All documents concerning the actual or intended sale of Turkey Joints by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

## Plaintiff's Response To Request No. 37:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 37 to the extent Request No. 37 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 37 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 37 to the extent that Request No. 37 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 37 to the extent Request No. 37 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being vague and indefinite and unduly broad.

## Request No. 38:

Documents sufficient to show the annual sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product using

CANDYLAND as all or part of a mark hat has been sold by and entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

**Plaintiff's Response To Request No. 38:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 38 to the extent Request No. 38 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 38 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 38 to the extent that Request No. 38 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 38 to the extent Request No. 38 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

See response to Request No. 15.

**Request No. 39:**

All documents concerning Nora Haritatos's "Original This Shell Candy Turkey Joints" trademark registration, including any specimens submitted therewith, obtained in 1976.

**Plaintiff's Response To Request No. 39:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 39 to the extent Request No. 39 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 39 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil

34

Procedure.  Plaintiff further objects to Request No. 39 to the extent that Request No. 39 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 39 to the extent Request No. 39 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

To the extent that Plaintiff understands the request, Plaintiff believes that he has already produced the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

### Request No. 40:

All documents concerning the use of the "Original Thin Shell Candy Turkey Joints" trademark in connection with the sale of Turkey Joints candy or other goods.

### Plaintiff's Response To Request No. 40:

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 40 to the extent Request No. 40 is vague, ambiguous, and unintelligible.  Plaintiff also objects to Request No. 40 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 40 to the extent that Request No. 40 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 40 to the extent Request No. 40 seeks information not in the possession, custody, or control of Plaintiff.

35

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being vague and indefinite and unintelligible and as overly broad.

**Request No. 41:**

All documents concerning the application for a design patent for the design of Plaintiff's Turkey Joint candy.

**Plaintiff's Response To Request No. 41:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 41 to the extent Request No. 41 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 41 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 41 to the extent that Request No. 41 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 41 to the extent Request No. 41 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

**Request No. 42:**

All documents concerning any action to protect Plaintiff's CANDYLAND mark, including but not limited to documents concerning plaintiff's awareness of any alleged or potential infringement, and correspondence or communication with an alleged or potential

36

infringer, and all papers filed in court of before the United States Patent and Trademark Office concerning Plaintiff's CANDYLAND mark.

**Plaintiff's Response To Request No. 42:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 42 to the extent Request No. 42 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 42 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 42 to the extent that Request No. 42 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 42 to the extent Request No. 42 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request as being overly broad. Plaintiff has already produced the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceeding in connection with the instant litigation.

**Request No. 43:**

All documents concerning any claims of trademark or trade dress infringement made by or against Plaintiff.

**Plaintiff's Response To Request No. 43:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 43 to the extent Request No. 43 is vague, ambiguous, and unintelligible.

Plaintiff also objects to Request No. 43 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 43 to the extent that Request No. 43 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 43 to the extent Request No. 43 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

**Request No. 44:**

All documents concerning any administrative proceeding or litigation involving or dispute concerning the CANDYLAND mark, or any trade dress related to the marks, including documents showing any claims or rights asserted with respect to said trademarks, and any documents produced in connection with any such proceeding, litigation or dispute.

**Plaintiff's Response To Request No. 44:**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 44 to the extent Request No. 44 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 44 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 44 to the extent that Request No. 44 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of

38

admissible evidence.  Plaintiff objects to Request No. 44 to the extent Request No. 44 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

See response to Request No. 43.

**Request No. 45:**

All documents produced by Plaintiff in Opposition No. 91/159,145, entitled <u>Spero T. Haritatos v. Hasbro</u>, before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

**Plaintiff's Response To Request No. 45:**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 45 to the extent Request No. 45 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 45 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.  Plaintiff further objects to Request No. 45 to the extent that Request No. 45 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 45 to the extent Request No. 45 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request because inherently the Plaintiff has already produced the documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 46:

All documents upon which Plaintiff relies for his assertions in this action.

## Plaintiff's Response To Request No. 46:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 46 to the extent Request No. 46 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 46 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 46 to the extent that Request No. 46 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 46 to the extent Request No. 46 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to the request to the extent that the requested documents have been produced by Defendant Hasbro to Plaintiff or Plaintiff has provided the requested documents to Defendant Hasbro in connection with the Trademark Opposition proceeding.

## Request No. 47:

Documents sufficient to show Plaintiff's policies for the retention or the destruction of records, documents or files.

## Plaintiff's Response To Request No. 47:

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 47 to the extent Request No. 47 is vague, ambiguous, and unintelligible.

Plaintiff also objects to Request No. 47 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 47 to the extent that Request No. 47 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 47 to the extent Request No. 47 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

SPERO T. HARITATOS
By his attorneys,

Dated: 12/9/05

Robert E. Purcell, Esq. (Bar. Roll No. 510,595)
Indranil Mukerji, Esq. (Bar Roll No. 511,738)
Denis J. Sullivan, Esq. (Bar Roll No. 512,997)
WALL MARJAMA & BILINSKI LLP
101 South Salina St., Suite 400
Syracuse, NY 13202
Telephone:     (315) 425-9000
Facsimile:     (315) 425-9114

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of December, 2005 true and correct copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT HASBRO, INC'S FIRST SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS** were placed in the U.S. mail, postage prepaid, and addressed to the following recipients:

| | |
|---|---|
| John G. McGowan, Esq.<br>Bond, Schoeneck & King, PLLC<br>One Lincoln Center<br>Syracuse, New York 13202 | Kim J. Landsman, Esq.<br>Michael D. Sant'Ambrogio, Esq.<br>Patterson Belknap Webb & Tyler, LLP<br>1133 Avenue of the Americas<br>New York, New York 10036 |

42