UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------ x
:
SPERO HARITATOS, :
: 05 Civ. 930 (DNH/GJD)
Plaintiff, :
: **DECLARATION OF**
- against - : **KIM J. LANDSMAN IN**
: **SUPPORT OF THE MOTION BY**
HASBRO, INC. : **DEFENDANT HASBRO, INC TO**
and TOYS "R" US-NY LLC, : **PRECLUDE EXPERT**
: **TESTIMONY OF SIEGRUN D.**
Defendants. : **KANE**
:
------------------------------------ x

I, Kim J. Landsman, declare and state as follows:

1. I am a member of the bar of the state of New York and of this Court, as well as of Patterson Belknap Webb & Tyler, LLP, counsel for defendant Hasbro, Inc. ("Hasbro"). I submit this declaration in support of Hasbro's motion in limine to exclude the expert testimony of Siegrun D. Kane and in order to put before the Court certain background facts on prior proceedings.

2. As the pleadings show, this case was brought by plaintiff for trademark infringement. Plaintiff, who owns a candy store in Rome, New York, and claims to own the mark Candyland for candy, asserts that Hasbro's licensing of the name and indicia of its famous

1

CANDY LAND® board game for use in one department of a TOYS "R" US store in Times Square infringes plaintiff's alleged trademark rights.

3. The deadline for plaintiff to disclose any expert reports in this case was originally set for July 1, 2006. On June 15, 2006, plaintiff first asked Hasbro if he could have additional time to submit his expert report. Defendants responded by asking what the subject of such a report would be, because defendants did not believe any such report would be appropriate in light of what they had learned in fact discovery. Plaintiff did not respond but wrote a letter brief to Magistrate Judge DiBianco requesting that the dates for plaintiff to submit an expert report be extended to October 20, 2006 and that the close of fact discovery be extended to December 29, 2006.

4. On July 19, 2006, Magistrate Judge DiBianco held a teleconference in which he considered a variety of discovery disputes, including plaintiff's request to extend the discovery deadlines. Magistrate Judge DiBianco asked plaintiff's counsel, Mr. Purcell, to explain the type of expert he had in mind and Plaintiff responded by stating that he intended to submit an expert report on trademark law and procedure. (Transcript of Proceedings (Tr.), 7/19/2006, at 15:6-8 and 16:5-12.) Defendants responded that those clearly were areas in which an expert report would be inappropriate (Tr., 7/19/2006, at 17:15-18:10) and, on that and other bases, opposed plaintiff's request for an extension of time to submit expert report. The transcript of the referenced hearing is attached as Exhibits 1. Hasbro's Letters to Magistrate Judge DiBianco dated July 14 and 28, 2006, are attached hereto as Exhibits 2 and 3, respectively.

5. In his Order of August 11, 2006 (at page 6), in response to this issue (attached hereto as Exhibit 4), Magistrate Judge DiBianco explained that "the decision whether

2

to allow a witness's testimony belongs to the trial judge[.]"  Accordingly, Hasbro is making this motion to the trial judge.

6. As required by the Court's scheduling order, Haritatos recently provided Hasbro with the expert report of Siegrun D. Kane, which is attached hereto as Exhibit 5.

7. The reasons Hasbro believes that the proposed expert testimony should be excluded as improper legal opinion are set forth in the accompanying Memorandum of Law.  We respectfully submit that deciding the issue of the admissibility of plaintiff's expert opinion now rather than waiting until the trial will avoid wasting resources on that will prove to be unnecessary.

**WHEREFORE**, Hasbro respectfully requests that the Court grant the instant motion in limine and issue an Order precluding Plaintiff's expert from testifying in the trial of this matter, along with any other and further relief which seems just and proper to this Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in New York, New York, on September 11, 2006.

_____
Kim J. Landsman
(Bar Roll No. 513,364)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **DECLARATION OF KIM J. LANDSMAN IN SUPPORT OF HASBRO INC'S MOTION TO PRECLUDE EXPERT TESTIMONY OF SIEGRUN D. KANE** to be filed electronically, with copies sent electronically to the counsel set forth below on September 11, 2006:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
(315) 425-9000

and

John G. McGowan, Esq.
Attorney for Defendant Toys "R" Us
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8121

_____
Michael D. Sant'Ambrogio