# EXHIBIT 4

# TO DECLARATION OF KIM J. LANDSMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SPERO HARITATOS,

                                                  Plaintiff,

      vs.                                                                       6:05-CV-930
                                                                                           (J. Hurd)

HASBRO, INC., et al.,

                                              Defendants.

_____

## ORDER

      Presently before the court are a variety of issues upon which the parties again do not agree. There are now ***four***[1] letter motions presently pending in this action. (Dkt. Nos. 53, 58, 59, 67). The first letter-motion is dated May 15, 2006 and is specifically addressed to alleged actions by defendant Toys-R-Us (TRU). (Dkt. No. 53). Plaintiff's second letter-motion is dated June 21, 2006, and requests the court to refer this action to mediation and asks for a "declaratory" ruling that plaintiff's disclosure of witness, Rocco L. Versace, Esq. was not untimely. (Dkt. No. 58). Plaintiff's third letter-motion is dated June 26, 2006 and requests that the court extend the dates for expert disclosure and for the close of discovery. (Dkt. No. 59). Plaintiff's fourth letter-motion is dated August 8, 2006 and requests that the court order defendant Hasbro to produce documents relating to a lawsuit by Hasbro against "candyland.com," together with a privilege log if any of the documents are withheld

---

[1] Plaintiff filed another letter motion, dated June 2, 2006. (Dkt. No. 55). I held a telephone conference on June 9, 2006, during which I made rulings regarding plaintiff's June 2 letter-motion.

based on an assertion of privilege.[2] (Dkt. No. 67).

On June 26, 2006, defendant Hasbro responded to plaintiff's June 21, 2006 letter-motion requesting a referral to mediation. (Dkt. No. 60). Hasbro responded to plaintiff's request for mediation and plaintiff's request for a declaratory ruling. Hasbro also raised issues regarding plaintiff's alleged refusal to respond to discovery requests by defendant Hasbro. (Dkt. No. 60). On July 14, 2006, defendant Hasbro responded to plaintiff's request to extend the discovery deadlines. (Dkt. No. 62).

On July 19, 2006, I held another telephone conference in this case in an attempt to resolve the above discovery issues. As a result of that telephone conference, I ruled that if the plaintiff wanted mediation, counsel should submit a letter outlining "with some specificity" the settlement terms that plaintiff was seeking. Based upon that letter, if defendants believed that there was room for negotiation, the court would order the mediation. I deferred the decision regarding Mr. Versace's testimony to the District Judge. I reserved on the issue of the extension of the discovery deadlines. I allowed plaintiff's counsel to file a "two page" response to defendant Hasbro's June 26, 2006 letter (Dkt. 60), and I allowed defendant Hasbro to file a two page reply. I also allowed Hasbro to file a three page letter-brief regarding any other discovery issues.

On July 26, 2006, plaintiff filed a letter-brief offering additional argument regarding extension of the discovery deadlines. (Dkt. No. 63). On July 26, 2006,

---

[2] This court is not considering the merits of this request in this decision, but will schedule a telephone conference regarding this issue in the future. No response to this motion by defendants is necessary at this time.

2

plaintiff also filed a letter-brief in response to defendant Hasbro's claim that plaintiff failed to produce requested discovery. (Dkt. No. 64).  On July 28, 2006, Hasbro filed its reply to plaintiff's July 26, 2006 letter to the court opposing Habro's motion to compel. (Dkt. No. 65).  On July 28, 2006, defendant Hasbro filed its "response" to plaintiff's July 26, 2006 letter regarding the extension of discovery deadlines. (Dkt. No. 66).  I will consider each pending motion in order.

**1.      Letter-Motion Dated May 15, 2006**

In this letter-motion, plaintiff's counsel complains that TRU did not properly amend its mandatory disclosures pursuant to Rule 26 or pursuant to my order during the March 28, 2006 telephone conference.  Plaintiff asks the court to compel TRU to further amend these disclosures.

A review of the transcript of the March 28, 2006 telephone conference shows that I ordered TRU to supplement its initial disclosures with the "subject matter" of the named witnesses' testimony. (Dkt. No. 52 at p.22).  I specifically stated "just supplement that." *Id.*  Plaintiff has submitted TRU's amended mandatory disclosures. (Dkt. No. 53, Ex. B).  TRU has included the last-known addresses of individuals who no longer work for TRU and has included the subject matter of their proposed testimony.  For the individuals who continue to be employed by TRU, the only address listed is defense counsel's address.  Only two individuals have been listed with the law firm's address.

The reason that TRU has listed the law firm's address for these two individuals is that they are still TRU employees, and are considered represented parties in this

3

case. Thus, plaintiff's counsel would have to contact these individuals through their counsel. In any event, since these individuals currently work for TRU, plaintiff is aware of their business addresses. Thus, defendant TRU has complied with my court order of March 28, 2006, and plaintiff's request to compel TRU to further supplement its mandatory disclosures is *denied*.

The May 15, 2006 letter-motion also contains additional problems that plaintiff was having with TRU's discovery responses. Plaintiff's letter-motion refers to an April 18, 2006 letter that plaintiff's counsel sent to TRU's counsel. The April 18 letter has been included as Exhibit C to plaintiff's letter motion. Many of the problems that plaintiff's counsel outlined in his April 18, 2006 letter to TRU counsel appear to have been that TRU had promised to produce materials, but had not yet done so. The court assumes that the materials that TRU promised to produce have now been provided to plaintiff. If they have not, TRU should do so *immediately*.

Finally, the April 18 letter to TRU counsel contains a section regarding issues that plaintiff's counsel had with materials that TRU had already produced. Many of these issues are minor problems, and it appears the only reason that plaintiff's counsel made the May 15 letter-motion was that TRU had not responded to plaintiff's April 18 letter. It is not this court's function to intervene every time that counsel have a minor problem such as the fact that a photograph that was provided by one side was "too dark," or that one document references other documents that may not have been produced. These problems are errors that *can and must* be corrected *without court intervention*. Thus, plaintiff's May 15, 2006 letter-motion is denied, except to the

extent that TRU promised to provide materials that have not yet been provided.

**2.      Letter-Motion Dated June 20, 2006 (Dkt. No. 58)**

This letter motion requests that the court refer this case to mediation, and also requests a declaratory ruling that Mr. Versace was not "belatedly" identified. The court discussed both of these issues at the July 19, 2006 telephone conference. The court ruled that if plaintiff wished the case to be referred to mediation, plaintiff's counsel should communicate with defense counsel, and if defense counsel believed that there was room to negotiate, the court would refer the case to mediation.

In Hasbro's June 26, 2006 letter-brief to the court, Hasbro states that it opposes the referral to mediation because "the gap is far too wide for a mediator to bridge." (Dkt. No. 60). It is clear from defendant's statements that there is no "room to negotiate," and therefore, I will deny the request to refer this case to mediation.

At the July 19, 2006 telephone conference, I also ruled that I would defer the issue of whether Mr. Versace may testify to the trial judge in this case. Defendant Hasbro argues that this witness, who is apparently going to testify about a contract signed in 1974, was disclosed long after plaintiff's initial disclosures and after depositions of some of plaintiff's witnesses had taken place. Although the court did not impose a deadline for "factual" discovery, the parties apparently had agreed to May 31, 2006 as a deadline for factual discovery. Plaintiff's counsel has failed to abide, *not by a court direction*, but by an agreement that he made with defense counsel. Since this issue will involve witnesses at trial, the parties may raise this issue with the trial judge.

5

**3.      Letter Motion Dated June 26, 2006 (Dkt. No. 59)**

In this letter-motion, plaintiff requests that the expert disclosure deadline as well as the discovery cut-off deadline be extended. Plaintiff requests that the discovery deadline be extended until December 29, 2006, and that expert disclosure be extended until October 20, 2006 for plaintiff, November 8, 2006 for defendants, and November 30, 2006 for any rebuttal experts. Defendants oppose this extension of time, stating that it is unclear what type of expert plaintiff wishes to obtain and why plaintiff could not obtain and disclose this expert within the existing time limitations. (Dkt. No. 62).

Plaintiff's counsel responds by explaining that the witness will be an expert in trademark law and will only be testifying regarding "how factual evidence should be viewed or interpreted when set against the background of trademark law and procedure." (Dkt. No. 63). Defendant Hasbro objected at the telephone conference that legal experts are not permitted as witnesses.

At this point, it is unclear what plaintiff's proposed expert's testimony would be because there is no expert proposed, and this court would not be able to rule in any event, without knowing more about the expert or the proposed testimony. As I stated at the telephone conference, the decision whether to allow a witness's testimony belongs to the trial judge unless the judge refers it to me for decision. The *only* issue before me at this time is whether to extend the deadlines for discovery. I will *grant* that request, however, *not* to the extent that plaintiff requests. The court will order that the deadline for close of all discovery be extended until November 30, 2006; the

6

deadline for plaintiff to disclose his experts will be extended until August 30, 2006; defendants will have until September 30, 2006; and any rebuttal experts must be disclosed by October 30, 2006.

**4.     Hasbro's Requests**

In its letter-brief, dated June 26, 2006, Hasbro raised some issues of its own regarding plaintiff's alleged failure to produce requested discovery. Hasbro claims that plaintiff has not responded to discovery requests that were served on October 27, 2005. Counsel for Hasbro also states that plaintiff has not responded to any requests for discovery that were served on May 31, 2006. Defense counsel states that plaintiff has taken the position that because defendant contends that the factual discovery cut-off was agreed to be May 31, 2006, no motion to compel is timely after that date and no discovery requests served after that date need be answered without a court order. Plaintiff's position was outlined in a June 21, 2006 e-mail from plaintiff's counsel to defense counsel. (Dkt. No. 60, Ex. 6). Thus, plaintiff refused to respond to either the older requests or to the newer requests.

Plaintiff's position in this case in unreasonable, and this problem will be solved by this court's order extending discovery deadlines. To the extent that plaintiff's objection to production of this information is that it has been requested too late, then plaintiff should produce the requested information *immediately* since the deadlines will now be extended. This court will no longer be involved in *minor* disputes in which it appears that the parties are simply attempting to avoid or delay disclosure of information or simply arguing that one party is not going to produce information

because the other party has not produced it.[3]

A review of the discovery requested by defendant Hasbro shows that the information that Hasbro was seeking in its discovery requests is relevant to the issues in this action, and thus, should be produced. Hasbro has requested information, including customer lists; the application for the "Turkey Joints" registration; and information regarding damages. This court finds that this information is relevant and discoverable, given the protective order that has been entered in this case. ***All outstanding discovery relating to the letter-motions discussed above, and to the extent that it has not already been produced, must be produced by both parties within thirty (30) days of the date of this order***.

This court also notes that although it is the court's function to resolve discovery disputes, it is also the parties' responsibility to act in good faith regarding their requests for court intervention. Many of the requests for court intervention in this case have been unnecessary and have asked the court to resolve minor or petty disagreements between the parties, filling the docket of this case with unnecessary motions. The parties are therefore reminded that prior to filing premature motions to compel and prior to involving the court in such petty disputes as when someone is going to receive a check for mileage, the parties are to *truly* attempt in *good faith* to resolve their differences. This court will not hesitate to sanction parties that are found

---

[3] In plaintiff's letter-brief, dated July 26, 2006, plaintiff states that the court has not decided plaintiff's motion to amend. (Dkt. No. 64). The court points out that on May 24, 2006, the court ***granted plaintiff's motion to amend***, and ordered plaintiff to file and serve the amended complaint. (Dkt. No. 54). The docket sheet indicates that plaintiff has failed to file the amended complaint. The court has not failed to rule on the motion.

to be abusing the discovery process.

**WHEREFORE**, based on the findings above, it is

**ORDERED,** that plaintiff's letter motion dated May 15, 2006, (Dkt. No. 53) is **DENIED**, except as noted in this decision, and it is

**ORDERED**, that plaintiff's letter-motion dated June 21, 2006 (Dkt. No. 58) is **DENIED** regarding the referral to mediation, and the issue of Mr. Versace's testimony is **DENIED WITHOUT PREJUDICE** to an application to District Judge Hurd, and it is

**ORDERED**, that plaintiff's letter-motion dated June 26, 2006 (Dkt. No. 59) is **GRANTED**, and the close of all discovery is extended to **NOVEMBER 30, 2006**, with plaintiff's expert disclosure deadline extended to **August 30, 2006**, defendants' expert disclosure deadline is extended until **September 30, 2006**, and the rebuttal expert deadline for both parties is extended until **October 30, 2006**, and it is further

**ORDERED**, that all outstanding discovery from any party discussed above, and to the extent that it has not already been produced, must be produced within thirty (30) days of the date of this order.

Dated: August 11, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

9