**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas New York, NY 10036-6710 212.336.2000 fax 212.336.2222 www.pbwt.com

September 11, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**Filed Electronically**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

**Re: Haritatos v. Hasbro, Inc. and Toy "R" Us-NY LLC, Civil Action 05-CV-930**

Dear Judge DiBianco:

We are counsel for defendant Hasbro, Inc. ("Hasbro") and write to request a stay of expert discovery pending the disposition of HASBRO, INC.'S MOTION TO PRECLUDE EXPERT TESTIMONY OF SIEGRUN D. KANE, which was filed today with Judge Hurd. A copy of Hasbro's brief in support of motion to preclude is attached hereto as Exhibit A.

Your Honor will recall that we previously argued in a July 28, 2006, letter against plaintiff's request for an extension of the deadline to file expert reports on the grounds that what he contemplated was a report that was nothing more than a legal brief. Your Honor's view was that that issue could only be resolved by the trial judge.

When we received plaintiff's expert report, it was just as we feared: a trademark lawyer explaining her view of trademark law (thereby usurping the trial judge's role) and opining on the application of that law to plaintiff's view of the facts to arrive at a conclusion that usurped the jury's role. The motion to exclude the report is being presented to Judge Hurd in light of Your Honor's comment at the July 19 teleconference and ruling in your August 11 Order that Judge Hurd would have to decide the issue.

We respectfully submit that it is in the interest of efficiency to stay expert discovery until Judge Hurd decides defendants' motion. Otherwise, we will have to take Ms. Kane's deposition, produce our own expert report on trademark law, and submit that expert to a deposition by plaintiff's counsel. The expense of all that is enormous and the likelihood of any of it being worthwhile is virtually nil, given the well-settled Second Circuit law that, as Judge Hurd has succinctly put it: "Expert witnesses cannot testify as to issues of law." Marriott v. County of Montgomery, 426 F. Supp. 2d 1, 10 n.12 (N.D.N.Y. 2006).

I spoke with Mr. Purcell on September 8 to request his consent to a stay of expert discovery, and he declined.

It is, of course, well within the Court's discretion to stay discovery "for good cause shown," Fed. R. Civ. P. 26(c), and good cause exists here. In the absence of a stay, the parties and the court will expend time and money pursuing further expert discovery (e.g., the deposition of Ms. Kane, the production of rebuttal expert reports by Defendants, and the deposition of both Defendants' rebuttal experts), which, in the event that Judge Hurd grants Hasbro's motion, will be a wasted effort. In the event that Judge Hurd denies Hasbro's motion, expert discovery will resume with no prejudice to any party.

The parties as well as the Court stand to benefit from a stay because it will serve to conserve resources. Moreover, no party will be unfairly prejudiced by the minimal delay while Hasbro's motion is pending. Accordingly, Hasbro respectfully requests that this Court order a stay of discovery pending Judge Hurd's ruling on the admissibility of Ms. Kane's expert testimony.

Respectfully submitted,

Kim J. Landsman

cc: Robert E. Purcell, Esq. (e-mail)
John G. McGowan, Esq. (e-mail)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SPERO HARITATOS, Plaintiff, - against - HASBRO, INC. and TOYS "R" US-NY LLC, Defendants. | : | 05 Civ. 930 (DNH/GJD) |

**DEFENDANT HASBRO, INC.'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE THE EXPERT TESTIMONY OF SEIGRUN D. KANE**

Kim J. Landsman (Bar Roll No. 513,364)
Michael D. Sant'Ambrogio (Bar Roll No. 513,363)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980

*Attorneys for Defendant Hasbro, Inc.*

**TABLE OF CONTENTS**


| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 1 |
| Hasbro's Famous CANDY LAND Board Game | 1 |
| Plaintiff's Candy Store | 2 |
| Nature of the Case | 2 |
| Prior Proceedings Related to the Expert Report | 3 |
| The Expert Testimony of Ms. Kane | 4 |
| ARGUMENT | 5 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## CASES

A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198 (3d Cir. 2000) ..... 7

Breezy Point Cooperative v. Cigna Property & Casualty Co., 868 F. Supp. 33 (E.D.N.Y. 1994) ..... 8

Densberger v. United Techs. Corp., 297 F.3d 66 (2d Cir. 2002) ..... 6

FAA v. Landy, 705 F.2d 624 (2d Cir. 1983) ..... 6

Housing Works, Inc. v. Turner, 362 F. Supp. 2d 434 (S.D.N.Y. 2005) ..... 9

Hygh v. Jacobs, 961 F.2d 359 (2d Cir. 1992) ..... 6

In re Initial Public Offering Sec. Litigation, 174 F. Supp. 2d 61 (S.D.N.Y. 2001) ..... 5, 6

Marriott v. County of Montgomery, 426 F. Supp. 2d 1 (N.D.N.Y. 2006) ..... 5

Marx & Co. v. Diners' Club, Inc., 550 F.2d 505 (2d Cir. 1977) ..... 7, 9

Media Sport & Arts S.r.L. v. Kinney Shoe Corp., 1999 U.S. Dist. LEXIS 16035 (S.D.N.Y. 1999) ..... 7

Meineker v. Hoyts Cinemas Corp., 154 F. Supp. 2d 376 (N.D.N.Y. 2001) ..... 8

Polaroid Corp. v. Polarad Electrics Corp., 287 F.2d 492 (2d Cir. 1961) ..... 7

Rondout Valley Central Sch. District v. Coneco Corp., 321 F. Supp. 2d 469 (N.D.N.Y. 2004) ..... 8

TC System, Inc. v. Town of Colonie, 213 F. Supp. 2d 171 (N.D.N.Y. 2002) ..... 9

United States v. Bilzerian,
926 F.2d 1285 (2d Cir. 1991)....................6, 9

United States v. Bodmer,
342 F. Supp. 2d 176 (S.D.N.Y. 2004)....................9

United States v. Duncan,
42 F.3d 97 (2d Cir. 1994)....................7, 8

United States v. Scop,
846 F.2d 135 (2d Cir. 1988)....................6, 7

United States v. Stewart,
433 F.3d 273 (2d Cir. 2006)....................6

W.W.W. Pharmaceutical Co. v. Gillette Co.,
984 F.2d 567 (2d Cir. 1993)....................7

In re Worldcom, Inc. Securities Litigation,
352 F. Supp. 2d 472 (S.D.N.Y. 2005)....................8

Defendant Hasbro, Inc. ("Hasbro") respectfully submits the brief in support of its motion to preclude the expert testimony of Siegrun D. Kane ("Ms. Kane"). As required by the Court's scheduling order, Plaintiff Spero Haritatos ("Haritatos") recently provided Hasbro with Ms. Kane's expert report, which is attached as Exhibit 5 to the accompanying Declaration of Kim J. Landsman.

## PRELIMINARY STATEMENT

Ms. Kane is being offered as an expert on trademark law to present legal guidance and conclusions. Her expert report is a thinly disguised legal brief and her proposed testimony would be the application of law to assumed facts. That type of testimony would usurp the role of the Court and should be precluded as a matter of law.

## FACTUAL BACKGROUND

### Hasbro's Famous CANDY LAND Board Game

Over the past 53 years, Hasbro's CANDY LAND trademark has become well known to generations of children (and their parents) who have grown up playing the CANDY LAND board game. Indeed, the CANDY LAND board game is so well-known that the game was recently inducted into the National Toy Hall of Fame at Rochester's Strong Museum, where it joined the ranks of thirty-four games that have achieved "icon-status." According to the museum, CANDY LAND has probably been the first board game played by most American kids since its introduction in the last half of the 20th century.

Hasbro owns several registrations on the Principal Register of the United States Patent and Trademark Office ("USPTO") for its famous CANDY LAND mark, including:

Registration No. 544,328 in International Class 28 (board game played with movable pieces), registered on June 26, 1951; registration No. 1,325,796 in International Class 16 (books), registered on March 19, 1985; No. 2,580,172 in International Class 24 (beach towels), registered on June 11, 2002; No. 1,295,810 in International Class 9 (phonograph records), registered on September 18, 1984; No. 2,666,291 in International Class 9 (computer game programs), registered on December 24, 2002; and No. 2,784,765 in International Class 16 (playing cards), registered on November 18, 2003.

**Plaintiff's Candy Store**

Mr. Haritatos operates a candy store out of his home in Rome, New York. The retail side of the candy store, which Plaintiff's mother Nora Haritatos started in the 1970s, is called Nora's Candy Shop, and it appears, from discovery taken in the proceeding before the Trademark Trial and Appeal Board ("TTAB"), that Plaintiff began to call the candy-making side of the business Candyland in the 1980s.

Haritatos registered the mark "ORIGINAL CANDYLAND CANDY TURKEY JOINTS" with the United States Patent and Trademark Office ("USPTO") in 1984 for use on candy. See Registration No. 1,294,740. Haritatos also obtained a registration for the mark "CANDYLAND" for use on candy in 1996. See Registration No. 1,949,876.

**Nature of the Case**

Plaintiff alleges that the use of Hasbro's famous CANDY LAND trademark with its distinctive candy-cane design in connection with signage in the candy department of the Toys "R" Us ("TRU") store in Times Square, New York City, is likely to cause confusion and infringes his alleged Candyland mark for candy. Plaintiff asks the Court to award damages and

to enjoin Hasbro from using its CANDY LAND mark in connection with edible products. In addition, plaintiff asks the Court to enjoin Hasbro from pursuing the registration of the term "CANDY LAND" on any edible product and from challenging plaintiff's registration of "CANDYLAND" for any edible product.

**Prior Proceedings Related to the Expert Report**

The following facts are stated in the Declaration of Kim J. Landsman accompanying this motion:

The deadline for plaintiff to disclose any expert reports in this case was originally set for July 1, 2006. On June 15, 2006, plaintiff first asked Hasbro if he could have additional time to submit his expert report. Defendants responded by asking what the subject of such a report would be, because defendants did not believe any such report would be appropriate in light of what they had learned in fact discovery. Plaintiff did not respond but wrote a letter brief to Magistrate Judge DiBianco requesting that the dates for plaintiff to submit an expert report be extended to October 20, 2006 and that the close of fact discovery be extended to December 29, 2006.

On July 19, 2006, Magistrate Judge DiBianco held a teleconference in which he considered a variety of discovery disputes including plaintiff's request to extend the discovery deadlines. A transcript of the teleconference is attached to the Landsman Declaration as Exhibit 1. Magistrate Judge DiBianco asked plaintiff's counsel, Mr. Purcell, to explain the type of expert he had in mind and Plaintiff responded by stating that he intended to submit an expert report on trademark law and procedure. (Transcript of Proceedings (Tr.), 7/19/2006, at 15:6-8 and 16:5-12) Defendants responded that those clearly were areas in which an expert report would be

inappropriate (Tr., 7/19/2006, at 17:15-18:10) and, on that and other bases, opposed plaintiff's request for an extension of time to submit expert report. See Hasbro's Letters to Magistrate Judge DiBianco dated July 14 and 28, 2006, attached to the Landsman Declaration as Exhibits 2 and 3, respectively.

During the teleconference and in his subsequent order, Magistrate Judge DiBianco ruled that "the decision whether to allow a witness's testimony belongs to the trial judge unless the judge refers it to me for decision." Order of Magistrate Judge DiBianco, August 11, 2006, attached to the Landsman Declaration as Exhibit 4.

**The Expert Testimony of Ms. Kane**

The expert opinion of Ms. Kane that plaintiff has produced confirms the expectation that it is just a thinly disguised legal brief that argues the law and then purports to tell the jury how to apply assumed facts to that law. The law of trademarks is not foreign to this Court and the opinion rests on no facts independently known to the expert or requiring expert testimony to understand.

Ms. Kane is an attorney practicing at Morgan & Finnegan, LLP in New York City specializing in trademark law. (Ex. 5 ¶ 2) She has no first hand knowledge of any facts relevant to the case. She does not offer any analysis of the facts, but simply accepts what Haritatos has alleged as true. She is being presented as an expert, quite transparently, for the sole purpose of making legal arguments and opining on the ultimate issues in the case.

In her expert report, after presenting her background and qualifications (id. ¶¶ 1-15), and reciting a selection of facts from Haritatos' allegations and testimony (id. ¶¶ 16-51), Ms. Kane's "opinions" include the following:

1. Haritatos' "Candyland" mark is incontestable. Id. ¶¶ 53, 58.

2. Haritatos' "Candyland" mark enjoys a broad scope of protection under the law. Id. ¶¶ 54, 59, 60-62.

3. Haritatos has superior rights to Defendants in the "Candyland" mark. Id. ¶¶ 55-56, 63-64.

4. The doctrine of abandonment is inapplicable to Haritatos' "Candyland" mark. Id. ¶¶ 65-74.

5. Defendants have infringed Haritatos' "Candyland" mark within the meaning of the Lanham Act under a theory of reverse confusion. Id. ¶¶ 57, 75-87.

In other words, Ms. Kane purports to identify, define, and apply the applicable law to Haritatos' view of the facts of the case.

## ARGUMENT

This Court has stated the law succinctly: "Expert witnesses cannot testify as to issues of law." Marriott v. County of Montgomery, 426 F. Supp. 2d 1, 10 n.12 (N.D.N.Y. 2006). Indeed, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle." In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (citation and quotation marks omitted). See also Advisory Comm. Notes to Fed. R. Evid. 704 (noting that Fed. R. Evid. 701, 702 & 403 provide "ample assurances against the admission of opinions which would merely tell the jury what result to reach[.]").

Just as in Marriott, where expert testimony "'regarding the constitutionality of certain conditions of confinement'" at a jail was excluded as irrelevant, Marriott, 426 F. Supp. 2d at 10 n.12, so too here, an expert opinion on whether there is actionable reverse confusion between a Toys "R" Us store on Times Square and plaintiff's store in Rome is not admissible. The matter is not open to serious debate: "It is a well-established rule in the Circuit that experts are not permitted to present testimony in the form of legal conclusions." Densberger v. United Techs. Corp., 297 F.3d 66, 74 (2d Cir. 2002) (citation and quotation marks omitted). See also United States v. Bilzerian, 926 F.2d 1285, 1295 (2d Cir. 1991) ("testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible").

The Second Circuit has explained that the use of expert testimony "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." Bilzerian, 926 F.2d at 1294. There are thus two problems when legal conclusions are offered under the guise of expert testimony. First, such testimony "'invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law.'" United States v. Scop, 846 F.2d 135, 140, rev'd in part on other grounds, 856 F.2d 5 (2d Cir. 1988) (quoting FAA v. Landy, 705 F.2d 624, 632 (2d Cir. 1983)). See also United States v. Stewart, 433 F.3d 273, 311 (2d Cir. 2006) ("Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory."); Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992) ("Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge[.]"); In re Initial Pub. Offering Sec. Litig., 174

F. Supp. 2d at 64 ("every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law") (collecting cases).

The second problem with legal testimony by a purported expert is that such testimony is "highly prejudicial" and runs a high risk of interfering with the essential role of the trier of fact. Scop, 846 F.2d at 140. As the Second Circuit has elaborated:

> When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, the Court requires the exclusion of testimony which states a legal conclusion.

United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994) (citations omitted). See also Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 510 (2d Cir. 1977) (excluding legal testimony by an expert because "[t]he admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case.") (citation omitted); Media Sport & Arts S.r.L. v. Kinney Shoe Corp., 1999 U.S. Dist. LEXIS 16035 (S.D.N.Y. 1999) ("it would be very confusing for jurors to be faced with opposing legal opinions admitted into evidence from both sides") (citations and quotation marks omitted).

Ms. Kane's "expert opinion" runs afoul of both of the Second Circuit's concerns. First, Ms. Kane clearly intrudes upon the Court's responsibility to identify and define the scope of applicable law. To cite one of many examples, in paragraphs 75 through 77 of her report Ms. Kane defines reverse confusion under the Lanham Act and articulates what she understands to be

the appropriate legal standard under which a trier of fact would find reverse confusion.[1] When her report does not read like a legal brief it tends to read like a jury instruction. Such testimony has invariably been excluded. See, e.g., In re Worldcom, Inc. Secs. Litig., 352 F. Supp. 2d 472, 500 (S.D.N.Y. 2005) ("while experts may opine on ultimate issues, they should avoid using in their testimony the very words and phrases that constitute the elements of a claim that a jury must find"); Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ("it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court"); Meineker v. Hoyts Cinemas Corp., 154 F. Supp. 2d 376, 379 (N.D.N.Y. 2001), rev'd on other grounds, 69 Fed. Appx. 19, 25 (2d Cir. 2003) ("Expert opinion as to the legal standard to apply is inadmissible, as it usurps the role of the judge and is outside the expert's area of expertise."); Breezy Point Coop. v. Cigna Property & Casualty Co., 868 F. Supp. 33, 36 (E.D.N.Y. 1994) ("Even if there exists no danger of misleading a jury into adopting outright a legal conclusion proffered by an expert witness, testimony regarding applicable legal standards remains objectionable by communicating a legal standard -- explicit or implicit -- to the jury. The function of informing the jury of the applicable law is reserved strictly for the court.") (citations and quotation marks omitted).

---

[1] It is worth noting that Ms. Kane cites the incorrect legal standard. In paragraph 77 of her report, Ms. Kane cites A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 234 (3d Cir. 2000) as the relevant precedent. The ten-factor test articulated by the Third Circuit in A&H Sportswear, while similar, is not the same as the eight–factor test that controls in the Second Circuit. See W.W.W. Pharmaceutical Co. v. Gillette Co., 984 F.2d 567, 572 (2d Cir. 1993) (assessing reverse confusion under the eight-factor test articulated in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961)). Such errors by purported experts heighten the likelihood that jurors would be confused, and highlight the importance of leaving jury instruction to the Court.

Ms. Kane does not, however, stop at identifying and defining legal terms, or at instructing the trier of fact; she also attempts to "substitute [her own] judgment for the jury's." See Duncan, 42 F.3d at 101. For example, in paragraphs 78 through 87 of her report, Ms. Kane, in her own words, "appl[ies] the pertinent reverse confusion factors to the facts" and concludes, after citing case law, that in her expert opinion, "there is a likelihood of reverse confusion." (Ex. 5, ¶ 87) That such expert testimony usurps the essential function of the trier of fact is also grounds for its exclusion See Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 448 (S.D.N.Y. 2005) (finding that the expert's "opinion [was] little more than a legal conclusion and well beyond the bounds of permissible expert testimony"); United States v. Bodmer, 342 F. Supp. 2d 176, 182 n.7 (S.D.N.Y. 2004) ("Because expert opinions on purely legal questions of American law are not admissible for any purpose, [the expert]'s declaration is hereby stricken."); TC Sys., Inc. v. Town of Colonie, 213 F. Supp. 2d 171, 182 (N.D.N.Y. 2002) (precluding expert testimony because "report reads more like a legal brief than an expert opinion"). See also Bilzerian, 926 F.2d at 1294 ("although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts").

Finally, allowing expert testimony by Ms. Kane is not only unhelpful and prejudicial, it runs afoul of the admonishment from the Second Circuit that courts "must be especially careful not to allow trials before juries to become battles of paid advocates posing as experts on the respective sides concerning matters of domestic law." Marx & Co., Inc., 550 F.2d at 508-11. There will be ample opportunity for plaintiff and defendants to put their legal theories before the Court in the form of briefs and oral argument and to argue the ultimate facts to the

jury. Admitting Ms. Kane's testimony would only confuse the jury and usurp the authority of the Court.

Hasbro respectfully submits that the admissibility of Ms. Kane's expert report should be decided now rather than await the trial because the law is so clear on the subject and because deferring the issue will greatly increase the cost of the litigation. Unless Ms. Kane's expert report is excluded now, defendants will have to take her deposition and produce one or more experts of their own. Deciding the matter now will save that unnecessary time and expense.

**CONCLUSION**

For the reasons state above, we respectfully request that the Court enter an order precluding the expert testimony of Siegrun D. Kane.

Dated: September 11, 2006

K. J. Landsman

Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of the foregoing **DEFENDANT HASBRO, INC.'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE THE EXPERT TESTIMONY OF SEIGRUN D. KANE** to be filed electronically, with copies sent electronically to the counsel set forth below on September 11, 2006:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
(315) 425-9000

and

John G. McGowan, Esq.
Attorney for Defendant Toys "R" Us
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8121

...../s/ Michael D. Sant'Ambrogio
Michael D. Sant'Ambrogio