

## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

September 11, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**Filed Electronically**

**ORDER - page 2**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re:  **Haritatos v. Hasbro, Inc. and Toy "R" Us-NY LLC,
Civil Action 05-CV-930**

Dear Judge DiBianco:

    We are counsel for defendant Hasbro, Inc. ("Hasbro") and write to request a stay of expert discovery pending the disposition of HASBRO, INC.'S MOTION TO PRECLUDE EXPERT TESTIMONY OF SIEGRUN D. KANE, which was filed today with Judge Hurd. A copy of Hasbro's brief in support of motion to preclude is attached hereto as Exhibit A.

    Your Honor will recall that we previously argued in a July 28, 2006, letter against plaintiff's request for an extension of the deadline to file expert reports on the grounds that what he contemplated was a report that was nothing more than a legal brief. Your Honor's view was that that issue could only be resolved by the trial judge.

    When we received plaintiff's expert report, it was just as we feared: a trademark lawyer explaining her view of trademark law (thereby usurping the trial judge's role) and opining on the application of that law to plaintiff's view of the facts to arrive at a conclusion that usurped the jury's role. The motion to exclude the report is being presented to Judge Hurd in light of Your Honor's comment at the July 19 teleconference and ruling in your August 11 Order that Judge Hurd would have to decide the issue.

    We respectfully submit that it is in the interest of efficiency to stay expert discovery until Judge Hurd decides defendants' motion. Otherwise, we will have to take Ms. Kane's deposition, produce our own expert report on trademark law, and submit that expert to a deposition by plaintiff's counsel. The expense of all that is enormous and the likelihood of any of it being worthwhile is virtually nil, given the well-settled Second Circuit law that, as Judge Hurd has succinctly put it: "Expert witnesses cannot testify as to issues of law." Marriott v. County of Montgomery, 426 F. Supp. 2d 1, 10 n.12 (N.D.N.Y. 2006).

Honorable Gustave J. DiBianco
September 11, 2006
Page 2

      I spoke with Mr. Purcell on September 8 to request his consent to a stay of expert discovery, and he declined.

      It is, of course, well within the Court's discretion to stay discovery "for good cause shown," Fed. R. Civ. P. 26(c), and good cause exists here. In the absence of a stay, the parties and the court will expend time and money pursuing further expert discovery (e.g., the deposition of Ms. Kane, the production of rebuttal expert reports by Defendants, and the deposition of both Defendants' rebuttal experts), which, in the event that Judge Hurd grants Hasbro's motion, will be a wasted effort. In the event that Judge Hurd denies Hasbro's motion, expert discovery will resume with no prejudice to any party.

      The parties as well as the Court stand to benefit from a stay because it will serve to conserve resources. Moreover, no party will be unfairly prejudiced by the minimal delay while Hasbro's motion is pending. Accordingly, Hasbro respectfully requests that this Court order a stay of discovery pending Judge Hurd's ruling on the admissibility of Ms. Kane's expert testimony.

Respectfully submitted,

*[signature]*

Kim J. Landsman

cc:  Robert E. Purcell, Esq. (e-mail)
      John G. McGowan, Esq. (e-mail)

**9/18/06**

## ORDER

This request for a stay of expert discovery pending the disposition of Hasbro's motion to preclude testimony of Siegrun Kane is granted. The stay will extend through the ~~dispo~~ decision by District Judge Hurd.

*[signature]*
USMJ