# Wall Marjama
### An Intellectual Property Practice

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

September 29, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
100 South Clinton Street
Syracuse, NY 13261

    Re:  **Haritatos v. Hasbro**
           **Civil Action No. 05-CV-930**
           **Our File No. 115_003**

Dear Magistrate Judge DiBianco:

    On September 21, 2006, Plaintiff's undersigned attorney left a message with your Courtroom Deputy Clerk, Kathy Gridley, noting three types of discovery disputes involving Defendants. Later in the day, she returned my call and instructed me to file a letter brief regarding the discovery issues. Accordingly, this letter addresses two of those disputes: (1) Defendant Toys 'R Us- NY LLC ("TRU") wholesale failure to comply with your Order dated and entered August 11, 2006 regarding several discovery issues; and (2) TRU's failure even to respond to Plaintiff's later request for production of many specific documents revealed during a deposition of one of TRU's employees on July 10, 2006.

    Plaintiff filed a letter-motion dated May 15, 2006 addressing certain deficiencies in Defendant TRU's disclosures and discovery responses. In Your Honor's Order dated and entered August 11, 2006, you ruled in part:

> Many of the problems that plaintiff's counsel outlined in his April 18, 2006 letter to TRU counsel appear to have been that TRU had promised to produce materials, but had not yet done so. The court assumes that the materials that TRU promised to produce have now been provided to plaintiff. If they have not, TRU should do so ***immediately***.

(emphasis in original). By letter to TRU's counsel dated September 6, 2006, a copy of which is attached hereto as Exhibit A, Plaintiff's counsel set forth his belief that although Defendant TRU had complied with Your Honor's Order regarding TRU's disclosures, it had satisfied <u>none</u> of the other cited problems with TRU's discovery responses and document production. For example, Defendant TRU still has not provided interrogatory responses <u>under oath</u>. Plaintiff's undersigned counsel asked Defendant TRU's counsel to advise him in writing by September 13, 2006 to the extent that TRU's counsel believed that TRU had satisfied any such outstanding matters. Defendant TRU's counsel has failed to respond in any way to the September 6, 2006 letter. Accordingly, Plaintiff renews his request for an order compelling Defendant TRU to remedy and satisfy Plaintiff's complaints about



Defendant TRU's discovery responses and document production, included in an attachment to the September 6, 2006 letter.

Plaintiff also learned at the deposition of Defendant TRU's employee Karen Szymanski on July 10, 2006 about the existence of many documents and things that are very relevant, and that had not been searched for or produced. Of particular note are two separate studies on the characteristics/demographics of people who visited Defendant TRU's Times Square Store that housed the "CANDY LAND" candy department under license from Hasbro. Plaintiff's counsel sent an e-mail to Defendant TRU's counsel dated July 27, 2006 requesting that such studies be produced and to let him know by the following Monday regarding the status of TRU's efforts to obtain the copies and a date certain when they would be produced. A copy of that e-mail is attached hereto as Exhibit B. Defendant TRU has failed to respond to that e-mail.

By letter dated September 1, 2006, a copy of which is attached hereto as Exhibit C, Plaintiff itemized several documents revealed in Ms. Szymanski's deposition, even citing to the pages of the deposition transcript where reference was made to the documents, and again requested copies of the two studies regarding the characteristics/demographics of the people who visited the Times Square Store as well as copies of the itemized documents and things. Plaintiff's counsel again requested copies of these studies by September 8, 2006 and asked for production of the other requested documents and things by September 13, 2006. Defendant TRU has failed to respond to the September 1, 2006 letter.

## Conclusion

Wherefore, Plaintiff prays for an order directing Defendant TRU within five days of the order to (1) remedy or satisfy each of the deficiencies set forth in Plaintiff's letter dated September 6, 2006 regarding discovery responses and document production; and (2) to produce all of the documents and things set forth in Plaintiff's letter dated September 1, 2006.

Respectfully submitted,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml
Attachments
cc: Kim J. Landsman (by CM/ECF)
    John McGowan (by CM/ECF)