# EXHIBIT A



10₁ ⌐outh Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:   (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

September 6, 2006

**BY FIRST CLASS MAIL AND E-MAIL**
John G. McGowan, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

> **Re:   Haritatos v. Hasbro**
> **Our File No. 115_003**

Dear John:

In further response to your letter to me dated August 22, 2006, I disagree with your belief that TRU is "totally even on discovery production".

For your convenient reference, I have attached a copy of my letter to you dated April 18, 2006. Magistrate DiBianco's August 11, 2006 ruling addresses the concerns about TRU's disclosures, however, I believe that TRU has satisfied none of the other cited problems of TRU's discovery responses and document production. To the extent that you believe that TRU has satisfied any of such matters set forth in my April 18, 2006, please advise me in writing **by Wednesday, September 13, 2006**.

Very truly yours,
**WALL MARJAMA & BILINSKI LLP**

Robert E. Purcell

REP/jml
Encl.

 **Wall Marjama**
An Intellectual Property Practice

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

April 18, 2006

**BY FIRST CLASS MAIL**
John G. McGowan, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

> **Re: Spero Haritatos v. Hasbro, Inc. and Toys "R" Us- NY LLC**
> **Civil Case No. 05-CV-930**
> **Our File No. 115_003**

Dear John:

This letter sets forth perceived deficiencies in the amended mandatory disclosure, the interrogatory responses, and the document production responses of Defendant Toys "R" Us- NY LLC (hereinafter "TRU").

TRU's Amended Mandatory Disclosure

On April 5, 2006, TRU provided an amended mandatory disclosure in response to Judge DiBianco's oral ruling that required TRU to provide certain information, including the residence or employment address as well as the residence or employment telephone number of the individuals set forth in TRU's initial disclosures under Rule 26(a)(1). TRU's amended mandatory disclosure remains deficient.

As indicated in TRU's interrogatory responses, many of the individuals listed in the amended mandatory disclosure no longer work for TRU. Although last known addresses have been provided as to such individuals, absolutely no last known or other telephone numbers have been provided for any of such individuals, as is required by Rule 26(a)(1)(A).

It appears that two individuals still work for TRU, and in such instances TRU has provided an address only as "Bond, Schoeneck & King PLLC" and no telephone number. You have been privy to communications between me and Defendant Hasbro regarding the deficiencies of providing a law firm address for any Defendants' employees and of Judge DiBianco's ruling requiring Defendant Hasbro to provide at least the employment address of each individual as well as a telephone number for such individual.

Please provide a corrected initial disclosure immediately.

Mr. John G. McGowan
April 18, 2006
Page 2



## Miscellaneous Discovery

Your letter to me dated March 27, 2006 indicated that documents pertaining to certain "Revenue Information" and "Corporate Records Management Program" would be provided upon entry of a suitable protective order. As you know, Judge DiBianco entered the Protective Order Governing Confidentiality by order dated March 29, 2006. Accordingly, please provide me with the foregoing documents immediately.

Your March 27, 2006 letter also states that TRU is preparing a "Privilege Log". Please provide me with a copy of the Privilege Log also.

## TRU's Responses to Interrogatories

First, the interrogatory responses have not been answered "under oath" as is required by Rule 33(b)(1). Please provide me with verified responses immediately.

Response to Interrogatory No. 3: TRU refers to an attached "Exhibit 'A'", which is designated highly confidential pursuant to the Court's protective order. The responses served upon me contained no so-called "Exhibit 'A'". Please provide Exhibit "A" immediately.

Response to Interrogatory No. 5: The response identifies a person "Christopher Kay", however, he is not listed in TRU's amended mandatory disclosure. Please provide me with his address and telephone number immediately.

Response to Interrogatory No. 6: Please provide the identity of some person who we can depose who will be able to discuss in detail TRU's knowledge of the nature and substance of TRU's alleged defense.

Response to Interrogatory No. 12: Please set forth precisely where I might find "any arguments which Hasbro asserts."

## TRU's Responses to Document Requests

Response to Request No. 2: I do not understand why there is an objection based upon a "reasonable time frame". Please explain.

Response to Request No. 16: Please provide me with copies of any search results or other documents that TRU intends to rely upon in connection with its contention. TRU's response that the public can perform an internet search is non-responsive.

Response to Request No. 23: TRU has properly objected on the basis that there is no time frame set forth in the request. Please provide the requested documents for the time frame of January 1, 2001 thru December 31, 2005.

Mr. John G. McGowan
April 18, 2006
Page 3



Response to Request No. 44: In TRU's interrogatory responses, it seems that TRU conducted some sort of Internet search (e.g., its response to Interrogatory No. 12), and is presumably printed or obtained copies of documents in connection with that search. Please provide me with copies of those documents and any other relevant documents immediately.

## Further Inquiries Based Upon Documents that TRU has Already Produced

Document TRU000245 mentions "TV network spots" in which "Candy Land" was mentioned. The documents already produced do not contain any memos, e-mails, correspondence, etc. regarding such TV network spots, nor is there any videotape of such spots. We ask that TRU search for such documents and videotape and provide me with copies of any materials found.

Document Bate Stamp TRU000245 also mentions that it has used "Candy Land" on the "Times Square Website", however, the TRU documents already produced do not seem to have any copy of the website. Please search for a copy of the website and produce any documents found.

Document Bate Stamp TRU000247 mentions "S&T removal of Candy Land from the Gtron". Again the documents that TRU has already produced do not seem to have any memos, e-mails, other communications respecting either "S&T" or "Gtron" or the referenced removal of Candy Land. We ask that TRU make a search for such documents, and produce any relevant documents found.

Document TRU000252 references three different JPGs attached, however, it appears that none of the documents in the form of JPGs have been produced. If the materials in the JPGS have not been produced, please produce the same immediately.

Document TRU000254 contains a very dark, essentially illegible photo. Please provide me with a legible photo.

Document TRU000257 references a "postcard book" presumably containing a reference to Candy Land. I believe that a copy of such postcard book has not been produced. Please have TRU search for the same and provide me with a copy of any such postcard book found.

Document TRU000275 and Document TRU000276 are very dark, essentially illegible photos. Please provide legible photos.

Document TRU000282 references an attached memo, however, it appears a copy of the memo has not been produced. Please have TRU search for a copy of the memo and provide a copy to me.

Document No. TRU000285 contains an unusual line space for a letter. Please

Mr. John G. McGowan
April 18, 2006
Page 4

 Wall Marjama

explain whether any material was redacted from the letter, and if so, please explain why the material was redacted.

Document TRU000291 and Document TRU000292 reference a list of "Candy Land Souvenir Novelties". I believe that the documents and things already produced by TRU do not include any such novelties or pictures of such novelties. Will you please have TRU search for such novelties and provide me with a sample of each such novelty, or at least a legible photo completely showing each such novelty.

Timing

Please let me know if for some reason the requested information materials cannot be provided to me by **April 28, 2006**.

Very truly yours,
WALL MARJAMA & BILINSKI LLP

Robert E. Purcell

REP/jml