**Wall Marjama**
An Intellectual Property Practice

**Robert E. Purcell**
E-Mail: rpurcell@wallmarjama.com

101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

October 12, 2006

**FILED ELECTRONICALLY USING CM/ECF**
Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
100 South Clinton Street
Syracuse, NY 13261

> Re:   Haritatos v. Hasbro
>       Civil Action No. 05-CV-930
>       Our File No. 115_003

Dear Magistrate Judge DiBianco:

Plaintiff's undersigned attorney provided a letter brief dated September 29, 2006 regarding a discovery dispute concerning Plaintiff's attempts to take the deposition testimony of two additional Hasbro employees and three former employees. Defendant Hasbro, Inc. ("Hasbro") has opposed Plaintiff's desire to take the depositions and has filed an opposition letter brief dated October 5, 2006. Plaintiff succinctly replies to the arguments raised by Hasbro.

Hasbro does not dispute that a host of important documents were identified as exhibits in the prior depositions of three Hasbro employees or that those deponents could not identify either the documents or provide insight regarding the information contained in the documents. Hasbro also does not dispute that the prior deponents were neither authors nor recipients of many of those documents. Hasbro also does not dispute that the circumstances under which certain of Hasbro's former employees left the company or that they might have less bias favoring Hasbro than do the prior deponents.

Hasbro also does not dispute that the two Hasbro employees and three former employees that Plaintiff seeks to depose have intimate knowledge of and involvement with highly relevant matters and does not dispute that such individuals authored or received a host of relevant documents about which the prior deponents were ignorant.

Hasbro suggests that "the decision-makers have testified" and that is all that Plaintiff needs and that is all to which Plaintiff is entitled. First, Hasbro's suggestion that (all of the relevant) decision-makers have testified is errant. Second, there is no rule which restricts discovery to "decision-makers". Third, the "decision-makers" were oblivious about, or had faulty recollections of, many important documents and events. Fourth, the "decision-makers" were generally high-ranking executives within Hasbro who can naturally be presumed to possess a strong bias in favor of Hasbro.



Hasbro also does not dispute Plaintiff's prediction that depositions of the two Hasbro employees and three former employees could be taken over a 2-day period. It is interesting to observe that Hasbro is spending much more time and energy resisting the requested depositions than it would take to proceed with the depositions.

Plaintiff prays for an order directing the Plaintiff be permitted to take the depositions of the five identified individuals and that counsel confer within five days of the order to arrange a convenient 2-day period during sometime before the end of October, 2006 during which the depositions will be taken in Providence, Rhode Island.

                Respectfully submitted,
                WALL MARJAMA & BILINSKI LLP

                Robert E. Purcell

REP/jml

cc: Kim J. Landsman (by e-mail and first class mail)
     John McGowan (by e-mail and first class mail)