# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

October 16, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By ECF and Mail Confirmation**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re:   **Haritatos v. Hasbro (05-CV-930)**

Dear Judge DiBianco:

We represent Defendant Hasbro, Inc. in the above-referenced case. We write to respond to the letter submitted by Plaintiff Haritatos on September 5, 2006 "renewing" Plaintiff's request that he should be permitted to amend his complaint a second time to add a claim for damages concerning proceedings before the United States Trademark Trial and Appeal Board ("TTAB") that preceded the instant lawsuit. Hasbro opposed Plaintiff's initial request in a letter to Your Honor dated March 27, 2006, which is attached hereto as Exhibit A. We likewise oppose Plaintiff's "renewed" request to amend his complaint for the following reasons.

We do, however, concur with plaintiff's desire that the issue of appropriate pleadings be resolved quickly so that all parties will know where they stand and Plaintiff's recent filings reminded us that we had not yet stated our opposition to Plaintiff's "renewed" request.

Plaintiff seeks to amend his complaint to add a request for his attorney fees and costs in a prior proceeding before the TTAB in which Plaintiff opposed Hasbro's application to register its famous CANDY LAND mark for beverages on an intent-to-use basis. But Plaintiff's complaint does not state any claim upon which such relief could be granted.

Plaintiff's complaint alleges that the use of Hasbro's famous CANDY LAND trademark with its distinctive candy-cane design in connection with signage in the candy department of the Toys "R" Us ("TRU") store in Times Square, New York City, infringes his alleged Candyland mark for selling candy.[1] In other words, Plaintiff alleges that this natural expansion of Hasbro's famous trademark will cause consumers to believe that the products sold in the candy department of a store in Times Square originate with, are associated with, or are

---

[1] Plaintiff also complains about other alleged licenses or attempts to license Hasbro's mark for edible goods, but he does not identify them.

endorsed by Haritatos' candy store in Rome. Plaintiff's complaint nowhere alleges that Hasbro has used its CANDY LAND mark in connection with beverages.

Monetary damages are not available in a TTAB proceeding and the costs of a TTAB opposition are not available under the Lanham Act. The only damages that a plaintiff alleging infringement of a federally registered trademark may potentially recover under the Lanham Act (and only if the plaintiff proves, among other things, actual consumer confusion) are: (1) defendant's profits from the infringement; (2) damages sustained by the plaintiff as a result of the infringement; and (3) the costs of the action to enjoin the infringement. 15 U.S.C.A. § 1117. The Lanham Act does not permit plaintiffs to recover attorney fees and costs of a separate and distinct action before the TTAB.

Even if Plaintiff were correct (which he is not) that he is entitled to enjoin Hasbro from applying to register its famous CANDY LAND mark in connection with any edible goods because of his federal registration for candy, he is not entitled to use the Lanham Act to recover monetary damages that are not caused by actual infringement. Put simply, an intent-to-use trademark application cannot constitute trademark infringement because it does not constitute the use of a trademark in commerce. Indeed, the TTAB is not even empowered to determine the right to use a trademark in commerce, only the right to register a mark. See TTAB Manual of Procedure § 102.01. Therefore, the costs of opposing such an application cannot possibly be recovered as damages for trademark infringement. The absurdity of Plaintiff's position is highlighted by the fact that in the prior proceeding (1) the Trademark Office Examiner did not see any likelihood of confusion between Hasbro's application and Plaintiff's registration and (2) the TTAB denied Plaintiff's motion for summary judgment in the opposition proceeding.

The First Circuit case cited by Plaintiff's counsel, Attrezzi, LLC v. Maytag Corp., 436 F.3d 32 (1st Cir. 2006), is distinguishable. In Attrezzi, the goods that were the subject of the defendant's Trademark Office application and the trademark infringement action were the same. Moreover, the plaintiff simultaneously opposed the defendant's application to register the infringing mark and sued the defendant under the Lanham Act. Unlike the present case, the defendant was using the mark on the goods for which it sought to register the mark. It is therefore inapposite to the present matter, where Plaintiff seeks to recover the costs of a prior TTAB proceeding concerning Hasbro's application for beverages and Plaintiff does not allege that Hasbro has used its CANDY LAND mark in connection with beverages.

Moreover, the First Circuit expressly disclaimed any blanket ruling on the appropriateness of the relief sought: "Conceivably, [defendant] could have argued against the [TTAB] expenses on other grounds .... We mention the possibility only to make clear that *we are not deciding possible objections not presented*." Id. at 37 n.2 (emphasis added). The *only* objection that defendant appears to have presented was that the plaintiff's TTAB opposition was unnecessary because the plaintiff could have obtained the same relief in the Lanham Act suit. The First Circuit rejected this specific argument, but no other. Given that the First Circuit expressly limited its own holding to the case before it and that the decision is neither controlling

Honorable Gustave J. DiBianco
October 16, 2006
Page 3

in the Second Circuit nor consist with the text of the Lanham Act itself, it is unhelpful to Plaintiff in this case.

       Hasbro recognizes that your Honor ruled that the <u>Noerr-Pennington</u> doctrine did not bar Plaintiff from amending his complaint to add a request that Hasbro be enjoined from pursuing its Trademark Office application for beverages. But even if the Court's inherent power to enforce its judgments permits it (in the unlikely event that Plaintiff prevails on the merits of his claims) to enjoin Hasbro from pursuing a trademark application *prospectively*, there is no scenario in which the award of attorneys fees related to a *prior* action would be required to enforce a judgment of this Court.

       Finally, Plaintiff's proposal to amend his complaint is untimely. Plaintiff contends that defendants are not prejudiced by his delay, but this is not true. Defendants have already taken the depositions of Plaintiff and his key witnesses. Defendants are merely awaiting Judge Hurd's decision regarding Plaintiff's expert before moving for summary judgment. Moreover, if it were not for the obstructionist behavior of Plaintiff's counsel and his delay in disclosing his proposed expert, discovery would be soon be at an end. Plaintiff should not be rewarded for his obstruction of discovery by permitting him to amend the Complaint a second time at this late date.

       Accordingly, we respectfully request that the Court deny Plaintiff's "renewed" motion to amend his complaint a second time.

       Respectfully submitted,

       Kim J. Landsman

Enclosure

cc:    Robert E. Purcell, Esq. (by email)
       John G. McGowan, Esq. (by email)