UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SPERO HARITATOS,

                                        Plaintiff,

            vs.                                                    6:05-CV-930
                                                                   (J. Hurd)

HASBRO, INC., et al.,

                                        Defendants.

_____

**ORDER**

Presently before the court are four letter-motions, filed by plaintiff, requesting the court's intervention into old as well as new disputes between the parties in this case. (Dkt. Nos. 67, 75, 88, 92).  In my previous order, dated August 11, 2006, I noted that there were four letter-motions pending. (Dkt. No. 68, at p. 1, citing Dkt. Nos. 53, 58, 59, and 67).  I decided three of those motions (Dkt. Nos 53, 58, and 59), and indicated that a decision on the final motion (Dkt. No. 67) would be issued at a future date, in part because the motion was filed only three days prior to my order.[1]  Plaintiff appealed my August 11, 2006 order to District Judge Hurd. (Dkt. No. 71).  On October 19, 2006, Judge Hurd affirmed my August 11, 2006 order. (Dkt. No. 95).

In this order, I will address only plaintiff's "renewed" motion to amend his complaint (Dkt. No. 75), and will issue a separate order on the three currently pending motions (Dkt. Nos. 67, 88, and 92).

_____

[1] Part of the problem in this case is that counsel for plaintiff continues to barrage the court with letter-motions as if this were the only case that the court had pending.  Thus, the court barely has time to decide one issue, when others are presented in separate letter-motions.  In an effort to accommodate plaintiff's *many* requests, this court has freely allowed plaintiff's counsel to file these letter-motions, however, this leniency has resulted in confusion and unnecessary work for the court.

**DISCUSSION**

1. __Motion to Amend__

Plaintiff argues that although I decided part of the motion to amend, plaintiff's counsel raised another amendment issue during a March 28, 2006 telephone conference, and neither my May 24, 2006 order, nor my August 11, 2006 order resolved the issue that was discussed at the telephone conference.[2] My May 24, 2006 order granted plaintiff's motion to amend insofar as plaintiff wished to add a request for a specific type of injunctive relief. (Dkt. No. 54). Plaintiff also wishes to add an additional request for a specific type of damages. (Dkt. No. 75). Plaintiff wishes to ask for damages in the nature of plaintiff's attorneys fees and costs incurred in opposing an application that Hasbro made in the Patent and Trademark Office. Defendant Hasbro has submitted brief in opposition to this amendment. (Dkt. No. 93).

As this court stated in its May 24, 2006 order, a court has discretion whether or not to grant leave to amend [a pleading]. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In exercising this discretion, the court must act pursuant to Fed. R. Civ. P. 15(a), granting leave to amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a); *Id.* at 182. In deciding whether to exercise its discretion, the court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City School District*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman*, 371 U.S. at 182). The court must also examine whether there will be

---

[2] Plaintiff's counsel had mentioned this amendment in a March 20, 2006 letter (Dkt. No. 42), and defendant Hasbro opposed it in a letter dated March 27, 2006, stating, in part, that "plaintiff has not seriously argued it." (Dkt. No. 44).

prejudice to the opposing party. *Kovian v. Fulton County National Bank*, 86-CV-154, 1992 U.S. Dist. LEXIS 7023 (N.D.N.Y. May 13, 1992). Finally, where it appears that granting leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of discretion to deny leave to amend. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)(citations omitted).

In this case, I will deny plaintiff's motion to amend the complaint to add the "specific" type of damage relief, consisting of plaintiff's expenses in opposing Hasbro's application in the Trademark Trial and Appeal Board (TTAB) to register the CANDY LAND mark for use with beverages. I am denying this request for various reasons. First, I would point out that when plaintiff moved to amend his complaint, he properly submitted a proposed "First" Amended Complaint and Jury Demand. (Dkt. No. 26, Ex. A). The proposed amended complaint is a requirement under LOCAL RULES N.D.N.Y. 7.1(a)(4).

This "First" Amended Complaint did not contain a request for the type of damages now requested. Plaintiff's counsel stated at the March 28, 2006 telephone hearing that the request had not "even been filed with the court at this time." (Dkt. No. 52)(Transcript of March 28, 2006 telephone conference (T) at 16). "We requested for the amended complaint to ask for damages specifically in the nature of my client's attorneys' fees in opposing Hasbro's application in the trademark office." (T. 16). Plaintiff's counsel argued that *Attrezzi, LLC v. Maytag Corp*, 436 F.3d 32 (1st Cir. 2006) authorized this type of request for damages. Plaintiff's counsel had mentioned this request in a letter dated March 20, 2006, (Dkt. No. 42), however, no proposed

3

amended complaint was submitted to the court containing this new request.

Defense counsel opposed this request in his letter of March 27, 2006 and during the telephone conference. (Dkt. No. 44)(T. 19-20).  At the end of the conference, I stated that I would reserve decision on the motion to amend. (T. 22).  I issued the order "granting" the motion to amend on May 24, 2006, and as plaintiff's counsel correctly states, I only granted the request that was reflected in the "First" proposed amended complaint.  There was **no "Second" proposed amended complaint submitted** that included the damage request.  My order specifically stated the plaintiff was to **"file and serve" the proposed amended complaint**. (Dkt. No. 54 at p.8). Plaintiff's counsel never filed any amended complaint and **now**, in a letter dated September 5, 2006, states that he was waiting for the court to issue another decision regarding his "second" request. (Dkt. No. 75).

If plaintiff's counsel believed that the court had erred in failing to consider his second request, he should have brought it to the court's attention long before July of 2006.[3]  Clearly, if the court were still considering a part of the motion to amend, the court would not have ordered the **filing and service** of a proposed amended complaint prior to its final decision.  It should be noted that plaintiff **never complied** with that specific order, and **never** requested clarification.  It was **clear** from the May 24, 2006 order, that the court believed, whether properly or not, that it was deciding the entire motion.  Plaintiff's counsel generally has no problem contacting the court to request

---

[3] It was certainly clear to plaintiff's counsel after my August 11, 2006 order, that I believed that the entire motion to amend had been resolved. (Dkt. No. 68).

4

resolutions to his multiple concerns.  In fact, plaintiff's counsel could have asked the court at either the June 9, 2006 telephone conference or at the July 19, 2006 telephone conference whether there had been some confusion or whether the court was still considering the second request, even though counsel had ***never submitted*** a second proposed amended complaint for the court to consider.[4]

Thus, the court could deny plaintiff's request based on the fact that counsel never submitted the appropriate papers in support of his request, rather, he merely mentioned the request to add these damages without supporting this request with a proposed amended complaint or even requesting that he be allowed to submit a second proposed amended complaint.  Instead of requesting clarification of an order that he believed may have been incomplete or incorrect, he merely ***ignored the order*** and then argued that he was ***waiting for the court to act on his second request***.

In addition to plaintiff's dilatory actions, this court will also deny the plaintiff's second request on the merits.  Plaintiff cites *Attrezzi* for the proposition that plaintiff may request damages in the nature of his expenses in opposing an action in the Patent and Trademark Office (PTO).  Plaintiff also argues that at this stage of the action, whether these damages are ultimately awarded is not determinative of whether they can be "requested" in the complaint.

Without going into a lengthy discussion of *Attrezzi*, the court notes that the plaintiff and defendant in *Attrezzi* were using the trademark for the same type of

---

[4] Plaintiff's counsel has submitted the "Second" Amended Complaint and Jury Demand with his September 5, 2006 letter.

product, and both the PTO proceeding and the federal lawsuit were specifically related to Maytag's alleged "use" of the trademark in conjunction with its line of kitchen appliances. 436 F.3d at 35.  In this case, the TTAB proceeding, opposed by plaintiff, deals with a proposed registration of the trademark for *beverages*.  Plaintiff argues that this is a distinction without a difference.

While this may be true, the court also finds that the proposed amendment will not be productive, because denial of the amendment will not necessarily prevent plaintiff from obtaining the relief sought if plaintiff should prevail in this action. Plaintiff's proposed amendment, reflected in paragraph F of the Prayers for Relief, contained in the Second Amended Complaint, states that

> Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of their goods and for all damages sustained by Plaintiff by reason of said acts complained of herein, *including, but not limited to* Plaintiff's legal fees and expenses recited in paragraph 13 of this complaint.

Second Amended Complaint and Jury Demand at ¶ F, p.5 (emphasis added). Paragraph 13 references the Hasbro's April 14, 2003 application to register the CANDY LAND mark for a variety of beverages. *Id.* ¶ 13, p.3.  This paragraph states that plaintiff opposed this application, incurring substantial legal fees and expenses. *Id.*

The statute contains a section devoted to "recovery" for violations. 15 U.S.C. § 1117.  In that section, various specific types of damages are listed, including "(1) the defendant's profits, (2) *any damages sustained by the plaintiff*, and (3) the costs of

the action." 15 U.S.C. § 1117(a)(emphasis added).  Attorneys fees are limited by statute to "exceptional cases." *Id.*  The damages must result from the "wrongful act" of infringement. *See Apollo Theater Found, Inc. v. W. Int'l Syndication*, 02 Civ. 10037, 2005 U.S. Dist. LEXIS 7955, *33 (S.D.N.Y. May 6, 2005)(citing J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30.72)(damages must be caused to plaintiff by the ***wrongful act***).

If plaintiff succeeds in this action, and plaintiff claims that the attorneys fees incurred by plaintiff in opposing Hasbro's application to register the CANDY LAND trademark for use with beverages constitute ***damages resulting from the wrongful act***, it is unnecessary to add that specific allegation to the complaint.  When the "damages" are determined, plaintiff can argue that his expenses in the TTAB are part of those damages.[5]  In fact, the paragraph of the Second Amended Complaint states "***all damages***", "including, ***but not limited to*** Plaintiff's legal expenses recited in paragraph 13 of this complaint.  Plaintiff clearly believes that there are other "damages" that he does not list that he would allege at a later date.  Thus, there would be no purpose at this point in adding the claim for attorneys fees in the TTAB as constituting "damages" in this case, and the court finds that the amendment is unlikely to be productive.

The fact that a court in the First Circuit affirmed the award of this type of damage does not indicate that it ***must*** be specified in the complaint.  Thus, plaintiff's

_____

[5] The court would point out, however, that if plaintiff is planning on requesting these fees as damages if he prevails, he may have to include the "computation" of this "category of damages" in his mandatory disclosures under FED. R. CIV. P. 26(a)(1)(C).

request to add this specific type of damage relief is ***denied***, and as I ordered on May 24, 2006, plaintiff should file and serve the First Amended Complaint.

**WHEREFORE,** based on the above, it is

**ORDERED**, that plaintiff's motion to amend the complaint to add a particular type of damage relief (Dkt. No. 75), is **DENIED**, and it is further

**ORDERED**, that plaintiff is directed to file and serve the First Amended Complaint and Jury Demand as ordered by the court on May 24, 2006, and it is further

**ORDERED**, that ***no request for any type of permission to file papers shall be made to the Clerk's Office or any Deputy Clerk.  ALL REQUESTS FOR TELEPHONE CONFERENCES, REQUESTS FOR PERMISSION TO FILE PAPERS, OR ANY OTHER REQUESTS ARE TO BE MADE TO MY CHAMBERS (315) 234-8600***.

Dated: October 24, 2006

Hon. Gustave J. DiBianco
U.S. Magistrate Judge