UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SPERO HARITATOS,

                                            Plaintiff,

      vs.                                                                   6:05-CV-930
                                                                                      (J. Hurd)

HASBRO, INC., et al.,

                                            Defendants.
_____

## ORDER

      On October 24, 2006, I issued an order, denying plaintiff's renewed motion to amend his complaint to add a specific damage claim. (Dkt. No. 96). In that order, I noted that there were three other motions pending before me that I would consider in a separate decision. *Id.* (citing Dkt. Nos. 67, 88, 92). In order to properly consider the pending requests, I will allow some additional submissions by defendants.

      On August 8, 2006, plaintiff filed a motion to compel defendant Hasbro to produce documents relating to a 1996 lawsuit filed by Hasbro against Internet Entertainment Group, LTD, alleging a violation of the anti-dilution statute, 15 U.S.C. § 1125(c). *Hasbro, Inc. v. Internet Entertainment Group, LTD*, No. C96-130WD (Dwyer, J.). Plaintiff's motion to compel was filed only three days before my August 11, 2006 order, in which I decided various other discovery issues raised by the parties. (Dkt. No. 68).

      In my August 11, 2006 order, I specifically stated that I would not be considering plaintiff's August 8, 2006 motion, and stated that defendant Hasbro need not respond to that motion because a telephone conference would be scheduled to discuss the issue. (Dkt. No. 68 at p.2. n.2). Because a great deal of time has passed, I have decided that no telephone conference will be scheduled. Rather defendant

Hasbro will have *until November 3, 2006* to file a *three (3) page maximum* response to plaintiff's August 8, 2006 motion. *No reply by plaintiff is authorized*.

On September 29, 2006, plaintiff's counsel filed documents discussing three discovery issues. Two of the issues were discussed in Dkt. No. 88, and the third issue was discussed in a sealed document. (Dkt. No. 87).[1] The two issues discussed in Docket No. 88 involve defendant Toys "R" Us (TRU). Plaintiff claims that defendant TRU has failed to comply with my order dated August 11, 2006 which ordered TRU to produce certain discovery that it had already promised to produce. Plaintiff also claims that TRU failed to even respond to plaintiff's request for production of documents that were mentioned during the deposition of a TRU employee. (Dkt. No. 88). It appears that TRU has not responded to either of plaintiff's claims.

The third issue involves defendant Hasbro. In a sealed document, plaintiff seeks to compel the depositions of five *more* individuals, two current Hasbro employees and three former Hasbro employees. Plaintiff bases this request upon responses received during the depositions that have already been taken of three current Hasbro employees. (Dkt. No. 87). Defendant Hasbro has responded in opposition to plaintiff's motion in a sealed submission. (Dkt. No. 90). Plaintiff has filed a "reply" to defendant Hasbro's response papers, although he does not indicate that he received permission to file a reply. (Dkt. No. 92).

In my August 11, 2006 order, I denied the portion of plaintiff's motion to compel that related to TRU's mandatory disclosures. (Dkt. No. 68 at p.4). However, this court clearly ordered TRU to produce discovery that it had promised to plaintiff.

---

[1] Docket No. 87 was sealed because the issue involved the need to cite and discuss the content of depositions that were considered "confidential" pursuant to a protective order.

(Dkt. No. 68 at pp.4-5). Plaintiff argues that TRU has not complied with this order and again includes its letter to TRU's counsel, dated April 18, 2006. (Dkt. No. 88, Ex. A). This April 18, 2006 letter was also submitted in support of the motion that resulted in this court's August 11, 2006 order. (Dkt. No. 53, Ex. C).

In an effort to resolve all the pending discovery disputes, this court will afford TRU an opportunity to respond in writing to plaintiff's allegations that TRU has not complied with my August 11, 2006 order and to respond to plaintiff's claim that TRU has not responded to plaintiff's request to produce the documents discussed during the deposition of Karen Szymanski. I will give TRU *until November 3, 2006* to file its response to plaintiff's motion.

**WHEREFORE**, it is

**ORDERED**, that defendant Hasbro will have until *November 3, 2006* to file any response to plaintiff's August 8, 2006 motion to compel production of documents relating to *Hasbro v. Internet Entertainment, LTD*, (Dkt. No. 67) and it is

**ORDERED**, that defendant TRU will have until *November 3, 2006* to file any response to plaintiff's September 29, 2006 motion to compel, alleging that TRU failed to comply with my August 11, 2006 order and failed to respond to plaintiff's request to produce documents mentioned during the Szymanski deposition, and it is further

**ORDERED**, that *no replies may be filed unless authorized by MY CHAMBERS.*

Dated: October 25, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge