# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 2, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By ECF and Mail Confirmation**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re: **Haritatos v. Hasbro, Inc. and Toy 'R Us-NY LLC, Civil Action 05-CV-930**

Dear Judge DiBianco:

We represent Defendant Hasbro, Inc. in the above-referenced case and submit this letter, as directed by the Court in its Order of October 25, 2006, to respond to plaintiff's motion to compel Hasbro to produce all documents from a ten-year old case entitled Hasbro, Inc. v. Internet Entertainment Group, Ltd., 40 U.S.P.Q.2d 1479 (W.D. Wa. 1996) ("IEG"). As set forth below, those documents are irrelevant to the issues in this case.

By his own account, plaintiff has sought discovery of all documents concerning IEG (i.e., not just pleadings but discovery as well) for the following reasons:

> [1.] to reveal Hasbro's own position with regard to whether a likelihood of confusion exists between Hasbro's use of the term 'CANDY LAND' and the Internet company exhibiting sexually explicit material, [and]
>
> [2.] since Hasbro is asserting a counterclaim against Plaintiff for infringement of Hasbro's rights in the term 'CANDY LAND', the materials in the other lawsuit are apt to reveal potential defenses that might be available to Plaintiff in the instant lawsuit.

Plaintiff's Letter (Aug. 8, 2006) at 2.

In IEG, Hasbro sought and obtained an injunction to halt the operation of a pornographic website, candyland.com. The case was decided on anti-dilution grounds, not on infringement. Likelihood of confusion was therefore not determinative to the outcome. The trial court held: "Hasbro has demonstrated a likelihood of prevailing on its claims that defendant's

Honorable Gustave J. DiBianco
November 2, 2006
Page 2

conduct violates *the federal trademark antidilution statute*, 15 U.S.C. § 1125(c)[.]" IEG, 40 U.S.P.Q.2d at 1480 (emphasis added). This case does not involve dilution.

      Even if confusion were at issue in IEG, the materials requested by Plaintiff are nonetheless irrelevant because they have no bearing on the fact intensive inquiry of whether there is a likelihood of confusion between Hasbro's mark and Haritatos's mark. See Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1043 (2d Cir. 1992) ("the individual Polaroid [Corp. v. Polarad Electronics Corp., 287 F.2d 492 (2d Cir. 1961)] factors are subject to review as findings of fact, subject to reversal only if clearly erroneous"). Here, Haritatos alleges that consumers are likely to be confused between his use of the term "CANDYLAND" on his Turkey Joints candy and the use of Hasbro's famous CANDY LAND mark by Toys "R" Us in its store in Times Square, New York. Whether, under the facts of IEG, consumers were confused by a pornographic website called candyland.com (or whether Hasbro argued as much) cannot possibly shed any light on the likelihood of confusion between Plaintiff's mark and Toys "R" Us's use of Hasbro's CANDY LAND mark.

      Finally, plaintiff has shown no reason to believe that there would be any "potential defenses" he could use in this case from a lawsuit decided on anti-dilution grounds against a pornographic website. The request is a pure fishing expedition. Hasbro has asserted a counterclaim alleging that if there is a likelihood of confusion between the parties' products, Haritatos has infringed Hasbro's rights in the mark CANDY LAND for use on board games. In making its claims, Hasbro has alleged that Haritatos's claims to the mark "CANDYLAND" for use on candy are, for multiple reasons, invalid and that Hasbro's rights in that mark arose prior to those of the plaintiff.

      For the foregoing reasons, Hasbro respectfully requests that the Court deny plaintiff's motion to compel production of the IEG materials.

                                     Respectfully submitted,

                                     Kim J. Landsman

Enclosure

cc:    James R. Muldoon, Esq. (by email)
         John G. McGowan, Esq. (by email)