**BOND, SCHOENECK & KING, PLLC**
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

November 7, 2006

**VIA ELECTRONIC FILING**
Hon. Gustave J. DiBianco
U.S. Magistrate Judge
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261-7367

Re:   *Spero Haritatos v. Hasbro, Inc. and Toy "R" Us (05-CV-930)*

Dear Magistrate DiBianco:

For the Court's reference, attaches are copies of my letters to the plaintiff's attorney dated June 22, 2006 (Ex. "**A**"), July 7, 2006 (Ex. "**B**") and August 22, 2006 (Ex. "**C**").

In review of my file, including the Court's decision of October 25th, I note that I have not responded to Plaintiff's application for an Order compelling disclosure made by letter dated September 29, 2006. I apologize for the oversight. I was under the impression that Plaintiff was focusing on the second attempt to amend. In any event, I offer the following in response.

Plaintiff's claims seem to fall into two areas. First, is the question of whether Toys "R" Us responses to various discovery demands which predated the conduct of depositions held in July, 2006 were sufficient. Second is the issue informal requests made during the deposition of TRU representatives.

Before addressing those issues in detail, I would like to point out that Plaintiff raised no complaints until I sent him a letter of August 22, 2006 which, among other things, stated my understanding that we were in compliance with the Court orders. *Please see* **Exhibit "A"**. That letter was written because of additional materials which we had produced. It is difficult for me to believe that the Plaintiff would have conducted depositions of TRU witnesses without complaint if he were not otherwise satisfied with our productions.

Prior Discovery Demands.

Since the Plaintiff seems intent upon raising every discovery objection he has ever made, I am enclosing as **Exhibit "B"** a copy of my letter dated June 22, 2006. In that letter, we enclosed Bates-stamped documents numbered TRU439 through TRU434 which present sales figures for

Hon. Gustave J. DiBianco
November 7, 2006
Page 2

the period in question at the TRU Candy Department and the product code for the various categories of items sold.

Interrogatory No. 5  We identified Christopher Kay as former in-house counsel for TRU and gave his last known contact information.

Interrogatory No. 6.  We addressed Interrogatory No. 6 as is stated in the letter, and we believe that statement is sufficient to address the Interrogatory.

Interrogatory No. 12  We replied making reference to, among other things, any arguments which Hasbro asserts.  The Plaintiff's objection is that he wants to know precisely where it might find any arguments which Hasbro asserts.  In our letter of June 22, 2006, we responded by advising that the documents filed with this Court or with the TTAB and in any Memorandum of Law.  No further objection was ever made or request with respect to this reply until Plaintiff writes to the court on September 29, 2006.

Interrogatory No. 16.  By letter dated July 7, 2006, we provided the Plaintiff with copies of all Internet websites that we were able to find.  Quite frankly, if we have to try this case, it is our intention to request the trial court allow an Internet search to be done in front of the jury.

Document Request No. 2.  We objected in that the request did not specify a reasonable time frame.  That objection has been withdrawn, but in any event, Internet documents have been provided.

Document Request No. 16.  Again, Internet printouts have been provided.

Document Request No. 23.  An organizational chart for the Toys "R" Us Times Square store has been provided.

Document Request No. 44.  This again addresses the aforementioned Internet search for which documents have been provided.  In addition to that, in his April 18th letter, Mr. Purcell addresses a number of additional documents, all of which were responded to by our letter of July 7, 2006 and enclosures therein.

The responses provided were complete and plaintiff has no cause to complain about them. Moreover, plaintiff conducted the depositions of TRU Vice-President and General Manager of the Times Square store, Kathleen Symanski, and TRU Director of Licensing, Michael Tabakin, without objection as to our prior responses.  We submit this is a reasonable indication that Plaintiff was, indeed, satisfied with the responses and only wrote in response to my letter stating that I believed we were even on the discovery issues.

Hon. Gustave J. DiBianco
November 7, 2006
Page 3

Deposition Requests.

With respect to requests made at depositions, although they were never made formally, even though Plaintiff puts them in writing, we respond as follows.

    1.    The documents indicating the wording that appeared on Geoffreytron, the scrim or the Toys TV – a video disk that has been provided to the Plaintiff which gives this information.

    2.    I have requested copies of flash sales reports, but the fact of the matter is that the compiled data for the entire timeframe has already been provided to the Plaintiff. This would simply give him the same data in a different form.

    3.    Production of signage or photographs of all signage of Candy Land at the Times Square store. Photographs of the candy department signage have already been provided.

    4.    Traffic studies for Times Square store. These have been requested and will be provided.

    5.    The request for all transactions for the candy department is objectionable. It is unduly burdensome. We have provided data which shows $1.8 million of sales, and if one were to assume that the average candy transaction was $20 per purchase – and I no information to confirm that – we are looking are looking at 90,000 separate transactions.

    6.    Similarly, credit card purchases requested for the time period is unduly burdensome.

    7 & 8.    Demands numbers of brochures and advertisements printed. Given that the Plaintiff has already stated that he has no knowledge of any confusion, this information is irrelevant, but we have requested it.

    9.    Requests historical copies of the website. A website is an electronic document, when it is changed, it is lost. We have asked for a search to see if there are copies of the former websites available and will provided them, if so.

    10.    Photograph of the Candy Land sign in the juvenile area. There is no certainty that such a sign exists. It is my understanding that TRU has produced all photographs it has of any signage.

    11.    Photograph of the unmasked sign. This would require the taking of a photograph of a sign that was covered up with that covering removed (unmasked). Such a photograph does not currently exist, but we will undertake to have the sign photographed.

Hon. Gustave J. DiBianco
November 7, 2006
Page 4

It is Toys "R" Us position that the Plaintiff is attempting to obfuscate the real issues in this case by his constant barrage of discovery demands and complaining about meaningless demands that have been responded to or which are objectionable. The issue in this case is that a candy store in Rome, New York wants to control a term which is descriptive, even though he has done nothing to defend that term against users across the United States of America. He admits that there is no confusion and he has no evidence of a single lost sale, but he complains about not having studies to confirm the obvious – that hundreds of thousands of visitors from across the globe, not just Rome, New York – visit the Toys "R" Us flagship store in Times Square in New York City; that he doesn't have a picture of a sign when he has pictures of many other signs; that he doesn't have a weekly or even a by transaction breakdown of sales when he has the total sales volume. Be that as it may, we will attempt to indulge him by trying to find some of this information, but we request this Court's Protective Order with respect to register sales and credit card sales.

We repeat, we were in complete compliance with this Court's Order prior to the deposition of Toys "R" Us officials in July of 2006, with the exception that Interrogatories were not signed by an authorized representative of Toys "R" Us – other than their attorney. I would also point out that during the deposition, Plaintiff's counsel never once inquired of the witnesses as to whether any of the information in the Interrogatories was false, but instead he inquired about it and used it freely, only to complain later.

Respectfully yours,

BOND, SCHOENECK & KING, PLLC

John G. McGowan
Bar Roll No. 501388


cc:   James R. Muldoon, Esq.
      Kim T. Landsman, Esq.
JGM/pak
Enclosures

# EXHIBIT A

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

June 22, 2006

Robert E. Purcell, Esq.
Wall Marjama
101 South Salina Street
Suite 400
Syracuse, NY 13202

Re:   *Haritatos v. Toys "R" Us, et al*

Dear Mr. Purcell:

This letter responds to yours of April 18, 2006.

**Mandatory Disclosure Objections**

The last known telephone numbers for the various individuals identified in Mandatory Disclosure are:

| | |
|---|---|
| Ronald Lombardi: | (973) 227-4057 |
| Greg Staley: | (201) 847-1989 |
| Warren Kornblum: | (305) 918-2878 |
| Joel Anderson: | (201) 314 2852 |
| Elliott Wahle | (561) 483-4370 |

Ms. Szymanski and Mr. Tabakin each have offices located at Toy "R" Us Inc, One Geoffrey Way, Wayne, N. J.  Ms. Szymanski's telephone is (973) 617-5998.  Mr. Tabakin's telephone is (973) 617-5884.  We expect you will make no attempt to contact either of these individuals other than through my office.

Robert E. Purcell, Esq.
November 7, 2006
Page 2

**Miscellaneous Discovery**

Enclosed herewith are documents Bates Stamped TRU 439 through TRU 444 constituting the financial information to which I have made reference. The redactions on TRU 439 & 440 take out figures for products which are not related to candy or the candy department.

Also enclosed is a single document comprising pages date stamped TRU 357 through 438 which is the Corporate Records Management Program. This is also designated confidential.

Enclosed is a copy of our Privilege Log.

**Responses to Interrogatories**

Interrogatory No. 3:   The omitted Exhibit is composed of pages TRU 439 through 444.

Interrogatory No. 5:   Christopher Kay was general counsel for TRU and left in or around July 2005. His last known home address is 9 Augusta Court, Purchase, New York 10577. Telephone number is (914) 682-2845.

Interrogatory No. 6:   I am somewhat at a loss as to how to provide you with the name of a TRU representative to testify to TRU defenses when so much of the defense is based on the shocking admissions of Mr. Haritatos who has admitted that he is unable to point to a single lost sale as a result of the alleged infringement and that he has never had anyone express any confusion as to source of products. In that this defense is largely predicated on the fact that he has a small store in Rome, NY and TRU's one and only store using the term "candy land" - but not the Haritatos registered mark - was located in Times Square, Kathy Szymanski is such a witness. With respect to Haritatos conceded failures to police and defend against others use of his mark, aside from his admissions, Kathy Szymanski can testify as to the duration of TRU's use of the term "candy land" and that no cease and desist letter or any other action was ever taken until suit was commenced after 3 ½ years of use. Ms. Szymanski can also testify as to TRU's prompt discontinuance of use of the term "candy land" once suit was commenced. The license from Hasbro is not truly being contested, but Atty. Ronald Lombardi formerly employed by TRU would be a witness having knowledge of the license.

Interrogatory No. 12:  In Hasbro's answer, their counterclaims, any documents filed with the Court or with the TTAB and in any memorandum of law which Hasbro has submitted to the TTAB or will submit to the court in support of any motion for summary judgment it may bring.

**Document Requests**

No. 2: The objection based on time limits is withdrawn.

Robert E. Purcell, Esq.
November 7, 2006
Page 3

No. 16: We disagree that referring you to an internet search using the terms "candyland" or "candy land" is not responsive. The search was done as part of our investigation into the extent, if any, that your client used and defended the claimed mark. The internet printout has not been produced but I have asked our IT department to run the search and print the result. The outcome will be provided to you within the week.

No. 23: Organizational Chart

No. 44: See No. 16, above.

**Further Inquiries**

I have requested a further search for the items you hve requested. That they were not found in the initial search is strongly suggestive that the additional items do not exist but I am prepared to say that definitively until the additional search is completed. I expect to be able to answer within the week.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


John G. McGowan

Encs.
JGM/pak

# EXHIBIT B

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

July 7, 2006

**VIA HAND DELIVERY**
Robert E. Purcell, Esq.
Wall Marjama
101 South Salina Street
Syracuse, NY 13202

Re:   *Spero Haritatos, an Individual v. Hasbro, Inc. a Rhode Island corporation and Toys "R" Us-NY LLC, a New York limited liability corporation (05-CV-930)*

Dear Mr. Purcell:

In further response to various demands, we enclose the following:

1.  Color copies of the JPEG pictures which you have in black and white as per your request.

2.  Original of a brochure used in connection with promotion of the Toys "R" Us Time Square store and its various departments – including Candy Land.

3.  Copy of the revised brochure eliminating reference to Candy Land. We have only one left, hence the copy.

4.  Copy of a business solicitation package which verbally makes reference to Candy Land but does not use the mark.

5.  A disk of the in-store video referencing Candy Land.

6.  Copy of the "post card book". We did this only one side as the actual post card book has the standard area on the reverse side for addressing and that really has nothing to do with this case. I will have the original book available for your inspection.

7.  Printouts of enumerable websites using the term "Candy Land" throughout the United States in conjunction with the sale of confections.

1198449.1 7/7/2006

Robert E. Purcell, Esq.
July 7, 2006
Page 2

We are still looking for an organizational chart which is yet to be located.

I will see you at the depositions in New Jersey on Monday.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


John G. McGowan

JGM/pak
Encs.
cc:   Kim T. Landsman, Esq.  (w/o encs.)
      Michael D. Sant'Ambrogio, Esq.  (w/o encs.)

1198449.1 7/7/2006

# EXHIBIT C

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

August 22, 2006

Robert E. Purcell, Esq.
Wall Marjama
101 South Salina Street
Syracuse, NY 13202

Re: *Spero Haritatos, an Individual v. Hasbro, Inc. a Rhode Island corporation and Toys "R" Us-NY LLC, a New York limited liability corporation (05-CV-930)*

Dear Bob:

I want to make sure that we are square on discovery. Would you please put in writing any requests that you made of Toys "R" Us in the course of depositions recently conducted.

I believe we are totally even on discovery production versus responses as discussed in Magistrate Judge DiBianco's Order dated August 11, 2006. If you disagree, would you please let me know so that we can try to work it out.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


John G. McGowan

JGM/pak

cc: Kim T. Landsman, Esq.
    Michael D. Sant'Ambrogio, Esq.

1216373.1 8/22/2006