IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS, an Individual,

                Plaintiff,

v.

HASBRO, INC., a Rhode Island corporation and
TOYS "R" US-NY LLC, a New York limited
liability corporation,

                Defendants.

**ANSWER TO
AMENDED COMPLAINT**

05-CV- 930  (DNH/GJD)

---

Defendant, TOYS "R" US-NY LLC, properly Toys R" Us – Delaware, Inc. (hereafter "TRU") by and through its attorneys, Bond, Schoeneck & King, PLLC., in response to Plaintiff's Amended Complaint, states as follows:

    1.    **DENIES** each and every allegation of the complaint except as specifically admitted in the following paragraphs of this answer.

## THE PARTIES

    2.    **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations of paragraph "1".

3.  **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations of paragraph "2" insofar as they related to the defendant Hasbro, Inc.; **DENIES** the allegations of paragraph "2" insofar as those allegations relate to TRU

## JURISDICTION AND VENUE

4.  The allegations of paragraphs "3", "4" and "5" allege legal conclusions but do not allege facts requiring a response; **DENIES** the allegations of paragraph "5".

## COUNT ONE

5.  **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations made in paragraph "6" as those allegations relate to the defendant Hasbro, Inc., and insofar as the Plaintiff claims that it is restricted by a protective order; **ADMITS** the allegations of paragraph "6" insofar as that paragraph relates to TRU in that TOYS "R" US-NY LLC, was licensed by Hasbro to use its mark "Candy Land" in one location in the City of New York; **DENIES** all allegations of paragraph "6" not specifically admitted.

6.  **DENIES** the allegations of paragraph "7" but **ADMITS** that it has used the term "Candy Land" as licensed by Hasbro in connection with a candy department it operated in one store located in the City of New York.

7.  **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations of paragraph "8" and therefore **DENIES** those allegations.

8.  **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations of paragraph "9" and therefore **DENIES** those allegations.

9.  The allegations of paragraph "10" state legal conclusions but do not allege facts requiring a response; **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations of paragraph "10" and therefore **DENIES** those allegations.

10. **DENIES** the allegations of paragraph "11".

11. **DENIES** the allegations of paragraph "12" insofar as those allegations relate to TRU.

12. **DENIES** the allegations of paragraph "13".

## COUNT TWO

13. **DENIES** the allegations of paragraph "14" except insofar as that paragraph repeats and realleges paragraphs previously admitted.

14. **DENIES** the allegations of paragraph "15".

## COUNT THREE

15. **DENIES** the allegations of paragraph "16" except insofar as that paragraph repeats and realleges paragraphs previously admitted.

16. **DENIES** the allegations of paragraph "17".

## COUNT FOUR

17. **DENIES** the allegations of paragraph "18" except insofar as that paragraph repeats and realleges paragraphs previously admitted.

18. **DENIES** the allegations of paragraph "19".

## COUNT FIVE

19. **DENIES** the allegations of paragraph "20" insofar as that paragraph repeats and realleges paragraphs previously admitted.

20. **DENIES** the allegations of paragraph "21".

## ALLEGATIONS AND DAMAGES

21. **DENIES** the allegations of paragraph "22" insofar as that paragraph repeats and realleges admitted.

22. **DENIES** the allegations of paragraph "23".

### FIRST AFFIRMATIVE DEFENSE:

23. Plaintiff's complaint fails to state a cause of action against TRU.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the doctrines of waiver, estoppel; and laches.

### THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the doctrine of unclean hands

### FOURTH AFFIRMATIVE DEFENSE

26. Upon learning of the Plaintiff's claims expressed in this suit, TRU promptly discontinued use of the term "Candy Land" in the one store where it had used that term.

### FIFTH AFFIRMATIVE DEFENSE

27. TRU reasonably relied on its agreement with Hasbro allowing it to use the term "Candy Land" in that Hasbro is a nationally known company which has used the mark "Candy Land" in connection with a child's board game of the same name which has been successfully sold on a nationwide basis for more than fifty years.

### SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred because Plaintiff has abandoned its rights in the "Candy Land" trademark.

### SEVENTH AFFIRMATIVE DEFENSE

29. Upon information and belief, Plaintiff has had either constructive or actual notice of the existence of numerous users of the mark "Candyland" or "Candy Land" or other marks substantially similar to either and has failed to assert or enforce his alleged rights in his mark or to otherwise defend and protect his alleged mark.

## EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff's claim under 15 USC §1114(1) is barred and its U. S. registration number 1,949,876 is invalid, not incontestable, and subject to cancellation because the registration was obtained fraudulently. Upon information and belief, plaintiff's claimed date of first use is false and was known to be false when plaintiff submitted his application for registration to the United States Patent and Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

31. If the trademark rights in the term "Candy Land" used to sell candy are capable of acquisition, then plaintiff has not acquired such rights because, upon information and belief, at least one other business has a prior right to that trademark.

## TENTH AFFIRMATIVE DEFENSE

32. To the extent that co-defendant Hasbro successfully asserts rights by counterclaim, Toys "R" Us claims all benefits and rights in such relief as an affirmative defense to Plaintiff's claims against it.

## JURY DEMAND

33. Answering Defendant hereby demands a trial by jury.

**WHEREFORE**, the defendant TOYS "R" US-NY LLC, properly Toys R" Us – Delaware, Inc., respectfully demands judgment as follows:

    a. As against the plaintiff, Spero Haritatos:

        i. Dismissing plaintiff's complaint in its entirety;

        ii. Awarding the costs incurred in defending , including attorney's fees, costs and disbursements; and

        iii. For such further relief as the Court deems just and equitable.

Dated: November 17, 2006

/s/ John G. McGowan
John G. McGowan
(Bar Roll # 501388)
Attorneys for Toys "R" Us
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, New York 13202
 Telephone: (315) 218-8000
 Direct:    (315) 218-8121
 Fax:       (315) 218-8421

TO:   Wall Marjama & Bilinski, LLP
      Attorneys for Plaintiffs
      James R. Muldoon, Esq.
      101 South Salina Street
      Suite 400
      Syracuse, NY 13202

      Patterson, Belknap, Webb & Tyler LLP
      Attorneys for Hasbro
      Kim T. Landsman, Esq.
      Michael D. Sant'Ambrogio, Esq.
      1133 Avenue of the Americas
      New York, NY 10036-6710