UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS, an Individual,

        Plaintiff/Counter-Defendant,

v.

HASBRO, INC., a Rhode Island Corporation,

        Defendant/Counter-Claimant,

and

TOYS "R" US-NY LLC,
 a New York limited liability company,

        Defendant.

Civil Action No.: 6:05-CV-00930
(DNH/GJD)

---

**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT HASBRO, INC.**

Plaintiff, Spero Haritatos, by and through his attorneys, hereby replies as follows to the Counterclaims of Defendant Hasbro, Inc. ("Hasbro"), as set forth in Hasbro's Answer dated November 15, 2006:

1.    With respect to the allegations contained in Paragraph 32 of the Counterclaims, Plaintiff admits that Hasbro is counterclaiming for trademark infringement against Plaintiff for promoting and selling goods using the CANDYLAND mark, but denies that such counterclaim has merit, and otherwise denies any remaining averments in this Paragraph.

2.    With respect to the allegations contained in Paragraph 33 of the Counterclaims, Plaintiff admits that Hasbro is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island, and admits that Hasbro is a huge company having international operations involved with the distribution of toys

and games, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this Paragraph and, therefore, denies the same.

3. With respect to the allegations contained in Paragraph 34 of the Counterclaims, Plaintiff admits the averments in this Paragraph.

4. With respect to the allegations contained in Paragraph 35 of the Counterclaims, Plaintiff admits that Hasbro is asserting that its Counterclaims arise under the Lanham Act, admits that the Court has subject matter jurisdiction over the Counterclaims arising under the Lanham Act, and admits that Hasbro is asking the Court to exercise supplemental jurisdiction over the statutory and common law claims in its Counterclaims, but otherwise denies the remaining averments in this Paragraph.

5. With respect to the allegations contained in Paragraph 36 of the Counterclaims, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph.

6. With respect to the allegations contained in Paragraph 37 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

7. With respect to the allegations contained in Paragraph 38 of the Counterclaims, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph and, therefore, denies the same.

8. With respect to the allegations contained in Paragraph 39 of the Counterclaims, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph and, therefore, denies the same.

9. With respect to the allegations contained in Paragraph 40 of the Counterclaims, Plaintiff admits that he uses his CANDYLAND mark on goods and that Hasbro has used or licensed for use the CANDY LAND mark in connection with candy and other edible products

that are within the natural extension of Plaintiff's use of his CANDYLAND mark, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this Paragraph and, therefore, denies the same.

10. With respect to the allegations contained in Paragraph 41 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

11. With respect to the allegations contained in Paragraph 42 of the Counterclaims and to the extent that Plaintiff understands the averments in this Paragraph, Plaintiff admits that Hasbro's use and intended use of the CANDY LAND mark with edible products is an infringement on Plaintiff's rights in his CANDYLAND mark, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this Paragraph and, therefore, denies the same.

12. With respect to the allegations contained in Paragraph 43 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

13. With respect to the allegations contained in Paragraph 44 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

14. With respect to the allegations contained in Paragraph 45 of the Counterclaims, Plaintiff incorporates by reference his replies to the averments in Paragraphs 32 through 44 of the Counterclaims.

15. With respect to the allegations contained in Paragraph 46 of the Counterclaims, Plaintiff denies the averments in this Paragraph and further denies that Hasbro has a legitimate, lawful or meritorious basis to seek an order cancelling Plaintiff's United States Trademark Registration for the mark "CANDY LAND".

16. With respect to the allegations contained in Paragraph 47 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

17. With respect to the allegations contained in Paragraph 49 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

18. With respect to the allegations contained in Paragraph 50 of the Counterclaims, Plaintiff incorporates by reference his replies to the averments in Paragraphs 28 through 49 of the Counterclaims.

19. With respect to the allegations contained in Paragraph 51 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

20. With respect to the allegations contained in Paragraph 52 of the Counterclaims, Plaintiff incorporates by reference his replies to the averments in Paragraphs 28 through 51 of the Counterclaims.

21. With respect to the allegations contained in Paragraph 53 of the Counterclaims, Plaintiff denies the averments in this Paragraph.

## FIRST AFFIRMATIVE DEFENSE

22. Hasbro's counterclaims are barred by acquiescence.

## SECOND AFFIRMATIVE DEFENSE

23. Hasbro's counterclaims are barred by estoppel.

## THIRD AFFIRMATIVE DEFENSE

24. Hasbro's counterclaims are barred by laches.

**WHEREFORE**, Plaintiff, Spero Haritatos, respectfully requests that judgment be entered as follows with respect to Hasbro's Counterclaims:

1. Dismissing the Counterclaims with prejudice;

2. Awarding to Plaintiff his costs of defending against the Counterclaims, including his reasonable attorneys' fees and costs; and

3. For such other and further relief as this Court deems just and proper.

Dated: December 5, 2006
Syracuse, New York

        **WALL MARJAMA & BILINSKI LLP**
        Attorneys for Plaintiff, Spero Haritatos


By:   *s/James R. Muldoon*
     James R. Muldoon, Esq. (506772)
250 South Salina Street, Suite 300
Syracuse, New York  13202
Telephone:   (315) 425-9000
Facsimile:    (315) 425-9114
Email:       jmuldoon@wallmarjama.com

**GOLDBERG SEGALLA LLP**
Attorneys for Counter-Defendant,
 Spero Haritatos
Christopher J. Belter, Esq. (302540)
665 Main Street, Suite 400
Buffalo, New York 14203
Telephone:   (716) 566-5400
Facsimile:    (716) 566-5401
Email:       cbelter@goldbergsegalla.com


**TO:**    **PATTERSON BELKNAP WEBB & TYLER LLP**
        Attorneys for Defendant/Counter-Claimant, Hasbro, Inc.
        Kim J. Landsman, Esq. (513364)
        Michael D. Sant'Ambrogio, Esq. (513363)
        1133 Avenue of the Americas
        New York, New York  10036
        Telephone:   (212) 336-2980
        Facsimile:    (212) 336-2985
        Email:       kjlandsman@pbwt.com
                      mdsantambrogio@pbwt.com

**cc:**    **BOND, SCHOENECK & KING, PLLC**
        Attorneys for Defendant, Toys "R" Us
        John G. McGowan, Esq.
        One Lincoln Center
        Syracuse, New York  13202
        Telephone:   (315) 218-8121
        Facsimile:    (316) 218-8100
        Email:       jmcgowan@bsk.com