# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

December 15, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax  (212) 336-2985
kjlandsman@pbwt.com

**By ECF and Mail Confirmation**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

Re:   **Haritatos v. Hasbro, Inc. and Toy 'R Us-NY LLC,
Civil Action 05-CV-930**

Dear Judge DiBianco:

      We represent Defendant Hasbro, Inc. in the above-referenced case and respectfully submit this letter, after conferring with the Court's Deputy Clerk, to address two issues: (1) the motion by plaintiff's attorneys Wall Marjama & Bilinski LLP to withdraw, following the departure from the firm of plaintiff's lead counsel Mr. Purcell; and (2) plaintiff's failure to comply with the Court's order of October 19, 2006 (upholding Your Honor's August 11 order), compelling all outstanding discovery by November 30, 2006.

      First, we do not in principle oppose the motion of plaintiff's law firm to withdraw, but note that it was made on December 6, after plaintiff had already defaulted on complying with the November 30 deadline for producing outstanding discovery. We submit that plaintiff's law firm should not be allowed to withdraw until plaintiff's failure to comply with the order compelling discovery has been resolved.

      We also feel obligated to inform the Court of a further complication from this withdrawal that may put the case in a more awkward situation, since no firm has consented to substitute in for the Wall Marjama firm. We have been informed by counsel for Toys "R" Us that Mr. Purcell's new firm is conflicted out of this representation. This would mean that if the Wall Marjama motion is granted, plaintiff will be pro se.

      Second, we respectfully seek the Court's guidance as to the appropriate sanction for plaintiff's default in complying with the Court's order. In a decision dated August 11, 2006, Your Honor ruled as follows:

Honorable Gustave J. DiBianco
December 15, 2006
Page 2

>A review of the discovery requested by defendant Hasbro shows that the information that Hasbro was seeking in its discovery requests is relevant to the issues in this action, and thus, should be produced. Hasbro has requested information, including customer lists; the application for the "Turkey Joints" registration; and information regarding damages. This court finds that this information is relevant and discoverable, given the protective order that has been entered in this case. All outstanding discovery relating to the letter-motions discussed above, and to the extent that it has not already been produced, must be produced by both parties within thirty (30) days of the date of this order.

That order was upheld by Judge Hurd over plaintiff's objections in an order dated October 19, 2006, which required that "All outstanding discovery must be produced by November 30, 2006." Notwithstanding that clear command of the Court, we have received nothing from plaintiff.

Respectfully submitted,

Kim J. Landsman

cc:   James R. Muldoon, Esq. (by email)
      John G. McGowan, Esq. (by email)
      Robert E. Purcell, Esq. (by email)

1332284v1