**HISCOCK & BARCLAY** LLP

BUFFALO • ROCHESTER • SYRACUSE • ALBANY • NEW YORK

RICHARD K. HUGHES
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET                                          DIRECT DIAL 315.425.2746
SYRACUSE, NEW YORK 13202-2078                                   DIRECT FAX 315.425.8546
T 315.422.2131 • F 315.472.3059                                 RHUGHES@HISCOCKBARCLAY.COM

January 10, 2007

**VIA ELECTRONIC FILING**

Hon. Gustave J. DiBianco
United States Magistrate Judge
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7367

      Re:    Spero Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC.
              NDNY Civil Action No. 6:05-cv-00930-DNH-GJD .

Dear Judge DiBianco:

      This letter is respectfully submitted by the undersigned, on behalf of the attorneys for the Plaintiff, Spero Haritatos, Hiscock & Barclay, LLP and Robert E. Purcell, Esq., and in response to the letters to the Court from the attorneys for the Defendant, Toys "R" Us-NY LLC, a New York limited liability company, ("the LLC"), Bond, Schoeneck & King, PLLC, John H. McGowan, Esq., of counsel, dated December 18, 2006 and December 21, 2006.  Mr. McGowan's letters seek to disqualify Hiscock & Barclay, LLP and Mr. Purcell from the further representation of the Plaintiff in this action.  The matter is now scheduled for a telephone conference with your Honor on January 11, 2007 at 11:00 a.m.  With the Court's permission, I will attend and represent Mr. Haritatos, Hiscock & Barclay, LLP and Mr. Purcell during this telephone conference.

      I have not represented the Plaintiff in this action.  I have not acted as Local Counsel for the Defendant, Toys "R" Us, Inc., in the action pending in the Western District of New York, *JVW Enterprises, Inc. v. Amazon.com, Inc. et al.*, WDNY Civil Action No. 6:03-cv-06221-CJS-MWP.  Christopher E. Blank, Esq., a partner in the Rochester Office of Hiscock & Barclay, LLP, and Amy K. Kendall, Esq. and Alpa Vinodchandra Patel, Esq., two Associates in the Rochester Office of Hiscock & Barclay, LLP, have appeared as Local Counsel for Toys "R" Us, Inc. in the WDNY action.  Mr. Blank was retained by Paul Fields, Esq. of Darby & Darby, New York, New York, in September 2003, solely to act as Local Counsel for Darby & Darby, the attorneys of record for Toys "R" Us, Inc.  In September 2003, Mr. Blank was a Partner at Jaeckle

Hon. Gustave J. DiBianco
January 10, 2007
Page 2

Fleischmann & Mugel, LLP.  Mr. Blank joined Hiscock & Barclay, LLP in April 2004.  I have confirmed with Mr. Blank that Mr. Blank, Ms. Kendall, and Ms. Patel have only handled routine Local Counsel duties for Darby & Darby, such as reviewing papers for conformity with the WDNY Local Rules, and attending oral argument and conferences in Court.  All papers have been drafted by Darby & Darby.  Mr. Blank and his Associates have had no direct contact with the employees of, or been provided with any confidential information from or about Toys "R" Us, Inc.  All direct contact with Toys "R" Us, Inc. has been by the attorneys at Darby & Darby.  Since Mr. Blank joined Hiscock & Barclay, LLP, this Firm has accrued less than 30 hours on the WDNY case.  All bills have been sent by Hiscock & Barclay, LLP to Mr. Fields at Darby & Darby.

The WDNY action is a patent infringement action by the manufacturer of a joy stick for computer games against various retailers, including Toys "R" Us, Inc., which was commenced in May 2003.  In contrast, the NDNY action is a trademark infringement action which was commenced by Mr. Haritatos in July 2005 against the manufacturer of a board game, Hasbro, Inc, and one of its retailers, Toys "R" Us – NY LLC, with respect to their use of the trademark "Candy Land" for candy and other edible products.  There is no overlap or substantial relationship between the products, the patent or the trademark, the causes of action, and the infringement issues in dispute.  Moreover, these are two separate and distinct Toys "R" Us business entities.

Mr. Purcell has personally represented Mr. Haritatos since early 2003 in connection with the trademark matter involving Hasbro, Inc.  The trademark matter has involved a contested proceeding which has been pending in the U. S. Patent and Trademark Office since December 17, 2003 with respect to the "Candy Land" trademark in question.  That proceeding has been stayed pending the outcome of this action.  Only Mr. Purcell has the confidence of and has had the direct contact with Mr. Haritatos.  Mr. Purcell left his prior firm, Wall Marajama & Bilinski LLP, in October 2006.  At that time, Mr. Haritatos was informed by Mr. Purcell that the Rochester Office of Hiscock & Barclay, LLP was acting as Local Counsel for Toys "R" Us, Inc. in another case.  Mr. Haritatos agreed to retain this Firm, to continue his retention of Mr. Purcell in this action against the LLC, and to waive any potential conflict of interest.

Mr. Purcell estimates that he has personally devoted about 750 hours to his representation of Mr. Haritatos in connection with the trademark matter.  As this Court and opposing counsel are already aware, Mr. Purcell has been representing Mr. Haritatos in this lawsuit on a contingency fee basis.  The disqualification of Mr. Purcell and Hiscock & Barclay, LLP would seriously jeopardize Mr. Haritatos' ability to retain substitute counsel to continue this action.

Mr. Blank contacted Mr. Fields in early November 2006 and informed Mr. Fields that Mr. Purcell had recently joined this Firm.  Mr. Blank requested a waiver by Toys "R" Us Inc. of any potential conflict.  Mr. Fields has informed Mr. Blank that Toys "R" Us, Inc. does not grant waivers "as a matter of course."  In early December 2006, Mr. Fields refused to sign a proposed Notice of Withdrawal at the request of Mr. Blank.

Hon. Gustave J. DiBianco
January 10, 2007
Page 3

Upon Mr. Purcell's joining Hiscock & Barclay, LLP, an ethical wall or conflict screen, commonly referred to as a "Chinese Wall," was established by Hiscock & Barclay, LLP.  Mr. Blank and the other attorneys involved in the WDNY action have not discussed or had access to the files or other information related to this action.  Mr. Purcell and the other attorneys assisting him in this action have not discussed or had access to the files or other information related to the WDNY action.  No confidential client information or communications have been obtained by Hiscock & Barclay, LLP from Toys "R" Us, Inc.  No confidential client information or communications of Toys "R" Us, Inc. have been disclosed to Mr. Purcell or to any other attorney assisting Mr. Purcell in this action.

There are no proceedings scheduled in the WDNY action in the foreseeable future which would require the assistance of Local Counsel.  All papers are now filed electronically in the WDNY.  Mr. Blank has already provided Darby & Darby with a recommendation as to substitute Local Counsel.  Toys "R" Us, Inc. should encounter no difficulty in retaining substitute Local Counsel in the WDNY action.

On January 2, 2007, Hiscock & Barclay, LLP filed a Motion To Withdraw As Local Counsel for the Defendant, Toys "R" Us, Inc., in the WDNY action.  The Court has not set a return date for the Motion.

It appears that the LLC is attempting to disqualify Hiscock & Barclay, LLP, by the use of the alleged conflict of interest, as a sword to remove a worthy advocate who alone has the history, background and confidences of an individual client.  Based upon the foregoing facts, and if the District Court grants the pending Motion of Hiscock & Barclay, LLP To Withdraw As Local Counsel in the WDNY action, there would be no valid basis to disqualify Mr. Purcell and Hiscock & Barclay, LLP as the attorneys for Mr. Haritatos in this action under the applicable Rules of the New York Code of Professional Responsibility, specifically, Disciplinary Rule ("DR") 5-108 and 5-105(D), since (1) the matters are unrelated, (2) Mr. Purcell and his Associates have no knowledge of the confidences of Toys "R" Us, Inc., (3) Toys "R" Us, Inc. and the LLC are separate and distinct business entities, and (4) Hiscock & Barclay, LLP established the "Chinese Wall" when Mr. Purcell joined this Firm.

Moreover, even if the Motion to Withdraw is denied in the WDNY action, there remains a number of issues for consideration that could support a denial of the Motion to Disqualify in this action.  Among them are the fact that Toys "R" Us entities appear to be separate corporate entities (i.e., Toys "R" Us, Inc. versus Toys "R" Us – NY LLC), consideration of the significant prejudice and harm that will result in disqualification of plaintiff's existing counsel, and the fact that Toys "R" Us-LLC appears to be using the unique circumstances presented and applicable ethics rules as a litigation strategy to gain an unfair advantage in the action, rather than a legitimate objection to a real or potential conflict.

Therefore, Mr. Haritatos, Hiscock & Barclay, LLP and Mr. Purcell respectfully request that this Court stay this action until the U. S. District Court for the WDNY decides the pending Motion To Withdraw As Local Counsel in that action.  If the Motion is granted, Hiscock & Barclay, LLP and Mr. Purcell should then be granted permission to remain as the attorneys for

Hon. Gustave J. DiBianco
January 10, 2007
Page 4

Mr. Haritatos in this action. If the Motion to Withdraw is denied, the parties could then be heard regarding the balance of the issues before a potentially significant Motion To Disqualify is adjudicated.

        Respectfully yours,

        s/ Richard K. Hughes

        Richard K. Hughes
        Bar Roll No. 103020

RKH:rkh

cc:    Christopher J. Belter, Esq. **By Electronic Mail by CM/EC**F
      Kim J. Landsman, Esq. **By Electronic Mail by CM/EC**F
      John G. McGowan, Esq. **By Electronic Mail by CM/EC**F
      James R. Muldoon, Esq. **By Electronic Mail by CM/EC**F
      Denis J. Sullivan, Esq. **By Electronic Mail by CM/EC**F

SYLIB01\539946\1