

# BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

JOHN G. MCGOWAN, ESQ.
Direct: 315-218-8121
jmcgowan@bsk.com

January 11, 2007

**VIA ELECTRONIC FILING**
Hon. Gustave J. DiBianco
U.S. Magistrate Judge
United States District Court
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261-7367

Re:   *Spero Haritatos v. Hasbro, Inc. and Toys "R" Us (05-CV-930)*

Dear Magistrate DiBianco:

I just had the opportunity to read a letter submitted by Attorney Richard Hughes who spends the first two pages of his letter telling you that he has no personal information about the case.

Perhaps the starting point of all of this should be that Mr. Purcell opted to leave the Wall Marjama law firm and join Hiscock & Barclay. Surely, both Hiscock & Barclay and Mr. Purcell had to understand as they considered their relationship that there may be conflicts which would arise because of Mr. Purcell's joining the firm and the firm's prior representation of other clients. That Hiscock & Barclay and Mr. Purcell decided to barge ahead anyway is, of course, their choice, but that does not relieve Hiscock & Barclay of its ethical obligations to existing clientele including Toys "R" Us. Having made the decision to join forces, Hiscock & Barclay attorney Christopher Blank then called Toys "R" Us counsel, Paul Fields, with whom he was working in connection with the patent litigation pending in the Western District to ask that Toys "R" Us waive the conflict that Mr. Purcell's presence created so that Mr. Purcell could continue to pursue this frivolous litigation against Toys "R" Us. Mr. Fields immediately responded to telephonic request advising that Toys "R" Us does not waive those conflicts, but if Mr. Blank wanted to submit a letter he would give a letter to Toys "R" Us knowing full well what the response was going to be. That is exactly what happened. Mr. Blank wrote requesting a waiver and Toys "R" Us declined.

Hiscock & Barclay's next step was to tell Toys "R" Us that they are fired. That is, the relationship is terminated thereby ostensibly eliminating the conflict. Of course, a law firm is not entitled to do that and so Hiscock & Barclay next moved for an Order allowing it to withdraw as local counsel for Toys "R" Us in the Western District with the erroneous supposition that will clear the conflict. That motion is going to be opposed. The opposition to that motion will be that Mr. Blank was retained when he worked at the Jaeckle Fleischman office. A letter specifying the terms of the relationship was agreed upon. Mr. Blank then left Jaeckle Fleischman to join Hiscock & Barclay. There was no further agreement with Hiscock & Barclay although Mr. Blank seems to think that the letter retainer with Jaeckle Fleischman somehow transplants Hiscock & Barclay. It does not. The point, however, is that the relationship that occurred with Mr. Blank in the Western District litigation was significant enough that in Mr. Fields' judgment, the best interests of Toys "R" Us would be served by continuing to work with Mr. Blank at the Hiscock & Barclay law office. That relationship has gone on for approximately three years.

Hon. Gustave J. DiBianco
January 11, 2007
Page 2

While it may be inconvenient for Mr. Haritatos to lose the services of Mr. Purcell, that is a problem caused by the decisions made by Hiscock & Barclay and Mr. Purcell, and not by Toys "R" Us which stands on its rights.

With respect to the representation that there are two different Toys "R" Us entities, Mr. Hughes is wrong. There was reorganization, and they are the same entity.

From Mr. Hughes' letter, it is clear that what Hiscock & Barclay is seeking a "two bites of the apple" strategy. First, they want to see if the motion to withdraw will be granted with the assumption that if it is granted, the conflict is cured. It is not. Mr. Hughes seems to acknowledge as much when he chides Toys "R" Us for "using . . . [the] applicable, ethical rules as a litigation strategy." He is right to the extent that Toys "R" Us stands on its rights, and it is astonishing that Hiscock & Barclay would chide Toys "R" Us for Hiscock & Barclay's ethical breach.

The second bite of the apple comes if the Western District denies, as we would expect, the motion to withdraw. Then Hiscock & Barclay would presume to create the so-called "Chinese Wall" as Mr. Hughes calls it, and oppose the motion to disqualify on that basis.

Clearly, ethical rules are involved here and they are being violated by Hiscock & Barclay as they wish to have the right to fire a client they represent in litigation so they can sue that client. To state that proposition is to highlight the ethical rules and the breach. We hope this Court will not countenance that.

We see no reason for a stay, and under the circumstances, we think the situation is sufficiently developed that a motion to disqualify is appropriate at this time.

Respectfully yours,

BOND, SCHOENECK & KING, PLLC

John G. McGowan
Bar Roll No. 501388

cc:   Richard Hughes, Esq.
      James R. Muldoon, Esq.
      Kim T. Landsman, Esq.
      Robert Purcell, Esq.
JGM/pak