UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPERO HARITATOS,                                              :
                                                             :
                              Plaintiff,                       :        05 Civ. 930 (DNH/GJD)
                                                             :
              - against -                                     :
                                                             :
HASBRO, INC.                                                  :
and TOYS "R" US-NY LLC,                                        :
                                                             :
                              Defendants.                      :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BRIEF OF DEFENDANT HASBRO, INC. IN OPPOSITION TO
PLAINTIFF'S OBJECTIONS TO THE DECEMBER 6, 2006,
<u>ORDER OF MAGISTRATE JUDGE DIBIANCO</u>**

Kim J. Landsman (Bar Roll No. 513,364)
Michael D. Sant'Ambrogio (Bar Roll No. 513,363)
Amanda K. Kay (Bar Roll No. 514,218)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980

*Attorneys for Defendant Hasbro, Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ..........................................................................................1

FACTUAL BACKGROUND................................................................................................2

A.   Nature of the Underlying Litigation ...............................................................2

B.   Plaintiff's Motion to Compel Production of Documents from IEG Litigation...................3

C.   Plaintiff's Motion to Compel Employee and Ex-Employee Depositions............................4

ARGUMENT .........................................................................................................................8

I.   Documents From Hasbro's Prior IEG Litigation Are Not Relevant....................................9

II.   Requiring Additional Employee and Ex-Employee Depositions Would Abuse the Discovery Process. .........................................................................................11

CONCLUSION.....................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.,
    973 F.2d 1033 (2d Cir. 1992)..............................................................................10

Champion Home Builders Co. v. ADT Sec. Services, Inc.,
    179 F. Supp. 2d 16 (N.D.N.Y. 2001) ...................................................................8

Collens v. City of New York,
    222 F.R.D. 249 (S.D.N.Y. 2004) ......................................................................9, 11

Human Elecs., Inc. v. Int'l Elecs., Inc.,
    No. 5:03-CV-1318, 2005 WL 1377914 (N.D.N.Y. May 19, 2005) .........................8

Jews for Jesus v. Brodsky,
    993 F. Supp. 282 (D.N.J. 1998),
    aff'd, 159 F.3d 1351 (3d Cir. 1998)......................................................................9

In re Rivastigimine Patent Litig.,
    No. 05 MD 1661, 2006 WL 3386767 (S.D.N.Y. Nov. 22, 2006).............................8

Trafalgar Power, Inc. v. Aetna Life Ins. Co.,
    427 F. Supp. 2d 202 (N.D.N.Y. 2006)..................................................................8

United States v. U.S. Gypsum Co.,
    333 U.S. 364 (1948)...........................................................................................8

### STATUTES

28 U.S.C. § 636(b)(1) ...............................................................................................8

15 U.S.C. § 1125(c) ..................................................................................................9

### RULES

Fed. R. Civ. P. 26(b) .............................................................................................2, 11

Fed. R. Civ. P. 72(a) .................................................................................................8

Defendant Hasbro, Inc. ("Hasbro") respectfully submits this brief in opposition to the objections filed by Plaintiff Spero Haritatos ("Plaintiff" or "Haritatos") to the December 6, 2006, Order of Magistrate Judge DiBianco (the "Order"). The portions of the Order that concern Hasbro (as opposed to its co-defendant) denied Plaintiff's motion to compel (1) production of documents related to a 1996 lawsuit Hasbro brought for anti-dilution and (2) redundant depositions of five party and non-party witnesses.

## PRELIMINARY STATEMENT

Plaintiff brought a very simple and baseless lawsuit claiming that the use for slightly more than a year of Hasbro's famous CANDY LAND trademark for the candy department of a Toys "R" Us store on Times Square in Manhattan caused reverse confusion with his candy store operated out of his home in Rome, New York. That is, Plaintiff asserts that he has been harmed by the likelihood that people visiting his candy store will be confused into believing that it is affiliated with Hasbro's game and the use of that game's indicia in one Toys "R" Us store.

Haritatos' attorney claims to be on contingency and has, from the beginning of this lawsuit, tried to make it as lengthy and expensive as possible for defendants to pressure them into a lucrative financial settlement. An essential part of that strategy has been a scorched earth approach to discovery that pursues every deposition and document that might possibly yield some tiny increment of value.

Magistrate Judge DiBianco has correctly established a sense of context and proportion to the many discovery disputes Haritatos' counsel has engendered—both by demanding unreasonable discovery and by unreasonably resisting defendants' legitimate discovery. The Order that is the immediate subject of Plaintiff's objections is, like prior ones to

which Plaintiff has objected, entirely consistent with Fed. R. Civ. P. 26(b) in requiring that

discovery be relevant to the subject matter and in establishing limits on discovery: (1) that is

unreasonably cumulative or duplicative; (2) for which there has already been ample opportunity

to obtain; and (3) that is unduly burdensome in proportion to its likely benefit, taking into

account the needs of the case and the importance of the issues and the importance of the

proposed discovery in resolving the issues.

The portions of the Order denying Plaintiff's pursuit of extraneous depositions

and irrelevant documents were neither clearly erroneous nor contrary to law, and Plaintiff's

Objections should therefore be denied and the Order affirmed.

## FACTUAL BACKGROUND

A.   <u>Nature of the Underlying Litigation</u>

Hasbro owns several registrations on the Principal Register of the United States

Patent and Trademark Office ("USPTO") for its famous CANDY LAND mark, which has

become well known to generations of children (and their parents) who have grown up playing

the CANDY LAND board game.

Plaintiff operates a candy store out of his home in Rome, New York. The retail

side of the candy store, which Plaintiff's mother Nora Haritatos started in the 1970s, is called

Nora's Candy Shop, and it appears that Plaintiff began to call the candy-making side of the

business Candyland in the 1980s. Haritatos registered the mark "ORIGINAL CANDYLAND

CANDY TURKEY JOINTS" with the United States Patent and Trademark Office ("USPTO") in

1984 for use on candy. Haritatos also obtained a registration for the mark "CANDYLAND" for

use on candy in 1996.

2

Plaintiff alleges that the use of Hasbro's famous CANDY LAND trademark with its distinctive candy-cane design in connection with signage in the candy department of the Toys "R" Us store in Times Square, New York City for approximately 1 year was likely to confuse customers of Plaintiff's Rome, New York candy store.  Plaintiff alleges that he suffered damages of an unidentified nature as a result of this purported confusion.

**B.**     **Plaintiff's Motion to Compel Production of Documents from IEG Litigation**

On August 8, 2006, Plaintiff moved to compel Hasbro to produce all documents from a ten-year old case captioned <u>Hasbro, Inc. v. Internet Entertainment Group, Ltd.</u>, 40 U.S.P.Q.2d 1479 (W.D. Wa. 1996 ("<u>IEG</u>").  In <u>IEG</u>, Hasbro sought and obtained an injunction to halt the operation of a pornographic website called candyland.com.  The case was argued and decided on anti-dilution grounds, not on infringement grounds, just three weeks after the Federal Trademark Dilution Act was enacted.

Plaintiff's stated basis for seeking discovery of all documents concerning <u>IEG</u>, including pleadings, all discovery demands and responses, correspondence, and settlement agreements, is twofold.  Plaintiff claims he needs this production:  (1) "to reveal Hasbro's own position with regard to whether a likelihood of confusion exists between Hasbro's use of the term 'CANDY LAND' and the Internet company exhibiting sexually explicit material"; and (2) "since Hasbro is asserting a counterclaim against Plaintiff for infringement of Hasbro's rights in the term 'CANDY LAND', the materials in the other lawsuit are apt to reveal potential defenses that might be available to Plaintiff in the instant lawsuit."  Purcell Ltr. (Aug. 8, 2006) at 2. Plaintiff also claims that because Hasbro sought discovery of Plaintiff's efforts to protect his CANDYLAND mark, he is entitled to the <u>IEG</u> documents.  Plaintiff's Memorandum of Law in

Support of Plaintiff's Objections to the December 6, 2006 Order of Magistrate DiBianco (hereinafter "Pl. Br.") at 4-6.

**C.**     <u>**Plaintiff's Motion to Compel Employee and Ex-Employee Depositions**</u>

On September 29, 2006, Plaintiff moved to compel the depositions of two Hasbro employees and three former employees (Docket No. 87 and 92).  This dispute originated in the early summer when Plaintiff noticed depositions of three current and three former Hasbro employees.  Hasbro did not object to the depositions of the three current employees, but contended that Plaintiff should ascertain whether the relevant information could be obtained from them before adding the burden to Hasbro as well as the former employees of additional depositions.  Magistrate Judge DiBianco concurred in ruling on June 9, 2006, that Plaintiff should depose the three current Hasbro employees whose depositions had been noticed—Tom Klusaritz, David Dubosky, and Jane Ritson-Parsons—and that the parties could thereafter confer about the necessity of additional depositions.  Order at 4.

Mr. Purcell deposed the three Hasbro employees on consecutive days in August 2006.  Following those depositions, he expressed to Hasbro that he wanted to depose two additional current Hasbro employees and three former Hasbro employees.  On September 6, Hasbro informed Mr. Purcell that it objected to these depositions because the names of the current Hasbro employees were previously known to Mr. Purcell and he should have noticed them earlier, and their testimony would be superfluous.  Hasbro objected to the depositions of the former employees on the grounds that their testimony would be duplicative of the knowledgeable employees who had already testified.  Plaintiff had or could have obtained all knowledge of the relevant areas from the Hasbro depositions already taken, and Plaintiff was simply abusing the discovery process.

The three Hasbro employees Plaintiff has already deposed are indeed the most knowledgeable about the facts in dispute in this litigation.  Jane Ritson-Parsons, who has been in charge of Hasbro's licensing efforts throughout the relevant time period, was deposed on August 15, 2006, for 3 hours and 15 minutes.  Ms. Ritson-Parsons made all the decisions concerning potential licensing of Hasbro's CANDYLAND mark that Mr. Purcell sought to explore.  Tom Klusaritz was deposed on August 14, 2006 for 4 hours and 25 minutes.  He reports to Ms. Ritson-Parsons and is also knowledgeable about Hasbro's licensing efforts and its decisions about what should and should not be pursued.  David Dubosky was deposed on August 16, 2006 for 3 hours and 24 minutes.  Mr. Dubosky is an in-house attorney at Hasbro who was substantially involved in Hasbro's negotiations to acquire Plaintiff's trademark rights and registration.

Ms. Ritson-Parsons, Mr. Klusaritz, and Mr. Dubosky knowledgeably answered Mr. Purcell's substantive questions and testified about the contents of the exhibits they were shown.  Thus, the decision-makers have testified.  The only unanswered questions Mr. Purcell points to concern knowledge of specific documents that were not written by those decision-makers.  The important thing, however, is not whether a witness could recognize a document but whether the witness provided the substantive information that was the subject of the document.  Mr. Purcell spent little time pursuing substantive information, choosing instead to ask each witness a series of tedious questions about whether he or she had seen before or remembered the document.  Mr. Purcell did not, for the most part, pursue questions on the underlying content, but instead wasted much time establishing the fact, obvious from the document itself, that a specific witness did not write a given document.  Plaintiff has not identified any significant information these employees failed to give him in their depositions.

Mr. Purcell now seeks to depose former employees Lee McLauglin, Pat Schmidt, and Amy Scaramella.  The request for the non-party depositions is ultimately based on no more than the cynical hope that ex-employees will give different testimony than current ones and an equally cynical attempt to make the litigation as costly to defendants as possible.  The facts are the facts, however, and Mr. Purcell got them from the Hasbro witnesses.  He identifies no significant information that the current employees failed to give him.

Plaintiff also seeks to depose two more current Hasbro employees:  Ms. Lasell and Mr. Vanasse.  Their identities have long been known to Mr. Purcell.  In fact, Ms. Lasell's name was on the Hasbro documents that Mr. Purcell asked about in the August 2006 depositions.  Not a single fact was developed in the depositions of Ms. Ritson-Parsons, Mr. Klusaritz, or Mr. Dubosky that shed new light on the role Ms. Lasell played.  Mr. Purcell's only stated basis for seeking her deposition is her authorship of documents he had in his possession from an early production many months before the depositions.

Mr. Vanasse's knowledge and lack thereof was clearly identified in discovery responses.  Haritatos' Interrogatory No. 2, for example, asked:

> Identify every person having knowledge of each formal or informal investigation, study, survey, and/or search, if any conducted by or on behalf of any of the Defendants respecting the term "CANDY LAND" or other similar term, and describe in detail the nature and substance of each such person's knowledge, including the results of such investigation, study, and/or search.

Hasbro's response in November 2005 included the statement that

> Paul Vanasse, Director, Intellectual Properties, Office of the General Counsel (1985 to present).  Mr. Vanasse works under the direct supervision of the lawyers in Hasbro's Legal Department and has day-to-day responsibility for maintaining Hasbro's intellectual properties, including the CANDY LAND trademark, and enforcing those rights.

6

Mr. Vanasse is in fact charge of ordering trademark searches. Mr. Purcell presumably wants to show Hasbro's awareness of Haritatos' CANDYLAND trademark registration, but that has already been established. Indeed, it has been established that the search revealing that registration was ordered and reviewed in 1995. All that has not been established is when someone at Hasbro first saw the searches. As to that, we have already informed Mr. Purcell that Mr. Vanasse does not remember when he reviewed the report (which is not surprising since the report came in nine years ago).

> Haritatos' Request for Admission No. 3 stated:

> Admit that, to the best of Hasbro's knowledge and belief, Hasbro received and reviewed by no later than September 15, 1995 the Trademark Search Report referenced in Request No. 1.

> Hasbro responded:

> Subject to and without waiving the General Objections and Responses, Hasbro admits that it received the referenced document no later than September 15, 1995, and denies knowledge or information sufficient to form a belief as to when it was reviewed, inasmuch as Paul N. Vanasse, the person who ordered the report, does not remember when he reviewed it.

> There is nothing for Mr. Vanasse to add on this subject.

The statement that Mr. Dubosky "feigned ignorance" about the trademark searches is just another example of Mr. Purcell's propensity for giving a pungent spin to innocuous facts. As Mr. Dubosky testified, he is not in the intellectual property group of the legal department and has no responsibility for trademark searches.

Mr. Purcell also seeks depositions of former Hasbro employees Lee McLauglin, Pat Schmidt, and Amy Scaramella. The stated basis for the depositions of Mr. McLaughlin and Ms. Schmidt is that they were asked to leave Hasbro. Purcell Ltr. (Sept. 29, 2006) at 3. Mr. Purcell believes that because they were discharged, "there is a significant potential for their

7

testimony to be more candid and complete than the testimony elicited already from Hasbro's employees", Pl. Br. at 8; Purcell Ltr. (Sept. 29, 2006) at 3, and "their testimony is apt not to coincide with those who still maintain an allegiance to Hasbro." Pl. Br. at 8. In addition, Mr. Purcell states that these three former employees were part of a licensing team with Jane Ritson-Parsons from 2001-2004 and worked on licensing in the food and beverages industry. He claims that they authored and/or received the very memos Mr. Purcell used in his depositions of the three already-deposed Hasbro employees. Although Mr. Purcell claims that Mr. McLaughlin was engaged in negotiations with Plaintiff from 2002 until their abandonment, Purcell Ltr. (Sept. 29, 2006) at 3, this is not the case. Mr. McLaughlin initiated Hasbro's contact with the Plaintiff and then quickly passed the task to the lawyers. Mr. Purcell also contends that Amy Scaramella was the author of a "major" memo, which Mr. Purcell has and has used in depositions of Hasbro employees.

## ARGUMENT

Magistrate Judge DiBianco's denial of Plaintiff's motions to compel document production and depositions from Hasbro was entirely appropriate under any standard. The standard for reviewing a magistrate's order on a non-dispositive motion is, it should be noted, deferential: it should be set aside or modified only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Trafalgar Power, Inc. v. Aetna Life Ins. Co., 427 F. Supp. 2d 202, 212 (N.D.N.Y. 2006); Human Elecs. Inc. v. Int'l Elecs., Inc., No. 5:03-CV-1318, 2005 WL 1377914, at *1 (N.D.N.Y. May 19, 2005).

A magistrate judge's order is clearly erroneous only where "the reviewing court, on the entire evidence, is left with the definite and firm conviction a mistake has been made." Champion Home Builders Co. v. ADT Sec. Servs., Inc., 179 F. Supp. 2d 16, 29 (N.D.N.Y. 2001)

(citing <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746

(1948)).  A magistrate's order is "'contrary to law' when it fails to apply or misapplies relevant

statutes, case law or rules of procedure." <u>In re Rivastigimine Patent Litig.</u>, No. 05 MD 1661,

2006 WL 3386767, at *5 (S.D.N.Y. Nov. 22, 2006) (citing <u>Collens v. City of New York</u>, 222

F.R.D. 249, 251 (S.D.N.Y. 2004).

       Magistrate Judge DiBianco's Order properly applied relevant statutes, case law,

and rules of procedure.  We address below the reasons Magistrate Judge DiBianco' ruling should

be affirmed with respect to each of Plaintiff's motions as to Hasbro.

## I.    <u>Documents From Hasbro's Prior IEG Litigation Are Not Relevant.</u>

       The documents relating to the ten-year old <u>IEG</u> anti-dilution litigation are wholly

irrelevant to the instant case, which turns on the issue of confusion, not dilution.  The finding of

the IEG trial court in deciding Hasbro's motion for a preliminary injunction makes this clear:

"Hasbro has demonstrated a likelihood of prevailing on its claims <u>that defendant's conduct</u>

<u>violates the federal trademark anti[-]dilution statute</u>, 15 U.S.C. § 1125(c)." <u>IEG</u>, 40 U.S.P.Q.2d

at 1480 (emphasis added).  As Magistrate DiBianco noted, "under the anti-dilution provision, the

plaintiff need not demonstrate a likelihood of confusion," but rather must show that its mark is

"famous" and is used by the offending party "in commerce."  M.J. DiBianco Order (Dec. 6,

2006) at 3 (citing <u>Jews for Jesus v. Brodsky</u>, 993 F. Supp. 282, 305 (D.N.J. 1998).

       Plaintiff offers no more than speculation against all evidence that his speculation

is incorrect that the documents sought "are likely to depict the types of activities that Hasbro

believes to give rise to a likelihood of confusion in connection with Hasbro's use of the term

'CANDY LAND'".  Pl. Br. at 3.  Plaintiff has failed to articulate in his many letters on this issue

9

a single non-speculative basis in fact for his belief that the IEG documents are relevant to the instant action.

Even if the IEG litigation had turned on the issue of confusion, the documents sought by Plaintiff would be irrelevant to the alleged confusion in this case because they would have no bearing on the fact-intensive inquiry of whether there is a likelihood of confusion with Plaintiff's use of a term on one, small store.  See Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1043 (2d Cir. 1992) ("the individual Polaroid factors are subject to review as findings of fact, subject to reversal only if clearly erroneous") (emphasis added).  Whether consumers in IEG were confused by a pornographic website called candyland.com or whether Hasbro argued that they were simply bears no relationship to whether consumers are likely to be confused between Plaintiff's use of the term "CANDYLAND" on his Turkey Joints candy sold in Rome, New York and the use of Hasbro's famous CANDY LAND mark by Toys "R" Us in its store in Times Square, New York.

Similarly, there is no basis for Plaintiff's argument that the IEG documents "are apt to reveal potential defenses that might be available to Plaintiff in the instant lawsuit" with respect to Hasbro's counterclaim against Plaintiff.  Hasbro claims that Haritatos' claims to the mark "CANDYLAND" for use on candy are, for multiple reasons, invalid and that Hasbro's rights in that mark arose prior to those of Plaintiff.  The IEG documents are not relevant to any of Plaintiff's potential defenses, nor can Plaintiff identify any basis in fact or law that supports his argument.

Finally, Plaintiff argues that he is entitled to the IEG documents simply because he has produced some documents concerning his prior actions (or inaction) to protect his Candyland mark.  That Plaintiff has made virtually no attempt to assert his alleged trademark

rights against the numerous stores around the country that call themselves, descriptively, Candyland, is relevant to whether he has any rights at all in the asserted mark.  The <u>IEG</u> documents, however, concern dilution of trademark rights Plaintiff does not dispute:  Hasbro's rights to the name for its famous, venerable, game.

## II.    <u>Requiring Additional Employee and Ex-Employee Depositions</u><br><u>Would Abuse the Discovery Process.</u>

Plaintiff is not entitled to depose five additional witnesses on a hunch that their depositions will yield useful information, especially when all of the key decision-makers at Hasbro have already been deposed.  Although Rule 26(b)(1) provides for broad discovery, "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses."  <u>Collens v. City of New York</u>, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (collecting cases).  Plaintiff's motions to compel are nothing more than improper fishing expeditions.

Haritatos advances two equally flimsy arguments in support of his motion to compel these depositions.  First, he theorizes that because two of the former Hasbro employees he seeks to depose were discharged from Hasbro, their testimony may be "more candid and complete" than were the prior Hasbro deponents.  Pl. Br. at 8.  Second, he implies that he was somehow prejudiced because the witnesses he deposed were not able to remember having reviewed 9-year old Hasbro documents concerning the potential licensing of the CANDY LAND mark, although the witnesses were able to testify about the substance of those documents.  Plaintiff "<u>hopes</u> to elicit" certain testimony from these five additional witnesses, and speculates that they are "<u>apt</u> to provide critical information unavailable from previous deponents."  Pl. Br. at 10 (emphasis added).  This type of guesswork and speculation is an improper basis for seeking discovery.

11

By his own admission, Mr. Purcell is fishing for testimony that is damaging to Hasbro by way of the depositions of Mr. McLaughlin and Ms. Schmidt. See Pl. Br. at 6, 8. He has not presented any reason why he should be permitted to depose the two former employees.

Mr. McLaughlin had little to no involvement in the negotiations with Mr. Haritatos, as Mr. Haritatos himself testified. Haritatos Tr. 182:21-183:17 (May 17, 2006). Ms. Schmidt was a member of the licensing team for food and beverage products who received memos on the prospective licensing of Hasbro's CANDY LAND mark. Pl. Br. at 8. In a misguided attempt to bolster his argument, Plaintiff calls Ms. Schmidt is a "high-ranking executive at Hasbro, with the title 'Vice-President, North American Licensing.'" Pl. Br. at 8. Nothing detracts from the fact, however, that Mr. Purcell had a full opportunity to depose the two most knowledgeable witnesses on outbound licensing of Hasbro's CANDY LAND trademark and has identified nothing they could not answer that Ms. Schmidt is likely to know.

The final former Hasbro employee that is the subject of Plaintiff's motion to compel is Amy Scaramella, the author of a memo written in June/July 2003. According to Mr. Purcell, the memo sets forth the details of Hasbro's efforts to license its CANDY LAND mark in connection with edible products. It appears, from Mr. Purcell's description, that the memo speaks for itself. In fact, Mr. Purcell does not identify a single question or topic for discussion he would broach with Ms. Scaramella in a deposition that he did not already bring up with Mr. Klusaritz. His failure to articulate even one question he would ask her in a deposition demonstrates the groundlessness of his motion to compel her deposition.

Plaintiff also seeks depositions of Hasbro employees Mary Lasell and Paul Vanasse. Ms. Lasell's name was on the Hasbro documents initially produced that were the subject of Mr. Purcell's allegedly futile questions to Mr. Klusaritz. Had it been so critical to Mr.

12

Purcell to locate all Hasbro witnesses who specifically recall receiving and reviewing documents 9 years old, he should have sought her deposition at the outset.  Mr. Purcell did not learn any new facts in the depositions of Ms. Ritson-Parsons, Mr. Klusaritz, or Mr. Dubosky that changed his understanding of Ms. Lasell's role.

Mr. Vanasse's involvement in trademark searches was known to Mr. Purcell as early as November 2005, when Hasbro responded to his first set of interrogatories, and long before he noticed the depositions of Ms. Ritson-Parsons, Mr. Klusaritz, and Mr. Dubosky, yet he did not act to notice Mr. Vanasse's deposition.  Plaintiff's counsel purportedly wants to ask Mr. Vanasse about a trademark search report obtained over ten years ago, but he has already been informed that Mr. Vanasse remembers nothing about the timing of the report.  In response to Plaintiff's Request to Admit No. 3, Hasbro stated that it "admits that it received the [trademark search report] no later than September 15, 1995, and denies knowledge or information sufficient to form a belief as to when it was reviewed, inasmuch as Paul N. Vanasse, the person who ordered the report, does not remember when he reviewed it."  There is nothing for Mr. Vanasse to add on this subject.  Mr. Purcell cannot endlessly seek depositions of employees whose identities he had but whose depositions he simply chose not to take.

Most significantly, the witnesses Hasbro did produce in August answered Mr. Purcell's questions about the licensing activity at issue in this litigation.  That the witnesses may not have been able to remember specific memos does not detract from the fact that Mr. Purcell got the answers to his questions about the underlying license activity and Hasbro's decision to put it on hold.  In addition, Mr. Klusaritz testified extensively about an inquiry to Ms. Lasell from Brian Galvin, a man in the Providence area who was interested in opening one or more

13

stores based on CANDY LAND themes.  All of the substantive questions were answered, and the subject matter of the documents introduced was discussed.

Even where the witnesses could not answer questions about their knowledge and recollection of specific documents that they did not write, they were able to provide the substantive information that was the subject of the document.  Moreover, Mr. Purcell spent little time pursuing substantive information; he was instead content to ask questions about whether the witness had seen or remembered the document.  That this line of questions yielded less information than he would have liked is a result of his method, not of Hasbro's intransigence.

Magistrate Judge DiBianco's December 6 Order appropriately denied Plaintiff's motions to compel irrelevant documents and superfluous decisions.  It is neither clearly erroneous nor contrary to law, and should be affirmed.

## **CONCLUSION**

For the reasons state above, the Court should deny Plaintiff's objections and affirm Magistrate Judge DiBianco's December 6, 2006 Order.

Dated:          January 23, 2007

Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)
Amanda K. Kay
(Bar Roll No. 514,218)

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  212-336-2980
Facsimile:  212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing **BRIEF OF DEFENDANT HASBRO, INC. IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE DECEMBER 6, 2006, ORDER OF MAGISTRATE DIBIANCO** to be filed electronically, with copies sent electronically to the counsel set forth below on January 23, 2007:

Robert E. Purcell, Esq.
Attorney for Plaintiff Spero Haritatos
Hiscock & Barclay
One Park Place
Syracuse, New York  13202
(315) 422-2131

Christopher J. Belter, Esq.
Goldberg Segalla LLP
665 Main Street
Suite 400
Buffalo, New York  14203
(716) 566-5400

and

John G. McGowan, Esq.
Attorney for Defendant Toys "R" Us
One Lincoln Center
Syracuse, New York  13202-1355
(315) 218-8121


…../s/ Amanda K. Kay
Amanda K. Kay