# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 17, 2007

**By ECF**

Kim J. Landsman
(212) 336-2980
Direct Fax  (212) 336-2985
kjlandsman@pbwt.com

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

      Re:    **Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC,
05 Civ. 930 (DNH-GJD)**

Dear Judge DiBianco:

      We represent defendant Hasbro, Inc. ("Hasbro") in the above-captioned matter. We write this letter at the suggestion of Your Honor's law clerk seeking direction from the Court on presenting a motion for discovery sanctions against Plaintiff and his counsel, Robert Purcell, or to compel discovery. We are prepared to submit the motion on full papers if the Court so prefers and are also, of course, available for a telephone or in-person conference. The basis for our motion is briefly summarized below.

      Hasbro has served sets of requests for discovery on four occasions: October 27, 2005, May 31, 2006, September 15, 2006, and January 31, 2007. Plaintiff has utterly failed to provide all of the documents called for by these requests, including, most importantly, documents concerning Plaintiff's sales, customers, damages, and prior trademark registration for the "Original Thin Shell Candy." We will, of course, submit these requests to the Court upon Your Honor's request either separately or in the context of complete motion papers.

      Following the Court's August 11 and October 19 Orders ordering Plaintiff to comply with his discovery obligations, Plaintiff made only one incomplete production, which was served January 11, 2007, a full seven weeks after Judge Hurd's November 30 deadline. To make matters worse, Mr. Purcell admitted in a voicemail prior to the production that he had been in possession of these documents for "two or more months."

      The basis for the sanctions motion would be that Plaintiff has refused to produce patently relevant discovery requested as far back as October 2005 in direct violation of two orders of this Court. He flouted your Honor's Order of August 11, 2006, requiring him to respond to Hasbro's May 31, 2006, discovery requests "immediately" and produce all discovery responsive to Hasbro's October 27, 2005, and May 31, 2006, discovery demands within thirty

Judge DiBianco
May 16, 2007
Page 2

days,[1] as well as Judge Hurd's October 19, 2006, affirmance of the August 11 Order, which ordered Plaintiff to produce 'all outstanding discovery' (which would include Hasbro's September 15, 2006, discovery requests) by November 30. In the meantime, Plaintiff has wasted Hasbro's and the Court's time by, as the Court previously noted, filing numerous "trivial" motions that have "create[d] unnecessary work since they do not involve significant issues." (March 28, 2006 Conf. Tr. at 23:24-24:2.) It is time for Plaintiff and his counsel to face the consequences of their discovery abuses, which have unnecessarily driven up the cost of litigating this case.

Because of uncertainly over whether fault for the obstructionist behavior lies with Plaintiff or his counsel, Hasbro is not yet prepared to request the sanction of dismissal of the claims, though case law would support such a sanction. Hasbro does, however, respectfully wish to move for the following sanctions:

(1) <u>Sanctions in the Form of Attorneys Fees</u>. Hasbro has expended considerable resources chasing down discovery it has yet to receive, moving for relief from the Court, and responding to Plaintiff's trivial motions. Hasbro would like to seek sanctions in the form of the fees it has incurred as a result of Plaintiff's and Mr. Purcell's improper and vexatious conduct. District courts have "inherent power" to award attorneys' fees against a party and its counsel when they have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Agee v. Paramount Comm's Inc.</u>, 114 F.3d 395, 398 (2d Cir. 1997) (internal quotations omitted). Rule 37 also provides for the assessment of such costs "in addition" to other sanctions as against "the party failing to obey the order or the attorney advising that party or both." Mr. Purcell should also be held responsible pursuant to 28 U.S.C. § 1927, which provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

(2) <u>Sanctions Establishing Certain Facts for Which Discovery Has Been Blocked.</u> We also seek an order pursuant to Fed. R. Civ. P. 37(b)(2)(A)-(B) and Local Civil Rule 7.1(i), that certain facts for which discovery has been thwarted should be conclusively established, and Plaintiff should be precluded from introducing new evidence on those issues at any point in the future. Plaintiff should not be allowed to benefit from his flagrant discovery violations by advancing arguments Plaintiff has prevented Hasbro from disputing.

Rule 37(b)(2)(A) and (B) vest the Court with the ability to order that "designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order," Fed. R. Civ. P. Rule 37(b)(2)(A), and to issue an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence" Fed R. Civ. P. Rule 37(b)(2)(B).

---

[1] Plaintiff appealed your Honor's August 11 Order but did not move to stay it (and the Federal Rules have no automatic stay pending appeal of a discovery order). He was therefore in contempt of the Court's August 11 Order as of September 11, 2006.

Judge DiBianco
May 16, 2007
Page 3

(3) <u>Deeming Certain Facts Admitted.</u> Pursuant to Fed. R. Civ. P. 36(a), Hasbro's requests for admission, for which Plaintiff has not adequately responded, should be deemed admitted. Fed. R. Civ. P. 36(a) provides: "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."

(4) <u>As an Alternative, to Compel Discovery.</u> Finally, if the Court does not grant sanctions, Hasbro seeks an order pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Civil Rule 7.1 compelling full and complete responses to Hasbro's outstanding discovery requests.

We look forward to hearing the Court's preference as to how these requests for relief should be handled.

Respectfully yours,

Kim J. Landsman

Cc: Robert E. Purcell, Esq.
Christopher J. Belter, Esq.
John G. McGowan, Esq.

1368859