

**HISCOCK & BARCLAY**, LLP

BUFFALO • ROCHESTER • SYRACUSE • ALBANY • NEW YORK

ROBERT E. PURCELL
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET
SYRACUSE, NEW YORK 13202-2078
T 315.422.2131 • F 315.472.3059

DIRECT DIAL 315.425.2802
DIRECT FAX 315.425.8594
RPURCELL@HISCOCKBARCLAY.COM
ALSO ADMITTED IN: REGISTERED PATENT ATTORNEY

May 22, 2007

**By ECF**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
P.O. Box 7396
100 South Clinton Street
Syracuse, New York 13261

    Re:    Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC,
              05 Civ. 930 (DNH-GJD)

Dear Judge DiBianco:

      Plaintiff, Spero Haritatos, hereby opposes Defendant Hasbro's request for discovery sanctions, or in the alternative, to compel discovery, as set forth in Defendant Hasbro's letter to you dated May 17, 2007.

      By Order dated October 19, 2006, Judge Hurd extended the discovery cut-off date until February 28, 2007. Defendant Hasbro now complains, over two and one-half months after the discovery cut-off date, that "Plaintiff has utterly failed to provide all of the documents called for by these requests [(served on October 27, 2005, May 31, 2006, September 15, 2006, and January 31, 2007[1])]. Defendant Hasbro also incidentally now complains that Plaintiff's production of 5,592 pages of sales and shipping records on January 11, 2007 - - almost seven weeks before the discovery cut-off date - - was "incomplete".[2]

      In its two and one-half page letter to you dated May 17, 2007, Defendant Hasbro failed to articulate what documents have allegedly been withheld by Plaintiff and failed to demonstrate any "meet and confer" regarding the alleged deficiencies, and failed to explain its delay in raising these issues.

---

[1] Defendant Hasbro's discovery served on January 31, 2007 was belatedly served such that a response was not due until after the discovery cut-off date, in violation of Local Rule 16.2.

[2] Due to Plaintiff's attorney's having moved to the law firm of Hiscock & Barclay, he promptly produced the documents for inspection and copying upon receiving the litigation file on December 1, 2006, and the eventual production of the documents on January 11, 2007 was due to Hasbro's counsel's desire to have the documents scanned by an outside copy service and produced in electronic format.

SYLIB01\561344\1

Honorable Gustave J. DiBianco
May 22, 2007
Page 2

      Local Rules 16.2 and 7.1(d)(8) each require that motions to compel discovery <u>shall</u> be filed no later than ten calendar days after the discovery cut-off date, which, here, was February 28, 2007. Certainly if there were any grave concern about the alleged insufficiencies of Plaintiff's production of documents, Defendant Hasbro would have raised that concern long before now, and well before the discovery cut-off date. Plaintiff submits that the Local Rules, both in letter and spirit, preclude Defendant Hasbro from pursuing its requested relief.

                                  Respectfully submitted,

                                  Robert E. Purcell

REP:jhk
cc:    Kim J. Landsman, Esq.
       John G. McGowan, Esq.

SYLIB01\561344\1