## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 7, 2007

**By ECF**

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
100 South Clinton Street
Syracuse, New York 13261

Re:   Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC,
05 Civ. 930 (DNH-GJD)

Dear Judge DiBianco:

As counsel for defendant Hasbro, Inc. ("Hasbro"), we write pursuant to the Court's May 29 order to respond to Mr. Purcell's May 22 letter opposing our motion for sanctions.

Rather than refute or explain his discovery violations, Plaintiff primarily complains that we did not provide the level of detail that would be in a formal motion. Although we are prepared to include such detail in a formal motion, for the convenience of the Court and at Your Honor's request, we summarized the bases for such a motion in our brief letter.

We will now address each of Mr. Purcell's points in turn.

### Specific Identification of Deficiencies

We stated in our initial letter of May 17 that Plaintiff has failed to provide all of the documents called for by our requests of October 27, 2005, May 31, 2006, September 15, 2006, and January 31, 2007, "including, most importantly, documents concerning Plaintiff's sales, customers, damages, and prior trademark registration for the 'Original Thin Shell Candy.'"

Plaintiff complains that Hasbro "failed to articulate what documents have been allegedly been withheld." We believe that Plaintiff has failed to respond appropriately to the following requests:

A.   **October 27, 2005, Requests**: Document Request Nos. 1, 7, 12, 13, 14, 15, 38, 39, and 46;

B.   **May 31, 2006, Requests**: Document Request Nos. 1, 2, 3, 7-9, and Interrogatory Nos. 1(a)-(g) & 2;

   C. **September 15, 2006, Requests**: Request for Admission Nos. 19, 20, 21, 29, 30, 36-38, 52, 53, 57-60, 63, 66, 67, 68, 70-72.; and

   D. **January 31, 2007, Requests**: Plaintiff refused to respond any request as allegedly untimely.

   Copies of these responses are annexed hereto as Exhibits 1-4.

   Part of the problem is that Plaintiff has interjected frivolous, boilerplate objections. For example, Hasbro seeks "All documents concerning the www.turkeyjoints.com website, including but not limited to all reports or other data generated in connection with the website." The request is entirely understandable and straightforward. Indeed, during his deposition Mr. Haritatos explained that the website generates reports concerning the goods purchased through the website. Yet Plaintiff's counsel objected that the request is "vague, ambiguous, [and] overbroad" especially with regard to "the word 'concerning'" (Exhibit 5, Response No. 1)[1] and has yet to produce the aforementioned reports.

   Hasbro's request seeking "all documents evidencing the shipping address[es]" of Plaintiff's customers, is similarly straightforward. Nonetheless, Haritatos objected because of the "vagueness of the word 'evidencing'." The same objection is raised by Haritatos in response to Hasbro's third request, concerning information "evidencing any sales . . . in New York City," and sixth request seeking "documents evidencing Plaintiff's first use of Plaintiff's CANDYLAND mark[.]" (Exhibit 5, Response Nos. 2 and 3.) The Court's four-page limit precludes us from detailing all such unfounded boilerplate objections, but, based on Plaintiff's limited production and deposition testimony, it does not appear that Plaintiff has produced the requested documents.

   These improper objections were overruled in the Court's prior order. Plaintiff should therefore either produce all requested documents or certify under oath that all requested documents in Plaintiff's possession, custody, or control were already produced. As to the interrogatories and requests for admission, they should all be answered without (or notwithstanding) any objection, as required by Fed. R. Civ. P. 33 and 36.

**Meet and Confer**

   Plaintiff also complains that Hasbro "failed to demonstrate any 'meet and confer' regarding the alleged deficiencies."

   On August 11, 2006, Magistrate Judge DiBianco ordered Haritatos to respond to Hasbro's May 31, 2006, demands "immediately" and produce all discovery responsive to Hasbro's October 27, 2005, and May 31, 2006, discovery demands within thirty days ("August 11 Order") (docket no. 68). But Plaintiff did not serve the responses or produce any documents

---

[1] To object that the word "concerning" is vague is especially inane, given that it is a preferred term for discovery requests specified in the Uniform Definitions in Discovery Requests of the Local Rules of the Southern and Eastern Districts. See S.D.N.Y. and E.D.N.Y. Local Rule 26.3(c)(7).

as ordered. He appealed Magistrate Judge DiBianco's Order but did not move to stay it (and the Federal Rules have no automatic stay pending appeal of a discovery order).

At any rate, on October 19, 2006, Judge Hurd affirmed the August 11 Order ("October 19 Order") and ordered Plaintiff to produce "all outstanding discovery" by November 30, which would include not just Hasbro's October 27, 2005, and May 31, 2006, discovery requests, but also its September 15, 2006 discovery requests.

While the rules require the parties to meet and confer before making a motion to compel, they do not require, and it would be illogical to require, a party to meet and confer with another party regarding its violation of a court order.

At any rate, Hasbro has raised with Plaintiff all of the problems with his discovery responses and productions (or lack thereof) on multiple occasions—including in letters dated April 17, 2006, May 9, 2006, June 8, 2006, October 6, 2006, November 7, 2006, and December 6, 2006 and in an email dated February 25, 2007—but has yet to receive the outstanding discovery or a substantive response to Hasbro's letters. Finally, in a December 15, 2006 letter to the Court, Hasbro informed Your Honor of Plaintiff's failure to comply with either the Court's August 11 or October 19 Orders. Finally, as to Hasbro's January 31, 2007 requests, Mr. Purcell stated in an e-mail dated February 23, 2007, that Plaintiff would not respond because he considered the requests untimely. Those letters and the e-mail are attached hereto in chronological order as Exhibit 6.

There has been no failure to meet and confer; there has been a failure by Plaintiff's counsel to respond appropriately to the Court's orders and to Hasbro's many communications.

**Alleged Delay**

Hasbro's motion to compel is timely under Local Rules 7.1(d)(8) and 16.2. The Local Rule 16.2 discovery cut-off for such motions is the date by which all depositions are to be completed, including expert depositions. Magistrate Judge DiBianco stayed expert discovery pending a ruling on Hasbro's motion to preclude the testimony of Plaintiff's purported expert, Siegrun D. Kane. (See September 18, 2006 Order, docket no. 83.)

Moreover, Plaintiff's delay argument applies only to the portion of Hasbro's motion that seeks an order compelling discovery. Local Rules 7.1(d)(8) and 16.2 do not apply to motions for sanctions or for contempt. Therefore, Plaintiff's contention would, at best, excuse him from responding to the January 31, 2007, requests. His failure to adequately respond to the prior requests violates the Court's order.

Hasbro did not, at any rate, move to compel earlier because it seemed most efficient to move for sanctions and leave the Court with the option of compelling discovery only if the Court did not consider sanctions appropriate. Hasbro's motion for sanctions necessarily

Honorable Gustave J. DiBianco
June 7, 2007
Page 4

required a fairly lengthy and time-consuming review of the discovery history of the case. It would be the supreme irony if Plaintiff could escape providing required discovery simply because the Court determined that his recalcitrance did not quite rise to the level of assessing sanctions.

                                              Respectfully yours,

                                              Kim J. Landsman

Cc:     Robert E. Purcell, Esq. (by e-mail)
          Christopher J. Belter, Esq. (by e-mail)
          John G. McGowan, Esq. (by e-mail)