1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------x

SPERO HARITATOS,

                     Plaintiff,    :    05 Civ. 930 (DNH/GJD)

           - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

                    Defendants.

------------------------------------------------x

### DEFENDANT HASBRO, INC.'S
### FIRST SET OF REQUESTS TO PLAINTIFF
### FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure Defendant Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP, hereby requests that, within 30 days of the date of service hereof, Plaintiff Spero T. Haritatos ("Plaintiff") produce at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, the following documents and things in Plaintiff's or his affiliates', agents', or representatives' possession, custody or control for inspection and copying.

1225900v2

## DEFINITIONS AND INSTRUCTIONS

A. "Plaintiff" shall refer to Spero T. Haritatos and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Spero T. Haritatos's behalf or under his control, or any one of the foregoing.

B. The term "Complaint" shall mean the Plaintiff's Complaint in this action.

C. The term "Plaintiff's CANDYLAND mark" is defined as any and all uses or intended uses by him in connection with goods or services of the words CANDYLAND, whether together or as two words.

D. The term "Hasbro's CANDY LAND marks" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the words CANDYLAND, whether together or as two words.

E. The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

F. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

H. The term "communication" shall mean oral, written and electronic communications, as well as any note, memorandum or other record thereof.

I. The following rules of construction apply:

1225900v2

2

(1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

(2) The use of the singular form of any word includes the plural and vice versa.

J.  As to each document (or portion thereof) that Plaintiff declines to produce on the ground of privilege, Plaintiff shall provide the following information:

(1) the type of document, e.g., letter or memorandum;

(2) the general subject matter of the document;

(3) the date of the document;

(4) the author(s) of the document;

(5) the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s), and recipient(s) to each other;

(6) the identity of each person having possession, custody or control of such document, or a copy thereof; and

(7) the nature of the privilege claimed.

K.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

## DOCUMENTS AND THINGS REQUESTED

1.   Two samples of any actual or intended products and services by Plaintiff in the United States that bear Plaintiff's CANDYLAND mark.

2.   All documents concerning the conception, selection or decision by Plaintiff to use or register Plaintiff's CANDYLAND mark, including, but not limited to, documents concerning any other names contemplated or considered, any trademark search(es) conducted, and any comments or opinions concerning whether the marks were available or registrable, and whether anyone else had used or might have rights to Plaintiff's CANDYLAND mark or other marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

3.   All documents concerning the circumstances under which the Plaintiff first learned or became aware of Hasbro's use or intended use of Hasbro's CANDY LAND marks.

4.   All documents and things concerning Plaintiff's awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States.

5.   All documents and things concerning the actual or intended date of first use of Plaintiff's CANDYLAND mark on each product or service for which they have been used or intended to be used and, if different, the first use on each product or service in the commerce of the United States of Plaintiff's CANDYLAND mark.

6. All documents concerning any business, marketing or media plans or the like prepared by or for Plaintiff referring or relating to any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

7. All documents and things concerning Plaintiff's actual or intended sale, provision, distribution, marketing, advertising or promotion of every actual or intended product and service using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but not limited to, business papers, contracts, business cards, stationery, brochures, subscriptions, website materials, shipping documents, purchase orders, business, marketing or media plans for which Plaintiff's CANDYLAND mark is the principal subject.

8. Documents sufficient to show the nature and extent of advertising and marketing of Plaintiff's CANDYLAND mark on each product or service for which they have been used.

9. Copies of any advertisements, website, promotional or marketing materials relating to any products or services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

10. Documents sufficient to show the cost, placement and nature of Plaintiff's advertising, marketing, consumer or customer relations and public relations concerning Plaintiff's use or intended use of Plaintiff's CANDYLAND mark.

11. Documents sufficient to identify the channels of trade through which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark have been or will be sold or provided.

12. Documents sufficient to identify the geographic area in which products and services in the United States bearing, using, adopting or affiliated with Plaintiff's

CANDYLAND mark have been or will be sold or provided.

13. Documents sufficient to identify the demographics of actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

14. All documents and things identifying any actual or intended consumers or customers for products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark, including but limited to customer lists.

15. Documents sufficient to show by quarter the sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product(s) and service(s) bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark.

16. All documents concerning any actual or intended licensing or assignment arrangement between Plaintiff and any person concerning the use of Plaintiff's CANDYLAND mark in the United States or elsewhere, including, but not limited to, any proposals, inquiries and/or requests to or from any third party concerning a license or assignment of Plaintiff's CANDYLAND mark.

17. All documents concerning any mention by the media in the United States of Plaintiff's CANDYLAND mark, Hasbro's CANDY LAND marks, or any products and services bearing, using, adopting or affiliated with Plaintiff's CANDYLAND mark or Hasbro's CANDY LAND marks.

18. All documents concerning consumers' or customers' awareness of or perceptions concerning Plaintiff's CANDYLAND mark in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, and communications from consumers or customers.

19. All documents concerning consumers' or customers' awareness of or perceptions concerning Hasbro's CANDY LAND marks in the United States, including but not limited to consumer research, studies, surveys, analysis, business plans, focus groups, market research, or communications from actual or potential consumers or customers.

20. All consumer and industry research, including but not limited to focus groups, polls, and consumer perception or confusion surveys, and all documents relating thereto, regarding any marks containing the words CANDYLAND, CANDY LAND, or variations thereof.

21. All documents concerning any actual or potential confusion or likelihood of confusion between Plaintiff or his CANDYLAND marks and Hasbro or its CANDY LAND marks, including but not limited to, all documents concerning letters or other communications from Plaintiff's agents, attorneys, affiliates, consultants, or other advisors, or actual or potential consumers or customers, evidencing actual or potential confusion or likelihood of confusion or referring to Hasbro's CANDY LAND marks.

22. All documents concerning Hasbro or its CANDY LAND marks or products.

23. All documents concerning the public's or consumer's understanding of the words "candy land" or "candyland."

24. All documents concerning communications between Plaintiff and Hasbro regarding "CANDYLAND," "CANDY LAND," or similar name or mark.

25. All documents concerning communications between Plaintiff and any other person regarding any mark that incorporates the words "CANDYLAND," "CANDY LAND," or any similar name or mark.

1225900v2

26. All documents concerning the use of the CANDY LAND name or mark by defendant Toys "R" Us-NYC LLC.

27. All documents concerning the use of "CANDYLAND," "CANDY LAND," or any similar name or mark in connection with goods or services, including but not limited to candy and other edible goods, by any person other than Plaintiff and the Defendants.

28. All documents relating to the prosecution of Plaintiff's applications for Plaintiff's CANDYLAND mark, including any applications in the United States or elsewhere for the CANDYLAND mark.

29. Copies of the registrations for Plaintiff's CANDYLAND mark.

30. All documents concerning the sale of the "Candyland" restaurant in Rome, New York, and any disposition of its assets, including but not limited to any rights to the Candyland name or mark.

31. All documents concerning the ownership, rights in, and/or assignment of rights in the name or mark "Candyland" to or from any entity other than Plaintiff.

32. All documents concerning the legal structure and organization of any entity doing business as "Candyland" or claiming rights in that name or mark, including without limitation any documents concerning incorporation or organization as a partnership, limited liability corporation, or any other type of business entity.

33. All documents concerning the relationship, including any chain of title or assignments of names, trademarks, or other assets, between Plaintiff and the entity that owned a restaurant and did business as "Candyland" in Rome, New York.

34. All documents concerning the establishment and organization of an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

35. All documents concerning the relationship between an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York and an entity doing business as or known as Candyland in Rome, New York.

36. All documents concerning the actual or intended use of any name or mark that includes the word "Candyland" by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

37. All documents concerning the actual or intended sale of Turkey Joints by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

38. Documents sufficient to show the annual sales or anticipated sales and gross revenues, net revenues and revenues for each year of every actual or intended product using CANDYLAND as all or part of a mark that has been sold by an entity doing business as or known as Nora's Candy Shop or Nora Haritatos's in Rome, New York.

39. All documents concerning Nora Haritatos's "Original Thin Shell Candy Turkey Joints" trademark registration, including any specimens submitted therewith, obtained in 1976.

40. All documents concerning the use of the "Original Thin Shell Candy Turkey Joints" trademark in connection with the sale of Turkey Joints candy or any other goods.

41. All documents concerning the application for a design patent for the design of Plaintiff's Turkey Joints candy.

42. All documents concerning any action to protect Plaintiff's CANDYLAND mark, including but not limited to documents concerning plaintiff's awareness of any alleged or potential infringement, any correspondence or communication with an alleged or potential

infringer, and all papers filed in court or before the United States Patent and Trademark Office concerning Plaintiff's CANDYLAND mark.

43. All documents concerning any claims of trademark or trade dress infringement made by or against Plaintiff.

44. All documents concerning any administrative proceeding or litigation involving or dispute concerning the CANDYLAND mark, or any trade dress related to the marks, including documents showing any claims or rights asserted with respect to said trademarks, and any documents produced in connection with any such proceeding, litigation or dispute.

45. All documents produced by Plaintiff in Opposition No. 91/159,145, entitled Spero T. Haritatos v. Hasbro, before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

46. All documents upon which Plaintiff relies for his assertions in this action.

47. Documents sufficient to show Plaintiff's policies for the retention or the destruction of records, documents or files.

Dated: New York, New York
       October 27, 2005

PATTERSON BELKNAP WEBB & TYLER LLP

_____
Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: 212-336-2980
Facsimile: 212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

1225900v2