3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPERO HARITATOS,

                          Plaintiff,

                  - against -

HASBRO, INC.
and TOYS "R" US-NY LLC,

                          Hasbro.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 Civ. 930 (DNH/GJD)

## DEFENDANT HASBRO, INC.'S FIRST SET OF
## <u>REQUESTS FOR ADMISSIONS TO PLAINTIFF SPERO HARITATOS</u>

        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant

Hasbro, Inc. ("Hasbro"), by its attorneys of record, Patterson Belknap Webb & Tyler LLP,

hereby requests that Plaintiff Spero Haritatos' ("Plaintiff") respond to the following requests for

admission within thirty days of service.

## REQUESTS FOR ADMISSIONS

1.      YOU have never placed any paid advertisement for goods using YOUR CANDYLAND MARK with any newspaper, radio station, or television station located outside of Rome or Utica, New York.

2.      YOU have never placed any paid advertisement for goods using YOUR CANDYLAND MARK with any newspaper, radio station, or television station located more than twenty miles outside of both Rome and Utica, New York.

3.      YOU have never placed any paid advertisement for goods using YOUR CANDYLAND MARK with any newspaper, radio station, or television station located more than fifty miles outside of both Rome and Utica, New York.

4.      YOU have never placed any advertisement for goods using YOUR CANDYLAND MARK indicating that the goods are available at a business by the name of "Candyland", located at 321 North Doxtator Avenue, Rome, New York.

5.      Original Candyland Candy Turkey Joints accounted for more than eighty percent of YOUR gross sales of candy during the period January 1, 2000 through December 31, 2005.

6.      Original Candyland Candy Turkey Joints accounted for more than eighty-five percent of YOUR gross sales of candy during the period January 1, 2000 through December 31, 2005.

7.      Original Candyland Candy Turkey Joints accounted for more than ninety percent of YOUR gross sales of candy during the period January 1, 2000 through December 31, 2005.

2

8.    Original Candyland Candy Turkey Joints accounted for more than ninety-five percent of YOUR gross sales of candy during the period January 1, 2000 through December 31, 2005.

9.    YOU do not sell any candy other than Original Candyland Candy Turkey Joints to YOUR retail customers.

10.    YOU do not sell any goods to any retail customers for re-sale outside of New York State.

11.    YOU do not sell any goods to retail customers for re-sale in New York City.

12.    During the past five years, PERSONS other than YOU have used, without YOUR authorization, the term "Candyland" or "Candy Land" in connection with the sale of candy.

13.    PERSONS other than YOU are currently using, without YOUR authorization, the words "Candyland" or "Candy Land" in connection with the sale of candy.

14.    During the past five years, PERSONS other than YOU have used, without YOUR authorization, the term "Candyland" or "Candy Land" in connection with the sale of edible goods.

15.    PERSONS other than YOU are currently using, without YOUR authorization, the words "Candyland" or "Candy Land" in connection with the sale of edible goods.

16.    YOU never attempted to stop any PERSON from using the words "Candyland" or "Candy Land" in connection with the sale of candy prior to July 2005.

3

17.     YOU never attempted to stop any PERSON from using the words "Candyland" or "Candy Land" in connection with edible goods prior to July 2005.

18.     YOU have never notified a business by the name of Candyland, Inc., located in St. Paul, Minnesota that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

19.     Candyland, Inc. in St. Paul, Minnesota offers candy for sale via the internet at www.candylandstore.com.

20.     YOU have reason to believe that Candyland, Inc. in St. Paul, Minnesota uses the term "Candyland" in connection with the sale of candy.

21.     The website located at www.candylandstore.com/ab_folksay.html contains the following statement:

> Greetings from a Happy Visitor from California!
>
> ~~I was in St. Paul for my cousins wedding on April 1st.  We stayed at the~~ St. Paul Hotel and our waitress raved about Candyland.  I was determined to visit this Candyland as I have a major Sugar tooth.  To my surprise I have found a Sugary Haven and I am proud to say I visited twice!  Once on Saturday and again Sunday morning before we flew home to Southern California.
>
> I bought some Sponge Candy.  My new indulgence.  WHAT A TREAT!  Yummy.  I got a little dark chocolate and a little milk. I rationed it and it lasted until last night.
>
> The toffee is unbelievable. I bought some of that too.
>
> The caramel corn is fabulous.  I brought some home as souvenirs for my friends.

22.     YOU have never notified a business by the name of Candyland, Inc., located in Nashville, Tennessee, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

4

23.     YOU have reason to believe that Candyland, Inc. in Nashville, Tennessee uses the term "Candyland" in connection with the sale of candy.

24.     YOU have never notified a business by the name of Candyland Warehouse located in Warwick, Rhode Island, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

25.     YOU have reason to believe that Candyland Warehouse in Warwick, Rhode Island, uses the term "Candyland" in connection with the sale of candy.

26.     YOU have never notified a business by the name of Candyland located in Whitestone, New York, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

27.     YOU have reason to believe that Candyland in Whitestone, New York, uses the term "Candyland" in connection with the sale of candy.

28.     ~~YOU have never notified a business by the name of Candyland located in~~ Brooklyn, New York, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

29.     A business called Candyland in Brooklyn, New York, offers candy for sale via the internet at www.1800candyland.com.

30.     YOU have reason to believe that Candyland in Brooklyn, New York, uses the term "Candyland" in connection with the sale of candy.

31.     YOU have never notified a business by the name of Candyland located in Monterey, California, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

5

32.    YOU have reason to believe that Candyland in Monterey, California, uses the term "Candyland" in connection with the sale of candy.

33.    YOU have never notified a business by the name of Carousel Candyland Inc. located in Honolulu, Hawaii, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

34.    YOU have reason to believe that Carousel Candyland Inc. in Honolulu, Hawaii, uses the term "Candyland" in connection with the sale of candy.

35.    YOU have never notified a business by the name of Dolle's Candyland Inc. located in Ocean City, Maryland, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

36.    Dolle's Candyland in Ocean City, Maryland, offers candy for sale via the internet at www.dolles.com.

37.    The website located at www.dolles.com contains the following statement:

    Dolle's Candyland, Inc is a fourth generation candy company which has been manufacturing delicious salt water taffy, buttery caramel popcorn, creamy fudge, and other candies since 1910.

38.    YOU have reason to believe that Dolle's Candyland in Ocean City, Maryland, uses the term "Candyland" in connection with the sale of candy.

39.    YOU have reason to believe that Dolle's Candyland in Ocean City, Maryland, has been using the term "Candyland" in connection with the sale of candy since 1910.

40.    YOU have reason to believe that Dolle's Candyland in Ocean City, Maryland, has been using the term "Candyland" in connection with the sale of candy since before YOU have used the term "Candyland" in connection with the sale of candy.

41.    YOU are not the first PERSON to use the term "Candyland" in connection with the sale of candy.

6

42.    YOU have never notified a business by the name of Candyland Warehouse, Inc. located in Boca Raton, Florida, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

43.    YOU have reason to believe that Candyland Warehouse in Boca Raton, Florida, uses the term "Candyland" in connection with the sale of candy.

44.    YOU have never notified a business by the name of Gypsies Candyland Crabtree, located in Raleigh, North Carolina, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

45.    YOU have reason to believe that Gypsies Candyland Crabtree in Raleigh, North Carolina, uses the term "Candyland" in connection with the sale of candy.

46.    YOU have never notified a business by the name of Milwaukie Candyland located in Milwaukie, Oregon, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

47.    YOU have reason to believe that Milwaukie Candyland in Milwaukie, Oregon, uses the term "Candyland" in connection with the sale of candy.

48.    YOU have never notified a business by the name of J.T.'s Kandyland Express located in Omaha, Nebreska that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

49.    J.T.'s Kandyland offers candy for sale via the internet at www.jtskandylandexpress.com.

50.    YOU have reason to believe that J.T.'s Kandyland Express in Omaha, Nebraska, uses the term "Candyland" in connection with the sale of candy.

7

51.   YOU have never notified a business by the name of Candyland Crafts located in Somerville, New Jersey, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

52.   Candyland Crafts promotes its candy-making products via the internet at www.candylandcrafts.com.

53.   YOU have reason to believe that Candyland Crafts in Somerville, New Jersey, uses the term "Candyland" in connection with the sale of candy-making products.

54.   YOU have never notified a business by the name of Nectar Candy Land located in Delaware, Ohio, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

55.   YOU have reason to believe that Nectar Candy Land located in Delaware, Ohio, uses the term "Candyland" in connection with the sale of candy.

56.   YOU have never notified a business by the name of Beulah's Candyland, located in Ephrata, Pennsylvania, that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

57.   Beulah's Candyland in Ephrata, Pennsylvania, offers candy for sale via the internet at http://stores.ebay.com/Beulahs-Candyland.

58.   The following statement is included on the website for Beulah's Candyland (http://cgi3.ebay.com/ws/eBayISAPI.dll?ViewUserPage&userid=beulahscandyland):

> Beulahs Candyland is located in Building #1 of the Green Dragon
> Farmers Market in Ephrata, Lancaster County Pennsylvania.
> Green Dragon has been a Lancaster tourist destination since 1932,
> and Beulahs Candyland is one of the original stands inside the
> market.  Green Dragon Farmers Market is open every Friday from
> 9:00 - 9:00.

8

> Beulahs Candyland offers 3 indoor market stands packed with delicious candies, both new and nostalgic, sugar free candies, fudge, nuts, dried fruit, snack mixes, and much more. At Beulahs Candyland, we have access to any candy imaginable. Many of our customers have complimented us on our selection and have said that if a candy can not purchased [sic] at Beulahs Candyland it does not exist.

59.   YOU have reason to believe that Beulah's Candyland in Ephrata, Pennsylvania, uses the term "Candyland" in connection with the sale of candy.

60.   YOU have never notified a business by the name of Candyland Direct, doing business on the internet, (site available at http://stores.ebay.com/Candyland-Direct_W0QQcolZ4QQdirZ1QQfsubZQ2d33QQftidZ2QQtZkm) that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

61.   YOU have reason to believe that Candyland Direct uses the term "Candyland" in connection with the sale of candy.

62.   YOU have never notified a business by the name of Shelbourne Country Store, located in Shelbourne, Vermont, that its use of the use of the term "Candy Land" infringes YOUR rights in YOUR CANDYLAND MARK.

63.   The Shelbourne Country Store promotes and sells its products on the internet at http://www.shelburnecountrystore.com/home/catalogue/14081/14083.html.

64.   YOU have reason to believe that the Shelbourne Country Store uses the term "Candyland" in connection with the sale of candy.

65.   YOU have never notified a business by the name TheCandylandStore.com (doing business on the internet at http://thecandylandstore.com) that its use of the term "Candyland" infringes YOUR rights in YOUR CANDYLAND MARK.

9

66.    TheCandylandStore.com offers candy for sale via the internet at

http://thecandylandstore.com.

67.    The following statement is included on the website for

TheCandylandStore.com (at http://thecandylandstore.com):

> Welcome to The CandyLand Store.Com, where we make it all
> taste good.  We carry a large variety of chocolates like Mars,
> Hershey's, Snickers, 3 Musketeers, Almond Joy, M&M's. Chewing
> gum like Trident, Dentyne Ice, Wrigley's, Freshen Up, Choward's
> Scented Gum, Bubble Yum, Bubblicious and Big League Chew.
> We also carry old time favorites like Black Jack Chewing Gum, C.
> Howard's Violet Mints, Sour Apple and Sour Cherry Gum, Jujy
> Fruits, Jujubees, Razzles and many many more.

68.    YOU have reason to believe that TheCandylandStore.com uses the term

"Candyland" in connection with the sale of candy.

69.    YOU have never notified a business by the name of Zeb's General Store,

located in North Conway, New Hampshire that its use of the term "Candyland" infringes YOUR

rights in YOUR CANDYLAND MARK.

70.    Zeb's General Store offers Zeb's Candy Land Basket for sale via the

internet at

http://www.zebs.com/giftbaskets.html?action=showitem&catid=36&itemid=1271&secid=9

71.    The following statement is included on the website of Zeb's General Store

(at http://www.zebs.com/giftbaskets.html?action=showitem&catid=36&itemid=1271&secid=9):

### Zeb's Candy Land Basket

> This basket can make the sun shine! Bring back your childhood
> memories with this basket filled with all of your favorite old
> fashioned treats. Bit-O-Honey, White Rock Candy, Bullseyes,
> Boston Baked Beans, Black & Red Licorice Twists, Gourmet
> Peanut Butter & Assorted Taffy, Clark Bar, Sugar Daddy, Necco
> & Chocolate Necco Wafers, Tootsie Roll Bar, Oh Henry and Baby
> Ruth. Be a kid again!

72.    YOU have reason to believe that Zeb's Candy Land Basket uses the term "Candyland" in connection with the sale of candy.

73.    YOU did not send a cease and desist letter to Hasbro or Toys "R" Us prior to filing the a complaint initiating this lawsuit in July 2005.

74.    YOU are not aware of any evidence that any consumers have actually been confused regarding he source or sponsorship of any goods because of Toys "R" Us's use of HASBRO's CANDY LAND MARK.

75.    YOU are not aware of any evidence that any consumers have actually been confused regarding the source or sponsorship of any goods bearing YOUR CANDYLAND MARK because of Toys "R" Us's use of HASBRO's CANDY LAND MARK.

76.    YOU are not aware of any evidence that any consumers have actually been confused regarding the source or sponsorship of any goods sold at Toys "R" Us's Times Square, New York store because of its use of HASBRO's CANDY LAND MARK.

77.    YOU are not aware of any evidence that any consumers have actually been confused regarding the source or sponsorship of any goods sold by Hasbro or its licensees because of their use of HASBRO's CANDY LAND MARK.

78.    YOU cannot identify any consumers who have actually been confused regarding the source or sponsorship of any goods because of Toys "R" Us's use of HASBRO's CANDY LAND MARK.

79.    YOU cannot identify any consumers who have actually been confused regarding the source or sponsorship of goods sold at Toys "R" Us's Times Square, New York store because of its use of HASBRO's CANDY LAND MARK.

11

80.     YOU cannot identify any consumers who have actually been confused regarding the source or sponsorship of goods bearing YOUR CANDYLAND MARK because of Toys "R" Us's use of HASBRO's CANDY LAND MARK.

81.     YOU cannot identify any consumers who have actually been confused regarding the source or origin of goods bearing YOUR CANDYLAND MARK because of HASBRO or its licensee's use of HASBRO's CANDY LAND MARK.

82.     YOU cannot identify any consumers who have actually been confused regarding the source or sponsorship of any goods sold by Hasbro or its licensees using HASBRO's CANDY LAND MARK.

83.     YOU are not aware of any evidence that any consumer believes that Toys "R" Us is the source or sponsor of your Original Candyland Candy Turkey Joints.

84.     YOU cannot identify any consumer who believes that Toys "R" Us is the source or sponsor of your Original Candyland Candy Turkey Joints.

85.     YOU are not aware of any evidence that any consumer believes that Hasbro is the source or sponsor of your Original Candyland Candy Turkey Joints.

86.     YOU cannot identify any consumer who believes that Hasbro is the source or sponsor of your Original Candyland Candy Turkey Joints.

87.     YOU are not aware of any evidence that any consumer believes that Toys "R" Us is the source or sponsor of any of the edible goods that YOU sell.

88.     YOU cannot identify any consumer who believes that Toys "R" Us is the source or sponsor of any of the edible goods that YOU sell.

89.     YOU are not aware of any evidence that any consumer believes that Hasbro is the source or sponsor of any of the edible goods that YOU sell.

12

90.     YOU cannot identify any consumer who believes that HASBRO is the source or sponsor of any of the edible goods that YOU sell.

91.     YOU are not aware of any evidence that any consumer believes that YOU are the source or sponsor of any of the products that Toys "R" Us sells in its Times Square Store.

92.     YOU are not aware of any evidence that any consumer believes that YOU are the source or sponsor of any of the products that HASBRO sells.

93.     YOU cannot identify any consumer who believes that YOU are the source or sponsor of any of the products that Toys "R" Us sells in its Times Square Store.

94.     YOU cannot identify any consumer who believes that YOU are the source or sponsor of any of the products that HASBRO sells.

95.     YOU cannot identify any actual damages that YOU have suffered (e.g., lost sales, lost good will) from the use of HASBRO's CANDY LAND MARK in the Toys "R" Us's Times Square, New York store.

96.     YOU cannot identify any actual damages that YOU have suffered (e.g., lost sales, lost good will) from the use of HASBRO's CANDY LAND MARK by Hasbro or its licensees.

## DEFINITIONS AND INSTRUCTIONS

A.     "YOU" or "YOUR" or "PLAINTIFF" or "HARITATOS" shall refer to Spero Haritatos and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Spero Haritatos' behalf or under his control, or any one of the foregoing.

B.     "DEFENDANT" or "HASBRO" shall refer to Hasbro, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities

13

acting or purporting to act on Hasbro's behalf or under its control, or any one of the foregoing.

      C.     The term "YOUR CANDYLAND MARK" is defined as any and all uses or intended uses by him in connection with goods or services of the words CANDY LAND, whether together or as two words.

      D.     The term "HASBRO's CANDY LAND MARK" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the words CANDY LAND, whether together or as two words.

      E.     The term "PERSON" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

      F.     The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

      G.     The following rules of construction apply:

          (1)   ~~The connectives "AND" and "OR" shall be construed either~~ disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

          (2)   The use of the singular form of any word includes the plural and vice versa.

      H.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant has a continuing duty to furnish additional and supplemental and responses as and where such further responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

14

Dated:  New York, New York
        September 15, 2006

PATTERSON BELKNAP WEBB & TYLER LLP

Kim J. Landsman
(Bar Roll No. 513,364)
Michael D. Sant'Ambrogio
(Bar Roll No. 513,363)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  212-336-2980
Facsimile:  212-336-2985

*Attorneys for Defendant Hasbro, Inc.*

15