5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SPERO HARITATOS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 6:05-CV-00930 |
| HASBRO, INC., a Rhode Island corporation, | ) | |
| and TOYS "R" US-NY LLC, | ) | |
| a New York limited liability company | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT HASBRO, INC.'S SECOND SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Spero Haritatos, by his attorney of record, Robert E. Purcell, hereby responds to Defendant, Hasbro, Inc.'s ("Hasbro") second Set of Requests for Production:

Plaintiff, based upon his current knowledge, understanding, and belief of the facts and information available to it as of the date on which this response is made, responds, and objects as set forth below to the Document Requests. This response reflects only the current state of Plaintiff's knowledge, understanding, and belief respecting the matters about which inquiry was made. Plaintiff has not completed its investigation of the facts relating to this action, and anticipates that, as this action proceeds, further facts may be discovered by him. Without in any way obligating itself to do so, Plaintiff reserves the right to modify or supplement his response with such pertinent information as he may subsequently discover. This response is given without prejudice to using or relying on at trial subsequently discovered information or information omitted from this response as a result of error, oversight, or inadvertence. Plaintiff further reserves the right to produce additional facts,

1

documents, and evidence at trial, and to object on appropriate grounds to the introduction of any evidenced included in this response.

Plaintiff's responses to the request are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a.    The right to raise all questions of authenticity, relevancy, materiality, privilege, and/or admissibility as evidence for any purpose of the responses to the request, in any subsequent proceeding in, or at the trial of, this or any other action;

b.    The right to object to the use of these responses in any subsequent proceeding and/or the trial of, this or any other action on any ground;

c.    The right to object on any ground at any time to other requests or other discovery involving the response or the subject matter thereof;

d.    The right to use or rely on at trial or otherwise subsequently discovered information or information omitted from this response as a result of error oversight or inadvertence;

e.    The right to produce additional facts and evidence at trial or otherwise, and to object on appropriate grounds to the introduction of any evidence included in this response; and

f.    The right to make amended or supplemental responses if Plaintiff uncovers additional information pertinent to the Document Requests, as Plaintiff's investigation of the facts and the evidence pertinent to the action has not been completed.

Words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations.  Plaintiff specifically disavows any special meaning or connotation that might be accorded such terms, unless explicitly stated otherwise.

2

## GENERAL OBJECTIONS

Specific objections to each of the Document Requests are made on an individual basis below. In addition, Plaintiff makes the following general objections which apply equally to each of the Document Requests, whether or not explicitly referenced.

1.      Plaintiff objects to each of the Document Requests propounded by Defendant to the extent that Defendant seeks information, documents, and things protected by the attorney-client privilege and/or the work-product immunity from discovery and/or other privilege or protection under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable case law. Any specific objections below on grounds of attorney-client privilege and/or work-product immunity from discovery in no way limit the generality of this objection. Nothing contained in this response is intended to be, or should be, considered as a waiver of any attorney-client privilege, work-product immunity from discovery, the self-critical analysis privilege, the co-defense privilege, the right of privacy, trade secret or confidential information, or any other applicable privilege or immunity, and to the extent that any request may be construed as calling for disclosure of documents protected by such privilege or immunity, a continuing objection to each and every such request is hereby imposed.

2.      Plaintiff objects to the Document Requests to the extent that they call upon Plaintiff to respond to requests that are not relevant to the subject matter of this proceeding, are not relevant to the claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to the Document Requests to the extent that they seek documents and things outside the relevant time frame for this action.

4.      Plaintiff objects to the Document Requests to the extent that they are overbroad,

3

oppressive, and unduly burdensome.

     5.     Plaintiff objects to the Document Requests to the extent that they are vague, ambiguous, and unintelligible.

     6.     Plaintiff objects to the Document Requests to the extent that they seek information and/or documents and/or things readily available to Defendant from public sources. The burden for discovering such public information is substantially the same for Defendant as for Plaintiff.

     7.     Plaintiff objects to the Document Requests to the extent that they seek information and/or documents and/or things not in the possession, custody, or control of Plaintiff.

     8.     Plaintiff objects to the Document Requests to the extent that the Document Requests require Plaintiff to make legal determinations and legal conclusions in order to respond to the Document Requests.

     9.     Plaintiff objects to producing the documents at the location specified for production.

## SPECIFIC OBJECTIONS AND RESPONSES

     1.     All documents concerning the www.turkeyjoints.com website, including but not limited to all reports or other data generated in connection with the website.

     **Response To Request No. 1.**

     Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 1 to the extent Request No. 1 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 1 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 1 to the extent that Request No. 1 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

4

objects to Request No. 1 to the extent Request No. 1 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "concerning". Also, many documents within the apparent scope of the request have already been requested by Defendant Hasbro, and are the subject of an appeal currently pending before Judge Hurd. Plaintiff objects to producing those documents until Judge Hurd rules in connection with the appeal.

2.    All documents evidencing the shipping address of any customer to whom you have shipped candy during the past five years, the specific product(s) that you shipped to the customer, and the amount of each product that you shipped to the customer.

**Response To Request No. 2.**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 2 to the extent Request No. 2 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 2 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 2 to the extent that Request No. 2 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 2 to the extent Request No. 2 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

5

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "evidencing". Also, many documents within the apparent scope of the request have already been requested by Defendant Hasbro, and are the subject of an appeal currently pending before Judge Hurd. Plaintiff objects to producing those documents until Judge Hurd rules in connection with the appeal.

3.    All documents evidencing any sales of your candy products in New York City.

**Response To Request No. 3.**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 3 to the extent Request No. 3 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 3 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 3 to the extent that Request No. 3 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 3 to the extent Request No. 3 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "evidencing". Also, many documents within the apparent scope of the request have already been requested by Defendant Hasbro, and are the subject of an appeal currently pending before Judge Hurd. Plaintiff objects to producing those documents until Judge Hurd rules in connection with the appeal. Plaintiff objects to producing an affidavit of Rocco Versace, on the basis of work-product.

6

4.       Schedule C (Form 1040) Profit or Loss From Business for Spero T. Haritatos for each year from 1999 to 2004.

**Response To Request No. 4.**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 4 to the extent Request No. 4 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 4 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 4 to the extent that Request No. 4 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 4 to the extent Request No. 4 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as duplicative of other requests.  Plaintiff has already produced the requested Schedule Cs by letter dated July 7, 2006 to Hasbro's attorneys.

5.       All documents concerning tax identification number 16-1187432.

**Response To Request No. 5.**

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 5 to the extent Request No. 5 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 5 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 5 to the extent that Request No. 5 calls for information that is

not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 5 to the extent Request No. 5 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the term "concerning". Plaintiff has already produced to Hasbro the certificate of doing business setting forth the tax identification number.

6.    All documents evidencing Plaintiff's first use of Plaintiff's CANDYLAND mark separate and apart from the words "ORIGINAL CANDYLAND CANDY TURKEY JOINTS."

**Response To Request No. 6.**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 6 to the extent Request No. 6 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 6 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 6 to the extent that Request No. 6 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 6 to the extent Request No. 6 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

8

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "evidencing". Plaintiff has already produced the documents to Defendant Hasbro.

7.      All documents concerning any legal fees and costs paid by you or on your behalf in connection with this civil action.

**Response To Request No. 7.**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 7 to the extent Request No. 7 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 7 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 7 to the extent that Request No. 7 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 7 to the extent Request No. 7 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "concerning". Documents concerning legal fees and costs in connection with the instant lawsuit are germane to Plaintiff's request for attorney's fees. In accordance with standard procedure, such documents are usually produced only in camera, only after an award of attorney's fees has been made. Since no award has yet been made, Plaintiff objects to the request as being premature.

8.      All documents concerning any estimates of legal fees and costs associated with this

9

civil action.

### Response To Request No. 8.

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 8 to the extent Request No. 8 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 8 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 8 to the extent that Request No. 8 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 8 to the extent Request No. 8 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests.  Plaintiff especially objects to the vagueness of the word "concerning".  Documents concerning legal fees and costs in connection with the instant lawsuit are germane to Plaintiff's request for attorney's fees.  In accordance with standard procedure, such documents are usually produced only in camera, only after an award of attorney's fees has been made.  Since no award has yet been made, Plaintiff objects to the request as being premature.

9.     All documents concerning any legal fees and costs paid by you or on your behalf in connection with any proceeding before the Trademark Trial and Appeal Board involving Hasbro.

### Response To Request No. 9.

Plaintiff incorporates by reference its General Objections set forth above.  Plaintiff also objects to Request No. 9 to the extent Request No. 9 is vague, ambiguous, and unintelligible.

Plaintiff also objects to Request No. 9 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Plaintiff further objects to Request No. 9 to the extent that Request No. 9 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to Request No. 9 to the extent Request No. 9 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests. Plaintiff especially objects to the vagueness of the word "concerning". Also, many documents within the apparent scope of the request have already been requested by Defendant Hasbro, and are the subject of an appeal currently pending before Judge Hurd. Plaintiff objects to producing those documents until Judge Hurd rules in connection with the appeal. The specific requested relief of an award of damages in the nature of Plaintiff's attorneys fees in connection with the TTAB opposition proceeding are the subject of Plaintiff's long-standing motion to amend his complaint to seek such relief. Until that motion is resolved, Plaintiff believes that the document request is premature.

10.     All documents concerning any other damages claimed in this action.

**Response To Request No. 10.**

Plaintiff incorporates by reference its General Objections set forth above. Plaintiff also objects to Request No. 10 to the extent Request No. 10 is vague, ambiguous, and unintelligible. Plaintiff also objects to Request No. 10 as overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

Plaintiff further objects to Request No. 10 to the extent that Request No. 10 calls for information that is not relevant to the subject matter of this proceeding, is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to Request No. 10 to the extent Request No. 10 seeks information not in the possession, custody, or control of Plaintiff.

Without waiving its General Objections, and the specific objections made above, Plaintiff responds as follows:

Plaintiff objects to this Request as vague, ambiguous, overbroad, and duplicative of other requests.  Plaintiff especially objects to the vagueness of the term "concerning".  Plaintiff also especially objects to the phrase "other damages" as being vague.  Plaintiff directs Hasbro's attention to all documents produced by either Hasbro, Toys 'R Us, or Plaintiff in connection with this action and the TTAB opposition proceeding with Hasbro, as well as deposition exhibits, deposition transcripts, pleadings, and transcripts of hearings in connection with this action and the TTAB opposition proceeding with Hasbro.

SPERO T. HARITATOS

By his attorneys,

Robert E. Purcell, Esq.
Bar Roll No. 510,595
Denis J. Sullivan
Bar Roll No. 512,997
WALL MARJAMA & BILINSKI, LLP
101 South Salina Street #400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:  (315) 425-9114

**Attorneys for Plaintiff**
SPERO HARITATOS

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of September, 2006, true and correct copies of Plaintiff's Response to Defendant Hasbro, Inc's Second Set of Requests to Plaintiff for Production of Documents and Things were served on counsel as follows:

BY FIRST CLASS MAIL AND ELECTRONIC MAIL:

| | |
|---|---|
| Michael D. Sant'Ambrogio, Esq.<br>Kim J. Landsman, Esq.<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>mdsantambrogio@pbwt.com<br><br>*Attorneys for Hasbro, Inc.* | John G. McGowan, Esq.<br>Bond, Schoeneck & King, PLLC<br>One Lincoln Center<br>Syracuse, NY 13202<br>jmcgowan@bsk.com<br>*Attorney for Toys "R" Us* |

_____
Robert E. Purcell

13