6

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 17, 2006

**By E-Mail and Mail Confirmation**

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

Michael D. Sant'Ambrogio
(212) 336-2436
Direct Fax (212) 336-7948
mdsantambrogio@pbwt.com

Re:    **Haritatos v. Hasbro**

Dear Bob:

I am writing concerning deficiencies in Haritatos's Responses to Hasbro's First Set of Requests to Plaintiff For Production of Documents and Things.

First, Haritatos's production of documents in the Trademark Trial and Appeal Board ("TTAB") proceeding does not obviate the need for him to produce documents in this proceeding if they are responsive to Hasbro's discovery requests. As you are aware, an order for protecting confidentiality of information covering discovery in the TTAB proceedings limits the use of confidential material to the TTAB proceeding. Neither Hasbro nor Haritatos may use any of the confidential material produced in the TTAB proceeding in this case without the other's express permission. Moreover, Toys "R" Us was not a party to the TTAB proceeding and has not received any of the documents produced therein. Accordingly, please immediately produce all responsive documents produced in the TTAB proceedings or provide us with written permission to use them and provide copies to our co-defendant (*i.e.*, documents numbered STH 000001-STH 000096), as well as the transcript and exhibits to Spero T. Haritatos's February 16, 2005 deposition, in the present litigation.

Second, Haritatos asserts the same boiler-plate objections to each of Hasbro's requests for production. In most cases, the reason for the objections is not at all apparent. In many cases, the objections are absurd. Solely by way of example, Hasbro's first request for production seeks "Two samples of any actual or intended products and services by Plaintiff in the United States that bear Plaintiff's CANDYLAND mark." The request is simple and straightforward. Yet, Haritatos responds that the request is "vague, ambiguous, and unintelligible. . . . overbroad, oppressive, and unduly burdensome and seeks information outside the scope of discovery permitted by the Federal Rules of Civil Procedure.... seeks information not in the possession, custody, or control of Plaintiff" and so forth. This is but one example, based on your very first objection. Moreover, Haritatos asserts the very same objections to every request for production, suggesting that you have not taken the time to read the requests. Accordingly, please withdraw Haritatos's objections on these bases or provide an explanation of why each such request is vague, ambiguous, unintelligible, overbroad, oppressive, unduly

Robert E. Purcell
April 17, 2006
Page 2

burdensome, beyond the scope of discovery, not relevant to the subject matter of this litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. We would prefer not to have to bring a motion to compel to deal with such boilerplate objections.

Third, in several cases Haritatos asserts that he has already produced responsive documents in the TTAB proceeding when, in fact, Haritatos refused to produce the requested documents in the TTAB. (As you will recall, Hasbro's motion to compel, which specifically addressed some of these requests, was pending when the TTAB proceeding was suspended.) Specifically, you represented to counsel for Hasbro that you would neither search for nor collect documents that identify (1) the channels of trade through which Haritatos's products bearing the CANDYLAND mark have been or will be sold or provided; (2) the geographic area in which the products bearing Haritatos's CANDYLAND mark are sold; and (3) the demographics of actual or intended clients and consumers for products bearing Haritatos's CANDYLAND mark, or documents relating to the prosecution of Plaintiff's application for Plaintiff's CANDYLAND mark. It is therefore difficult to understand how you could genuinely believe that Haritatos "has already produced such documents in connection with the [TTAB] proceeding." *See* Haritatos's Responses to Requests Nos. 10, 11, 12, and 28. Accordingly, please correct your responses and produce all responsive documents to Hasbro's Requests Nos. 10, 11, 12, and 28. In addition, please produce copies of any customer lists in Haritatos' possession, custody, or control in response to Request No. 14.

Fourth, there are instances in which Haritatos asserts that he has already produced responsive documents in the TTAB proceeding when, in fact, Haritatos did not produce the requested documents, despite promising to do so. Accordingly, please correct your responses and produce all responsive documents to Requests Nos. 15 and 38.

Fifth, Haritatos objects to producing documents concerning "communications between Haritatos and any other person regarding any mark that incorporates the words "CANDYLAND," "CANDY LAND," or any similar name or mark" as overly broad and as harassment." But Plaintiff's efforts to protect its CANDYLAND mark are directly relevant to the strength of Plaintiff's CANDYLAND mark and whether he has acquiesced in its dilution. Accordingly, please produce all documents responsive to Request No. 25.

Sixth, Plaintiff objects to Request No. 26 "to the extent that … Hasbro has already produced such documents to Plaintiff." Plaintiff makes a similar objection to Request No. 27. Please confirm that Haritatos does not possess any documents responsive to these requests other than those which you have already produced in the TTAB proceeding or have been produced to Haritatos by Hasbro.

Seventh, you contend that you have already produced documents concerning Nora Haritatos' "Original Thin Shell Candy Turkey Joints" trademark registration, including any specimens submitted therewith, obtained in 1976. That is not correct. Therefore, please immediately produce all documents responsive to Request No. 39.

Robert E. Purcell
April 17, 2006
Page 3

Similarly, please withdraw your objections to Request No. 40, which requests documents concerning the use of the "Original Thin Shell Candy Turkey Joints" trademark, which was registered by Haritatos's business in 1976 when he claims to have been using the "Original Candyland Candy Turkey Joints" trademark, and produce all documents responsive to this request. These documents are directly relevant to Haritatos' dubious claim that he was using his CANDYLAND mark during this time period.

Eighth, Plaintiff did not provide any response to Requests Nos. 41, 43, 44 and 47. Accordingly, please provide a response to these requests immediately. In addition, please be more careful in responding to Hasbro's discovery requests in the future.

Now that the protective order is in place, there is no excuse for further delays in Haritatos's document production. Hasbro is ready to produce its own documents in this case, but we will not do so while Haritatos continues to flout his discovery obligations. Accordingly, we propose that each party produce its responsive documents in this case no later than April 28, 2006.

Thank you for your cooperation.

Sincerely yours,

Michael D. Sant'Ambrogio

cc: John G. McGowan, Esq. (by e-mail)

1269834v1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 9, 2006

**By E-Mail and Mail Confirmation**

Michael D. Sant'Ambrogio
(212) 336-2436
Direct Fax (212) 336-7948
mdsantambrogio@pbwt.com

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

                    Re:    <u>Haritatos v. Hasbro</u>

Dear Bob:

I am writing in response to your May 2, 2006 letter. Depositions are scheduled for May 17 and 18, 2006, less than ten days away, yet Haritatos continues to give Hasbro the run-around regarding his document production. If this does not end immediately, we will have to seek the Court's assistance.

### Requests Nos. 10, 11, 12, 14, and 28

Please either confirm that you have produced all documents responsive to Hasbro's Requests Nos. 10, 11, 12, 28, and, in addition, immediately produce Haritatos's customer lists in response to Request No. 14, or state that you are withholding responsive documents and any purported basis for doing so, so that we can seek to compel production. These documents are relevant to the channels of trade and geographic areas in which Haritatos' products are sold, as well as the nature of his customers and any alleged recognition of his asserted mark.

### Requests Nos. 15 and 38

It is not necessary for us to remind you of the promises that you have broken. It is necessary for you to produce all documents responsive to Requests Nos. 15 and 38. Please do so immediately or state that you are withholding responsive documents and any purported basis for doing so.

### Request Nos. 25 and 27

Hasbro is willing to limit Request No. 25 to communications regarding any non-party's use of a mark that incorporates the words "CANDYLAND", "CANDY LAND," or any similar name or mark. Accordingly, please produce all documents responsive to Request No. 25 with this limitation or state that you are withholding responsive documents, along with the purported basis for doing so. Please do the same for Request No. 27.

Robert E. Purcell
May 9, 2006
Page 2

### Request No. 26

We fail to see how the pages Haritatos (or you on his behalf) printed out from the Toys "R Us website constitute work product. In addition, the fact that Toys "R Us has produced other documents in this case (though not produced any website pages) does not obviate the need for Haritatos to produce responsive documents. Accordingly, please produce all documents responsive to Request No. 26 or state that you are withholding responsive documents, along with the purported basis for doing so.

### Request No. 39

Your letter feigns ignorance regarding whether Haritatos has produced documents concerning the "Original Thin Shell Candy Turkey Joint." It is not Hasbro's responsibility to remind you of what documents you have and have not produced. Accordingly, please confirm that you have produced all documents in Haritatos' possession, custody, or control (this includes non-privileged documents held by Haritatos' attorneys) responsive to Request No. 39 or state that you are withholding responsive documents, along with the purported basis for doing so.

### Haritatos Deposition in the TTAB Proceeding

There is simply no excuse for your attempt to restrict either the use of the deposition in the TTAB proceeding or the time we are permitted to take Haritatos's deposition in this one. The TTAB protective order gave you 30 days from service of the transcript to make confidential designations, if you so desired. You did not make any such designations, and the transcript is therefore not covered by that protective order. If you disagree and believe that the Court should determine whether the prior deposition can be used in this action for any purpose, we will approach the Court for such an order. At any rate, although it might not take a full day to depose Haritatos, we are entitled to it if necessary.

Time is of the essence due to the approaching depositions and close of discovery. Your game of hide and seek is a wasteful distraction and is contrary to the Court's admonition that attorneys "cooperate and act in good faith regarding any discovery dispute and to avoid trivial disputes which simply create unnecessary work." Transcript of Teleconference, Mar. 28, 2006, at 23:24-24:1. Accordingly, please respond by close of business tomorrow by producing responsive documents or stating that you are withholding responsive documents, along with the purported basis for doing so. We will then determine whether it is necessary to move to compel discovery and adjourn the depositions.

Sincerely yours,

Michael D. Sant'Ambrogio

1277759v1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas     New York, NY 10036-6710     212.336.2000     fax 212.336.2222     www.pbwt.com

June 8, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax  (212) 336-2985
kjlandsman@pbwt.com

**By E-Mail and Mail Confirmation**

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY  13202

Re:     **Haritatos v. Hasbro, Inc. and Toy 'R Us-NY LLC,
        Civil Action 05-CV-930**

Dear Bob:

      I am writing concerning several discovery and other matters in the above-referenced case that we need to discuss as soon as possible to comply with our meet and confer obligations.

### Potential Mediation

      Please call me to discuss your mediation suggestion.  We are not averse to mediation, but only if there is a legitimate possibility of it being fruitful.  While we are not asking that you put a specific offer on the table before we decide about mediation, we do think that you should give us an idea of what you are looking for at this point.  If you are still looking for a license with extravagant minimum royalties, as in the settlement proposals you previously made, then mediation would be a waste of time and money, and my client would then prefer to invest its resources in a successful litigation outcome.

### Haritatos' Deposition Notices

      You have noticed six individual depositions of current and former Hasbro employees and a Rule 30(b)(6) deposition with 23 topics.  This is clearly excessive and overly burdensome.  We cannot help but believe it is hardly a coincidence that these notices come on the heels of your suggestion that we mediate.  Moreover, there is no way that that many people can rearrange their busy schedules to be available at your convenience over three consecutive days in Providence.  I would suggest that you begin with the depositions of three Hasbro employees – David Dubosky, Jane Ritson-Parsons, and Tom Klusaritz – and that we discuss whether your really need more after you have completed those.  At any rate, you should not assume that any depositions can occur on the dates noticed.  We need to confer as to what depositions should go forward first and then I will endeavor to find available dates.

Robert E. Purcell, Esq.
June 8, 2006
Page 2

## Haritatos' Second Amended and Supplemental Initial Disclosures

On June 1, 2006, Haritatos served Plaintiff's Second Amended and Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P. 26(A)(1), in which Plaintiff named for the first time Rocco L. Versace, Esq. as an individual likely to have discoverable information concerning Tasos Haritatos' acquisition of the Candyland candy manufacturing operations and assets in about 1974. As you know, we are now past the May 31 date that the parties agreed should be the cut-off for fact discovery. Hasbro objects to Plaintiff's disclosure at this late date of Mr. Versace as a person with discoverable information that Plaintiff may use to support his claims or defenses and, unless you agree not to use his testimony, we will move to preclude it.

## Haritatos' Document Production

Plaintiff's document production remains woefully deficient, notwithstanding the thirty-three pages of documents that Haritatos produced on June 1, 2006. Specifically, we are still awaiting the production of documents responsive to the Hasbro's First Set of Requests for Production:

### Requests Nos. 12, 13, and 14

Plaintiff has not produced documents identifying the geographic area in which his products are sold with the Candyland mark or the demographics of actual or intended consumers or customers for products bearing the Candyland mark, nor has plaintiff produced all documents and things identifying any actual or intended consumers or customers for products bearing his Candyland mark. These documents will shed light on the scope of Haritatos' alleged use of his Candyland mark, the protection (if any) to which it is entitled, and the likelihood (or lack thereof) of consumer confusion stemming from Toys "R" Us's alleged use of Hasbro's CANDY LAND mark

We know from recent deposition testimony that Plaintiff maintains records that include the addresses of consumers who purchase his products over the telephone, via mail order, or through the www.turkeyjoints.com website. Accordingly, please immediately produce these and any other documents responsive to Requests Nos. 12, 13, and 14.

### Requests Nos. 15 and 38

Aside from Spero Haritatos' 2005 Schedule C (Form 1040) Profit or Loss From Business, Plaintiff has not produced any documents that show his sales and revenues for each year of his products bearing the Candyland mark. Please immediately produce Spero Haritatos' Schedule C (Form 1040) Profit or Loss From Business for each year since 1999, as well as any other documents responsive to Requests Nos. 15 and 38.

Robert E. Purcell, Esq.
June 8, 2006
Page 3

<u>Requests Nos. 25 and 27</u>

      Haritatos has not produced any documents concerning communications regarding any non-party's use of a mark that incorporates the words, "CANDYLAND", "CANDY LAND", or any similar name or mark. Yet Haritatos alleged in his recent deposition that he communicated with Coldstone Creamery and an individual in Rome, New York concerning their alleged use of a "CANDY LAND" mark. Accordingly, please immediately produce all documents concerning these communications and any other documents responsive to Requests Nos. 25 and 27 that pertain to a non-party's use of a mark that incorporates the words, "CANDYLAND", "CANDY LAND", or any similar name or mark.

<u>Request No. 26</u>

      Haritatos has still not produced any documents concerning the alleged use of the CANDY LAND name or mark by Defendant Toys "R" Us-NYC LLC. Yet you indicated in your May 2, 2006 letter to Mr. Sant'Ambrogio that Mr. Haritatos is in possession of a copy of selected pages of Defendant Toys "R" Us's website in which the CANDY LAND name and mark is displayed. We fail to see how the pages that Haritatos (or you on his behalf) printed out from the Toys "R" Us website constitute work product. Accordingly, please immediately produce these pages and any other documents concerning the alleged use of the CANDY LAND name or mark by Defendant Toys "R" Us-NYC LLC.

<u>Request No. 39</u>

      Haritatos has not produced all documents concerning Nora Haritatos' application to register the "Original Thin Shell Candy Turkey Joints" mark, including but not limited to the application itself. Accordingly, please immediately produce all documents in Haritatos possession, custody, or control (this includes non-privileged documents held by Haritatos' attorneys) responsive to Request No. 39.

<u>Request No. 46</u>

      Hasbro requested that Haritatos produce all documents upon which Plaintiff relies for his assertions in this action. In his recent deposition, Haritatos alleged as damages (indeed, his only damages) the costs that he has incurred in prosecuting this lawsuit as well as his opposition before the Trademark Trial and Appeal Board. Please immediately produce all documents concerning Haritatos' alleged legal fees and costs in connection with this lawsuit and any proceeding before the Trademark Trial and Appeal Board involving Hasbro.

Robert E. Purcell, Esq.
June 8, 2006
Page 4

Please let me know when is the earliest time you can discuss these issues by phone. Thank you for your cooperation.

Sincerely yours,

Kim J. Landsman

cc:    John G. McGowan, Esq. (by e-mail)

1285236v1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

October 6, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By E-Mail and Mail Confirmation**

Robert E. Purcell, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

Re:    <u>Haritatos v. Hasbro, Inc. and Toy 'R Us-NY LLC,</u>
<u>Civil Action 05-CV-930</u>

Dear Bob:

I am writing concerning deficiencies in the recently served (1) Plaintiff's First Amended and Supplemental Response to Hasbro's First Set of Requests for Production of Documents and Things; (2) Plaintiff's Response to Hasbro's Second Set of Requests for Production of Documents and Things; and (3) Plaintiff's Response to Hasbro's First Set of Interrogatories to Plaintiff, all of which were served on September 18, 2006.

Your responses are at best obfuscatory and incomplete, and are clearly insufficient in light of the Federal Rules of Civil Procedure and Judge DiBianco's August 11 Order.

## Plaintiff's Inappropriate Boiler-Plate Objections

Virtually all of your responses contain a litany of objections that, almost universally, have no connection to the request. Indeed, you appear to have pasted the same objections into each Response to Hasbro's Interrogatories and Requests for Production, respectively, regardless of their applicability. To cite but one example, in response to Hasbro's interrogatory about Plaintiff's annual sales data, you assert specific objections that the request is, among other things, protected by attorney client privilege, protected as attorney client work product, overbroad, beyond the scope of discovery, and irrelevant.[1] Do you truly have a good faith basis for asserting that Plaintiff's sales data is attorney client work product?

Moreover, Plaintiff's use of the CANDYLAND mark (<u>i.e.</u>, sales in interstate commerce) is indisputably a core issue in this case. In short, your specific objections are absurd.

---

[1] <u>See</u> Response to Interrogatory No. 3 of Plaintiff's Response to Defendant Hasbro, Inc.'s First Set of Interrogatories to Plaintiff (September 18, 2006).

Robert E. Purcell, Esq.
October 6, 2006
Page 2

Mr. Sant'Ambrogio already raised this issue with you in his letter of April 17, 2006 and the Court has repeatedly admonished your obstructionist behavior.

Please either withdraw the objections or provide us with a clear, unequivocal statement that no document has been withheld on the basis of any objection. Otherwise, we will have to seek the Court's intervention. As to the interrogatories, we will, as set forth below, require full answers.

Unfortunately, the prolific recitation of inapplicable objections is the least of the problems with your responses. Despite the clarity of Hasbro's requests and the existing order from Judge DiBianco, Plaintiff has failed to respond in full to a large number of Hasbro's requests.

### Plaintiff's First Amended and Supplemental Response to Hasbro's First Set of Requests for Production of Documents and Things

Judge DiBianco ordered Haritatos to produce documents responsive to Requests Nos. 12-15, 25-27, 38, 39 & 46 of Hasbro's First Set of Requests For Production. On nondispositive matters, a magistrate issues an order, not a recommendation. See Fed. R. Civ. P. 72(a). Although Haritatos has appealed the Order, that does not stay it, and the appeal to Judge Hurd does not justify disobedience of a court order.[2] Any withholding of documents that the Court has ordered to be produced is a contempt of that order.

In addition, your amended response to Hasbro's first document request and your response to Hasbro's second document request objects to producing documents at our office. To date, aside from three documents we handed to you at Dave Dubosky's deposition, we have produced electronic copies of all of Hasbro's documents to you at your office. We expect you to reciprocate either with paper or electronic copies. Now is not the appropriate juncture to abandon what has heretofore been the practice in this case.

Accordingly, please produce to us in New York immediately all the documents that Judge DiBianco ordered you to produce.

### Plaintiff's Response to Hasbro's Second Set of Requests for Production of Documents and Things

Plaintiff's response to Hasbro's second request for documents is rife with inappropriate objections similar to those discussed above. In addition, your repeated objections to requests as "vague" lack all credibility. For example, Hasbro's first request seeks "All documents concerning the www.turkeyjoints.com website, including but not limited to all reports or other data generated in connection with the website." The request is entirely understandable and straightforward, yet you assert that it is "vague, ambiguous, [and] overbroad" especially with

---

[2] See Responses 1-3, & 9 of Plaintiff's Response to Defendant Hasbro, Inc.'s First Set of Interrogatories to Plaintiff (September 18, 2006).

Robert E. Purcell, Esq.
October 6, 2006
Page 3

regard to "the word 'concerning'." The local rules for the Southern and Eastern Districts of New York explicitly define "concerning" in the same manner that we do. See S.D.N.Y. Local Rule 26.3(c). If two district courts have so defined the term, it is untenable to call it vague, ambiguous, or overbroard.

Similarly unfounded objections are made throughout your responses. You also repeatedly assert that "many documents within the apparent scope of the request have already been requested[.]" Of course, you have yet to produce any of these documents, but even if you had, production of "many" of them would not be sufficient. You are required to produce all documents requested.

As noted above, you have not sought a stay of discovery while Plaintiff's appeal is pending before Judge Hurd. Magistrate Judge DiBianco ruled that these discovery requests were relevant and discoverable. Therefore, your objections and your refusal to produce these documents are in violation of the Court's August 11 Order. If you do not immediately produce all non-privileged documents requested in Hasbro's Second Set of Requests For Production, we will have to go before the Court yet again..

### Plaintiff's Response to Hasbro's First Set of Interrogatories to Plaintiff

Plaintiff's responses to Hasbro's First Set of Interrogatories are woefully deficient in several ways. Throughout the responses, you answer by referring Hasbro to "the transcript of the deposition of Olga Haritatos and the deposition of Sharon Haritatos in connection with the instant lawsuit." This general invocation of the depositions is insufficient. If you intend to respond by reference to other documents, you must specify the precise material on which you are relying.

More significantly, you have, in essence, refused to respond to Hasbro's inquiries about Plaintiff's use of the CANDYLAND mark in commerce. For example, in subsections (b) through (e) of its first interrogatory, Hasbro has asked you to identify the gross revenue, net revenue, and unit volume of various aspects of the sales of each of Plaintiff's products that bear the CANDYLAND mark. You have not provided any of this information. Rather, you have provided incomplete information regarding the gross sales of Mr. Haritatos' business. No information for sales in 2005 or 2006 is provided.

Similarly, in subsection (g), you provide an "estimate" of advertising expenditures in 2005, despite the fact that we are nearing the close of 2006. You have failed completely to provide any information whatsoever about net revenue or unit volume. The objection that the term "unit volume" is vague and indefinite is absurd. We have asked you to tell us how many units Haritatos has sold of each of his products in each year since 1972. What could possibly be vague about this question?

Moreover, it simply cannot be "unduly burdensome" to provide the sales information that Hasbro has requested. It is either available in files or not.

Robert E. Purcell, Esq.
October 6, 2006
Page 4

Judge DiBianco has already determined that this information "is relevant and discoverable." Order at 8. Again, we would prefer not to bring a motion to compel your compliance with what is, at bottom, a straightforward request.

### Documents Received to Date

To date, we have received documents from you numbered STH0001-96 and STH500-550. Please confirm that you believe you have produced that we somehow missed and that these documents represent your full and complete response (so far) to all of Hasbro's document requests to date.

Also, we have yet to receive your privilege log. In an email to Mr. Sant'Ambrogio dated September 15, 2006, you suggest that Plaintiff's privilege log from the TTAB proceeding is "fairly up to date." This is insufficient. Please produce a current up-to-date privilege log for this case. You may refer to our discovery responses for the scope of Hasbro's privilege log.

Please let me know when is the earliest time you can discuss these issues by phone.

Sincerely yours,

Kim J. Landsman

cc:     John G. McGowan, Esq. (by e-mail)

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

November 7, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax  (212) 336-2985
kjlandsman@pbwt.com

**By E-Mail and Mail Confirmation**

James R. Muldoon, Esq.
Wall Marjama & Bilinski LLP
101 South Salina Street, Suite 400
Syracuse, NY  13202

Re:     <u>Haritatos v. Hasbro, Inc. and Toy "R" Us-NY LLC,</u>
<u>Civil Action 05-CV-930</u>

Dear Mr. Muldoon:

   I am writing yet again concerning deficiencies in Haritatos's responses to Hasbro's discovery requests.  In particular, I write regarding (1) Plaintiff's Response to Hasbro's Second Set of Interrogatories, and (2) Plaintiff's Response to Defendant Hasbro' First Set of Requests for Admission, both of which were served on October 16, 2006.

### Plaintiff's Response to Hasbro's Second Set of Interrogatories to Plaintiff

   In Interrogatory No. 5, Hasbro asks Haritatos to identify each instance of actual confusion regarding the source or sponsorship of Plaintiff's and Defendants' marks.  Despite the centrality of this issue in this case, plaintiff has not even attempted to respond to this inquiry.  Instead, plaintiff broadly invokes "the transcript of [Plaintiff's] depositions" without identifying the passages deemed to be responsive.  As I noted in my letter to your firm of October 6, 2006, "[t]his general invocation . . . is insufficient.  If you intend to respond by reference to other documents, you must specify the precise material on which you are relying."  In any event, the materials in Haritatos's depositions, even had you cited them, do not respond in full to Hasbro's interrogatory.  The fact that this issue arose in a deposition does not absolve Haritatos of his responsibility to respond fully and completely to the interrogatory.  In addition, and as explained below, the response to Interrogatory No. 5 is inconsistent with your responses to Hasbro's Requests to Admit.

   In response to Interrogatory No. 10—which aims to identify the factual basis of Haritatos's allegations of consumer confusion arising from Defendants' use of the CANDY LAND mark—Haritatos broadly invokes, without more, "his motion for summary judgment . . . in the trademark opposition proceeding," as well as "Siegrun Kane's expert report."  This is

James R. Muldoon, Esq.
November 7, 2006
Page 2

wholly inadequate, both in form and substance. First, if there is specific material that is
responsive, you must cite it with precision adequate to direct Hasbro to it. Second, and more
importantly, legal briefing (whether as a summary judgment brief or disguised as an expert
report) does not and cannot constitute the factual basis of the confusion alleged by Haritatos. In
other words, invocation of these documents is in no way responsive to Interrogatory No. 10.

         In Interrogatory No. 12, Hasbro seeks to ascertain the nature of Haritatos's alleged
injuries. In particular, Hasbro has inquired whether Haritatos has been injured by "the use of
Hasbro's CANDY LAND mark (a) in the Toys "R" Us in Times Square, New York; (b) on board
games; (c) by Hasbro or its licensee on any other goods; and (d) by Defendants in any other
way[.]" The response wholly neglects to address any aspect of this interrogatory. The response
instead merely invokes Plaintiff's Second Amended and Supplemental Initial Disclosures
("Plaintiff's 2d Am. Disclosures"). Even were this reference adequate, which it is not, there is no
identification of the sections of this document believed to be responsive. In any event, Plaintiff's
2d Am. Disclosures does not, in fact, contain materials that are responsive to Hasbro's
Interrogatory No. 12. Rather, it contains only boilerplate allegations that "Plaintiff is entitled to
damages . . . sustained by Plaintiff as a result of Defendants' infringement[.]" See Disclosure No.
3, Plaintiff's 2d Am. Disclosures.

         Please promptly amend your responses to Interrogatories Nos. 5, 10 and 12. Also,
neither the first nor second set of responses to Hasbro's interrogatories have been signed by
Haritatos. Please promptly have your client sign his responses, as is required by Fed. R. Civ. P.
33(b)(2).

### Plaintiff's Response to Defendant Hasbro's First Set of Requests for Admission

         In a number of Requests to Admit, Hasbro identifies an entity that uses the term
"candyland" in connection with the sale of candy. In many instances, Hasbro provided the
website address of these entities. Yet when faced with a request to admit that a given vendor
"offers candy for sale," you have repeatedly responded that "Plaintiff lacks knowledge or
information, Plaintiff has made reasonable inquiry, and the information known or readily
obtainable by Plaintiff is insufficient to admit or deny." See Request Nos. 19, 21, 29, 36, 37, 52,
57, 58, 63, 66, 67, 70 & 71. But surely, visiting the identified websites is encompassed by any
"reasonable inquiry" that you allege to have made. Those websites also provide information for
contacting the entities to inquire whether they do indeed sell candy. Moreover, had you taken
the reasonable step of checking the websites that Hasbro identified, you could not have denied—
as you did—that you had "reason to believe [these entities] use the term 'Candyland' in
connection with the sale of candy." See Request Nos. 20, 30, 38, 53, 59, 60, 68 & 72. Plaintiff's
recalcitrance here, as with all of Hasbro's discovery requests, serves only to add unnecessary
costs to this litigation.

         Worse, in response to Hasbro's Request Nos. 74, 75, 76, and 83 plaintiff denies
that he is unaware of any evidence of actual confusion stemming from Toys "R" Us's use of

James R. Muldoon, Esq.
November 7, 2006
Page 3

Hasbro's CANDY LAND mark.  These denials, however, are inconsistent with the response to
Hasbro's Interrogatory No. 5.  In particular, you indicated that the only evidence of actual
confusion known to Plaintiff was identified by Plaintiff in his depositions.  While you failed to
identify the particular passages of Haritatos's depositions that you had in mind, I assume that you
are referring to the following passage from Haritatos's deposition on February 16, 2005, during
the proceedings before the Trademark Trial and Appeals Board, in which Haritatos answered a
series of questions posed by counsel for Hasbro:

> Q.  Has anyone ever inquired whether there is a relationship
> between your Turkey Joints and Hasbro?
>
> A.  Yes.
>
> Q.  Who is that?
>
> A.  Customer.
>
> Q.  And when was that?
>
> A.  It was a while ago.
>
> Q.  Can you tell me when?
>
> A.  I'm not sure.
>
> Q.  Do you know the customer's name?
>
> A.  No, I don't.
>
> Q.  Was it in the last five years?
>
> A.  No, it was longer than that.
>
> Q.  Last ten years?
>
> A.  I'm assuming, ten or fifteen years.
>
> Q.  Ten or fifteen years ago?
>
> A.  Yeah.
>
> Q.  What did the customer ask you?
>
> A.  If we were part of Candy Land, the board game.
>
> Q.  What did you tell them?

1317597v1

James R. Muldoon, Esq.
November 7, 2006
Page 4

> A.   That we were not.
>
> Q.   Did they tell you why they asked that?
>
> A.   Not really.
>
> Q.   Anybody else?
>
> A.   No.
>
> Q.   That's the only customer that's ever inquired about it?
>
> A.   That I know of.
>
> Q.   That you know of?
>
> A.   Right.

Deposition Tr. of Spero Haritatos (02/16/2005) at 161-63.

Toys "R" Us, however, did not begin to use Hasbro's CANDY LAND mark in its Times Square store until at least June 1, 2001 (see Hasbro's Response to Plaintiff's Request for Admissions No. 23), long after the lone instance of actual confusion identified by Haritatos, which occurred, at the latest, in 1995 (i.e., 10 to 15 years before Haritatos's deposition testimony). In other words, the actual confusion identified by Haritatos could not have been caused by the use of Hasbro's mark in the Toys "R" Us store in Times Square.

Please promptly amend the answers to Hasbro's Request to Admit Nos. 74, 75, 76, and 83. Alternatively, please promptly amend the response to Hasbro's Interrogatory No. 5 to identify evidence of actual confusion stemming from Toys "R" Us's use of Hasbro's CANDYLAND mark.

### Documents Received to Date

My last letter to your firm on October 6, 2006, requested confirmation that the production of documents numbered STH0001-96 and STH500-550 is a full and complete response (so far) to all of Hasbro's document requests to date. We have received no such confirmation.

Also, despite our repeated requests, we have yet to receive plaintiff's privilege log. Please produce a current up-to-date privilege log for this case.

1317597v1

James R. Muldoon, Esq.
November 7, 2006
Page 5

    Please let me know when is the earliest time you can discuss these issues by
phone.

             Sincerely yours,

             Kim J. Landsman

cc:  John G. McGowan, Esq. (by e-mail)

1317597v1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

December 15, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By ECF and Mail Confirmation**

Honorable Gustave J. DiBianco
United States Magistrate Judge
United States Courthouse
PO Box 7396
100 South Clinton Street
Syracuse, New York 13261

> Re:   <u>Haritatos v. Hasbro, Inc. and Toy 'R Us-NY LLC,</u>
> <u>Civil Action 05-CV-930</u>

Dear Judge DiBianco:

   We represent Defendant Hasbro, Inc. in the above-referenced case and respectfully submit this letter, after conferring with the Court's Deputy Clerk, to address two issues: (1) the motion by plaintiff's attorneys Wall Marjama & Bilinski LLP to withdraw, following the departure from the firm of plaintiff's lead counsel Mr. Purcell; and (2) plaintiff's failure to comply with the Court's order of October 19, 2006 (upholding Your Honor's August 11 order), compelling all outstanding discovery by November 30, 2006.

   First, we do not in principle oppose the motion of plaintiff's law firm to withdraw, but note that it was made on December 6, after plaintiff had already defaulted on complying with the November 30 deadline for producing outstanding discovery. We submit that plaintiff's law firm should not be allowed to withdraw until plaintiff's failure to comply with the order compelling discovery has been resolved.

   We also feel obligated to inform the Court of a further complication from this withdrawal that may put the case in a more awkward situation, since no firm has consented to substitute in for the Wall Marjama firm. We have been informed by counsel for Toys "R" Us that Mr. Purcell's new firm is conflicted out of this representation. This would mean that if the Wall Marjama motion is granted, plaintiff will be <u>pro se</u>.

   Second, we respectfully seek the Court's guidance as to the appropriate sanction for plaintiff's default in complying with the Court's order. In a decision dated August 11, 2006, Your Honor ruled as follows:

Honorable Gustave J. DiBianco
December 15, 2006
Page 2

> A review of the discovery requested by defendant Hasbro shows
> that the information that Hasbro was seeking in its discovery
> requests is relevant to the issues in this action, and thus, should be
> produced. Hasbro has requested information, including customer
> lists; the application for the "Turkey Joints" registration; and
> information regarding damages. This court finds that this
> information is relevant and discoverable, given the protective order
> that has been entered in this case.  All outstanding discovery
> relating to the letter-motions discussed above, and to the extent
> that it has not already been produced, must be produced by both
> parties within thirty (30) days of the date of this order.

That order was upheld by Judge Hurd over plaintiff's objections in an order dated
October 19, 2006, which required that "All outstanding discovery must be produced by
November 30, 2006."  Notwithstanding that clear command of the Court, we have received
nothing from plaintiff.

Respectfully submitted,

Kim J. Landsman

cc:     James R. Muldoon, Esq. (by email)
        John G. McGowan, Esq. (by email)
        Robert E. Purcell, Esq. (by email)

1332284v1

## Kay, Amanda K. (x7615)

**From:** Purcell, Robert E. [rpurcell@hiscockbarclay.com]
**Sent:** Friday, February 23, 2007 5:41 PM
**To:** Kay, Amanda K. (x7615)
**Subject:** Haritatos v. Hasbro

Amanda:

Plaintiff does not intend to respond to Hasbro's second set of requests for admission, third set of interrogatories, or third request for production, since they were served such that responses would be due after the discovery cut-off date, and thus do not comply with Local Rule 16.2.

Federal Tax Disclosure and Confidentiality Notice:
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

4/12/2007

## Landsman, Kim J. (x2980)

| | |
|---|---|
| **From:** | Kay, Amanda K. (x7615) |
| **Sent:** | Sunday, February 25, 2007 5:14 PM |
| **To:** | 'Purcell, Robert E.' |
| **Cc:** | Landsman, Kim J. (x2980) |

**Subject:** RE: Haritatos v. Hasbro

Bob:

Plaintiff's responses to Hasbro's second set of requests for admission, third set of interrogatories, and third set of requests for production of documents are due one day after the discovery cutoff date. The timing of these requests was, of course, affected and delayed by the fact of plaintiff's incomplete and deficient production to Hasbro in mid-January of documents the Court had ordered plaintiff to produce by November 30. We therefore believe that your refusal to comply with the requests is unfounded and will seek appropriate relief from the Court if you do not withdraw that refusal by the close of business Monday, February 26.

Such a request for relief would be in addition to a motion for sanctions for plaintiff's prior violation of a court order and a motion to compel concerning lingering deficiencies in plaintiff's discovery obligations.

Thank you.

=============================
Amanda K. Kay
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-7615
Fax: (212) 336-1209
Email: akkay@pbwt.com

-----Original Message-----
**From:** Purcell, Robert E. [mailto:rpurcell@hiscockbarclay.com]
**Sent:** Friday, February 23, 2007 5:41 PM
**To:** Kay, Amanda K. (x7615)
**Subject:** Haritatos v. Hasbro

Amanda:

    Plaintiff does not intend to respond to Hasbro's second set of requests for admission, third set of interrogatories, or third request for production, since they were served such that responses would be due after the discovery cut-off date, and thus do not comply with Local Rule 16.2.

Federal Tax Disclosure and Confidentiality Notice:
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure,