UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS,

                    *Plaintiff,*                    Civil Action No.
                                                        05-CV-930 (DNH/GJD)

         -vs-

HASBRO, INC. and TOYS "R" US LLC,

                    *Defendants.*

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO STRIKE THE DECLARATIONS OF HAMBLEY
AND WIGGINS USED AS AN EVIDENTIARY
BASIS IN CONNECTION WITH DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

      Plaintiff, Spero T. Haritatos, respectfully submits this memorandum of law in support of his motion to strike the Declarations of Jill Hambley (hereinafter "Hambley") and Sean Wiggins (hereinafter "Wiggins") used as an evidentiary basis in connection with Defendants' pending motion for summary judgment.

      Plaintiff's undersigned counsel contacted Craig Minor, of Judge Hurd's Chambers, on Monday, June 25, 2007 for the purpose of determining whether the instant motion should be considered a non-dispositive motion that should be presented to a magistrate, or whether it should simply be filed with the Court as part of the summary judgment materials being considered directly by Judge Hurd. Mr. Minor indicated that the instant motion should be filed without presenting it to a magistrate, since it directly related to the summary judgment materials.

## Preliminary Statement

The two declarants, Hambley and Wiggins, were not identified in Defendant Hasbro, Inc.'s Initial Disclosures or Responses to Interrogatories, and Defendant Hasbro, Inc. (hereinafter "Hasbro") has not supplemented such disclosures or responses to identify either Hambley or Wiggins. Plaintiff believes that their status as witnesses, especially what Hasbro now considers to be very important witnesses, was never revealed until the filing of Defendants' motion for summary judgment.

Both Declarations also lack adequate foundation showing that the witness is competent to testify about the relevant matters stated in the associated Declaration.

For these two independent reasons, the Declarations of Hambley and Wiggins should be stricken. Plaintiff does not waive, and also believes, that there are other problems with the Declarations, including hearsay, and relevance, for example.

## Hasbro Failed to Identify Hambley and Wiggins In Its Initial Disclosures And Interrogatory Responses

Plaintiff is surprised by the presentation of declarations from Jill Hambley and Sean Wiggins. Defendant Hasbro, Inc.'s Initial Disclosures dated October 27, 2005, a copy of which is attached hereto as Exhibit A, identify 17 individuals, none of whom is Hambley or Wiggins. Fed. R. Civ. P. 26(a)(1)(A) required Hasbro to identify in its initial disclosures each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Similarly, Hasbro's Response to Plaintiff's First Set of Interrogatories, dated November 22, 2005, a copy of which is attached hereto as Exhibit B, also failed to identify either Hambley or Wiggins as persons having any relevant knowledge, even though several of the interrogatories

clearly and explicitly require identification of witnesses such as Hambley and Wiggins. See, for example, interrogatories nos. 2, 5, 8, and 13.

The period for factual discovery in this lawsuit closed at the end of February, 2007.

At this late date, Hasbro is attempting to present the testimony of Hambley and Wiggins even though it appears that Hasbro has never identified them in its initial disclosures or its interrogatory responses. Moreover, Plaintiff cannot recall even having seen Hambley's and Wiggins's names in any documents that have been produced and used as deposition exhibits in this lawsuit.

Fed. R. Civ. P. 26(e) requires that Hasbro is under a "duty to supplement" its initial disclosures and a "duty to seasonably to amend" its interrogatory responses when it learns that the information provided is incomplete or incorrect.

Accordingly, Hasbro may not now rely upon the testimony of Hambley and Wiggins.

### **Lack Of Foundation**

Fed. R. Civ. P. 56(e) states that the affidavits used in connection with a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Virtually the entire relevant statements in the declarations of Hambley and Wiggins fail to satisfy this standard. Hambley's Declaration is "based on personal knowledge and on documents kept in the ordinary course of business", however, the reader is left to guess what is allegedly based on personal knowledge and what is allegedly based on some sort of documents. Hambley did not even join Hasbro until the year 2000, and we are left to speculate as to her job activities and duties since that time, although Hambley does say that her <u>current</u> duties include marketing of Hasbro's "CANDY LAND" brand. Hambley's Declaration

also provides testimony regarding things having either an unspecified or unknown date or things that allegedly happened long before the time Hambley joined Hasbro.

Likewise, the Wiggins Declaration states only that he is <u>currently</u> employed by Hasbro and that his declaration is "based on personal knowledge and on documents kept in the ordinary course of business". Yet his declaration attests to what Hasbro "regularly monitors ... as part of its efforts to protect" and "Our searches show" and "a recent Trademark Research Report". The declaration also fails to state when he allegedly "purchased" certain goods from certain parties.

Declarations such as those of Hambley and Wiggins will not be considered by a court in connection with summary judgment motions, and any summary judgment motion grounded on such declarations will be denied. *See, e.g., In re: The Singer Co., N.V. v. Groz-Beckert KG*, 2002 U.S. Dist. LEXIS 8609 (S.D.N.Y. 2002), a copy of which is attached as Exhibit C.

Accordingly, the relevant portions of the Hambley and Wiggins Declarations lack proper foundation.

### Conclusion

For the foregoing reasons, Plaintiff asks that the Declarations of Hambley and of Wiggins be stricken.

**DATED:** June 29, 2007                                      Respectfully submitted,

By:    /s/ Robert E. Purcell
Robert E. Purcell
Federal Bar Roll No. 510595
Hiscock & Barclay, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
Tel:    (315) 425-2802
Fax:    (315) 425-8594
E-Mail: rpurcell@hiscockbarclay.com