UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**SPERO HARITATOS,**

                *Plaintiff,*

-vs-

**HASBRO, INC. and TOYS "R" US LLC,**

                *Defendants.*

Civil Action No.
6:05-CV-930 (DNH/GJD)

---

### PLAINTIFF'S NOTICE OF DECISION &ORDER
### BY THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NEW YORK

Plaintiff, Spero Haritatos, by and through his undersigned attorney, hereby provides notice to this Court of a Decision & Order dated August 16, 2007 by the Honorable Marian W. Payson of the United States District Court for the Western District of New York granting Hiscock & Barclay, LLP's motion to withdraw as local counsel for the defendant, Toys "R" Us, Inc., the defendant in a patent infringement lawsuit brought in the Western District. A copy of the Decision & Order is attached.

Dated: August 22, 2007

                                    Respectfully submitted,

By:   /s/ Robert E. Purcell
       Robert E. Purcell
       Federal Bar Roll No. 510595
       Hiscock & Barclay, LLP
       One Park Place
       300 South State Street
       Syracuse, New York 13202
       Tel:   (315) 425-2802
       Fax:   (315) 425-8594
       E-Mail: rpurcell@hiscockbarclay.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JVW ENTERPRISES, INC.,

        Plaintiff,

v.

AMAZON.COM, INC., et al.,

        Defendants.

DECISION & ORDER

03-CV-6221CJS

        This action involves a claim of patent infringement relating to a steering wheel accessory used for video games. (Docket # 4). Plaintiff JVW Enterprises asserts that it invented and patented the steering wheel accessory and that Toys "R" Us and several other named defendants have infringed that patent. (Docket # 4). Toys "R" Us (hereinafter referred to as "Toys") is represented by the law firm Darby & Darby P.C., located in New York City. Toys has retained attorney Christopher Blank of the law firm Hiscock & Barclay, LLP as local counsel.

        At the time he was initially engaged as local counsel by Toys in this action, Blank was a member of the law firm Jaeckle Fleishmann & Mugel LLP. In April 2004, Blank left that firm and joined Hiscock & Barclay (hereinafter referred to as "Hiscock"). Toys continued its relationship with Blank as local counsel in this matter. Thereafter, in November 2006, Robert E. Purcell, Esq. also joined Hiscock as a partner. Among other matters, Purcell brought with him a trademark infringement action against Toys "R" Us pending in the Northern District of New York, *Spero Haritatos v. Hasbro, Inc. and Toys "R"s Us - NY LLC*, No. 05-CV-0930 (N.D.N.Y. 2005), in which he represents the plaintiff, a party obviously adverse to defendant Toys.

Perceiving a potential conflict of interest, Hiscock provided notice to Toys and requested a waiver of the conflict. Toys refused to sign the waiver, however, and further refused to permit Hiscock to withdraw from this case.[1]

Hiscock now moves this Court for leave to withdraw as local counsel. (Docket # 148). It asserts that it has served as little more that a "mail drop" throughout this litigation and has recommended substitute local counsel to Toys. Toys opposes the motion to withdraw. (Docket # 152). It argues that as a result of the large number of defendants in this case, it will be very difficult to retain new conflict-free local counsel. Toys further contests Hiscock's assertion that it has not been substantially involved in this litigation and suggests that the only reason it is seeking to withdraw is because it would prefer to engage in a more lucrative litigation against Toys. (Docket # 152).

Rule 83.2 of the Local Rules of Civil Procedure provides that:

> An attorney who has appeared as attorney of record for a party may withdraw by permission of the Court for good cause shown, but withdrawal shall be effective only upon order of the Court entered after service of notice of withdrawal on all counsel of record and on the attorney's client, or upon stipulation endorsed by all counsel of record and signed by the Clerk in accordance with Local Rule of Civil Procedure 77.2. An attorney is not required to disclose to other counsel the reason(s) for withdrawal.

Local Rule 83.2(c).

Determination of this motion requires the Court to consider two separate legal principles, each of which appears to counsel a different result. The first is the Code of

---

[1] Mr. Blank has submitted an affidavit affirming that the firm has erected an ethical wall between the attorneys, paralegals and other personnel working for the two matters so that no client secrets or confidences are inadvertently disclosed from one litigation team to the other. (Docket # 157 at ¶ 13).

Professional Responsibility, which prohibits attorneys from representing clients with opposing interests. The second is that which is commonly referred to as the "hot potato doctrine," prohibiting an attorney from abandoning one client in favor of representing a second client with interests adverse to the first in a potentially more lucrative litigation.

Considering first the Code of Professional Responsibility, Canon Five of the Code provides that "[a] lawyer should exercise independent professional judgment on behalf of a client." Related Disciplinary Rule 5-105 prohibits a lawyer from representing one client whose interests are adverse to those of a second client. *See Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 451-52 (S.D.N.Y. 2000). In *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976), the Second Circuit declared it "*prima facie* improper" for a law firm to be employed simultaneously by clients with interests adverse to one another in pending litigations unless it can be shown "at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." As the court reasoned, a client is entitled to its attorney's "undivided allegiance and faithful, devoted service, . . . and has the right to expect also that he would accept no retainer to do anything that might be adverse to his client's needs." *Id.* at 1386 (internal quotations omitted).

In this matter, I conclude that the continued representation of both clients by Hiscock would be improper. By accepting employment as local counsel for Toys in this pending action, and by also representing the plaintiff in *Spero Haritatos v. Hasbro, Inc. and Toys "R"s Us - NY LLC* – a lawsuit against Toys pending in federal court in the Northern District of New York, Hiscock has agreed to represent two parties with interests adverse to one another. Because the evidence in the record does not satisfy the "heavy burden" of showing the absence of actual

3

or apparent divided loyalties, *see Cinema 5, Ltd.*, 528 F.2d at 1387, Hiscock should not continue its representation of both clients.

Application of the hot potato doctrine, however, seemingly would dictate a contrary result. As previously noted, this doctrine was developed to prevent attorneys from attempting to withdraw as counsel for one client in order to represent an adverse client in a potentially more lucrative matter. "It is ... established law that an attorney cannot avoid disqualification under the *Cinema 5* rule merely by 'firing' the disfavored client, dropping the client like a hot potato, and transforming a continuing relationship to a former relationship by way of client abandonment." *Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 453 (S.D.N.Y. 2000) (quoting *Burda Media, Inc. v. Blumenberg*, 1999 WL 1021104, *3 n.1 (S.D.N.Y. 1999)). "Indeed, the offense inherent in taking on the conflicting representations is compounded by seeking to 'fire' the client in pursuit of the attorney's interest in taking on a new, more attractive representation." *Id.*

In the case at bar, Hiscock's motion to withdraw from its representation as local counsel for Toys appears to violate the hot potato doctrine. The firm was originally retained as local counsel and then created a conflict of interest with its client by hiring an attorney who was representing a client in a pending litigation with interests adverse to Toys. All else being equal, the hot potato doctrine counsels against permitting Hiscock's withdrawal as local counsel for Toys.

All else is not equal, however, because denial of the motion will result in an ethical breach due to Hiscock's continued representation of the plaintiff in the action against Toys pending in the Northern District of New York. Although the most appropriate remedy may

4

be to disqualify Hiscock as counsel in the Northern District action, or perhaps in both actions, this Court lacks the authority to do so. The only action before this Court, and therefore the only action over which this Court has jurisdiction, is the instant case in which Hiscock serves as local counsel. A review of the docket in the Northern District action reveals that Toys has moved to disqualify Hiscock as counsel and that such motion remains pending.

Weighing all of the above considerations, I find that the most prudent – although not ideal – resolution is to permit Hiscock's withdrawal as local counsel in the instant matter. It is therefore the decision of this Court that Hiscock's motion to withdraw is granted. Should Toys be unable to retain experienced local counsel in this action, it may move for leave to proceed without local counsel pursuant to Local Rule 83.2(a).

## CONCLUSION

For the foregoing reasons, the motion by Hiscock & Barclay, LLP to withdraw as local counsel for defendant Toys "R" Us, Inc. **(Docket # 148) is GRANTED.**

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      August  16 , 2007