UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**SPERO HARITATOS,**

*Plaintiff,*

-vs-

**HASBRO, INC. and
TOYS "R" US LLC,**

*Defendants.*

Civil Action No.
05-CV-930 (DNH/GJD)

**DECLARATION OF ROBERT E. PURCELL IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THE PORTION OF THE COURT'S
ORDER DATED OCTOBER 23, 2007 HOLDING THAT PLAINTIFF IS NOT
ENTITLED TO RECOVER MONETARY DAMAGES OR AN ACCOUNTING OF
DEFENDANTS' PROFITS, OR IN THE ALTERNATIVE, FOR CERTIFICATION
OF THE QUESTION FOR INTERLOCUTORY APPEAL**

I, Robert E. Purcell, declare and state as follows:

1. I am a member of the bar of this Court and represent the Plaintiff, Spero Haritatos, in this lawsuit. I submit this Declaration in support of Plaintiff's Motion for Reconsideration Of The Portion Of The Court's Order Dated October 23, 2007 Holding That Plaintiff Is Not Entitled To Recover Monetary Damages Or An Accounting Of Defendants' Profits, Or In The Alternative, For Certification Of The Question For Interlocutory Appeal filed concurrently herewith.

2. I have attached hereto a true and accurate copy of the decision *International Star Class Yacht Racing Association v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749 (2d Cir. 1996).

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 5, 2007

_____
Robert E. Purcell

LEXSEE 80 F.3D 749

International Star Class Yacht Racing Association, Plaintiff-Appellant, v. Tommy Hilfiger, U.S.A., Inc., Defendant-Appellee.

Docket No. 95-7547

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

80 F.3d 749; 1996 U.S. App. LEXIS 6570; 38 U.S.P.Q.2D (BNA) 1369

December 6, 1995, Argued
April 4, 1996, Decided

**PRIOR HISTORY:** [**1] Appeal from a portion of the judgment of the United States District Court for the Southern District of New York. (Robert P. Patterson, Jr., Judge), denying appellant an accounting of defendant's profits, attorney fees, and an injunction against use of its five-pointed star mark under the Lanham Act.

**DISPOSITION:** Affirmed in part, vacated in part, and remanded.

**COUNSEL:** J. Joseph Bainton, New York, NY (Thomas D. Drescher, John G. McCarthy, Ross & Hardies, of counsel), for Plaintiff-Appellant.

Steven Bennett Blau, New York, NY (Steven R. Gursky, Gursky & Blau, of counsel), for Defendant-Appellee.

**JUDGES:** Before NEWMAN, Chief Judge, OAKES and CABRANES, Circuit Judges.

**OPINION BY:** OAKES

**OPINION**

[*751] OAKES, *Senior Circuit Judge*:

This appeal involves the availability of monetary relief and attorney fees in a trademark infringement action brought under § 43(a) of the Lanham Act, *15 U.S.C. § 1125(a) (1994)*. The International Star Class Yacht Racing Association ("ISCYRA") appeals from a portion of the judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*), entered on May 19, 1995. The district court, after a bench trial, granted ISCYRA's application [**2] for a permanent injunction against use of its "STAR CLASS" mark by the appellee Tommy Hilfiger U.S.A., Inc. ("Hilfiger") but denied injunctive relief as to ISCYRA's insignia, a solid five-pointed star. The district court also denied ISCYRA an accounting of Hilfiger's profits, actual damages, and attorney fees.

ISCYRA contends that the district court's denial of an accounting and fees was based on its erroneous finding that Hilfiger showed no bad faith in the use of ISCYRA's unregistered mark. ISCYRA also argues that there was sufficient consumer confusion generated by Hilfiger's products to justify the award of actual damages. Finally, ISCYRA contests the district court's conclusion that it is entitled to no trademark protection for its five-pointed star insignia. Because we find that the district court made erroneous and incomplete factual findings on the issue of Hilfiger's bad faith, we vacate its denial of an accounting of profits and attorney fees and remand for reconsideration of the bad faith issue. On the other two points, we affirm.

**BACKGROUND**

ISCYRA is a non-profit corporation founded in 1922 for the purpose of governing and promoting the sport of Star Class yacht [**3] racing. Star Class sailboats are sophisticated one-design racing craft sailed in high-profile regattas and championship series around the world, including the Summer Olympics. ISCYRA owns the rights to the design of Star Class boats and closely monitors the construction, certification, and registration of each boat in the class. One requirement of a genuine Star Class boat is that its main sail bear the solid red five-pointed star which serves as ISCYRA's insignia or a star of green, blue, silver or gold awarded at ISCYRA

80 F.3d 749, *751; 1996 U.S. App. LEXIS 6570, **3;
38 U.S.P.Q.2D (BNA) 1369

championship races. The red star is also used, along with the words "STAR CLASS," on the yachting hats, clothing, flags, decals and pins sold by ISCYRA. ISCYRA permits yacht clubs hosting regattas to use the insignia and "STAR CLASS" on promotional items, and has collected royalties for their use in jewelry and posters.

Hilfiger is a successful designer and marketer of men's clothing with sales of over $ 227 million in 1993. Its 1994 Spring Collection included garments bearing the words "STAR CLASS" with a solid red five-pointed star. These garments were marketed as "classic nautical sportswear" with "authentic details taken from the sport of competitive sailing" [**4] and "elements and patterns taken directly from actual racing sails." Hilfiger's [*752] name and flag trademarks also appeared prominently on all the garments, which were marketed in the United States and abroad.

While designing the 1994 Spring Collection, Hilfiger requested a trademark screening search for the words "STAR CLASS" from its attorneys. Hilfiger did not specify that it planned to use the words on "nautical" clothing with details from "competitive sailing," and the search was limited to federal trademarks in class 25, a clothing classification. The screening search did not reveal any identical registered or applied-for federal trademarks, but Hilfiger's attorneys advised it to conduct a "full trademark search" before using the words "STAR CLASS." Hilfiger did not conduct such a search until after it was sued by ISCYRA, at which point it learned that "STAR CLASS" was indeed a mark in the yachting context.

In April 1994, ISCYRA initiated this action against Hilfiger for false designation of origin under § 43(a) of the Lanham Act, *15 U.S.C. § 1125(a) (1994)*, common law trademark infringement and unfair competition, and injury to business reputation and trademark dilution under [**5] New York state law. Despite notice of ISCYRA's suit and the results of the full trademark search, Hilfiger did not recall its allegedly infringing merchandise from retailers and had sold over $ 3 million worth of garments bearing the "STAR CLASS" mark by the time the case came to trial in January 1995. No one from Hilfiger took the witness stand during the two-day bench trial.

The district court granted ISCYRA's application for a permanent injunction under the Lanham Act against use of its "STAR CLASS" mark by Hilfiger, but denied injunctive relief as to ISCYRA's insignia, a solid five-pointed star. The district court also denied ISCYRA's request for accounting of profits, actual damages, and attorney fees, and dismissed ISCYRA's state law and unfair competition claims.

On appeal, ISCYRA argues that the district court erred in denying an accounting and attorney fees based on its conclusion that Hilfiger did not act in bad faith in using the "STAR CLASS" mark. ISCYRA maintains that (1) Hilfiger's failure to conduct a comprehensive trademark search; (2) Hilfiger's failure to recall garments bearing "STAR CLASS" from its inventory and its continued sales of these garments after ISCYRA's [**6] lawsuit put it on notice of ISCYRA's common law trademark; and (3) the evidence of Hilfiger's intentional copying of ISCYRA's mark were sufficient to establish bad faith and warrant both an accounting of Hilfiger's profits and the award of attorney fees. ISCYRA further argues that the district court clearly erred both in denying actual damages because no actual confusion was caused by Hilfiger's merchandise and in finding that ISCYRA had no protectible trademark rights in its five-pointed star insignia. We agree with ISCYRA that the district court's bad faith finding is based on incomplete findings of fact and erroneous conclusions. We therefore vacate the denial of an accounting of profits and attorney fees, which rested on the finding of an absence of bad faith, and remand the case to the district court for reconsideration of Hilfiger's bad faith. We affirm the remainder of the district court's decision.

**DISCUSSION**

I. The Standards for Monetary Relief and Attorney Fees

Section 35(a) of the Lanham Act governs claims for monetary relief and attorney fees made by plaintiffs who have successfully established a trademark violation. It provides:

> the plaintiff shall [**7] be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

*15 U.S.C. § 1117(a) (1994)*. Applying Section 35(a), the

district court found that ISCYRA could not recover an accounting of Hilfiger's profits, actual damages, or attorney fees. We review the district court's decision for abuse of discretion. *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir.), *cert. denied*, 506 U.S. 991, 121 L. Ed. 2d 445, 113 S. Ct. 510 (1992); *Goodheart* [*753] *Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992).

Proof of actual confusion is ordinarily required for recovery of damages for pecuniary loss sustained by the plaintiff. *Restatement (Third) of Unfair Competition § 36 cmt. i* (1995). Such damages may include compensation for (1) lost sales or revenue; (2) sales at lower prices; (3) harm to market reputation; or (4) expenditures to prevent, correct, or mitigate consumer confusion. *Id.* at § 36(2). Because ISCYRA offered no evidence of actual confusion [**8] caused by Hilfiger's infringing use of the "STAR CLASS" mark and indeed presented no evidence of pecuniary loss, remedy for these actual damages is not available.

The unavailablity of actual damages as a remedy, however, does not preclude ISCYRA from recovering an accounting of Hilfiger's profits or attorney fees. In order to recover an accounting of an infringer's profits, a plaintiff must prove that the infringer acted in bad faith. *Restatement (Third), supra,* § 37 cmt. e; *George Basch Co.*, 968 F.2d at 1540; *see also Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc*, 926 F.2d 134, 139-40 (2d Cir. 1991); *W.E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656, 664 (2d Cir. 1970). Similarly, an award of attorney fees may be justified when bad faith infringement has been shown. *Goodheart Clothing*, 962 F.2d at 272; *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94, 95 (2d Cir. 1981) (per curiam). In order to determine whether the district court abused its discretion in denying an accounting of Hilfiger's profits and an award of attorney fees, we therefore must turn to its finding that Hilfiger did not act in bad faith when it [**9] infringed on ISCYRA's mark.

II. The District Court's Bad Faith Finding

The district court's conclusion that Hilfiger did not act in bad faith or willfully infringe in its use of the "STAR CLASS" mark was based on several factual findings which we review for clear error. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995); *Nikon, Inc. v. Ikon Corp.*, 987 F.2d 91, 94 (2d Cir. 1993). For the following reasons, we hold these findings to be clearly erroneous and incomplete, necessitating a remand to the district court for further consideration of the issue.

Initially, we note a factual error in the district court's opinion which goes directly to the question of the willfulness of Hilfiger's infringement. The district court stated that the trademark search conducted by Hilfiger prior to its use of ISCYRA's "STAR CLASS" mark was of federal and state marks. In fact, the search was limited solely to registered or applied-for *federal* trademarks; despite its attorneys' advice that a wider search be conducted, Hilfiger did not do one until after ISCYRA filed its suit.

The district court relied on Hilfiger's limited first search as proof that Hilfiger did [**10] not "engage in a deceptive commercial practice" or otherwise act in bad faith in using ISCYRA's mark. We are not convinced, however, that such a limited search should exonerate Hilfiger, particularly when Hilfiger ignored the specific advice of its attorneys to search more thoroughly.

The district court also found that although Hilfiger intentionally copied ISCYRA's "STAR CLASS" mark, it did not intend to copy a trademark owned by another. The court recognized that Hilfiger's failure to offer a "credible innocent explanation" for its use of ISCYRA's mark could support an inference of bad faith under *Centaur Communications, Ltd. v. A/S/M Communications*, 830 F.2d 1217, 1228 (2d Cir. 1987). The court nevertheless concluded that Hilfiger had not willfully infringed on ISCYRA's mark, citing as evidence the limited trademark search discussed above.

In light of Hilfiger's minimal efforts to ascertain whether "STAR CLASS" was, in fact, a trademark, we agree with ISCYRA that the district court clearly erred in finding Hilfiger guilty only of simple copying and not of intent to copy a mark. Given Hilfiger's awareness that it was copying "authentic details . . . from the sport of competitive [**11] sailing," it should have shown greater concern for the possibility that it was infringing on another's mark. Hilfiger's choice not to perform a full search under these circumstances [*754] reminds us of two of the famous trio of monkeys who, by covering their eyes and ears, neither saw nor heard any evil. Such willful ignorance should not provide a means by which Hilfiger can evade its obligations under trademark law.

In addition to the district court's two clearly

erroneous findings, we believe that its analysis of Hilfiger's bad faith was incomplete. First, the district court did not address the fact that Hilfiger failed to conduct a full trademark search on "STAR CLASS" before using the mark in direct contravention of the advice of its attorneys. Other courts have found that an infringer who "acts in reasonable reliance on the advice of counsel" generally cannot be said to have acted in bad faith. *See, e.g., Sands, Taylor & Wood Co. v. Quaker Oats Co., 978 F.2d 947, 962 (7th Cir. 1992), cert. denied, 507 U.S. 1042, 123 L. Ed. 2d 497, 113 S. Ct. 1879 (1993); Cuisinarts, Inc. v. Robot-Coupe Int'l Corp., 580 F. Supp. 634, 637-39 (S.D.N.Y. 1984).* Conversely, the *failure* to follow the advice of counsel [**12] given before the infringement must factor into an assessment of an infringer's bad faith.

Second, the district court gave no consideration to Hilfiger's conduct after ISCYRA brought suit for trademark infringement. The suit gave Hilfiger notice of its potential trademark violation, and the full trademark search that it conducted soon thereafter confirmed the existence of ISCYRA's mark. Hilfiger nonetheless continued to sell its merchandise with the infringing mark, racking up over $ 3 million in sales, without regard for the rights of ISCYRA. As counsel for Hilfiger admitted during oral argument, Hilfiger was betting on the fact that ISCYRA would not prevail in its suit. Hilfiger lost that bet, and should not escape the consequences of its conduct. *See Stuart v. Collins, 489 F. Supp. 827, 832 (S.D.N.Y. 1980)* (finding willful infringement when defendant continued to use plaintiff's mark after plaintiff's attorney demanded that it cease, thereby giving "short shrift to plaintiff's claim out of arrogance and confidence that he would not mount any significant legal attack"); *see also Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1135 (9th Cir. 1986)* (courts should remove [**13] economic incentive to engage in infringing activity); *W.E. Bassett Co., 435 F.2d at 664* (an accounting of profits serves to deter willful infringers).

As recognized by the Restatement, an accounting of profits should be limited to cases of fraudulent infringement, i.e. "to acts intended to create confusion or deceive prospective purchasers," *Restatement (Third), supra,* § 37 cmt. e, and not be awarded in cases where a defendant "deliberately but in good faith used a mark." *Id*

. We note that, under this standard, Hilfiger cannot lay claim to a "good faith" belief that it was not infringing on ISCYRA's mark because it neither fully explored others' rights to "STAR CLASS" nor ceased its infringing behavior when it was sued. *See Nalpac, Ltd. v. Corning Glass Works, 784 F.2d 752, 755-56 (6th Cir. 1986)* (exploitation of another's mark after knowledge of its existence suggests bad faith).

We conclude that the district court, in determining whether Hilfiger acted in bad faith, relied on two clearly erroneous factual findings and did not consider all the evidence pertaining to the willfulness of Hilfiger's infringement. We therefore remand the issue of Hilfiger's bad faith [**14] for reconsideration in light of our analysis above. As a result, we cannot review the district court's denial of an accounting of profits and attorney fees, but instead must vacate the denial and remand.

III. Protectibility of ISCYRA's Five-Pointed Star Mark

ISCYRA contends that the district court "appears" to hold that ISCYRA enjoys no trademark protection at all in its five-pointed star insignia, and that the court clearly erred to the extent that its opinion so holds. ISCYRA maintains that it has limited trademark protection of the insignia when it is used in relation to yachts or professional sailing.

We agree with the district court that Hilfiger cannot be enjoined from the use of a five-pointed star symbol on its garments and affirm the district court's denial of injunctive relief to ISCYRA as to this mark. We do not read the court's opinion to reach beyond [*755] Hilfiger's use of the insignia on clothing in the manner presented by the facts of this case. The issue of the insignia's protectibility in a case involving yachting or professional sailing, therefore, was not decided by the district court and is not addressed by our affirmance.

**CONCLUSION**

For the foregoing [**15] reasons, we vacate the denial of an accounting of profits and attorney fees, and remand the question whether Hilfiger acted in bad faith by using ISCYRA's "STAR CLASS" mark to the district court for reconsideration. In all other respects, we affirm.