UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------x
SPERO HARITATOS,                 :
                                 :
                Plaintiff,       :
                                 :     Civil Action No.
        -vs-                     :     6:05-CV-930 (DNH/GJD)
                                 :
HASBRO, INC. and TOYS "R" US-NY LLC, :
                                 :
                Defendants.      :
---------------------------------x

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION

**HISCOCK & BARCLAY, LLP**
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone: (315) 425-2724
Facsimile: (315) 425-8551
E-Mail: rpurcell@hiscockbarclay.com

*Attorneys for Plaintiff*
Spero Haritatos

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

## TABLE OF AUTHORITIES

Cases

Dairy Queen, Inc. v. Wood,
    369 U.S. 469 (1962) ............................................................................................................3

George Basch Co. v. Blue Coral, Inc.,
    968 F.2d 1532 (2d Cir. 1992) ..............................................................................................2

Gucci America, Inc. v. Accents,
    994 F. Supp. 538 (S.D.N.Y. 1998) ......................................................................................3

Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.,
    240 U.S. 251 (1916) ............................................................................................................2

International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.,
    80 F.3d 749 (2d Cir. 1996) ..............................................................................................2, 4

W.E. Bassett Co. v. Revlon, Inc.,
    435 F.2d 656 (2d Cir. 1970) ................................................................................................2


Miscellaneous

Restatement (Third) of Unfair Competition § 36 cmt.c ..................................................................3

Plaintiff, Spero Haritatos, hereby submits this reply memorandum of law in further support of his motion for reconsideration, as permitted by this Court's Order dated December 3, 2007.

Plaintiff's motion for (partial) summary judgment was based upon the sole, but errant, argument that "the lack of actual confusion by itself bars any claim for monetary damages under well-established Second Circuit law." (See, p. 2 of Defendants' Memorandum of Law, Docket No. 164)  Defendants presented a single paragraph argument reiterating that errant proposition of law under the subheading "Plaintiff's claim for monetary damages is barred by the absence of actual confusion".  After Plaintiff's opposition exposed the fallacy of Defendants' sole argument for seeking partial summary judgment, Defendants' reply brief then tried to shift their argument to suggest that partial summary judgment was still proper because Plaintiff had not shown that Hasbro's actions were conducted in "bad faith".

This Court's Order entered October 23, 2007 specifically found that "plaintiff has raised questions of fact with respect to whether defendants acted in bad faith." and "[plaintiff] has raised questions of fact with respect as to whether defendants willfully infringed on his trademark rights". (See, pp. 12 and 13 of the Order, Docket No. 162)  However, the Court's Order went beyond deciding the simple, sole issue raised by Defendants (i.e., whether the lack of evidence of actual confusion by itself bars any claim for monetary damages) and granted partial summary judgment that Plaintiff cannot recover either damages or profits, applying a standard of "willful deceptiveness", rather than "bad faith" or "willful infringement".  Plaintiff maintains that a proper standard is "bad faith" - - the standard advocated in Defendants' reply brief - - rather than the more severe standard of "willful deceptiveness".

1

Defendants do not and cannot dispute that the Second Circuit's relatively recent *Tommy Hilfiger* case utilizes the standard of "bad faith" or "willful" infringement or that the Second Circuit in that case remanded "the issue of Hilfiger's bad faith".

Since Defendants are unable to rely upon the current state of Second Circuit law, they contrive that the "Second Circuit has consistently required willful deception, though it has not always used that exact phrase." Defendants even go so far as to contend, without any case support, that "bad faith" means different things when considering liability for trademark infringement, monetary recovery for trademark infringement, and awarding attorneys' fees for trademark infringement. However, the facts set forth in the *Tommy Hilfiger* case cannot even arguably support a finding of "willful deceptiveness" by Hilfiger, and therefore, if the Second Circuit had applied a "willful deceptiveness" standard, it would necessarily have affirmed the lower court's denial of any monetary award, instead of remanding that issue under a "bad faith" standard. Based upon the facts of the *Tommy Hilfiger* case, the Second Circuit must have inherently appreciated the difference between "bad faith" or "willful infringement" and "willful deceptiveness", and applied the "bad faith" standard.[1]

The awards of both damages and profits are authorized under the same standard set forth in the Lanham Act. The U.S. Supreme Court has recognized that, "In this country, it is generally held that in a proper case both damages and profits may be awarded" in the context of a trademark infringement action.[2] The *George Basch* decision found that both an accounting of profits and an award of damages was proper for the deliberate, willful infringement that occurred in that case. The

---

[1] Defendants contend that the Second Circuit panel in *Tommy Hilfiger* could not change the standard enunciated by the earlier *George Basch* decision, arguing that only an *en banc* panel could do so. However, Defendants' argument, if meritorious, would also preclude the *George Basch* panel from changing the standard enunciated in the earlier *Revlon* decision upon which Plaintiff relies.

[2] *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251 (1916).

2

Restatement also notes that a trademark infringement plaintiff may be awarded both damages and profits as long as they are not both based upon the same sales of product.[3] Here, Plaintiff is seeking an accounting of Defendants' profits from their infringing activity. Plaintiff is also seeking two forms of damages: (i) royalties on Defendants' sale of candy products under the infringing mark; and (ii) an award of Plaintiff's attorneys' fees in connection with opposing Hasbro's application to register its mark in the United States Trademark Office.[4] As indicated in Plaintiff's opposition to the motion for partial summary judgment, Hasbro negotiated with Plaintiff, trying to obtain his trademark rights in return for paying royalties based upon its or its licensees sales of candy and other food products using the "CANDY LAND" mark. Haritatos was denied the opportunity to obtain those royalties when Defendants continued to infringe rather than to obtain consent. Moreover, other courts have determined that royalties are a measure of the value of a third party's use of a plaintiff's (intangible, intellectual) property and are a proper type of damage recovery.

It would be premature and improper for the Court to compel any election of remedies between damages and profits at this juncture, especially because the evidence presented at trial might not warrant such an election, and because the award against each of the Defendants might be different - - decisions to be made by a jury, rather than the Court.[5]

Defendants also implicitly acknowledge that the Second Circuit has not addressed the issue of whether "willful deceptiveness" is required for a monetary award in situations of reverse likelihood of confusion. An infringer in a reverse likelihood of confusion situation does not intend to trade upon the good will or reputation associated with the trademark of the senior, smaller user,

---

[3] Restatement (Third) of Unfair Competition § 36, comment c (1995).
[4] The First Circuit has awarded such attorneys' fees as a recoverable type of damage, and apparently the Second Circuit has not addressed such issue. *See, e.g.,* Footnote 19 on Page 21 of Plaintiff's opposition (Docket No. 150).
[5] *Dairy Queen, Inc. v. Wood,* 369 U.S. 469 (1962); *see also, Gucci America, Inc. v. Accents,* 994 F. Supp. 538 (S.D.N.Y. 1998) (jury determines issues relevant to infringement, counterfeiting, and willfulness relevant to a recovery of profits).

3

but rather, usually intends to disregard, smother, and annihilate the good will associated with the senior user's trademark. Defendants predict that the Second Circuit would apply a "willful deceptiveness" standard in the context of a reverse likelihood of confusion situation and automatically deny any monetary award - - despite the *Tommy Hilfiger* "bad faith" standard and despite the contrary holdings in two other circuit courts dealing with reverse likelihood of confusion scenarios.

With regard to the question posed by Plaintiff for possible interlocutory appeal, Defendants erroneously contend that the answer to the question is fact-dependent. The question and its answer are ones of pure law. If this Court maintains that Plaintiff is not entitled to a monetary award and does not certify the question for interlocutory appeal, then Plaintiff will be compelled to proceed through trial and to appeal (and hopefully remand) in order to pursue the monetary relief to which Plaintiff believes he is entitled. Having the Second Circuit answer the question posed by Plaintiff would potentially save a tremendous amount of resources for the parties, the District Court, and the Court of Appeals.

Dated: December 6, 2007

Respectfully submitted,

By: _____
Robert E. Purcell
Federal Bar Roll No. 510595
*Attorneys for Plaintiff*
*Spero Haritatos*
Hiscock & Barclay, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
Tel: (315) 425-2802
Fax: (315) 425-8594
E-Mail: rpurcell@hiscockbarclay.com