UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SPERO HARITATOS,

                        Plaintiff,

        v.                                    6:05-CV-930

HASBRO, INC. and TOYS "R" US–NY LLC,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 18 2007

LAWRENCE K. BAERMAN, Clerk
UTICA

APPEARANCES:                                       OF COUNSEL:

HISCOCK & BARCLAY, L.L.P.               ROBERT E. PURCELL, ESQ.
Attorneys for Plaintiff
One Park Place
300 South State Street
Syracuse, New York 13202-2078

PATTERSON BELKNAP WEBB & TYLER, L.L.P.   KIM J. LANDSMAN, ESQ.
Attorneys for Defendant Hasbro, Inc.
1133 Avenue of the Americas
New York, New York 10036-6710

BOND, SCHOENECK & KING, P.L.L.C.       JOHN G. McGOWAN, ESQ.
Attorneys for Defendant Toys "R" Us–NY LLC
One Lincoln Center
Syracuse, New York 13202-1355

DAVID N. HURD
United States District Judge

## ORDER

Plaintiff Spero Haritatos ("plaintiff") moves for reconsideration of the memorandum-decision and order dated October 23, 2007 ("memorandum-decision and order"), or, alternatively, for the certification of a question of law for interlocutory appeal to the United States Court of Appeals for the Second Circuit. Defendants Hasbro, Inc., ("Hasbro") and

Toys "R" Us–NY LLC ("TRU") (collectively "defendants") oppose. Plaintiff's motion was taken on submission without oral argument.

Familiarity with the factual and procedural background is presumed.

"The major grounds for justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted). Since plaintiff has failed to show that any one of these grounds applies in this case, his motion for reconsideration will be denied.

Plaintiff's motion for the certification of the memorandum-decision and order for interlocutory appeal is governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C.A. § 1292(b).

In this case, the memorandum-decision and order involved the following controlling question of law: Whether a plaintiff, in a reverse likelihood of confusion situation, is entitled to monetary damages including an accounting of a defendant's profits under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), where the defendant (1) is the junior user of the mark but of greater commercial stature and sophistication, and (2) willfully infringed plaintiff's mark but did not intend to create confusion or deceive prospective purchasers. The memorandum-decision and order answered that question in the negative.

To the extent that Second Circuit case law addresses that issue, it provides a substantial ground for difference of opinion.  See, e.g., George Basch Co., Inc. v. Blue Coral, Inc., 968 F.2d 1532 (2d Cir. 1992) and Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc., 80 F.3d 749 (2d Cir. 1996).

With no prospect of monetary damages or an accounting of defendants' profits, a trial would be the expenditure of substantial time, money, and effort just to advance the case to an appeal of the above question of law.  An affirmance of the memorandum-decision and order would likely result in no trial.  A reversal of the memorandum-decision and order would likely result in a meaningful trial.  In either event, scarce resources of the court and parties would be saved.  As a result, an immediate appeal from the memorandum-decision and order would materially advance the ultimate termination of this action.

Therefore, it is ORDERED that

1. Plaintiff's motion for reconsideration is DENIED;

2. Plaintiff's motion for the certification of an interlocutory appeal is GRANTED;

3. An interlocutory appeal to the United States Court of Appeals for the Second Circuit is certified for the following question of law:  Whether a plaintiff, in a reverse likelihood of confusion situation, is entitled to monetary damages including an accounting of a defendant's profits under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), where the defendant (1) is the junior user of the mark but of greater commercial stature and sophistication, and (2) willfully infringed plaintiff's mark but did not intend to create confusion or deceive prospective purchasers; and

    4. This action is stayed until the Second Circuit either denies plaintiff's application for appeal, or issues a decision resolving the question of law presented.

    IT IS SO ORDERED.

                                                     _____
                                                       United States District Judge

Dated:  December 18, 2007
           Utica, New York.