UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS,

                Plaintiff,

        -vs-

HASBRO, INC. and TOYS "R" US LLC,

                Defendants.

Civil Action No.
6:05-cv-930 (DNH/GJB)

---

## PLAINTIFF'S WITNESS AND EXHIBIT LIST FOR MARCH 4, 2008 HEARING

Plaintiff, Spero Haritatos, by and through his undersigned attorneys, hereby submits a witness and exhibit list for the hearing scheduled March 4, 2008, in accordance with the Court's Order entered January 31, 2008.

<u>Witnesses</u>

1. Robert E. Purcell, Esq. (for the substance of his anticipated testimony, see the attached Declaration of Robert E. Purcell).

2. Declarations of Christopher E. Blank (Docket Nos. 149 and 157 in the Rochester lawsuit).

3. Any witness needed for rebuttal.

4. Any witness needed for impeachment.

<u>Exhibits</u>

| Plaintiff's Exhibit No. | Nature of the Exhibit |
|---|---|
| 1 | Declaration of Robert E. Purcell (attached) |

| | |
|---|---|
| 2 | Letter from John G. McGowan to Robert E. Purcell dated December 14, 2006 |
| 3 | Letter from Richard K. Hughes to the Honorable Gustave DiBianco dated January 10, 2007 |
| 4 | Letter from John G. McGowan to the Honorable Gustave DiBianco dated January 11, 2007 |
| 5 | Answer To Amended Complaint (by Toys 'R Us-NY LLC) |
| 6 | Pages 1 – 41 of the transcript of the deposition of Kathleen Szymanski (pursuant to Rule 30(b)(6) of Defendant Toys 'R Us-NY LLC) taken July 10, 2006 |
| 7 | Plaintiff's First Amended Notice of Rule 30(b)(6) deposition of Toys 'R Us-NY LLC (also Plaintiff's Exhibit No. 1 referenced in the deposition of Kathleen Szymanski) |
| 8 | Supplemental Rule 7.1 Disclosure Statement of Toys "R" Us, Inc. in the Rochester federal lawsuit |
| 9 | Declaration of Christopher E. Blank In Support Of Motion Of Hiscock & Barclay, LLP To Withdraw As Local Counsel (filed in the Rochester federal lawsuit) |
| 10 | Reply Declaration of Christopher E. Blank in Further Support of Motion of Hiscock & Barclay, LLP To Withdraw As Local Counsel (filed in the Rochester federal lawsuit) |
| 11 | Copy of Decision & Order of the U.S.D.C. W.D.N.Y. (Docket No. 160 in this Court) |
| 12 | Stipulation of Dismissal of Wal-Mart Stores, Inc., Target Corporation and Toys "R" Us, Inc. (filed in the Rochester federal court) |
| 13 | Order dated August 11, 2006 by the Honorable Gustave DiBianco |
| 14 | Brief In Opposition To Plaintiff's Objections To The August 11, 2006 Order of Magistrate Judge DiBianco |

| | |
|---|---|
| 15 | Plaintiff's Third Amended and Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P. 26(A)(1) |
| 16 | Letter from Kim J. Landsman to the Honorable Gustave DiBianco dated December 15, 2006 |
| 17 | Letter from Kim J. Landsman to the Honorable Gustave DiBianco dated May 17, 2007 |
| 18 | Letter from Robert E. Purcell to the Honorable Gustave DiBianco dated May 22, 2007 |
| 19 | Order of the Honorable Gustave DiBianco dated May 29, 2007 |
| 20 | Letter from Kim J. Landsman to the Honorable Gustave DiBianco dated June 7, 2007 |
| 21 | Copy of Local Rule 16.2 |
| 22 | Copy of USPTO print-out respecting U.S. Trademark Registration No. 1,052,001 |
| 23 | Letter from Robert E. Purcell to Michael Sant'Ambrogio dated June 1, 2006, including copies of documents Bates Nos. STH000525 – STH000532 |
| 24 | E-mail chain between Robert E. Purcell and Kim J. Landsman dated December 7, 2006 |
| 25 | E-mail chain among Robert E. Purcell, Kim J. Landsman, and Kathryn Daley dated December 27, 2006 and January 1, 2007 |
| 26 | E-mail chain among Robert E. Purcell, Kim J. Landsman, and Kathryn Daley dated January 4, 2007 |
| 27 | E-mail chain among Robert E. Purcell, Kim J. Landsman, and Kathryn Daley dated December 27, 2006, January 1, 2007, January 2, 2007 |
| 28 | E-mail chain between Kathryn Daley and J.P. Midgley dated January 4, 2007 |
| 29 | E-mail chain among Kathryn Daley, J.P. Midgley, and Amanda Kay dated January 8, 2007 |

| | |
|---|---|
| 30 | Photographs of two boxes of records that were sent to Avalon Photocopying Service at Defendant Hasbro's request for Avalon to make copies of the records and put them on a computer disc |
| 31 | Copy of the computer disc of the documents reflected in the photographs, which reference Bates Nos. HAR-10001 – HAR-15593 |
| 32 | Defendant Hasbro, Inc.'s Third Set of Interrogatories to Plaintiff |
| 33 | Defendant Hasbro, Inc.'s Second Set of Requests for Admission to Plaintiff Spero Haritatos |
| 34 | Defendant Hasbro, Inc.'s Third Set of Requests to Plaintiff For Production of Documents and Things |
| – | Any document needed for rebuttal |
| – | Any document needed for impeachment |

Respectfully submitted,

Dated: February 26, 2008        By: _____
Robert E. Purcell
Federal Bar Roll No. 510595
*Attorneys for Plaintiff*
Hiscock & Barclay, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
Tel: (315) 425-2802
Fax: (315) 425-8594

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SPERO HARITATOS,

           Plaintiff,

  -vs-

HASBRO, INC. and TOYS "R" US LLC,

           Defendants.

Civil Action No.
6:05-cv-930 (DNH/GJB)

---

### DECLARATION OF ROBERT E. PURCELL

I, Robert E. Purcell, hereby state, declare, attest, and affirm as follows:

1. Since October 17, 2006 I have been a partner in the law firm of Hiscock & Barclay, LLP ("H&B"), practicing at all times from its offices in Syracuse, New York.

2. Prior to joining H&B on October 17, 2006, I was a partner for about five years at the law firm of Wall, Marjama & Bilinski LLP, practicing at all times from its offices in Syracuse, New York.

3. I commenced working on legal matters for Spero Haritatos ("Haritatos") in about early 2003 in connection with the unsuccessful attempts of Hasbro, Inc. ("Hasbro") to acquire Haritatos's rights in his federally registered trademark for "CANDYLAND".

4. I continued representing Haritatos in his litigation against Hasbro before the Trademark Trial and Appeal Board ("TTAB") in the United States Patent and Trademark Office in which he opposed Hasbro's application to register the trademark "CANDY LAND" for a variety of beverages. *See*, TTAB Opposition No. 91/159,145. Haritatos commenced the opposition proceeding on or about December 17, 2003. Haritatos later asked that the TTAB

suspend the opposition proceeding in view of the filing of the instant lawsuit, which request was granted by Order dated September 25, 2005.

    5.    The TTAB proceeding included the following discovery, which included Hasbro's discovery pertaining to Haritatos's rights in his registered trademark "CANDYLAND".

| Date of Service/ Occurrence | Type of Discovery |
| --- | --- |
| 12/18/03 | Haritatos's First Set of Requests for Production |
| 12/18/03 | Haritatos's First Set of Interrogatories |
| 4/7/04 | Hasbro's First Set of Requests For Production of Documents and Things (there were 27 numbered requests) |
| 4/7/04 | Hasbro's First Set of Interrogatories (there were 9 numbered interrogatories) |
| 4/12/04 | Hasbro's Response to Haritatos's First Set of Requests For Documents |
| 4/12/04 | Hasbro's Response to Haritatos's First Set of Interrogatories |
| 5/11/04 | Haritatos's Responses to Hasbro's First Set of Requests For Production of Documents and Things |
| 5/11/04 | Haritatos's Responses to Hasbro's First Set of Interrogatories |
| 1/26/05 | Hasbro's Second Set of Requests For Production of Documents and Things (there were 4 numbered requests) |
| 1/28/05 | Hasbro's First Request For Entry Upon Land For Inspection |
| 2/8/05 | Haritatos's Responses to Hasbro's Second Set of Requests For Production of Documents and Things |
| 2/14/05 | Hasbro's Third Set of Requests For Production of Documents and Things (there were 8 numbered requests) |
| 2/15/06 | Hasbro actually inspected the premises of Haritatos's "CANDYLAND" business in Rome, New York |
| 2/16/05 | Hasbro took the deposition of Spero Haritatos (the deposition started at 9:06 a.m. and concluded in the late afternoon about 7 hours later. The transcript is 178 pages, and there were 22 deposition exhibits.) |
| 7/8/05 | Hasbro's Fourth Set of Requests For Production of Documents and Things (there were 2 numbered requests) |

    6.    Haritatos provided tens of documents, photographs, and things in response to Hasbro's discovery in the TTAB proceeding.

    7.    In addition to Hasbro's discovery of Haritatos in the TTAB proceeding, Hasbro has taken the following discovery in the instant lawsuit, the subject matter of which substantially overlaps that in the TTAB proceeding.

| Date of Service/ Occurrence | Type of Discovery |
|---|---|
| 10/27/05 | Haritatos's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(A)(1) |
| 10/27/05 | Hasbro's First Set of Requests For Documents and Things (there were 47 numbered requests) |
| 12/9/05 | Haritatos's Response to Hasbro's First Set of Requests For Documents and Things |
| 5/17/06 | Hasbro's Deposition of Spero Haritatos (the deposition started at 9:28 a.m. and concluded at 5:34 p.m., there were 323 pages of transcript, and there were 33 numbered exhibits) |
| 5/18/06 | Hasbro's Deposition of Olga Haritatos (the deposition started at 10:04 a.m. and concluded at 11:31 a.m.; the transcript is 84 pages) |
| 5/18/06 | Hasbro's Deposition of Sharon Haritatos (the deposition started at 1:09 p.m. and concluded at 4:26 p.m.; the transcript is 141 pages) |
| 5/31/06 | Hasbro's First Set of Interrogatories (there were 4 interrogatories with subparts) |
| 5/31/06 | Hasbro's Second Set of Requests For Production of Documents and Things (there were 10 requests) |
| 9/15/06 | Hasbro's First Set of Requests For Admission (there were 95 numbered requests) |
| 9/15/06 | Hasbro's Second Set of Interrogatories (there were 12 numbered interrogatories, with subparts) |
| 9/18/06 | Haritatos's Response to Hasbro's First Set of Interrogatories |
| 9/18/06 | Haritatos's Response to Hasbro's Second Set of Requests For Production of Documents and Things |
| 10/16/06 | Haritatos's Response to Hasbro's Second Set of Interrogatories |
| 10/16/06 | Haritatos's Response to Hasbro's First Set of Requests For Admission (there were 95 requests) |
| 1/31/07 | Hasbro's Third Set of Interrogatories (there were 2 numbered interrogatories, with subparts) |
| 1/31/07 | Hasbro's Second Set of Requests For Admission (there were 6 numbered requests) |
| 1/31/07 | Hasbro's Third Set of Requests For Production of Documents and Things (there was 1 numbered request) |
| 2/17/07 | Hasbro's Deposition of Anna Bushnell (the deposition started at 1:35 p.m. and concluded at 3:38 p.m.; the transcript was 89 pages, and there were 12 exhibits) |

8. The foregoing discovery by Hasbro is separate from discovery initiated by Defendant Toys "R" Us NY-LLC in the instant lawsuit.

9. I was essentially the only attorney who worked on Haritatos's behalf in connection with the TTAB proceeding. I estimate that I spent approximately 200 hours in connection with the TTAB proceeding.

10. The Wall, Marjama & Bilinski LLP law firm represented Haritatos on a contingency fee basis in connection with the instant lawsuit. I was essentially the only attorney who worked on the case while I was with that law firm, until I left that law firm on October 16, 2006. I estimate that I expended about 350 hours on the instant lawsuit while with that law firm.

11. H&B has also represented Haritatos on a contingency fee basis in connection with the instant lawsuit since about mid-December, 2006. I have been essentially the only attorney who has worked on the case on behalf of H&B. I estimate that I have expended about another 200 hours on the instant lawsuit while with H&B.

12. The instant lawsuit involves sophisticated issues of trademark law and procedure. An attorney who represents Haritatos should possess substantial expertise in both trademark law and practice as well as federal court litigation expertise and very probably federal court trial expertise.

13. I am generally familiar with the attorneys who practice trademark law in the Central New York region and believe that there are at most only two or three other attorneys who could competently represent Haritatos in the instant lawsuit. Moreover, at least one of those attorneys could not represent Haritatos because he is a partner with Bond, Schoeneck & King, PLLC, which represents an adverse party in this lawsuit, and another one of those attorneys is also at H&B.

14. If H&B were disqualified from representing Haritatos, not only would Haritatos have difficulty finding any competent attorney to represent him, his efforts to find new

representation would be severely hampered because: (1) there would be a huge amount of litigation material to review and absorb in order for new attorneys to be knowledgeable about the case, and (2) Haritatos would have difficulty finding an attorney or law firm willing to take the case on a contingency fee basis, especially when two other law firms have a contingency fee stake in the outcome.

15.  H&B is a general practice law firm composed of 195 attorneys, with offices in Albany, Boston metro, Buffalo, New York City, Rochester, Syracuse, Toronto (Ont.), and Washington, D.C.

16.  I understand that since before I joined H&B, an ethical wall was established between me and information and activities pertaining to a patent infringement lawsuit in the Rochester, New York federal court in which certain H&B attorneys were involved as local counsel on behalf of a defendant, Toys "R" Us, Inc.

17.  I understand that the erection of the ethical wall was announced by firm e-mail at H&B so that I would be segregated from and denied access to any information or knowledge about the Rochester lawsuit.

18.  I have gained no knowledge about the Rochester lawsuit except what is revealed in court filings in the publicly available PACER system and what has been revealed in connection with the instant lawsuit with respect to the motion to disqualify.

19.  I have no knowledge of any client confidences in connection with H&B's representation of Toys "R" Us, Inc. in the Rochester lawsuit.

20.  From remarks made by opposing counsel in this lawsuit, and the telephone conference held by this Court on January 11, 2007, I understand that in about early November, 2006, in anticipation of the possibility that H&B would soon be representing Haritatos in this

lawsuit, H&B asked the lead counsel for Toys "R" Us, Inc., the New York City based IP boutique law firm of Darby & Darby to waive any objection to H&B's continuing to represent Toys "R" Us, Inc. in connection with the Rochester lawsuit especially in view of the ethical wall that was in place. I further understand that Toys "R" Us, Inc. did not respond to that request until about December 11, 2006 by not only denying the request, but also by demanding that H&B not represent Haritatos in this lawsuit.

21.  Darby & Darby has enjoyed a favorable reputation as a well-known patent law firm for many decades.

22.  Toys "R" Us, Inc. opposed H&B's request to withdraw from representing it in the Rochester lawsuit.

23.  I do not know where the files respecting the Rochester patent infringement lawsuit are located within H&B, but I presume they are located in H&B's Rochester office because (a) the case was before the Rochester federal court; (b) the publicly available filings in the Rochester court reveal that H&B partner Chris Blank was handling the case as local counsel while he was in the Rochester office of a different law firm and that he brought the case to H&B shortly after he joined H&B; and (c) Chris Blank practices in H&B's Rochester office.

24.  To my knowledge no attorneys, paralegals, or law clerks of H&B who have worked on the Rochester lawsuit have worked on the instant Haritatos lawsuit, and vice versa.

25.  To my knowledge the litigation files for both the TTAB opposition proceeding and the instant lawsuit have always been maintained in the Syracuse office of H&B since they were received from the Wall, Marjama & Bilinski firm.

26.  From the time I left the Wall, Marjama & Bilinski LLP law firm on October 16, 2006 until I unexpectedly received the entire Haritatos litigation file on about the afternoon of

December 7, 2006, I was denied any access to the materials in the litigation file. The litigation file was provided to me in a disheveled condition, unlike the condition of the file when I left that firm. I found that the correspondence and pleadings portions of the litigation file were extremely incomplete and disorganized with respect to materials created over the prior couple of months.

27. From October 17, 2006 through at least December 20, 2006, when I entered an appearance on behalf of Haritatos and as a partner of H&B, the attorneys at the Wall, Marjama & Bilinski LLP firm were solely responsible for handling the lawsuit on behalf of Haritatos. Counsel for Hasbro knew that those Wall, Marjama & Bilinski LLP attorneys were in charge, and not me. For example, Hasbro's attorney's letter dated December 6, 2006 concerning a discovery dispute and compliance with Judge Hurd's Order dated October 19, 2006 was addressed to Mr. Muldoon of Wall, Marjama & Bilinski LLP.

28. Immediately upon receiving the litigation file, I notified Hasbro's attorneys by e-mail dated December 7, 2006 that I needed time to review Judge Hurd's Order, to try to find correspondence and pleadings created since October 16, 2006, and to review the relevant materials. A copy of that e-mail is attached hereto as Exhibit A.

29. In mid-December, 2006, I informed Hasbro's attorney that Haritatos's courier shipping records in two large boxes that I received with the litigation file were available for inspection in H&B's Syracuse office and for designation for copying. The boxes were near my secretary's desk when I left the Wall, Marjama & Bilinski firm on October 16, 2006.

30. I reminded Hasbro's attorney again by e-mail dated December 27, 2006 asking how he "would like to proceed with inspection" of the documents in the two large boxes. The Hasbro attorney responded that he wanted H&B to provide at Haritatos's expense photocopies of each one of the many thousands of records in the boxes, and refused to inspect the records or

designate desired records for copying. In e-mail exchanges on January 4, 2007, Hasbro's attorney demanded that H&B employ an outside copy service and have the records scanned electronically onto a disc, but still demanded that Haritatos absorb the cost. By e-mail dated January 8, 2007 Hasbro's attorney relented and agreed to pay the cost of copying (estimated at $930) and directed H&B to provide the records to an outside copy service retained by Hasbro's attorneys, Avalon, so that Hasbro's attorneys would receive the records in electronic format by Thursday, January 11, 2007. I understand that Hasbro's attorneys received the records in electronic format on January 11, 2007.

31. With regard to the so called "original thin-shelled candy turkey joints" federal trademark registration, that registration was cancelled in 1983. I believe that Haritatos made a search for any documents in his possession, custody, or control related to that registration, and that they were already produced by Hasbro's attorneys by letter from me dated June 1, 2006, bearing Bates Nos. STH000525 – STH000532.

32. I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/26/08

Robert E. Purcell

# EXHIBIT A

NS

## Purcell, Robert E.

**From:** Purcell, Robert E.
**Sent:** Thursday, December 07, 2006 6:21 PM
**To:** 'kjlandsman@pbwt.com'
**Cc:** 'jmcgowan@bsk.com'
**Subject:** FW: Haritatos v. Hasbro

Kim:

I just recently received the litigation files from the Wall Marjama firm and am trying to construct the pleadings and correspondence portions of the litigation file during the period after my departure from that firm.

I also have just been made aware that Judge Hurd denied Plaintiff's objections to Magistrate DiBianco's earlier ruling, though I have yet to review that ruling by Judge Hurd. Will you please allow me a few days to get back up to speed on the case and to address this matter. I believe that I have in my possession two very large boxes of courier records for shipping candy products, but I do not know if they have been Bates stamped or otherwise cataloged or whether the ruling applies to other documents as well.

My initial review of the litigation file fails to show any correspondence since I left the Wall Marjama firm, and therefore, I also need additional time simply to locate the letters concerning Plaintiff's alleged discovery deficiencies to which you refer in your letter to Jim Muldoon dated December 6, 2006. I will try to find those letters and respond as soon as possible.

Last, I am available either January 2 or January 25 for the deposition of Anna Bushnell. I would like to participate by telephone and would like to have copies of the Defendants' anticipated exhibits at least one business day before the deposition.

Please let me know if there are other outstanding issues that I should address.

-----Original Message-----
**From:** Jim Muldoon [mailto:jmuldoon@wallmarjama.com]
**Sent:** Thursday, December 07, 2006 5:02 PM
**To:** Landsman, Kim J. (x2980)
**Cc:** Purcell, Robert E.; jmcgowan@bsk.com; cbelter@goldbergsegalla.com; Pessin, Adam J. (x2415); Denis Sullivan
**Subject:** RE: Haritatos v. Hasbro

Mr. Landsman,
Please see attached correspondence.

James R. Muldoon
Wall Marjama & Bilinski LLP
250 South Clinton Street
Suite 300
Syracuse, NY 13202
Office: (315) 425-9000
Fax: (315) 425-9114
Primary Email: jmuldoon@wallmarjama.com
Alternative Email: jmuldoon@alum.mit.edu
www.wallmarjama.com

12/7/2006

**From:** Pessin, Adam J. (x2415) [mailto:ajpessin@pbwt.com]
**Sent:** Wednesday, December 06, 2006 6:04 PM
**To:** Jim Muldoon
**Cc:** jmcgowan@bsk.com; cbelter@goldbergsegalla.com; rpurcell@hiscockbarclay.com; Landsman, Kim J. (x2980)
**Subject:** Haritatos v. Hasbro

Dear Counsel,

Please see the attached correspondence.

Sincerely,
-AJP

<<ltr to Muldoon (6 Dec 2006) (discovery).pdf>>

_____
Adam J. Pessin, Esq.
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas
New York, New York 10036
phone: (212) 336-2415
fax: (212) 336-7971
email: ajpessin@pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are no
the addressee indicated in this message (or responsible for delivery of the message
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please adv
immediately if you or your employer do not consent to Internet email for messages of
kind.

---

IRS Circular 230 disclosure: Any tax advice contained in this communication (includ
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (
promoting, marketing or recommending to another party any transaction or matter addr
in this communication. (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)

================================================================================

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
--------------------------------x
SPERO HARITATOS,                 :
                                 :
                    Plaintiff,   :          CERTIFICATE OF SERVICE
                                 :
        -vs-                     :          Civil Action No.
                                 :          6:05-CV-930 (DNH/GJD)
HASBRO, INC. and TOYS "R" US-NY LLC, :
                                 :
                    Defendants.  :
--------------------------------x
```

      I certify that on February 26, 2008, I filed a copy of Plaintiff's Witness and Exhibit List For March 4, 2008 Hearing with the Clerk of the Court via the CM/ECF system, which gave notice to the following attorneys:

| | |
|---|---|
| Kim J. Landsman, Esq.<br>Patterson Belknap Webb & Tyler, LLP<br>1133 Avenue of the Americas<br>New York, New York 10036-6710<br>kjlandsman@pbwt.com | John G. McGowan, Esq.<br>Bond, Schoeneck & King, PLLC<br>One Lincoln Center<br>Syracuse, New York 13202<br>jmcgowan@bsk.com |

                                                           *s/ Robert E. Purcell*
                                                          Robert E. Purcell