**HISCOCK & BARCLAY**

BUFFALO • ROCHESTER • SYRACUSE • ALBANY • NEW YORK

ROBERT E. PURCELL
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET
SYRACUSE, NEW YORK 13202-2078
T 315.422.2131 • F 315.472.3059

DIRECT DIAL 315.425.2802
DIRECT FAX 315.425.8594
RPURCELL@HISCOCKBARCLAY.COM
ALSO ADMITTED IN: COLORADO
PATENT ATTORNEY

April 2, 2008

Honorable David N. Hurd
United States District Judge
United States District Court
Northern District of New York
Alexander Pirnie Federal Building
10 Broad Street, Room 300
Utica, New York 13501

   Re: Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC,
     6:05-cv-930 (DNH-GJD)

Dear Judge Hurd:

  I am the attorney of record for Plaintiff, Spero Haritatos, in connection with the above-captioned lawsuit. In a 39-page Memorandum Decision and Order dated March 28, 2008, U.S. Magistrate Judge Gustave J. DiBianco sanctioned me personally and directed that I pay to Defendant, Hasbro, Inc. the sum of $15,989.75, constituting an award of Hasbro's attorneys' fees. The Order directed that I personally pay that amount to Hasbro "no later than thirty (30) days" from the date of that decision. Magistrate Judge DiBianco denied any request for a stay *sua sponte*, and directed that, "A request for a stay may be made to District Judge Hurd."

  Both Plaintiff and I intend to file objections under Fed. R. Civ. P. 72 with respect to the Memorandum Decision and Order. Pursuant to Local Rule 72.1(b), the objections shall include a memorandum of law. However, the Local Rule is silent as to any page limitation. Although Local Rule 7.1, dealing with "motion practice", sets forth a twenty-five page limitation on memoranda of law in connection with motions, the Local Rules appear to distinguish memoranda of law in connection with objections under Rule 72. Nevertheless, because someone might interpret the page limit dealing with memoranda of law in connection with motion practice as being applicable to memoranda of law in connection with objections filed under Rule 72, I seek your Honor's permission to file a memorandum of law up to 39 pages in length in which to present the objections. I believe that such a request, if required under the Local Rules, is warranted for the following reasons: (1) the Memorandum Decision and Order references and discusses several activities that occurred throughout the lawsuit; (2) Magistrate Judge DiBianco conducted an evidentiary hearing with tens of exhibits in connection with issuing his Memorandum Decision and Order; and (3) the Memorandum Decision and Order impugns my

SYLIB01\617585\1

WWW.HISCOCKBARCLAY.COM

integrity and reputation as an attorney. My standing in the legal community and the source of my livelihood, for which I hope this Court would offer latitude in presenting objections to a ruling, has castigated my character.

One of the issues in the underlying Memorandum Decision and Order is whether any sort of "stay" must be requested pursuant to any particular procedure in connection with the orders of a Magistrate Judge that are the subject of objections under Rule 72. Local Rule 72.1(b), which governs procedures for presenting objections under Rule 72, does not address requests for stays of execution of a Magistrate Judge's order.

The Eighth Circuit has held that it is improper for a Magistrate Judge to award attorneys' fees as a sanction, to specify that the attorneys' fees must be paid by a date certain or else the magistrate would enter default against the party, and to enter default against the party when the attorneys' fees were not paid by the deadline set by the magistrate, because the party had filed timely objections to the magistrate's order under Rule 72. *Treanor v. MCI Telecommunications Corp.*, 150 F.3d 916 (8th Cir. 1998) Thus, this Eighth Circuit decision stands for the proposition that a party's timely filed objections to a magistrate's order under Rule 72 suspends any requirement for compliance with the magistrate's order. Nevertheless, because of the directive in the Memorandum Decision and Order, I request a temporary stay of that aspect of the Memorandum Decision and Order requiring me to pay an award of attorneys' fees to Hasbro until after this Court decides the objections which Plaintiff and I intend to file under Rule 72. It is possible that this Court will reverse the Magistrate Judge in whole or in part, or will vacate and remand the matter to the Magistrate Judge. Under such circumstances, especially where a significant amount of money is involved, and where there is absolutely no urgency to the date on which any attorneys' fees are paid, the request to stay would best promote the orderly and efficient administration of this aspect of the lawsuit.

During a telephone conference with your courtroom clerk on April 2, 2008, it was suggested that Plaintiff and I pursue the procedure of filing the instant letter-brief and setting forth the requested relief herein.

Wherefore, Plaintiff and I pray for permission to file a memorandum of law in support of our objections under Rule 72 up to and including 39 pages, and for an order staying enforcement of that aspect of the Memorandum Decision and Order requiring me to pay an award of attorneys' fees to Hasbro no later than thirty days from March 28, 2008 until after this Court's resolution of the objections.

Respectfully submitted,

Robert E. Purcell

REP/jhk
cc: Kim J. Landsman, Esq. (via ECF)
John G. McGowan, Esq. (via ECF)

SYLIB01\617585\1