**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas New York, NY 10036-6710 212.336.2000 fax 212.336.2222 www.pbwt.com

April 3, 2008

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By ECF**

Hon. David N. Hurd
United States District Judge
United States Courthouse
10 Broad Street, Room 300
Utica, NY 13501

**Re: Haritatos v. Hasbro, Inc. and Toys "R" Us-NY LLC, 05 Civ. 930 (DNH/GJD)**

Dear Judge Hurd:

We are counsel for defendant Hasbro, Inc. in the above-captioned case and write in response to Mr. Purcell's letter motion for a stay of Magistrate Judge DiBianco's order of March 28, 2008 ("Sanctions Order"), assessing sanctions against plaintiff's counsel pursuant to the court's inherent powers, Rule 37, and 28 U.S.C. § 1927 for disobeying discovery orders, otherwise improperly obstructing discovery, and multiplying the proceedings in this case unreasonably and vexatiously.

In considering a motion to stay an order, the Second Circuit considers four factors:

> [1] whether the movant will suffer irreparable injury absent a stay;
>
> [2] whether the opposing party will suffer substantial injury if a stay is granted;
>
> [3] whether the movant has shown a substantial possibility, although less than a likelihood, of success on appeal; and
>
> [4] the public interests that may be affected.

United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995).

Mr. Purcell has made no attempt to deal with any of those factors, much less make any showing that they weigh in his favor. Mr. Purcell has not alleged, must less shown, any irreparable harm from having to timely pay $15,989.75 to Hasbro as ordered by the Court. He does contend that in the unlikely event that the Sanctions Order were overturned, Hasbro

would not be able to refund the money. To the extent that the public interest would be implicated in the order, its interest is in enforcing the order and the public interest in the integrity of the litigation process that the order embodies.

Mr. Purcell has made no showing of substantial possibility of success on his appeal. He has never denied lack of compliance with Magistrate Judge DiBianco's August 11 order compelling discovery or the October 19, 2006, order of Your Honor rejecting the objections to it. His contention that those objections automatically stayed compliance with the Magistrate Judge's discovery order has been rejected in this circuit, by courts elsewhere, and by a leading treatise. See Sanctions Order at 17 (citing and quoting two district court opinions from this circuit); see also, e.g., In re Lernout & Hauspie Securities Litigation, 219 F.R.D. 28, 30 (D. Mass. 2003); White v. Burt Enterprises, 200 F.R.D. 641, 642-43 (D. Colo. 2000). To the extent that Treanor v. MCI Telecommunications Corp., 150 F.3d 916, 919 (8th Cir. 1998), may be read to the contrary, we respectfully submit that it is not persuasive because it is against the weight of overwhelming authority to the contrary, was based on a very complex set of facts and procedural errors by the district court, and dealt with the severe and dispositive issue of dismissal with prejudice as a sanction for disobeying a discovery order. Accordingly, Mr. Purcell's objections will fail to raise a "serious question" on the legal issues, much less a likelihood of ultimate success.

Magistrate Judge DiBianco's extensive and carefully reasoned opinion ordering the sanctions was based on careful factfinding after affording Mr. Purcell full opportunity to present his case and on well settled law concerning discovery and the lack of an automatic stay of a non-dispositive discovery order under Fed. R. Civ. P. 72(a). We therefore respectfully submit that there is no basis for a stay.

Respectfully yours,

Kim J. Landsman

cc: Robert E. Purcell, Esq. (by ECF)
John G. McGowan, Esq. (by ECF)