UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**SPERO HARITATOS,**

                     *Plaintiff,*

-vs-

**HASBRO, INC. and TOYS "R" US-NY LLC,**

                     *Defendants.*

Civil Action No.
6:05-cv-930 (DNH/GJB)

---

### ROBERT E. PURCELL'S OBJECTIONS UNDER FED. R. CIV. P. 72 TO MAGISTRATE JUDGE DIBIANCO'S MEMORANDUM DECISION AND ORDER ENTERED MARCH 28, 2008

Robert E. Purcell hereby submits objections under Fed. R. Civ. P. 72 to Magistrate Judge DiBianco's Memorandum Decision and Order entered March 28, 2008. Although the Memorandum Decision and Order seems to affect only Plaintiff's counsel of record, Mr. Purcell, to the extent that the Memorandum Decision and Order is deemed to affect Plaintiff, he should also be deemed a party joining in Mr. Purcell's objections.

PLEASE TAKE NOTICE that the objections are set to be heard at 10:00 a.m. on Friday, May 23, 2008 at the United States Courthouse in Albany, New York. Purcell designates the entire Memorandum Decision and Order from which he seeks relief, including, but not limited to, those actions set forth on page 39 of the Memorandum Decision and Order.

The bases for the objections are set forth in more detail in Purcell's concurrently submitted supporting memorandum of law, which is incorporated herein by reference. The bases for the objections include:

> Purcell was not provided with appropriate notice of the specific activities that the Court might rely upon in determining whether conduct was sanctionable;

The Court erred by not providing Purcell with appropriate notice of the specific activities that the Court was evaluating in determining whether to award sanctions under Rule 37 as distinct from sanctions under 28 U.S.C. § 1927;

The Court errantly overruled Purcell's objections to Hasbro's belated submission of declarations/testimony and incomplete exhibits relating to Hasbro's requested attorneys' fees;

The Court improperly relied upon ambiguous portions of an order that did not articulate specified discovery in awarding sanctions;

Purcell did not violate any clear and unambiguous court order and the Court erred by concluding otherwise;

The Court erred by ruling that Purcell should have complied with the Court's Order while timely objections under Rule 72 were filed and under consideration;

The Court erred by not properly applying the correct legal standard to the relevant, true facts in connection with awarding sanctions;

The Court erred by not properly applying the correct legal standard to the relevant, true facts in connection with criticizing Plaintiff's responses to certain requests for admission;

The Court erred by not properly applying the correct legal standard under Rule 37 to the relevant, true facts in connection with awarding sanctions;

The Court erred by not properly applying the correct legal standard under 28 U.S.C. § 1927 to the relevant, true facts in connection with awarding sanctions;

The Court erred by not properly applying the correct legal standard to the relevant, true facts in connection with Plaintiff's litigation activities in connection with awarding sanctions;

The Court erred by having implicitly denied Habro's motion to compel/discovery and then relying upon the alleged deficiencies in the discovery as a basis for awarding sanctions;

The Court erred by finding Plaintiff's motion for default judgment against Defendant Toys 'R Us-NY LLC as being meritless and a waste of time;

The Court erred in finding any fault in Purcell's handling of discovery in the TTAB proceeding;

The Court unfairly and illegitimately criticized Purcell's testimony at the March 4, 2008 hearing in support of its award of sanctions;

The Court erred by not distinguishing and demarking the factual findings and legal bases for awarding sanctions under Rule 37 as distinct from sanctions under 28 U.S.C. § 1927;

The Court improperly applied incorrect hourly rates for Hasbro's attorneys;

The Court erred by failing to segregate only extra activities of Hasbro caused by the conduct found to be sanctionable and to base any award only on those activities; and

The Court erred by failing to find as unreasonable some of Hasbro's extra activities caused by the conduct and found to be sanctionable.

**DATED:** April 10, 2008

HISCOCK & BARCLAY, LLP

By: _____
Robert E. Purcell
Bar Roll No. 510595

*Attorneys for Plaintiff*
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York  13202-2078
Telephone  (315) 425-2802
Facsimile  (315) 425-8594
rpurcell@hiscockbarclay.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Kim J. Landsman, Esq.  
Patterson Belknap Webb & Tyler, LLP  
1133 Avenue of the Americas  
New York, New York  10036-6710  
kjlandsman@pbwt.com

John G. McGowan, Esq.  
Bond, Schoeneck & King, PLLC  
One Lincoln Center  
Syracuse, New York  13202  
jmcgowan@bsk.com

_____  
Jill Kirby