

**HISCOCK & BARCLAY** LLP

RICHARD K. HUGHES
PARTNER

ONE PARK PLACE
300 SOUTH STATE STREET
SYRACUSE, NEW YORK  13202
T 315.425.2700 ▪ F 315.425.2701

DIRECT DIAL 315.425.2746
DIRECT FAX 315.425.8546
RHUGHES@HBLAW.COM

September 18, 2008

**VIA CM/ECF**

Hon. Gustave J. DiBianco
United States Magistrate Judge
U.S. District Court
Northern District of New York
United States Courthouse
100 South Clinton Street
P.O. Box 7345
Syracuse, NY 13261-7396

    Re:    <u>Haritatos v. Hasbro</u>
           NDNY Civil Action No. 06:05-cv-930 (DNH/GJD)
           Letter Request of Marjama Muldoon

Dear Magistrate Judge DiBianco:

       This letter is in response to the letter request of Attorney James R. Muldoon for a telephone conference with your Honor regarding the "charging lien" being claimed by Marjama Muldoon Blasiak & Sullivan, LLP ("Marjama Muldoon"), against the proceeds of the settlement of the above-referenced action.  According to the Clerk's Docket, this case was marked "Case Closed" on September 2, 2008.

       In his letter to the Court, Mr. Muldoon refers to a letter of engagement dated July 23, 2005 between his firm and Spero Haritatos.  This letter of engagement provides, in paragraph 17, as follows:

> 17.    <u>Law to Govern Contract.</u>  Any controversy or claim arising out of or relating to our relationship will be submitted to the American Arbitration Association for confidential arbitration in Syracuse, New York, whose decision shall be binding.  You may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts.  The law of New York shall be applied.  Any judgment entered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Hon. Gustave J. DiBianco
September 18, 2008
Page 2

It is my understanding that there is an ongoing "fee dispute" between Mr. Haritatos and Marjama Muldoon. Mr. Haritatos is represented in that matter by David C. Grow, Esq., of McMahon & Grow, 301 N. Washington Street, Rome, New York 13440, Tel. (315) 336-4700.

Under Part 137, the Fee Dispute Resolution Program of the State of New York, 22 NYCRR §§ 137.0 *et seq.*, a fee dispute between an attorney and a client, may be resolved by the Arbitrator appointed under that Part.

Paragraph 17 of the letter of engagement of Marjama Muldoon also provides that if Part 137 is not applicable, or the client elects not to demand an arbitration under Part 137, the fee dispute must be submitted to the American Arbitration Association for a confidential and binding arbitration.

In his letter, Mr. Muldoon also refers to an arbitration between Marjama Muldoon and Robert E. Purcell, Esq., a former partner of his firm. It is my understanding that in connection with post-arbitration proceedings before Justice John C. Cherundolo, Justice Cherundolo apparently imposed a "charging lien," for unreimbursed costs and disbursements, in the amount of $30,828.00. Neither Hiscock & Barclay, LLP nor Mr. Haritatos was a party to that arbitration or that post-arbitration proceeding. The papers related to the post-arbitration proceeding before Justice Cherundolo are filed under seal and are not available to Hiscock & Barclay, LLP or Mr. Haritatos. To date, Hiscock & Barclay, LLP has not been presented with a copy of Justice Cherundolo's Order. Further, it is my understanding from Mr. Purcell that the order of Justice Cherundolo is not final, and that the relevant portion of the order is currently the subject of an appeal by Mr. Purcell to the Supreme Court, Appellate Division, Fourth Judicial Department.

We have previously advised Mr. Muldoon that,

(1) Hiscock & Barclay, LLP is in receipt of settlement proceeds from the defendants in this action;

(2) these funds are and will remain on deposit in our Firm's trust account;

(3) with the consent of Mr. Haritatos, we would exchange relevant billing records with Marjama Muldoon with respect to the trademark infringement action of Mr. Haritatos against Hasbro, Inc. and Toy-R-Us, Inc. and referenced above; and

(4) because of the objection of Mr. Muldoon, no funds will be disbursed from our trust account unless and until Hiscock & Barclay, LLP, Marjama Muldoon and Mr. Haritatos agree on the proper disposition of these funds, or a final order of distribution is entered by a court of competent jurisdiction.

Based upon the foregoing, and with all due respect to your Honor, it is the position of the writer that the U.S. District Court lacks jurisdiction over the subject matter of this fee dispute.

Hon. Gustave J. DiBianco
September 18, 2008
Page 3

The proper forum for the resolution of the fee dispute, with respect to the attorneys' fees and costs of Marjama Muldoon, is either the Fee Dispute Resolution Program under Part 137, or the American Arbitration Association. In such a proceeding, Mr. Haritatos, as a necessary party, must appear, be represented by his personal counsel, Mr. Grow, and be able to participate in any hearing to determine the amount of the attorneys' fees and costs of Marjama Muldoon.

I also question why Marjama Muldoon now seeks a charging lien from the U.S. District Court when Justice Cherundolo has apparently issued an Order with respect to a charging lien.

It is my understanding from your Courtroom Deputy Clerk, Kathy Gridley, that the telephone conference with your Honor is now set for Thursday, October 2, 2008, at 2:30 p.m., and that Mr. Muldoon will initiate the call. Mr. Purcell and I can be reached by Mr. Muldoon at (315) 425-2746. Thank you.

Respectfully yours,

s/ Richard K. Hughes

Richard K. Hughes

RKH:tld

cc:  James R. Muldoon, Esq.
     **Via Electronic Mail**
     David C. Grow, Esq.
     **Via Electronic Mail**
     Robert E. Purcell, Esq.
     **Via Electronic Mail**