

250 South Clinton Street, Suite 300
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:   (315) 425-9114

**James R. Muldoon**
E-Mail:  jmuldoon@cny-iplaw.com

October 30, 2008

<u>**VIA CM/ECF**</u>

Hon. Gustave J. DiBianco
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY 13261-7396

> Re:   Request for Determination of Attorney's Charging Lien in
> *Haritatos v. Hasbro, Inc. et al.,* **NDNY Civil Action No. 6:05-CV-930 (DNH/GJD)**

Dear Judge DiBianco:

  We write to inform the Court that, pursuant to the Court's suggestion at the telephone conference held on September 30, 2008, a meeting was held on October 8, 2008 that was personally attended by myself on behalf of Marjama Muldoon, Richard Hughes and Robert Purcell on behalf of Hiscock & Barclay and David Grow, personal attorney for plaintiff Spero Haritatos, participated by telephone.  Unfortunately, no agreement to resolve the many outstanding issues between the parties was reached.

  The Court's minute entry of October 3, 2008, directed the parties to submit to the Court short letters outlining any issues that the attorneys believe the Court should consider and whether motions are appropriate.  The first issue that Marjama Muldoon believes that should be considered is Hiscock & Barclay's and Mr. Grow's contention that this Court lacks any jurisdiction over these issues.  Marjama Muldoon contests that the portion of the parties' dispute relative to the attorneys' charging liens are properly before this Court.  As Your Honor stated a little more than a year ago in *Cequent Industries v. Diversi-Tech Corp., 5:05-CV-0074 (NAM/GJD) (April 12, 2007)*:

> Federal courts have independent authority, not only to regulate attorney admission and withdrawal, but to also determine attorney fee disputes and regulate liens. *Louima v. City of New York*, 98-CV-5083, 2004 U.S. Dist. LEXIS 13707, *169- 70 (E.D.N.Y. July 21, 2004)(citation omitted). The Second Circuit has specifically stated that the decision whether to fix fees due a withdrawing attorney lies within the discretion of the district court. *Pay Television of Central New York*, 766 F.2d 92, 94 (2d Cir. 1985). When an attorney is allowed to withdraw by the court, as stated above, he or she will not be considered as having been discharged for cause, and will generally be entitled to be compensated for the reasonable value of the legal services rendered to the client. *Viada v. Osaka Health Spa, Inc.*, 04 Civ. 2744, 2005 U.S. Dist. LEXIS 35294 *5-6 (S.D.N.Y. Dec. 19, 2005).

  On December 8, 2006, this firm moved to withdraw as plaintiff's counsel of record on the basis that we were discharged by Plaintiff. As this Court granted our motion to withdraw by your Order of January 16, 2007 (Docket No. 124), the existence of Marjama Muldoon's right to an attorney's charging lien is squarely before this Court.

Hon. Gustave J. DiBianco
October 30, 2008
Page 2



    However, in the conference and communications with Mr. Hughes and Mr. Grow, it has become apparent that the disputes related to our representation of Mr. Haritatos in this action between this Firm, Mr. Haritatos, Hiscock & Barclay, Mr. Purcell and potentially One Beacon Insurance Company is substantially broader than the existence and determination of our attorneys' charging lien. Some facets of this dispute may not be within the Court's discretionary supplemental jurisdiction, such as declaratory judgment that the purported arrangement between Mr. Purcell and Mr. Haritatos to pay over or "kick back" to Mr. Haritatos monies received by our Firm and Hiscock from One Beacon for legal services performed by our respective attorneys in defense of Hasbro's counterclaims for infringement, dilution and unfair competition is either unethical fee splitting with a nonlawyer in violation of DR 3-102 or illegal champerty and maintenance under NY Judiciary Law § 488.

    Therefore, in an effort to preserve scarce judicial resources and resolve all of the outstanding disputes between these entities in a single proceeding, yesterday, on October 29, 2008, this Firm commenced an interpleader and declaratory judgment action in Onondaga County Supreme Court. A copy of the Complaint is enclosed with this letter.

    Mr. Haritatos, Hiscock & Barclay, and Mr. Purcell have not yet been served or joined issue in this new action. In response to this action, one or more of them might, as they have done here, contest the jurisdiction of the New York State Courts to resolve certain issues or disputes over which this Court may have discretionary jurisdiction. In the event that jurisdiction in the state court action is disputed by one or more of the parties that would prevent a determination on the merits of either the existence or amount of Marjama Muldoon's charging lien, we would like to preserve the right to bring such issue back before this Court. Otherwise, we do not believe that this Court will be required to determine these issues.

    In the meantime, if you have any questions, please do not hesitate to contact me.

    Very truly yours,
    MARJAMA MULDOON BLASIAK & SULLIVAN LLP

    *s/James R. Muldoon*

    James R. Muldoon

JRM/mms

cc:    Richard Hughes, Esq. (via CM/ECF)
       Robert Purcell, Esq. (via CM/ECF)
       David Grow, Esq. (via facsimile and first class mail)