

```
                                                              RICHARD K. HUGHES
                                                              PARTNER
ONE PARK PLACE
300 SOUTH STATE STREET                                        DIRECT DIAL 315.425.2746
SYRACUSE, NEW YORK  13202                                     DIRECT FAX  315.425.8546
T 315.425.2700 • F 315.425.2701                               RHUGHES@HBLAW.COM
```

October 30, 2008

**VIA CM/ECF**

Hon. Gustave J. DiBianco
United States Magistrate Judge
U.S. District Court
Northern District of New York
United States Courthouse
P.O. Box 7345
Syracuse, NY 13261-7396

  Re: Haritatos v. Hasbro
     NDNY Civil Action No. 06:05-cv-930 (DNH/GJD)

Dear Magistrate Judge DiBianco:

  In accordance with the October 2, 2008 directive of your Honor, please consider this letter as the statement of Hiscock & Barclay, LLP ("the Hiscock Office"), outlining the issues which the Court should consider in response to the letter request of James R. Muldoon, Esq. of Marjama Muldoon Blasiak & Sullivan, LLP ("Marjama Muldoon"), to determine an attorney's charging lien. [Dkt. 209.] I request that the Court consider the arguments presented in my letter to your Honor dated September 18, 2008. [Dkt. 213.] We agree with Mr. Muldoon that all counsel conferred on October 8, 2008 in an attempt to resolve or limit the issues and that no resolution was reached.

## ISSUE NO. 1: ELECTION OF REMEDIES

  On October 29, 2008, Marjama Muldoon commenced an action in Onondaga County Supreme Court to determine the very issues that are before the Court. Accordingly, having elected its remedies to proceed in state court, we respectfully submit that this Court lacks jurisdiction over the subject matter and should dismiss the Marjama Muldoon request to determine a charging lien.

## ISSUE NO. 2: LACK OF SUBJECT MATTER JURISDICTION

  Apart from the election of remedies issues discussed above, it is the position of the Hiscock Office that the question whether the District Court has subject matter jurisdiction of the

Hon. Gustave J. DiBianco
October 30, 2008
Page 2

motion of Marjama Muldoon should be decided by your Honor, as a threshold issue, before the Court considers the merits, if any, of the motion.

This action was voluntarily discontinued by the parties, and was dismissed by U. S. District Judge David N. Hurd, on September 2, 2008. [Dkt. 207.] After the case was closed, the letter motion was filed by Mr. Muldoon on September 15, 2008. [Dkt. 209.] Marjama Muldoon has not represented the plaintiff, Spero Haritatos, since January 16, 2007. [Dkt. 124.]

In his September 15, 2008 letter, Mr. Muldoon represents to the Court that on April 11, 2008, in a proceeding pending in Supreme Court, Onondaga County, before Justice John C. Cherundolo and filed under seal, the Supreme Court confirmed the Award of an Arbitrator and fixed a charging lien in connection with Marjama Muldoon's representation of Mr. Haritatos in this action, in favor of Marjama Muldoon, for unreimbursed costs and disbursements in the amount of $30,828.00. Because the papers in that action are filed under seal, the Hiscock Office does not have access to those papers. For the record, the writer has never seen any Order of the Supreme Court allegedly fixing a charging lien.

Since the New York State Supreme Court already has assumed jurisdiction of the dispute over fees and costs between Marjama Muldoon, Mr. Purcell and Mr. Haritatos, the District Court should abstain from considering this application, under the *Colorado River* doctrine, to avoid inconsistent results and duplicative litigation. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976); *see also* C. Wright A. Miller & B. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4247 (2005); *American Disposal Services, Inc. v. O'Brien,* 839 F.2d 84, 87 (2d Cir. 1988); *De Cisneros v. Younger,* 871 F.2d 305 (2d Cir. 1989).

Further, under the *Rooker-Feldman* doctrine, the District Court lacks subject matter jurisdiction to review a prior determination by a state court that we understand is presently on appeal. That is the function of the state's appellate courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923), *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also* C. Wright A. Miller & B. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4469.1 (2005); *Pieper v. American Arbitration Assoc.,* 336 F.3d 458 (6th Cir. 2003).

In view of the existence of a binding arbitration clause in both Contingency Fee Agreements entered into by Marjama Muldoon and the Hiscock Office with Mr. Haritatos, the District Court should also decline to exercise jurisdiction over this dispute involving attorneys' fees and costs. The controlling language in both Agreements is repeated in my September 18, 2008 letter. [Dkt. 213.] The District Court lacks subject matter jurisdiction in the presence of a mandatory arbitration clause covering the dispute in question. *See Ziarno v. Gardner Carton & Douglas,* 2004 U.S. Dist. LEXIS 7030 (E.D. Pa. 2004); *West Shore Pipe Line Co. v. Associated Elec. & Gas Ins. Serv. Ltd.,* 791 F. Supp. 700 (N.D. Ill. 1992).

### ISSUE NO. 3: LACK OF MERIT OF THE MOTION.

There are two issues regarding the merits of the claims of Marjama Muldoon. The first issue involves the recovery by Mr. Haritatos in the settlement of this action. The amount of the

Hon. Gustave J. DiBianco
October 30, 2008
Page 3

settlement is not in dispute. The full amount of the recovery has been deposited in and remains in the trust account of the Hiscock Office. Both Contingency Fee Agreements direct that forty percent (40%) of the gross recovery is payable to the attorneys as their fee. Marjama Muldoon and the Hiscock Office have exchanged billing records and have agreed to share the contingency fee based upon the proportionate amount of the time extended by each firm in the trademark infringement action. Mr. Grow has advised Marjama Muldoon and the Hiscock Office that Mr. Haritatos has no objection to the distribution of 40% of the recovery to the attorneys with the 60% balance of the recovery to be paid to Mr. Haritatos. The Hiscock Office is prepared to proceed with that distribution. Marjama Muldoon refused to permit this distribution.

The second issue involves the amounts received by Marjama Muldoon and the Hiscock Office from OneBeacon Insurance Company ("OneBeacon"), in connection with the counterclaims of Hasbro Inc. against Mr. Haritatos in the action. Marjama Muldoon contends that moneys received by the Hiscock Office from OneBeacon should be included as part of the recovery to which the 40% distribution applies. Notably, Wall Marjama has failed to state whether, on a reciprocal basis, the Hiscock Office is entitled to a *pro rata* share of the funds received by Marjama Muldoon from OneBeacon under its theory of recovery. The Hiscock Office has previously agreed to retain, in the firm's trust account, the amounts which it received from OneBeacon and which have not previously been applied to pay the disbursements incurred in the action, until there is a resolution of Marjama Muldoon's contention. In contrast, Marjama Muldoon has apparently not retained in its trust account any of the funds received by it from OneBeacon. No monies from OneBeacon have been paid to Mr. Haritatos.

Marjama Muldoon submits that it would be unethical for that firm or the Hiscock Office to pay to Mr. Haritatos any portion of the moneys received from OneBeacon. Apparently, Marjama Muldoon further contends that because it allegedly would be unethical to pay any share of the OneBeacon moneys to Mr. Haritatos, the law firms may simply keep all of those moneys. If Marjama Muldoon is correct in its contention that no OneBeacon moneys should be paid to Mr. Haritatos, it is the position of the Hiscock Office that the excess amounts received by the Hiscock Office and Marjama Muldoon, over and above the amounts used to pay the disbursements, should be returned to One Beacon.

Marjama Muldoon has provided no basis for its claim to any moneys received by the Hiscock Office from One Beacon after Marjama Muldoon was granted leave to withdraw as the attorneys for Mr. Haritatos on January 16, 2007. [Docket No. 124]. These amounts are expressly excluded from the Contingency Fee Agreement between Marjama Muldoon and Mr. Haritatos, which states, in relevant part:

> 2. <u>Defense of Counterclaims.</u> Attorneys will defend Haritatos under the terms of this Agreement, against any counterclaim(s) asserted in Litigation <u>only</u> if such defenses are incidental to Haritatos originally filed claims (e.g., a counterclaim seeking a declaratory judgment that the trademark is invalid or not infringed) and do not involve significant additional time and effort.

> If any claims or counterclaims are asserted against you, you should review insurance policies, such as general liability polices and advertising injury protection, that might apply to such claims or counterclaims. This Agreement does not extend to representing you in connection with any related insurance coverage disputes.
>
> and
>
> 4.(b) Instead of paying the hourly rate set forth above, Haritatos shall pay to [Marjama Muldoon] the following percentages, as a contingency fee, of any amounts or things of value received from Hasbro or its related companies or from any other parties or their related companies as a consequence of the efforts of [Marjama Muldoon] in this matter either through . . . settlement . . . or otherwise . . . .

The foregoing clauses unequivocally except from the contingency fee agreement any proceeds from insurance companies such as OneBeacon in resolution of Mr. Haritatos's separate dispute with such insurer. OneBeacon was never a party to the instant trademark infringement action involving Hasbro nor was it ever a company related to Hasbro or any other parties in the instant action. Thus, Marjama Muldoon's contention that the moneys from OneBeacon are part of the proceeds to which the contingency fee (and its requested charging lien) apply is meritless.

The Hiscock Office has made no claim against the funds received by Marjama Muldoon from One Bacon and submits that Marjama Muldoon is not entitled to any portion of the funds received by the Hiscock Office from OneBeacon.

While the Hiscock Office believes that this District Court should deny for lack of jurisdiction Marjama Muldoon's request to determine an attorney's charging lien, in the event that this Court were to decide otherwise, the Hiscock Office seeks leave to address in more detail the issues regarding the scope and amount of any such lien. In particular, the Hiscock Office submits that it is entitled to review and examine the alleged charging lien issued by Justice Cherundolo before making further comment on the request of Marjama Muldoon for this Court to impose a charging lien that may be at variance with the alleged lien that was imposed without notice to the writer's law firm.

Thank you for your consideration and attention to this matter.

Respectfully submitted,

s/ Richard K. Hughes

Richard K. Hughes
Bar Roll No. 103020

SYLIB01\655410\2

Hon. Gustave J. DiBianco
October 30, 2008
Page 5

cc: James R. Muldoon, Esq.
**Via CM/ECF**
David C. Grow, Esq.
**Via Electronic Mail**
Robert E. Purcell, Esq.
**Via Electronic Mail**

Hon. Gustave J. DiBianco

SYLIB01\655410\2