UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SPERO HARITATOS,

                                                    Plaintiff,

   vs.                                                                 6:05-CV-930
                                                                            (J. Hurd)
HASBRO, INC., et al.,

                                                  Defendants.
_____

JAMES R. MULDOON, ESQ.
RICHARD HUGHES, ESQ.
ROBERT PURCELL, ESQ.
DAVID GROW, ESQ.

## ORDER

On October 2, 2008, this court held a telephone conference with all of plaintiff's attorneys[1] in this action as well as David Grow, Esq., plaintiff's "personal" attorney.[2] The subject of the telephone conversation involved attorneys fees, costs, and a charging lien. At the conference, the court instructed the attorneys to attempt to resolve their issues by October 30, 2008, and if no solution was reached, counsel was directed to file short letters outlining what issues they believed the court should consider.

On October 29, 2008, Attorney Muldoon filed a status report regarding the attorney fee issue, together with a copy of a New York State Supreme Court complaint

---

[1] Attorney Muldoon is an attorney whose firm formerly represented plaintiff in this action.

[2] Attorney Grow has not appeared in this action, but did participate in the telephone conference in order to advise the court of Mr. Haritatos's position with respect to the dispute between his present and former counsel in this action.

that addresses the issues involved. (Dkt. No. 214).  On October 29, 2008, Mr. Grow submitted a status report regarding the issues.[3]  On October 30, 2008, Attorney Hughes responded to Attorney Muldoon's status letter. (Dkt. No. 215).

Attorney Muldoon's letter basically states that his firm has chosen to bring an "Interpleader and Declaratory Judgment Complaint" in New York State Supreme Court which should resolve the outstanding attorneys fee and charging lien issues. (Dkt. No. 214 at p.2).  A copy of the state court complaint is attached to Attorney Muldoon's letter.  Attorney Muldoon concludes his letter by stating that unless the Supreme Court's jurisdiction is disputed, resulting in the state court's inability to make the determination, this court need no longer be involved in resolving the dispute.

Attorney Hughes responds by stating that since Attorney Muldoon's firm has chosen to proceed in State Supreme Court, the Northern District of New York no longer has jurisdiction over the issues.  Attorney Hughes also states that on April 11, 2008, the New York State Supreme Court confirmed the award of an arbitrator in this matter, fixing a charging lien in favor of Attorney Muldoon's representation of Mr. Haritatos. (Dkt. No. 215 at p.2).  Attorney Hughes also points out that plaintiff's contingency fee agreements with both Hiscock & Barclay and Marjama Muldoon contain a binding arbitration clause, and therefore, this court should decline to exercise jurisdiction in any event.  Attorney Grow also states that he believes that this court has no jurisdiction over the contractual rights between plaintiff and his

---

[3] Attorney Grow's letter was not filed electronically because he does not represent Mr. Haritatos in this action and does not appear on the docket as counsel.  Thus, Attorney Grow's letter was sent to the court by facsimile.  The court will order the letter filed in this action.

attorneys.

It appears that all parties agree that, at this time, the attorney fee/charging lien issue is before the state court for decision, and that there is nothing pending in the Northern District. Based on the representations of all parties, it appears that jurisdiction in the state court will not be opposed, and the issues may be resolved in the state court action. This court makes no finding regarding any potential future claims other than to state that it has been held that there is a strong policy favoring arbitration agreements, and any doubts must be resolved in favor of that arbitration. *Rivera-Domenech v. Calvesbert Law Offices, PSC*, 402 F.3d 246, 250 (1st Cir. 2005). However, the court will not make any determination regarding facts or issues that are not before it at this time.

**WHEREFORE,** based on the above, it is

**ORDERED**, that the Clerk of the Court file Attorney Grow's letter dated October 29, 2008 as a letter brief regarding the attorney fee/charging lien issue, and it is further

**ORDERED,** that any request for this court to determine whether and to what extent a charging lien is appropriate is **DENIED** without prejudice at this time.

Dated: November 20, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge